Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NORTHERN NV ACQUISITIONS, LLC<br><br>☐ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☒ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-_____;<br>Jointly Administered<br><br>**MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(a), 363, 507(a) AND 541 (i) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES AND REGULATORY FEES, AND (ii) DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO CERTAIN PREPETITION TAXES AND REGULATORY FEES**<br><br>Hearing Date:    July 30, 2009<br>Hearing Time:    1:30 p.m.<br>Place:    300 Booth Street<br>    Reno, NV 89509 |

LA1:#6398883

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Station Casinos, Inc. ("SCI") and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[1] in the above-captioned chapter 11 cases, hereby submit this motion (the "Motion") pursuant to sections 105(a), 363, 507(a) and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), for interim and final orders (i) authorizing, but not directing, the payment of certain prepetition taxes and regulatory fees (the "Taxes and Fees") as and when they become due in the ordinary course of the Debtors' businesses postpetition, and (ii) authorizing and directing the financial institutions (the "Banks," as listed on Exhibit A annexed hereto) to honor and process checks and/or funds transfer requests issued prepetition related to the Taxes and Fees when so directed by the Debtors, in the Debtors' sole discretion, and in support thereof respectfully represent as follows:

## LEGAL MEMORANDUM

### I.    Background

1.    The Debtors commenced these chapter 11 cases on July 28, 2009 (the "Petition Date").  SCI and its non-debtor subsidiaries (collectively, the "Station Group") constitute a gaming entertainment enterprise that owns and operates under the "Station" and "Fiesta" brand names ten major hotels/casinos (two of which are 50% owned) and eight smaller casinos (three of which are 50% owned) in the Las Vegas metropolitan area. The Station Group owns ten of the hotels/casinos' underlying real property in fee and leases the underlying real property for Texas Station Gambling Hall & Hotel ("Texas Station"), Wild Wild West Gambling Hall & Hotel ("Wild Wild West"), Barley's Casino & Brewing Company ("Barley's"), and The Greens Gaming and Dining ("The Greens").  Debtor FCP PropCo, LLC ("FCP PropCo") owns the underlying real estate for Palace Station Hotel & Casino ("Palace Station"), Sunset Station

---

[1]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC,  Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Hotel & Casino ("Sunset Station") and Red Rock Casino Resort Spa ("Red Rock").  FCP PropCo owns a portion of the underlying real property for Boulder Station Hotel & Casino ("Boulder Station") and also leases a portion of Boulder Station's underlying real property.  Station California, LLC ("Station California"), a non-debtor subsidiary of SCI, manages a casino for a Native American tribe.  As of July 17, 2009, the Station Group had approximately 13,174 employees, and the Debtors had approximately 663 employees.  The Station Group's growth strategy includes the master-planned expansions of its existing gaming facilities in Nevada, the development of gaming facilities on certain real estate that the Station Group now owns or is under contract to acquire in the Las Vegas valley and Reno, Nevada, the evaluation and pursuit of additional acquisition or development opportunities in Nevada and other gaming markets, and the pursuit of additional management agreements with Native American tribes.

2.       The Station Group owns and operates:  (i) Palace Station, (ii) Boulder Station, (iii) Texas Station, (iv) Sunset Station, (v) Santa Fe Station Hotel & Casino, (vi) Red Rock, (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3.       The Station Group also holds a 50% interest in the non-debtor entities that own and operate:  (i) Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), (ii) Aliante Station Casino & Hotel ("Aliante Station"), (iii) Barley's, (iv) The Greens, and (v) Wildfire Casino & Lanes, formerly known as Renata's Casino.

4.       Each of the Station Group's casinos caters primarily to local Las Vegas area residents.  The Station Group markets the eight "Station" casinos (including Green Valley Ranch, Red Rock and Aliante Station) together under the Station Casinos brand and the two "Fiesta" casinos under the Fiesta brand, offering convenience and choices to residents throughout the Las Vegas valley with its strategically located properties.  In addition, Station California manages Thunder Valley Casino in Northern California on behalf of the United Auburn Indian Community.

5.        As of June 30, 2009 and based on a general ledger book value, the Debtors owned assets valued in the aggregate in excess of approximately $5.7 billion and had debt and other liabilities of approximately $6.5 billion.

6.        SCI is a privately held company whose shares are held by Debtors Fertitta Partners LLC, FCP Holding, Inc. and FCP VoteCo, LLC.  FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC (collectively, the "CMBS Debtors"), as well as Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC and Tropicana Station, LLC, are all either direct or indirect wholly owned subsidiaries of SCI.  Certain of the CMBS Debtors issued a mortgage loan and related mezzanine financings in the aggregate principal amount of $2.475 billion (the "CMBS Loans").  The CMBS Loans are collateralized by substantially all fee and leasehold real property comprising Palace Station Hotel & Casino, Boulder Station Hotel & Casino, Sunset Station Hotel & Casino, and Red Rock.

7.        Filed concurrently herewith, and incorporated herein by reference, is the Omnibus Declaration of Thomas M. Friel in Support of the Debtors' Chapter 11 Petitions and First Day Motions, which contains more detail on the Debtors' assets, liabilities, equity ownership, business operations, and business plans.

## II.        Jurisdiction and Venue

8.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III.        Relief Requested

9.        By this Motion, the Debtors seek an order authorizing, but not directing, the Debtors to pay certain prepetition Taxes and Fees (described below) as and when they become due in the ordinary course of the Debtors' businesses.  To the extent that a check issued or a funds transfer requested prior to the Petition Date for payment of such Taxes and Fees has

not cleared the particular Bank as of the Petition Date, the Debtors seek entry of an order

(a) authorizing and directing the Debtors' Banks to honor such checks and/or funds transfer

requests, and (b) authorizing the Debtors to issue replacement checks, submit replacement funds

transfer requests, or provide other means of payment to the appropriate federal, state and local

governmental taxing and regulatory authorities (collectively, the "Taxing Authorities") to the

extent necessary to pay all outstanding prepetition Taxes and Fees described in this Motion.

### IV.    Prepetition Taxes

10.    In connection with the normal operations of their businesses, the Debtors

collect and incur various Taxes and Fees, which the Debtors remit to the appropriate Taxing

Authorities.  These Taxes and Fees include:

A.    Sales and Personal Property Taxes.  The Debtors collect from customers

or incur an assortment of state and local sales taxes, gross receipts taxes, use taxes, hotel

occupancy taxes, liquor taxes, entertainment taxes, and similar taxes (collectively, the "Sales

Taxes"), as well personal property taxes (the "Personal Property Taxes").  On a periodic basis,

the Debtors remit the Sales Taxes to the appropriate Taxing Authorities.  The Debtors estimate

that they currently owe approximately $2,000 in prepetition Sales Taxes.  On a monthly basis,

the Debtors pay Personal Property Taxes to the Clark County Assessor.  The Debtors estimate

that they currently owe approximately $11,000 in prepetition Personal Property Taxes.

B.    Withholding Taxes.  As described in the Debtors' Motion Pursuant to

11 U.S.C. §§ 105(a), 363(b) and 507(a)(4) and (5) for Order (i) Authorizing Payment of Wages,

Compensation, and Employee Benefits, and (ii) Authorizing Financial Institutions to Honor and

Process Checks and Transfers Related to Such Obligations, filed contemporaneously herewith,

the Debtors employ approximately 656 employees (the "Employees").  The Debtors are required

to withhold from the Employees' wages various amounts related to federal, state and local taxes.

These taxes include, but are not limited to, modified business tax, unemployment taxes, and

similar federal, state, and local taxes that accrue on wages, benefits, and disability and workers'

compensation paid to the Employees (collectively, the "Withholding Taxes").  The Debtors are

required to remit such Withholding Taxes to the appropriate Taxing Authorities on a periodic

basis.  The Debtors estimate that they currently owe approximately $63,000 of prepetition Withholding Taxes.

11.    As described above, the Debtors are required to remit or pay such Taxes and Fees to the appropriate Taxing Authorities on a periodic basis.  SCI pays such Taxes and Fees with funds drawn by checks or electronic transfers.  Prior to the Petition Date, certain Taxing Authorities were sent checks or electronic transfers which may not have cleared the Banks as of the Petition Date.

12.    The Debtors seek authority to pay all prepetition Taxes and Fees owed to the Taxing Authorities, including all Taxes and Fees subsequently determined upon audit to be owed for periods prior to the Petition Date.  To the extent any check or electronic transfer has not cleared the Banks as of the Petition Date, the Debtors request that the Court authorize and direct the Banks, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor, and pay such checks or electronic transfers.  To the extent the Taxing Authorities have otherwise not received payment for all prepetition Taxes and Fees owed that the Debtors, in their sole discretion, determine to pay, the Debtors seek authorization to issue replacement checks, or to provide other means of payment to the Taxing Authorities, to the extent necessary to pay such outstanding Taxes and Fees owing for the periods prior to the Petition Date.

### V.    Basis for Relief Requested

13.    Payment of the Debtors' undisputed prepetition Taxes and Fees is appropriate under the circumstances because (i) the Taxes and Fees are entitled to priority status under the Bankruptcy Code, (ii) failure to timely pay the Taxes and Fees will expose the estates to substantial penalties, part of which may be allowed as priority claims (to the detriment of unsecured creditors), (iii) failure to pay the Taxes and Fees when due may subject the Debtors to unnecessary audits (which are not subject to the automatic stay), (iv) failure to pay the Taxes and Fees may expose the Debtors' officers to unnecessary and disruptive litigation, diverting their attention away from the pursuit of a successful reorganization under chapter 11, and (v) the collected Taxes and Fees arguably constitute funds collected in trust for the Taxing Authorities.

Accordingly, the Debtors submit that payment of prepetition Taxes and Fees is in the best interest of the estates as well as other parties in interest.

14.     This Court has ample authority to grant the relief requested herein. The Court may authorize payment of prepetition sales and use taxes based on section 105(a) of the Bankruptcy Code. Under the "necessity of payment" doctrine, first enunciated by the Supreme Court in <u>Miltenberger v. Logansport, C. & S.W.R. Co.</u>, 106 U.S. 286 (1882), a bankruptcy court may use its equitable powers under section 105 of the Bankruptcy Code to permit a debtor in possession to pay prepetition claims when payment is necessary to allow for the rehabilitation of the debtor or effectuate the debtor's bankruptcy goals. <u>See In re Ionosphere Clubs, Inc.</u>, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (approving payment of prepetition wages due current employees because the court deemed such payments necessary in order to preserve and protect the debtor's business and prospects of a reorganization). The Ninth Circuit Court of Appeals has acknowledged the doctrine of necessity, stating in dicta: "[c]ases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation." <u>Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.)</u>, 829 F.2d 1484, 1490 (9th Cir. 1987). Section 105 codifies the Bankruptcy Court's inherent equitable powers. <u>See, e.g., Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.)</u>, 885 F.2d 621, 625 (9th Cir. 1989) (section 105 endows the bankruptcy court with general equitable powers, where not inconsistent with more specific law). The Debtors submit that the relief requested herein is integral to the continuing operation of their businesses and their successful reorganization, and is appropriate and consistent with the provisions of the Bankruptcy Code.

15.     Further, section 363(b)(1) of the Bankruptcy Code supports granting of the relief requested herein. Section 363(b)(1) provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to seek relief under section 363(b)(1), a "debtor must articulate some business justification, other than mere appeasement of major creditors, for using [. . .] property out of the ordinary course of business [. . .] ." <u>In re Ionosphere Clubs, Inc.</u>, 98 B.R. at 175; <u>see also In re Adams Apple, Inc.</u>, 829 F.2d at 1490 (recognizing that allowance of "unequal

treatment of pre-petition debts when necessary for rehabilitation [. . .]" is appropriate).  As detailed below, sound business reasons support the payments of sales and use taxes.

   A. <u>Taxes and Fees Are Not Property of the Estate</u>.  Under Nevada law, sales and use taxes are arguably taxes held in trust for the benefit of the Taxing Authority.  NEV. REV. STAT. § 372.354 (2008).  As such, the Taxes and Fees are most likely not property of the Debtors' estates under section 541 of the Bankruptcy Code.  <u>See</u> <u>Begier v. Internal Revenue Serv.</u>, 496 U.S. 53, 59-60 (1990) (holding certain withholding and excise taxes are property held by debtor in trust for another and, as such, do not constitute property of estate); <u>Shank v. Wash. State Dep't of Revenue (In re Shank)</u>, 792 F.2d 829, 832 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); <u>Kannry & Morton, Inc. v. Norcal Elecs., Inc. (In re Kannry & Morton, Inc.)</u>, 91 B.R. 93, 94 (Bankr. N.D. Cal. 1988) ("While the law is different elsewhere, in this circuit sales taxes are 'trust fund taxes.'"); <u>see</u> <u>also</u> <u>Al Copeland Enters., Inc. v. State of Texas (In re Al Copeland Enters., Inc.)</u>, 991 F.2d 233, 237 (5th Cir. 1993) ("[Debtor] acted merely as a trustee for the State; it never held any equitable rights to the State's sales tax revenues."); <u>DeChiaro v. N.Y. State Tax Comm'n</u>, 760 F.2d 432, 433-34 (2d Cir. 1985) (same).  Because such Taxes and Fees are not property of the Debtors' estates, these funds are not available for the satisfaction of creditors' claims.

   B. <u>Taxes and Fees are Priority Claims.</u>  To the extent any of the Taxes and Fees are property of the estate under section 541 of the Bankruptcy Code, most, if not all, of such Taxes and Fees are afforded priority status under section 507(a)(8) of the Bankruptcy Code.  <u>See</u> 11 U.S.C. § 507(a)(8).  As priority claims, the Taxes and Fees must be paid in full before any general unsecured obligations of the Debtors may be satisfied.  Therefore, the proposed relief will only affect the timing of the payment of the prepetition Taxes and Fees and will not prejudice the rights of general unsecured creditors or other parties in interest.

   C. <u>Non-Payment of Taxes and Fees Would Expose the Estate to Substantial Penalties</u>.  The Debtors' failure to pay all sales and use taxes as and when they become due may unnecessarily expose the estates to substantial penalties.  <u>See</u>, <u>e.g.</u>, NEV. REV. STAT. § 360.417 (2008).  While the Debtors believe that they ultimately would be successful in arguing that such

penalties are not entitled to administrative priority and are not otherwise entitled to priority under section 507(a)(8)(G), as they are not "in compensation for actual pecuniary loss," litigation over this issue comes at a price and is not without its risks. Moreover, even if successful, unless the Debtors were ultimately able to persuade this Court to enter an order subordinating these penalty claims to general unsecured claims, the penalty claims would be paid *pari passu* with general unsecured claims, thereby unnecessarily diluting the potential recovery to general unsecured creditors. Prompt payment of the Taxes and Fees will avoid these unnecessary and potentially costly governmental actions.

D.    Failure to Pay the Taxes and Fees May Result in Unnecessary Audits. Further, the Taxing Authorities may cause the Debtors to be audited if the Debtors fail to timely pay all due and owing Taxes and Fees. An audit by a governmental unit to determine a tax liability is not stayed by the automatic stay. See 11 U.S.C. § 362(b)(9)(A). Nor is the issuance of a notice of tax deficiency, a demand for tax returns, or the making of an assessment for any tax and issuance of a notice of demand for payment of such an assessment. See 11 U.S.C. § 362(b)(9)(B)-(D). Such audits would divert attention and resources away from these cases to the detriment of all parties in interest.

E.    Failure to Pay the Taxes and Fees May Cripple the Debtors' Reorganization Efforts. Nevada, like many other states, holds officers and directors of collecting entities personally liable for sales and use taxes owed by entities that they control or manage. See NEV. REV. STAT. § 360.297 (2008). To the extent that any of the Taxes and Fees remain unpaid, the officers and directors of the Debtors could be subject to legal actions during the pendency of these chapter 11 cases. Although the Debtors believe that any such litigation would lack merit because, absent Court approval, the Debtors' principals are prohibited by the Bankruptcy Code from paying prepetition sales and use taxes, this potential litigation may be distracting for the Debtors' representatives, and the Debtors.

16.    In light of the foregoing, the Debtors believe that the relief requested in this Motion is appropriate and is in the best interests of the Debtors, their estates and their creditors.

1           17.     The Debtors submit that, for the reasons set forth herein, the relief

2 requested in this Motion is necessary to avoid immediate and irreparable harm and Rule 6003 of

3 the Federal Rules of Bankruptcy Procedure has been satisfied.

4           18.     To successfully implement the foregoing, the Debtors seek a waiver of the

5 notice requirements under Rule 6004(a) and the ten-day stay under Rule 6004(h) of the Federal

6 Rules of Bankruptcy Procedure.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1:#6398883

-10-

1

## VI.    Conclusion

2        **WHEREFORE**, the Debtors respectfully request entry of an interim order

3   substantially in the form attached hereto as Exhibit B, pending entry of a final order substantially

4   in the form attached hereto as Exhibit C, (i) granting this Motion, (ii) authorizing, but not

5   directing, the Debtors, in the Debtors' sole discretion, to pay prepetition Taxes and Fees,

6   (iii) authorizing and directing the Banks, when requested by the Debtors in the Debtors' sole

7   discretion, to receive, process, honor and pay all checks or funds transfer requests drawn on the

8   Debtors' accounts in respect of the Taxes and Fees, (iv) authorizing the Debtors to issue

9   replacement checks, submit replacement fund transfer requests, or provide other means of

10  payment to the Taxing Authorities to the extent necessary to pay such undisputed Taxes and

11  Fees, and (v) granting such other and further relief as the Court may deem just and appropriate.

12

13  Dated: July 28, 2009                    Respectfully submitted,

14

                                    By:    _____/s_____
15                                          Paul S. Aronzon, CA State Bar #88781
                                           Thomas R. Kreller, CA State Bar #161922
16                                          MILBANK, TWEED, HADLEY & McCLOY LLP
                                           601 South Figueroa Street, 30th Floor
17                                          Los Angeles, California 90017

18                                          Proposed Reorganization Counsel for
19                                          Debtors and Debtors in Possession

20
                                           Bruce T. Beesley, #1164
21                                          Laury Macauley, #11413
                                           LEWIS AND ROCA LLP
22                                          50 W. Liberty Street, Ste. 410
                                           Reno, NV   89501
23                                          bbeesley@lrlaw.com; lmacauley@lrlaw.com

24                                          Proposed Local Reorganization Counsel
                                           For Debtors and Debtors in Possession
25

26

27

28

LA1:#6398883                              -11-

# Exhibit A

| Debtor | Name of Bank | Address |
|--------|--------------|---------|
| Station Casinos, Inc. | Bank of America, N.A. | P.O. Box 798, Wichita, KS 67201 |
| Station Casinos, Inc. | Bank of America, N.A. | Reconcilement Department, GA4-004-04-4, 6000 Feldwood Road, College Park, GA 30349 |
| Station Casinos, Inc. | Banc of America Securities LLC | TransAmerica Building, 600 Montgomery Street, Mail Code: CA5-801-06-51, San Francisco, CA 94111 |
| Fertitta Partners, LLC | Bank of America, N.A. | P.O. Box 798, Wichita, KS 67201 |
| FCP VoteCo, LLC | Bank of America, N.A. | P.O. Box 798, Wichita, KS 67201 |
| FCP Holding, Inc. | Bank of America, N.A. | P.O. Box 798, Wichita, KS 67201 |

# **Exhibit B**

1

2

3

4

5

6   Paul S. Aronzon (CA State Bar No. 88781)
    Thomas R. Kreller (CA State Bar No. 161922)
7   MILBANK, TWEED, HADLEY & McCLOY LLP
    601 South Figueroa Street, 30th Floor
8   Los Angeles, California 90017
    Telephone:    (213) 892-4000
9   Facsimile:    (213) 629-5063

10  Proposed Reorganization Counsel for
    Debtors and Debtors in Possession

11

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

12

13

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

14  In re:

15  NORTHERN NV ACQUISITIONS, LLC

16  ☐ Affects this Debtor

17  ☐ Affects all Debtors
    ☐ Affects Reno Land Holdings, LLC
18  ☐ Affects River Central, LLC
    ☐ Affects Tropicana Station, LLC
19  ☐ Affects FCP Holding, Inc.
    ☐ Affects FCP Voteco, LLC
20  ☐ Affects Fertitta Partners LLC
21  ☒ Affects Station Casinos, Inc.
    ☐ Affects FCP MezzCo Parent, LLC
22  ☐ Affects FCP MezzCo Parent Sub, LLC
    ☐ Affects FCP MezzCo Borrower VII, LLC
23
    ☐ Affects FCP MezzCo Borrower VI, LLC
24  ☐ Affects FCP MezzCo Borrower V, LLC
    ☐ Affects FCP MezzCo Borrower IV, LLC
25  ☐ Affects FCP MezzCo Borrower III, LLC
26  ☐ Affects FCP MezzCo Borrower II, LLC
    ☐ Affects FCP MezzCo Borrower I, LLC
27  ☐ Affects FCP PropCo, LLC
28

Chapter 11

Case No. BK-09-_____
Jointly Administered

**INTERIM ORDER, PURSUANT TO 11**
**U.S.C. §§ 105(a), 363, 507(a) AND 541**
**(i) AUTHORIZING PAYMENT OF**
**CERTAIN PREPETITION TAXES AND**
**REGULATORY FEES, AND**
**(ii) DIRECTING FINANCIAL**
**INSTITUTIONS TO HONOR AND**
**PROCESS CHECKS AND TRANSFERS**
**RELATED TO CERTAIN PREPETITION**
**TAXES AND REGULATORY FEES**

Hearing Date:    July 30, 2009
Hearing Time:    1:30 p.m.

LA1:#6398883

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-referenced chapter 11 cases, pursuant to sections 105(a), 363, 507(a) and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), for interim and final orders (i) authorizing, but not directing, the payment of certain prepetition taxes and regulatory fees (the "Taxes and Fees") as and when they become due in the ordinary course of the Debtors' businesses postpetition, and (ii) authorizing and directing the financial institutions (the "Banks") to honor and process checks and/or funds transfer requests issued prepetition related to the Taxes and Fees when so directed by the Debtors, in the Debtors' sole discretion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of Station and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted on an interim basis pending a final hearing thereon (the "Final Hearing"), and entry of a superseding Final Order by this Court; and it is further

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC,  Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

**ORDERED** that the Debtors are authorized, in the Debtors' sole discretion, to pay all prepetition Taxes and Fees in the ordinary course of their businesses, including all those Taxes and Fees subsequently determined upon audit to be owed for periods prior to the Petition Date, to the proper Taxing Authorities; and it is further

**ORDERED** that all applicable Banks, as specified in the Motion, shall be, and hereby are, authorized, (a) when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors' accounts to pay the Taxes and Fees, whether those checks or electronic transfers were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments, and (b) to rely on the representations of the Debtors as to which checks or electronic transfers are permitted to be paid pursuant to this Order. The Banks subject to this Order shall have no liability to any party for relying on the directions of the Debtors as provided for herein; and it is further

**ORDERED** that no payment sought in the Motion shall be permissible unless such payment is (i) made pursuant to an Interim or Final Order, as applicable, and (ii) otherwise consistent with the limitations set forth in the Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 552 and Fed. R. Bankr. P. Rule 4001(B), (C) and (D) (I) Authorizing the Debtors to (A) Use Cash Collateral; (B) Obtain Unsecured, Subordinated Post-Petition Financing; (C) Make Loans to Non-Debtor Subsidiaries, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Granting Related Relief, and (IV) Scheduling Final Hearing and the Budget (as defined therein); and it is further

**ORDERED** that the Final Hearing is set for _____ at _____ (prevailing Pacific Standard Time); and it is further

**ORDERED** that nothing in the Motion or this Order shall be construed as impairing the Debtors' rights to contest the validity or amount of any Taxes and Fees that may be due to any Taxing Authorities; and it is further

**ORDERED** that, notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the

implementation, enforcement or realization of the relief granted in this Interim Order, and the

Debtors may, in their discretion and without further delay, take any action and perform any act

authorized under this Interim Order; and it is further

        **ORDERED** that within _____ days of this Interim Order, the Debtors shall serve

this Interim Order upon the Master Service List pursuant to the Court's Order Establishing

Notice Procedures; and it is further

        **ORDERED** that notice of the Motion as provided therein shall be deemed good

and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) are hereby

waived.


SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

                              # # #

# **Exhibit C**

1

2

3

4

5

6   Paul S. Aronzon (CA State Bar No. 88781)              Bruce T. Beesley (NV SBN 1164)
    Thomas R. Kreller (CA State Bar No. 161922)          Laury Macauley (NV SBN 11413)
7   MILBANK, TWEED, HADLEY & McCLOY LLP                  LEWIS AND ROCA LLP
    601 South Figueroa Street, 30th Floor                50 West Liberty Street, Suite 410
8   Los Angeles, California 90017                        Reno, Nevada 89501
    Telephone:    (213) 892-4000                         Telephone:    (775) 823-2900
9   Facsimile:    (213) 629-5063                         Facsimile:    (775) 823-2929
                                                         bbeesley@lrlaw.com; lmacauley@lrlaw.com
10  Proposed Reorganization Counsel for
    Debtors and Debtors in Possession                    Proposed Local Reorganization Counsel for
11                                                       Debtors and Debtors in Possession

12
                              **UNITED STATES BANKRUPTCY COURT**
13                                    **DISTRICT OF NEVADA**

14  In re:                                               Chapter 11

15  NORTHERN NV ACQUISITIONS, LLC                        Case No. BK-09-_____
                                                         Jointly Administered
16  ☐ Affects this Debtor
17  ☐ Affects all Debtors                                **FINAL ORDER, PURSUANT TO 11 U.S.C.**
    ☐ Affects Reno Land Holdings, LLC                    **§§ 105(a), 363, 507(a) AND 541**
18  ☐ Affects River Central, LLC                         **(i) AUTHORIZING PAYMENT OF**
                                                         **CERTAIN PREPETITION TAXES AND**
19  ☐ Affects Tropicana Station, LLC                     **REGULATORY FEES, AND (ii)**
    ☐ Affects FCP Holding, Inc.                          **DIRECTING FINANCIAL**
20  ☐ Affects FCP Voteco, LLC                            **INSTITUTIONS TO HONOR AND**
    ☐ Affects Fertitta Partners LLC                      **PROCESS CHECKS AND TRANSFERS**
21  ☒ Affects Station Casinos, Inc.                      **RELATED TO CERTAIN PREPETITION**
                                                         **TAXES AND REGULATORY FEES**
22  ☐ Affects FCP MezzCo Parent, LLC
    ☐ Affects FCP MezzCo Parent Sub, LLC
23  ☐ Affects FCP MezzCo Borrower VII, LLC
24  ☐ Affects FCP MezzCo Borrower VI, LLC                Hearing Date:
    ☐ Affects FCP MezzCo Borrower V, LLC                 Hearing Time:
25  ☐ Affects FCP MezzCo Borrower IV, LLC
26  ☐ Affects FCP MezzCo Borrower III, LLC
    ☐ Affects FCP MezzCo Borrower II, LLC
27  ☐ Affects FCP MezzCo Borrower I, LLC
    ☐ Affects FCP PropCo, LLC
28

LA1:#6398883

Upon the motion, dated July 28, 2009 (the "<u>Motion</u>"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Station</u>")[2] in the above-referenced chapter 11 cases, pursuant to sections 105(a), 363, 507(a) and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), for interim and final orders (i) authorizing, but not directing, the payment of certain prepetition taxes and regulatory fees (the "<u>Taxes and Fees</u>") as and when they become due in the ordinary course of the Debtors' businesses postpetition, and (ii) authorizing and directing the financial institutions (the "<u>Banks</u>") to honor and process checks and/or funds transfer requests issued prepetition related to the Taxes and Fees when so directed by the Debtors, in the Debtors' sole discretion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of Station and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted in its entirety; and it is further

**ORDERED** that the Debtors are authorized, in the Debtors' sole discretion, to pay all prepetition Taxes and Fees in the ordinary course of their businesses, including all those

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Taxes and Fees subsequently determined upon audit to be owed for periods prior to the Petition

Date, to the proper Taxing Authorities; and it is further

**ORDERED** that all applicable Banks, as specified in the Motion, shall be, and

hereby are, authorized, (a) when requested by the Debtors in the Debtors' sole discretion, to

receive, process, honor, and pay any and all checks or electronic transfers drawn on the Debtors'

accounts to pay the Taxes and Fees, whether those checks or electronic transfers were presented

prior to or after the Petition Date, provided that sufficient funds are available in the applicable

accounts to make the payments, and (b) to rely on the representations of the Debtors as to which

checks or electronic transfers are permitted to be paid pursuant to this Order.  The Banks subject

to this Order shall have no liability to any party for relying on the directions of the Debtors as

provided for herein; and it is further

**ORDERED** that nothing in the Motion or this Order shall be construed as

impairing the Debtors' rights to contest the validity or amount of any Taxes and Fees that may be

due to any Taxing Authorities; and it is further

**ORDERED** that no payment sought in the Motion shall be permissible unless

such payment is (i) made pursuant to an Interim or Final Order, as applicable, and (ii) otherwise

consistent with the limitations set forth in the Interim Order Pursuant to 11 U.S.C. §§ 105, 361,

362, 363, 364 and 552 and Fed. R. Bankr. P. Rule 4001(B), (C) and (D) (I) Authorizing the

Debtors to (A) Use Cash Collateral; (B) Obtain Unsecured, Subordinated Post-Petition

Financing; (C) Make Loans to Non-Debtor Subsidiaries, (II) Granting Adequate Protection to

Prepetition Secured Parties, (III) Granting Related Relief, and (IV) Scheduling Final Hearing and

the Budget (as defined therein); and it is further

**ORDERED** that all objections to the relief requested in the Motion have been

overruled; and it is further

**ORDERED** that, notwithstanding any applicability of, among others, Rule

6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the terms and

conditions of this Order shall be immediately effective and enforceable upon its entry; and it is

further

1     **ORDERED** that notice of the Motion as provided therein shall be deemed good

2   and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) are hereby

3   waived.

4

5   SUBMITTED BY:

6   Paul S. Aronzon (CA State Bar No. 88781)
7   Thomas R. Kreller (CA State Bar No. 161922)
    MILBANK, TWEED, HADLEY & McCLOY LLP
8   601 South Figueroa Street, 30th Floor
    Los Angeles, California 90017
9
    Proposed Reorganization Counsel for
10  Debtors and Debtors in Possession

11  Bruce T. Beesley (NV SBN 1164)
12  Laury Macauley (NV SBN 11413)
    LEWIS AND ROCA LLP
13  50 West Liberty Street, Suite 410
    Reno, Nevada 89501
14  bbeesley@lrlaw.com; lmacauley@lrlaw.com

15  Proposed Local Reorganization Counsel for
16  Debtors and Debtors in Possession

17                                          # # #

18

19

20

21

22

23

24

25

26

27

28

LA1:#6398883
                                    -4-