1   Paul S. Aronzon (CA State Bar No. 88781)
    Thomas R. Kreller (CA State Bar No. 161922)
2   MILBANK, TWEED, HADLEY & McCLOY LLP
    601 South Figueroa Street, 30th Floor
3   Los Angeles, California 90017
    Telephone:    (213) 892-4000
4   Facsimile:    (213) 629-5063

5   Proposed Reorganization Counsel for
    Debtors and Debtors in Possession

6

7

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

8                     **UNITED STATES BANKRUPTCY COURT**
                              **DISTRICT OF NEVADA**

9   406

10  In re:

11  NORTHERN NV ACQUISITIONS, LLC

12  ☐ Affects this Debtor

13  ☐ Affects all Debtors
    ☐ Affects Reno Land Holdings, LLC
14  ☐ Affects River Central, LLC
    ☐ Affects Tropicana Station, LLC
15  ☐ Affects FCP Holding, Inc.
16  ☐ Affects FCP Voteco, LLC
    ☐ Affects Fertitta Partners LLC
17  ☒ Affects Station Casinos, Inc.
18  ☐ Affects FCP MezzCo Parent, LLC
    ☐ Affects FCP MezzCo Parent Sub, LLC
19  ☐ Affects FCP MezzCo Borrower VII, LLC
    ☐ Affects FCP MezzCo Borrower VI, LLC
20  ☐ Affects FCP MezzCo Borrower V, LLC
21  ☐ Affects FCP MezzCo Borrower IV, LLC
    ☐ Affects FCP MezzCo Borrower III, LLC
22  ☐ Affects FCP MezzCo Borrower II, LLC
    ☐ Affects FCP MezzCo Borrower I, LLC
23  ☐ Affects FCP PropCo, LLC
24

Chapter 11

Case No. BK-09-_____;
Jointly Administered

**MOTION FOR INTERIM AND FINAL
ORDERS PURSUANT TO 11 U.S.C.
§§ 105(a) AND 366 (i) PROHIBITING
UTILITY COMPANIES FROM
ALTERING, REFUSING OR
DISCONTINUING SERVICES,
(ii) DETERMINING THAT UTILITY
COMPANIES ARE ADEQUATELY
ASSURED OF PAYMENT, AND
(iii) APPROVING PROPOSED
PROCEDURES FOR REQUESTING
ADDITIONAL OR DIFFERENT
ADEQUATE ASSURANCE**

Hearing Date:    July 30, 2009
Hearing Time:    1:30 p.m.
Place:           300 Booth Street
                 Reno, NV 89509

25

26

27

28

LA1:#6398881

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Station Casinos, Inc. ("SCI") and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[1] in the above-captioned chapter 11 cases, hereby submit this motion (the "Motion") for interim and final orders pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), (i) prohibiting Utility Companies (as defined below) from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed offer of adequate assurance, (ii) determining that Utility Companies have "adequate assurance of payment" within the meaning of section 366(b) of the Bankruptcy Code, and that the Debtors are not required to provide any additional adequate assurance beyond what is proposed herein, and (iii) approving the Debtors' proposed procedures whereby Utility Companies may request additional or different adequate assurance, and in connection therewith, respectfully represent as follows:

## LEGAL MEMORANDUM

### I.    Background

1.    The Debtors commenced these chapter 11 cases on July 28, 2009 (the "Petition Date"). SCI and its non-debtor subsidiaries (collectively, the "Station Group") constitute a gaming entertainment enterprise that owns and operates under the "Station" and "Fiesta" brand names ten major hotels/casinos (two of which are 50% owned) and eight smaller casinos (three of which are 50% owned) in the Las Vegas metropolitan area. The Station Group owns ten of the hotels/casinos' underlying real property in fee and leases the underlying real property for Texas Station Gambling Hall & Hotel ("Texas Station"), Wild Wild West Gambling Hall & Hotel ("Wild Wild West"), Barley's Casino & Brewing Company ("Barley's"), and The

---

[1]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC,  Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Greens Gaming and Dining ("The Greens"). Debtor FCP PropCo, LLC ("FCP PropCo") owns the underlying real estate for Palace Station Hotel & Casino ("Palace Station"), Sunset Station Hotel & Casino ("Sunset Station") and Red Rock Casino Resort Spa ("Red Rock"). FCP PropCo owns a portion of the underlying real property for Boulder Station Hotel & Casino ("Boulder Station") and also leases a portion of Boulder Station's underlying real property. Station California, LLC ("Station California"), a non-debtor subsidiary of SCI, manages a casino for a Native American tribe. As of July 17, 2009, the Station Group had approximately 13,174 employees, and the Debtors had approximately 663 employees. The Station Group's growth strategy includes the master-planned expansions of its existing gaming facilities in Nevada, the development of gaming facilities on certain real estate that the Station Group now owns or is under contract to acquire in the Las Vegas valley and Reno, Nevada, the evaluation and pursuit of additional acquisition or development opportunities in Nevada and other gaming markets, and the pursuit of additional management agreements with Native American tribes.

2.      The Station Group owns and operates: (i) Palace Station, (ii) Boulder Station, (iii) Texas Station, (iv) Sunset Station, (v) Santa Fe Station Hotel & Casino, (vi) Red Rock, (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3.      The Station Group also holds a 50% interest in the non-debtor entities that own and operate: (i) Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), (ii) Aliante Station Casino & Hotel ("Aliante Station"), (iii) Barley's, (iv) The Greens, and (v) Wildfire Casino & Lanes, formerly known as Renata's Casino.

4.      Each of the Station Group's casinos caters primarily to local Las Vegas area residents. The Station Group markets the eight "Station" casinos (including Green Valley Ranch, Red Rock and Aliante Station) together under the Station Casinos brand and the two "Fiesta" casinos under the Fiesta brand, offering convenience and choices to residents throughout the Las Vegas valley with its strategically located properties. In addition, Station

California manages Thunder Valley Casino in Northern California on behalf of the United Auburn Indian Community

5.      As of June 30, 2009 and based on a general ledger book value, the Debtors owned assets valued in the aggregate in excess of approximately $5.7 billion and had debt and other liabilities of approximately $6.5 billion.

6.      SCI is a privately held company whose shares are held by Debtors Fertitta Partners LLC, FCP Holding, Inc. and FCP VoteCo, LLC.  FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC (collectively, the "CMBS Debtors"), as well as Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC and Tropicana Station, LLC, are all either direct or indirect wholly owned subsidiaries of SCI.  Certain of the CMBS Debtors issued a mortgage loan and related mezzanine financings in the aggregate principal amount of $2.475 billion (the "CMBS Loans").  The CMBS Loans are collateralized by substantially all fee and leasehold real property comprising Palace Station Hotel & Casino, Boulder Station Hotel & Casino, Sunset Station Hotel & Casino, and Red Rock.

7.      Filed concurrently herewith, and incorporated herein by reference, is the Omnibus Declaration of Thomas M. Friel in Support of the Debtors' Chapter 11 Petitions and First Day Motions, which contains more detail on the Debtors' assets, liabilities, equity ownership, business operations, and business plans.

## II.      Jurisdiction and Venue

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III.      Utility Services

9.      In connection with the operation of their businesses and management of their properties, the Debtors obtain electricity, natural gas, trash removal, water/sewer,

telephone, cellular telephone, internet, and/or other similar services (collectively, the "Utility Services") from a number of utility service providers (each a "Utility Company" and, collectively, the "Utility Companies").[2]  Prior to the Petition Date, the average aggregate monthly amount paid to the Utility Companies was approximately $250,000 during the period January, 2008 to December, 2008.  The Debtors have a very good payment history with the Utility Companies.  To the best of the Debtors' knowledge, there are few, if any, defaults or arrearages of any significance with respect to the Debtors' undisputed invoices for Utility Services, other than payment interruptions that may be caused by the commencement of these chapter 11 cases.  As of the Petition Date, the Debtors owe approximately $250,000 in utility costs to certain of the Utility Companies.

## IV.    Relief Requested

10.    Pursuant to section 366(a) of the Bankruptcy Code, within the 30-day period after commencement of a bankruptcy case, a utility may not discontinue service to a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a prepetition debt.  See 11 U.S.C. § 366(a).  Following the 30-day period, however, utilities arguably may discontinue service to the debtor if the debtor does not provide adequate assurance of payment for postpetition utility services.

11.    The Debtors seek entry of an order, in the form attached hereto as Exhibit B (the "Interim Order"), (i) prohibiting the Utility Companies from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance, pending entry of a final order in the form attached hereto as Exhibit C (the "Final Order"), (ii) determining that the Utility Companies have "adequate assurance of payment" within the meaning of section 366 of

---

[2]    The Utility Companies, and the services each provides to the Debtors, are listed on Exhibit A, attached hereto (the "Utility Service List").  The inclusion of a provider of services within the definition of "Utility Companies" that is used herein or the listing of a provider on the Utility Service List is not, and shall not be construed to be, an agreement or admission by the Debtors that any particular "Utility Company" is also a "utility," as that term is defined in section 366 of the Bankruptcy Code and has been interpreted by the courts.  The Debtors expressly reserve the right to argue in response to any entity's request for adequate assurance of payment that is in lieu of or in addition to that provided herein, that such an entity is not a "utility" for the purposes of section 366 of the Bankruptcy Code.

the Bankruptcy Code, and that the Debtors are not required to provide any additional adequate

assurance beyond what is proposed by this Motion, pending entry of the Final Order,

(iii) approving the Debtors' proposed procedures whereby Utility Companies may request

additional or different adequate assurance, and (iv) setting a final hearing (the "Final Hearing")

on the relief requested herein.

### A.    Proposed Adequate Assurance of Payment of Postpetition Charges

12.    Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter,

refuse or discontinue a chapter 11 debtor's utility service "if the utility does not receive from the

debtor or the trustee, within thirty (30) days of the commencement of the debtor's chapter 11

case, adequate assurance of payment for utility service that is satisfactory to the utility." 11

U.S.C. § 366(c)(2).  Section 366(c)(1) of the Bankruptcy Code provides that "assurance of

payment" of postpetition charges may consist of (i) a cash deposit, (ii) a letter of credit, (iii) a

certificate of deposit, (iv) a surety bond, (v) a prepayment of utility consumption, or (vi) another

form of security that is mutually agreed on between the utility and the debtor or the trustee.  See

11 U.S.C. § 366(c)(1)(A).

13.    The Debtors intend to pay all postpetition obligations owed to the Utility

Companies in a timely manner.[3]  To provide adequate assurance of payment to the Utility

Companies, the Debtors propose to provide a cash deposit equal to two (2) weeks of Utility

Service, calculated as a historical average based on invoices received for the past twelve (12)

invoiced months (the "Adequate Assurance Deposit"), to each Utility Company that requests

such a deposit in writing, and (i) does not already hold a deposit equal to, or greater than, two (2)

weeks of Utility Services, or (ii) is not currently paid in advance for its Utility Services.[4]  The

Debtors' average aggregate monthly payments on account of all of its Utility Services are

approximately $250,000.

---

[3]    While the Debtors believe that they are current in their payment of all Utility Services, they nonetheless
seek authority to pay, in their sound business judgment, invoices for all prepetition Utility Services
received by them.  The payment of such amounts is reasonable and appropriate in connection with the
provision of adequate assurance to certain Utility Companies.

[4]    The Debtors further request that the Adequate Assurance Deposit be returned to the Debtors at the
conclusion of these chapter 11 cases, if not returned or applied sooner.

14.     The Debtors submit that the Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies.  Accordingly, the Debtors propose that, as a condition of requesting and accepting an Adequate Assurance Deposit, the requesting Utility Company be deemed to have stipulated that the Proposed Adequate Assurance constitutes adequate assurance of payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, and such Utility Company shall further be deemed to have waived any right to seek additional adequate assurance during the course of these chapter 11 cases.  If any Utility Company believes additional assurance is required, they may request such assurance pursuant to the procedures outlined below.

**B.     Proposed Adequate Assurance Procedures**

15.     In light of the severe consequences to the Debtors of any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose that the Interim Order approve and adopt the following procedures (the "Adequate Assurance Procedures") to resolve requests by the Utility Companies for additional assurances of payment beyond the Proposed Adequate Assurance:

(a)     Each of the Utility Companies is prohibited from altering, refusing, or discontinuing services on account of unpaid prepetition charges, or discriminating against the Debtors, or requiring the payment of a deposit or receipt of other security by reason of any unpaid charges for prepetition utility services furnished to the Debtors other than the Proposed Adequate Assurance, pending entry of the Final Order.

(b)     The Debtors will serve a copy of this Motion and the Interim Order by first-class mail within three (3) business days of entry of the Interim Order on all of the Utility Companies listed in Exhibit A.

(c)     Any Utility Company may file a request for additional adequate assurance (an "Additional Assurance Request").  Any Additional Assurance Request must be (i) filed with the Court, 300 Booth Street, Reno, NV 89509; and (ii) served on (a) Station Casinos, Inc., 1505 South Pavilion Center Drive, Las Vegas, Nevada 89135, Attention:  Matthew L. Heinhold, and (b) Milbank, Tweed, Hadley &

M<sup>c</sup>Cloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention: Kathleen Heinsberg (together, the "Notice Parties").

(d)     The Additional Assurance Request must be made no later than five (5) business days prior to the Final Hearing. Any Utility Company that does not timely file an Additional Assurance Request shall be (i) forbidden to discontinue, alter or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance, and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

(e)     Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location for which utility services are provided and the applicable account numbers, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(f)     Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) twenty (20) days from the receipt of such Additional Assurance Request, or (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with the applicable Utility Company to resolve its request for additional assurance of payment. During the Resolution Period, the applicable Utility Company may not terminate any of the services they provide to the Debtors on account of the bankruptcy filing or any unpaid charges for prepetition services.

(g)     The Debtors may, in their discretion, resolve any Additional Assurance Request (or any informal request by a Utility Company for additional adequate assurance) by mutual agreement with the Utility Company and without further order of this Court and may, in connection with any such agreement, in the Debtors' discretion, provide a Utility Company with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable.

(h)     If a Utility Company timely and properly files an Additional Assurance Request that the Debtors believe is unreasonable, and the Debtors are unable to resolve the request consensually with the Utility Company, the Debtors shall file a motion for determination of adequate assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code and request that the motion be set for a hearing (a "Determination Hearing").

(i)     Pending resolution of any such Determination Hearing, the applicable Utility Company shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or the Debtors' bankruptcy filing.

### C.    Process for Opting-Out of Adequate Assurance Procedures

16.    Historically, chapter 11 debtors were able, under section 366 of the Bankruptcy Code, to put the onus on utility companies to argue that whatever form of adequate assurance proposed by the debtor was insufficient.  The recent modifications to section 366 of the Bankruptcy Code arguably shift the burden onto debtors to provide adequate assurance the utility company finds satisfactory, and to seek court review if the utility company does not accept the proposed adequate assurance.

17.    Under this reading of revised section 366 of the Bankruptcy Code, a Utility Company could, on the 30th day following the Petition Date, announce that the Proposed Adequate Assurance is not acceptable, demand an extraordinary deposit or prepayment from the Debtors, and threaten to terminate utility service the next day unless the Debtors comply with the demand.  While the Debtors do not concede that this is a correct reading of revised section 366 of the Bankruptcy Code, the Debtors nevertheless believe it is prudent to require Utility Companies to raise any objections to the Adequate Assurance Procedures prior to the running of the 30-day period following the Petition Date so that there is sufficient time for such objections to be heard by this Court.

18.    Accordingly, the Debtors propose the following procedures for a Utility Company to opt-out of the Adequate Assurance Procedures (the "Opt-Out Procedures," and together with the Adequate Assurance Procedures, the "Procedures"):

(a)    Any Utility Company which objects to the Adequate Assurance Procedures outlined above must file an objection to such procedures (a "Procedure Objection") so that it is actually received by the Debtors at the following addresses within fifteen (15) days of entry of the Interim Order: (i) Station Casinos, Inc., 1505 South Pavilion Center Drive, Las Vegas, Nevada 89135, Attention:  Matthew L. Heinhold, and (ii) Milbank, Tweed, Hadley & M$^c$Cloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention:  Kathleen Heinsberg.

(b)    Any Procedure Objection must (i) be made in writing, (ii) set forth the location for which utility services are provided and the applicable account numbers, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, (iv) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate

1     assurance of future payment, and (v) set forth why the Utility Company believes it
2     should be exempted from the Adequate Assurance Procedures.

3     (c)     The Debtors may, in their discretion and without further order of this Court,
        resolve any Procedure Objection (or any informal objection by a Utility Company
4       to the Adequate Assurance Procedures) by mutual agreement with the Utility
        Company and, in connection with any such agreement, in the Debtors' discretion
5       and without further order of this Court, provide a Utility Company with additional
        adequate assurance of future payment, including but not limited to cash deposits,
6       prepayments, and/or other forms of security if the Debtors believe such additional
        assurance is reasonable.
7

8     (d)     If the Debtors determine that the Procedure Objection is not reasonable and are
        not able to reach a prompt alternative resolution with the Utility Company, the
9       Procedure Objection will be heard at the Final Hearing or as soon thereafter as
        counsel may be heard.
10

11    (e)     All Utility Companies that do not timely file a Procedure Objection are deemed to
        consent to the Adequate Assurance Procedures and shall be bound by the
12      Adequate Assurance Procedures.  The sole recourse of all Utility Companies that
        do not timely file a Procedure Objection shall be to submit an Additional
13      Assurance Request pursuant to the Adequate Assurance Procedures, and shall be
        enjoined from ceasing performance pending any hearing with respect to an
14      Additional Assurance Request that may be conducted pursuant to the Adequate
        Assurance Procedures.
15

16                          **D.      Final Hearing Date**

17         19.     The Debtors hope to resolve any Procedures Objection within thirty (30)

18    days following the Petition Date and respectfully request that the Court schedule the Final

19    Hearing accordingly.

20                 **E.      Subsequent Modifications of the Utility Service List**

21         20.     Although the Debtors have made extensive and good-faith efforts to

22    identify all Utility Companies, certain companies that currently provide Utility Services to the

23    Debtors may have been inadvertently omitted from Exhibit A.  To the extent that the Debtors

24    identify additional Utility Companies, the Debtors will promptly file amendments to the Utility

25    Service List and shall serve copies of the Motion, the Interim Order and Final Order (when and if

26    entered) on such newly identified Utility Companies.

27         21.     The Debtors further request that the Court make the Interim Order and

28    Final Order binding on all Utility Companies, regardless of when such Utility Company was

LA1:#6398881                                -10-

added to the Utility Service List, provided that any such newly identified Utility Company shall have until the later of (i) fourteen (14) days from the date of such service, or (ii) thirty (30) days from the date of the order granting this Motion, to serve an Additional Assurance Request in compliance with the proposed Adequate Assurance Procedures.  Any such request must actually be received by the Notice Parties.  The Debtors shall have the periods specified in the proposed Adequate Assurance Procedures to seek to resolve any such request by mutual agreement with the Utility Company without further order of the Court or to file a Determination Motion with the Court to determine the adequacy of assurance of payment with respect to such Utility Company in accordance with such Procedures.

## V.    Basis For Relief Requested

22.    Section 366[5] of the Bankruptcy Code was enacted to protect debtors against the termination of utility services upon a bankruptcy filing while, at the same time, providing utility companies with adequate assurance that debtors will pay for postpetition services.  See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306; Begley v. Phila. Elec. Co., 760 F.2d 46, 49 (3d Cir. 1985) (stating purpose of § 366 is "to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid").

---

[5]    Section 366 of the Bankruptcy Code provides, in pertinent part:

(a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.  On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

*        *        *

(c)(2) . . . . with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

11 U.S.C. § 366(a), (b) and (c)(2).

23.     Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), section 366 of the Bankruptcy Code did not require, as a matter of course, that the debtor provide a deposit or other security to its utilities as adequate assurance of payment.  See, e.g., Va. Elec. & Power Co. v. Caldor, Inc – N.Y., 117 F.3d 646, 650 (2d Cir. 1997) ("[A] bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under [section] 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'"); Shirey v. Phila. Elec. Co. (In re Shirey), 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("section 366(b) . . . does not permit a utility to request adequate assurance of payment for continued services unless there has been a default by the debtor on a pre-petition debt owed for services rendered.").

24.     With the enactment of BAPCPA, section 366(c) was added to the Bankruptcy Code.  Among other things, that section made explicit the ability of a utility company to alter, refuse, or discontinue utility service if, within thirty (30) days after the commencement of the chapter 11 case, the utility company does not receive adequate assurance in a form that is "satisfactory" to the utility company.[6]  See 11 U.S.C. § 366(c)(2).  This ability remains subject, however, to the Court's power to modify the amount of adequate assurance that shall be deemed satisfactory.  See 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment under [section 366(c)(2)]"); see also In re Haven Eldercare, LLC, 2008 WL 139543 at *2 (Bankr. D. Conn. Jan. 10, 2008) (entering order, pursuant to section 366(c)(3)(A), deeming cash deposit in an amount equal to debtors' average monthly invoice to be adequate assurance of payment over objections of utility companies).

25.     Adequate assurance cannot be construed as a guarantee of payment; "rather, it is intended to guard against the utility assuming an unreasonable risk of non-payment."

---

[6]     Prior to the enactment of BAPCPA, bankruptcy courts had permitted utility companies to discontinue service in the absence of adequate assurance pursuant to section 366(b).  See Jones v. Boston Gas Co. (In re Jones), 369 B.R. 745, 749 (B.A.P. 1st Cir. 2007) (collecting pre-BAPCPA cases and stating, "[t]hus, based on a debtor's failure to provide adequate assurance of payment, bankruptcy courts have concluded that § 366(b) grants utilities the unilateral right to terminate service").

In re New Rochelle Tel. Corp., 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008); see also In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (explaining that the utility company is not entitled to the equivalent of a guarantee of payment); In re Steinebach, 303 B.R. 634, 641 (Bankr. D. Az. 2004) (same). Moreover, under section 366(c), there is nothing to prevent a court from deciding, as courts did before the enactment of BAPCPA, that, on the facts of the case before it, the amount required of the debtors to adequately assure payment to a utility company is nominal or even zero. See In re Pacific Gas and Electric Co., 271 B.R. 626, 644-45 (N.D. Cal. 2002) (explaining that under section 366(b)[7], the decision whether to order security lies within the discretion of the bankruptcy court); see also In re Keydata Corp., 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) ("In our view, 'adequate assurance of payment' does not require an absolute guarantee of payment."); In re Adelphia Bus. Solutions, Inc., 280 B.R. at 80 (determining that adequate assurance did not require deposits and prepayments requested by objecting utilities where this would drain debtors of all of their cash, and be highly prejudicial to interests of all other creditors in the case); In re Caldor, Inc. – N.Y., 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), aff'd sub nom, Va. Elec. & Power Co. v. Caldor, Inc – N.Y., 117 F.3d 646 (2d Cir. 1997); Steinebach, 303 B.R. 641 ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate assurance including discretion to determine that no deposit or other security is necessary.").

26.    Accordingly, bankruptcy courts have deemed cash deposits in amounts commensurate with the Debtors' proposed Adequate Assurance Deposit to be adequate assurance of payment. See, e.g., In re Pac-West Telecomm, Inc., Case No. 07-10562 (Bankr. D. Del. June 4, 2007) (approving, as adequate assurance of payment, one-time supplemental prepayment equal to one week's worth of utility charges); In re The N.Y. Racing Ass'n, Inc., Case No. 06-12618 (Bankr. S.D.N.Y. Dec. 1, 2006) (approving, as adequate assurance of payment, cash deposit equal to two-week's worth of utility charges).

---

[7]    BAPCA did not alter the provisions of section 366(b).

27.     Additionally, the Court has ample authority to grant the relief requested herein.  Under the "necessity of payment" doctrine, first enunciated by the Supreme Court in Miltenberger v. Logansport, C. & S.W.R. Co., 106 U.S. 286 (1882), a bankruptcy court may use its equitable powers under section 105 of the Bankruptcy Code to permit a debtor in possession to pay prepetition claims when payment is necessary to allow for the rehabilitation of the debtor or effectuate the debtor's bankruptcy goals.  See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (approving payment of prepetition wages due current employees where it is necessary to pay such claims in order to preserve and protect its business, and ultimately reorganize and retain its currently working employees and maintain positive employee morale). The Ninth Circuit Court of Appeals has acknowledged the doctrine of necessity, stating in dicta: "[c]ases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation . . . ."  Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.), 829 F.2d 1484, 1490 (9th Cir. 1987).  Section 105 codifies the Bankruptcy Court's inherent equitable powers. See, e.g., Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.), 885 F.2d 621, 625 (9th Cir. 1989) (section 105 endows the bankruptcy court with general equitable powers, where not inconsistent with more specific law).  Uninterrupted Utility Services are essential to the Debtors' ongoing operations and, therefore, to the success of the Debtors' chapter 11 cases.  Should any Utility Company refuse or discontinue service, even for a brief period, the Debtors' business operations would be seriously disrupted.  The impact of such disruption on the Debtors' business operations and revenue would be extremely harmful and would jeopardize the success of the Debtors' chapter 11 cases.  The proposed Procedures will ensure that the Debtors' Utility Services are continued without prejudicing the Utility Companies.  Therefore, it is necessary and appropriate that this Court approve and allow the Debtors to implement the proposed Procedures.

28.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, in the best interests of their estates and creditors, and should be granted in all respects.  The relief requested herein will ensure that the Debtors' operations will not be disrupted.  If a disruption occurs, the impact on the Debtors' business operations and

1   revenues would be extremely harmful.  The relief requested provides the Utility Companies with

2   a fair and orderly procedure for determining requests for additional or different adequate

3   assurance.  Without the Adequate Assurance Procedures, the Debtors could be forced to address

4   numerous requests by Utility Companies in a disorganized manner at a critical period in these

5   chapter 11 cases, and during a time when the Debtors' efforts could be more productively

6   focused on the continuation of their operations for the benefit of all parties in interest.

7   Accordingly, the Debtors believe, in their business judgment, that the Proposed Adequate

8   Assurance, Adequate Assurance Procedures, and Opt-Out Procedures satisfy the requirements of

9   section 366 of the Bankruptcy Code, are reasonable, and are in the best interests of the estates

10  and all parties in interest.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### VI.    Conclusion

2         **WHEREFORE**, the Debtors respectfully request that this Court enter interim and

3 final orders, substantially in the form attached hereto (i) prohibiting the Utility Companies from

4 altering, refusing or discontinuing services on account of prepetition amounts outstanding or on

5 account of any perceived inadequacy of the Debtors' proposed offer of adequate assurance,

6 (ii) determining that Utility Companies have "adequate assurance of payment" within the

7 meaning of section 366(b) of the Bankruptcy Code, and that the Debtors are not required to

8 provide any additional adequate assurance beyond what is proposed herein, (iii) approving the

9 Debtors' proposed Procedures whereby Utility Companies may request additional or different

10 adequate assurance, and (iv) granting such other and further relief as may be just and proper.

11

12 Dated: July 28, 2009                    Respectfully submitted,

13

14                                    By:    _____/s_____
                                           Paul S. Aronzon, CA State Bar #88781
15                                         Thomas R. Kreller, CA State Bar #161922
                                           MILBANK, TWEED, HADLEY & McCLOY LLP
16                                         601 South Figueroa Street, 30th Floor
                                           Los Angeles, California 90017
17
                                           Proposed Reorganization Counsel for
18                                         Debtors and Debtors in Possession

19

20                                         Bruce T. Beesley, #1164
                                           Laury Macauley, #11413
21                                         LEWIS AND ROCA LLP
                                           50 W. Liberty Street, Ste. 410
22                                         Reno, NV   89501
                                           bbeesley@lrlaw.com; lmacauley@lrlaw.com
23
                                           Proposed Local Reorganization Counsel
24                                         For Debtors and Debtors in Possession

25

26

27

28

# Exhibit A

## Utilities

## UTILITY COMPANIES

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Republic Services, Inc. | Waste Management | P.O. Box 98508<br>Las Vegas, Nevada 89193-8508 |
| Republic Services, Inc. | Waste Management | P.O. Box 98508<br>Las Vegas, Nevada 89193-8508 |
| Southwest Gas Corp. | Gas | P.O. Box 98890, Las Vegas, Nevada 89150-0101 |
| Southwest Gas Corp. | Gas | P.O. Box 98510, Las Vegas, Nevada 89193-8510 |
| Southwest Gas Corp. | Gas | P.O. Box 98890, Las Vegas, Nevada 89150-0101 |
| Southwest Gas Corp. | Gas | P.O. Box 98510, Las Vegas, Nevada 89193-8510 |
| Las Vegas Valley Water District | Water | 1001 S. Valley View Blvd. Las Vegas, Nevada 89153-0001 |
| Republic Services | Trash | P.O. Box 78040 Phoenix, AZ 85062-8040 |
| Republic Services | Trash | P.O. Box 78040 Phoenix, AZ 85062-8040 |
| AirCell, Inc. | Telephone | Dept. 0095 Denver, CO 80256 |
| AT&T Wireless | Fax | P.O. Box 78225 Phoenix, AZ 85062 |

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| AT&T Wireless | Telephone | P.O. Box 78225 Phoenix, AZ 85062 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Aircard | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T Teleconference Service | Telephone | P.O. Box 2840 Omaha, NE 68103-2810 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Modem | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 96031 Charlotte, NC 28296-0031 |
| Global Crossing Conferencing | Telephone | P.O. Box 790407 St. Louis, MO 63179 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| USA MOBILITY WIRELESS Inc. | Pagers | P.O. Box 660770 Dallas, TX 75266-0770 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Cell Phones | P.O. Box 4181 Carol Stream, IL 60197-4181 |
| T-Mobile | Cell Phones | P.O. Box 51843 Los Angeles, CA 90051-6143 |
| TW Telecom | Internet | P.O. Box 172567 Denver, CO 80217-2567 |
| Verizon Wireless | Cell Phones | P.O. Box 9622 Mission Hills, CA 91346-9622 |
| Verizon Wireless | Cell Phones | P.O. Box 9622 Mission Hills, CA 91346-9622 |
| Cox Communications | Telephone/ Internet/Cable | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |

# **Exhibit B**

## **Interim Order**

1
2
3
4
5
6   Paul S. Aronzon (CA State Bar No. 88781)              Bruce T. Beesley (NV SBN 1164)
    Thomas R. Kreller (CA State Bar No. 161922)          Laury Macauley (NV SBN 11413)
7   MILBANK, TWEED, HADLEY & McCLOY LLP                  LEWIS AND ROCA LLP
    601 South Figueroa Street, 30th Floor                50 West Liberty Street, Suite 410
8   Los Angeles, California 90017                        Reno, Nevada 89501
    Telephone:      (213) 892-4000                       Telephone:      (775) 823-2900
9   Facsimile:      (213) 629-5063                       Facsimile:      (775) 823-2929
                                                         bbeesley@lrlaw.com; lmacauley@lrlaw.com
10  Proposed Reorganization Counsel for
    Debtors and Debtors in Possession                    Proposed Local Reorganization Counsel for
11                                                       Debtors and Debtors in Possession
12
                        **UNITED STATES BANKRUPTCY COURT**
13                              **DISTRICT OF NEVADA**

14  In re:                                               Chapter 11

15  NORTHERN NV ACQUISITIONS, LLC                        Case No. BK-09-_____

16  ☐ Affects this Debtor
17  ☐ Affects all Debtors                                **INTERIM ORDER PURSUANT TO**
    ☐ Affects Reno Land Holdings, LLC                    **11 U.S.C. §§ 105(a) AND 366**
18  ☐ Affects River Central, LLC                         **(i) PROHIBITING UTILITY**
                                                         **COMPANIES FROM ALTERING,**
19  ☐ Affects Tropicana Station, LLC                     **REFUSING OR DISCONTINUING**
    ☐ Affects FCP Holding, Inc.                          **SERVICES, (ii) DETERMINING THAT**
20  ☐ Affects FCP Voteco, LLC                            **UTILITY COMPANIES ARE**
                                                         **ADEQUATELY ASSURED OF**
21  ☐ Affects Fertitta Partners LLC                      **PAYMENT, AND (iii) APPROVING**
    ☒ Affects Station Casinos, Inc.                      **PROPOSED PROCEDURES FOR**
22  ☐ Affects FCP MezzCo Parent, LLC                     **REQUESTING ADDITIONAL OR**
    ☐ Affects FCP MezzCo Parent Sub, LLC                 **DIFFERENT ADEQUATE ASSURANCE**
23  ☐ Affects FCP MezzCo Borrower VII, LLC
24  ☐ Affects FCP MezzCo Borrower VI, LLC
    ☐ Affects FCP MezzCo Borrower V, LLC
25  ☐ Affects FCP MezzCo Borrower IV, LLC                Hearing Date:    July 30, 2009
    ☐ Affects FCP MezzCo Borrower III, LLC               Hearing Time:    1:30 p.m.
26  ☐ Affects FCP MezzCo Borrower II, LLC
27  ☐ Affects FCP MezzCo Borrower I, LLC
    ☐ Affects FCP PropCo, LLC
28

LA1:#6398881

Upon the motion, dated July 28, 2009 (the "<u>Motion</u>"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Station</u>")[2] in the above-captioned chapter 11 cases, for interim and final orders, pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), (i) prohibiting entities that provide utility services (each a "<u>Utility Company</u>" and, collectively, the "<u>Utility Companies</u>")[3] from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed offer of adequate assurance; (ii) determining that Utility Companies have "adequate assurance of payment" within the meaning of section 366(b) of the Bankruptcy Code, and that the Debtors are not required to provide any additional adequate assurance beyond what is proposed in the Motion; and (iii) approving the Debtors' proposed procedures whereby Utility Companies may request additional or different adequate assurance; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of Station and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "<u>Initial Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

[3]    The Utility Companies, and the services each provides to the Debtors, are listed on <u>Exhibit A</u>, attached hereto (the "<u>Utility Service List</u>").

the Initial Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted on an interim basis pending a final hearing thereon (the "Final Hearing") and entry of a superseding Final Order by this Court; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay, in the Debtors' sole discretion and in the ordinary course of their businesses, all invoices for utility services provided to the Debtors by the Utility Companies, including amounts for services provided prepetition; and it is further

ORDERED that the Debtors shall provide a deposit equal to two weeks of utility service, calculated as a historical average over the twelve (12) months prior to the Petition Date, to any Utility Company who requests such a deposit in writing (the "Adequate Assurance Deposit," and in conjunction with the Debtors' ability to pay in full for all future utility services, the "Proposed Adequate Assurance") so long as such requesting Utility Company does not already hold a deposit equal to or greater than the proposed Adequate Assurance Deposit and is not currently paid in advance for its services; and it is further

ORDERED that as a condition of requesting and accepting an Adequate Assurance Deposit, the requesting Utility Company shall be deemed to have stipulated that the Proposed Adequate Assurance constitutes adequate assurance of payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, and such Utility Company shall further be deemed to have waived any right to seek additional adequate assurance during the course of these chapter 11 cases; and it is further

ORDERED that the Utility Companies are prohibited from altering, refusing or discontinuing services on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance, pending entry of the Final Order; and it is further

1    **ORDERED** that the Debtors will serve a copy of the Motion and this Interim

2    Order by first-class mail within three (3) business days of the date hereof on each Utility

3    Company listed in <u>Exhibit A</u>; and it is further

4    **ORDERED** that any Utility Company desiring additional assurances of payment

5    must file a request (an "<u>Additional Assurance Request</u>") with this Court and serve such request

6    on (a) Station Casinos, Inc., 1505 South Pavilion Center Drive, Las Vegas, Nevada 89135,

7    Attention:  Matthew L. Heinhold, and (b) Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 601 South

8    Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention:  Kathleen Heinsberg

9    (together, the "<u>Notice Parties</u>"); and it is further

10    **ORDERED** that any Additional Assurance Request must be made no later than

11    five (5) business days prior to the Final Hearing, and that any Utility Company that does not file

12    a timely request shall be:  (i) forbidden to discontinue, alter or refuse service on account of any

13    unpaid prepetition charges, or require additional adequate assurance of payment other than the

14    Proposed Adequate Assurance; and (ii) deemed to have received adequate assurance of payment

15    in compliance with section 366 of the Bankruptcy Code; and it is further

16    **ORDERED** that any Additional Assurance Request must (i) be made in writing;

17    (ii) set forth the location for which utility services are provided and the applicable account

18    numbers; (iii) include a summary of the Debtors' payment history relevant to the affected

19    account(s), including any security deposits; and (iv) set forth why the Utility Company believes

20    the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and it

21    is further

22    **ORDERED** that upon the Debtors' receipt of any Additional Assurance Request

23    at the addresses set forth above, the Debtors shall have the greater of (i) twenty (20) days from

24    the receipt of such Additional Assurance Request; or (ii) thirty (30) days from the Petition Date

25    (collectively, the "<u>Resolution Period</u>") to negotiate with such Utility Company to resolve its

26    request for additional assurance of payment, and that during the Resolution Period, the Utility

27    Companies are restrained from discontinuing, altering or refusing service to the Debtors on

28    account of the bankruptcy filing or any unpaid charges for prepetition services; and it is further

1    **ORDERED** that the Debtors may, in their discretion, resolve any Additional

2    Assurance Request (or any informal request by a Utility Company for additional adequate

3    assurance) by mutual agreement with the Utility Company and without further order of this

4    Court and may, in connection with any such agreement, in the Debtors' sole discretion, provide a

5    Utility Company with additional adequate assurance of future payment, including but not limited

6    to cash deposits, prepayments, and/or other forms of security, without further order of this Court,

7    if the Debtors believe such additional assurance is reasonable; and it is further

8    **ORDERED** that if the Debtors determine that any Additional Assurance Request

9    is not reasonable and is not able to reach an alternative resolution with the Utility Company

10   during the Resolution Period, the Debtors, during or immediately after the Resolution Period,

11   shall request a hearing before this Court (a "Determination Hearing") to determine the adequacy

12   of assurances of payment with respect to the particular Utility Company submitting the

13   Additional Assurance Request pursuant to section 366(c)(3) of the Bankruptcy Code; and it is

14   further

15   **ORDERED** that pending resolution of any Determination Hearing, such

16   particular Utility Company shall be restrained from discontinuing, altering, or refusing service to

17   the Debtors on account of unpaid charges for prepetition services, the Debtors' bankruptcy filing,

18   or on account of any objections to the Proposed Adequate Assurance; and it is further

19   **ORDERED** that any Utility Company who objects to and seeks to opt-out of the

20   adequate assurance procedures outlined above (the "Adequate Assurance Procedures") must file

21   an objection to such procedures (a "Procedure Objection") so that it is actually received by the

22   Debtors at the following addresses within fifteen (15) days of entry of this Interim Order: (i) the

23   Court, 300 Booth Street, Reno, NV 89509, (ii) Station Casinos, Inc., 1505 South Pavilion Center

24   Drive, Las Vegas, Nevada 89135, Attention:  Matthew L. Heinhold, and (iii) Milbank, Tweed,

25   Hadley & M^cCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017,

26   Attention:  Kathleen Heinsberg; and it is further

27   **ORDERED** that any Procedure Objection must (i) be made in writing, (ii) set

28   forth the location for which utility services are provided and the applicable account numbers, (iii)

include a summary of the Debtors' payment history relevant to the affected account(s), including

any security deposits, (iv) set forth why the Utility Company believes the Proposed Adequate

Assurance is not sufficient adequate assurance of future payment, and (v) set forth why the

Utility Company believes it should be exempted from the Adequate Assurance Procedures; and it

is further

ORDERED that the Debtors may, in their discretion, resolve any Procedure

Objection (or any informal objection by a Utility Company to the Adequate Assurance

Procedures) by mutual agreement with the Utility Company and without further order of this

Court and may, in connection with any such agreement, in the Debtors' discretion, provide a

Utility Company with additional adequate assurance of future payment, including but not limited

to cash deposits, prepayments, and/or other forms of security, without further order of this Court,

if the Debtors believe such additional assurance is reasonable; and it is further

ORDERED that if the Debtors determine that the Procedure Objection is not

reasonable and is not able to reach a prompt alternative resolution with the Utility Company, the

Procedure Objection will be heard at the Final Hearing or as soon thereafter as counsel may be

heard; and it is further

ORDERED that all Utility Companies that do not timely file a Procedure

Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by

the Adequate Assurance Procedures.  The sole recourse of all Utility Companies that do not

timely file a Procedure Objection shall be to submit an Additional Assurance Request pursuant to

the Adequate Assurance Procedures, and such Utility Companies shall be enjoined from ceasing

performance pending any hearing with respect to such Adequate Assurance Request that may be

conducted pursuant to the Adequate Assurance Procedures; and it is further

ORDERED that no payment sought in the Motion shall be permissible unless

such payment is (i) made pursuant to an Interim or Final Order, as applicable, and (ii) otherwise

consistent with the limitations set forth in the Interim Order Pursuant to 11 U.S.C. §§ 105, 361,

362, 363, 364 and 552 and Fed. R. Bankr. P. Rule 4001(B), (C) and (D) (I) Authorizing the

Debtors to (A) Use Cash Collateral; (B) Obtain Unsecured, Subordinated Post-Petition

Financing; (C) Make Loans to Non-Debtor Subsidiaries, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Granting Related Relief, and (IV) Scheduling Final Hearing and the Budget (as defined therein); and it is further

**ORDERED** that the Final Hearing is set for _____ at _____ (prevailing Pacific Standard Time); and it is further

**ORDERED** that within _____ days of this Interim Order, the Debtors shall serve this Interim Order upon the Master Service List pursuant to the Court's Order Establishing Notice Procedures; and it is further

**ORDERED** that a Utility Company shall be deemed to have adequate assurance of payment unless and until (i) the Debtors, in their sole discretion, agree to an Additional Assurance Request or agrees to an alternative assurance of payment with the Utility Company during the Resolution Period, or (ii) this Court enters an order at the Final Hearing or any hearing with respect to an Additional Assurance Request requiring that additional adequate assurance of payment be provided; and it is further

**ORDERED** that to the extent that the Debtors identify additional Utility Companies not included on Exhibit A, the Debtors will promptly file amendments to the Utility Service List with this Court, and shall serve copies of the Motion and this Interim Order on such newly identified Utility Companies.  This Interim Order is binding on all Utility Companies, regardless of when such Utility Company was added to the Utility Service List, provided that any such newly identified Utility Company shall have until the later of (i) fourteen (14) days from the date of such service, or (ii) thirty (30) days from the date hereof, to serve an Additional Assurance Request in compliance with the Adequate Assurance Procedures.  Any such request must actually be received by the Notice Parties.  The Debtors shall have the periods specified in the Adequate Assurance Procedures to seek to resolve any such request by mutual agreement with the Utility Company without further order of the Court or to file a Determination Motion with the Court to determine the adequacy of assurance of payment with respect to such Utility Company; and it is further

LA1:#6398881

1    **ORDERED** that nothing contained in the Motion or this Interim Order, and

2    neither the Debtors' payment nor other treatment of any Utility Company, shall be deemed or

3    construed as (i) an agreement or admission by the Debtors as to the validity of any claim against

4    the Debtors' estates, (ii) a waiver of the Debtors' right to dispute any claim on any grounds, (iii)

5    a promise by the Debtors to pay any claim, (iv) an implication or admission by the Debtors that

6    such entity is a utility within the meaning of section 366 of the Bankruptcy Code, or (v) a request

7    by the Debtors or authorization to assume any agreement, contract or lease pursuant to section

8    365 of the Bankruptcy Code; and it is further

9    **ORDERED** that, notwithstanding the relief granted herein and any actions taken

10   pursuant hereto, nothing contained herein shall create, nor is intended to create, any rights in

11   favor of, or enhance the status of any claim held by, any person; and it is further

12   **ORDERED** that notice of the Motion as provided therein shall be deemed good

13   and sufficient notice of the Motion; and it is further

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1:#6398881

1    **ORDERED** that, notwithstanding any provision in the Federal Rules of

2    Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the

3    implementation, enforcement or realization of the relief granted in this Interim Order, and the

4    Debtors may, in their discretion and without further delay, take any action and perform any act

5    authorized under this Interim Order.

6

7    SUBMITTED BY:

8
     Paul S. Aronzon (CA State Bar No. 88781)
9    Thomas R. Kreller (CA State Bar No. 161922)
     MILBANK, TWEED, HADLEY & McCLOY LLP
10   601 South Figueroa Street, 30th Floor
     Los Angeles, California 90017
11
     Proposed Reorganization Counsel for
12   Debtors and Debtors in Possession

13
     Bruce T. Beesley (NV SBN 1164)
14   Laury Macauley (NV SBN 11413)
     LEWIS AND ROCA LLP
15   50 West Liberty Street, Suite 410
     Reno, Nevada 89501
16   bbeesley@lrlaw.com; lmacauley@lrlaw.com

17   Proposed Local Reorganization Counsel for
     Debtors and Debtors in Possession
18

19                                          # # #

20

21

22

23

24

25

26

27

28

LA1:#6398881

# Exhibit A To Interim Order

## Utilities

**UTILITY COMPANIES**

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086<br>Reno, Nevada 89520-3086 |
| Republic Services, Inc. | Waste Management | P.O. Box 98508<br>Las Vegas, Nevada 89193-8508 |
| Republic Services, Inc. | Waste Management | P.O. Box 98508<br>Las Vegas, Nevada 89193-8508 |
| Southwest Gas Corp. | Gas | P.O. Box 98890, Las Vegas, Nevada 89150-0101 |
| Southwest Gas Corp. | Gas | P.O. Box 98510, Las Vegas, Nevada 89193-8510 |
| Southwest Gas Corp. | Gas | P.O. Box 98890, Las Vegas, Nevada 89150-0101 |
| Southwest Gas Corp. | Gas | P.O. Box 98510, Las Vegas, Nevada 89193-8510 |
| Las Vegas Valley Water District | Water | 1001 S. Valley View Blvd. Las Vegas, Nevada 89153-0001 |
| Republic Services | Trash | P.O. Box 78040 Phoenix, AZ 85062-8040 |
| Republic Services | Trash | P.O. Box 78040 Phoenix, AZ 85062-8040 |
| AirCell, Inc. | Telephone | Dept. 0095 Denver, CO 80256 |
| AT&T Wireless | Fax | P.O. Box 78225 Phoenix, AZ 85062 |

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| AT&T Wireless | Telephone | P.O. Box 78225 Phoenix, AZ 85062 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Aircard | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T Teleconference Service | Telephone | P.O. Box 2840 Omaha, NE 68103-2810 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Modem | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 96031 Charlotte, NC 28296-0031 |
| Global Crossing Conferencing | Telephone | P.O. Box 790407 St. Louis, MO 63179 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| USA MOBILITY WIRELESS Inc. | Pagers | P.O. Box 660770 Dallas, TX 75266-0770 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Cell Phones | P.O. Box 4181 Carol Stream, IL 60197-4181 |
| T-Mobile | Cell Phones | P.O. Box 51843 Los Angeles, CA 90051-6143 |
| TW Telecom | Internet | P.O. Box 172567 Denver, CO 80217-2567 |
| Verizon Wireless | Cell Phones | P.O. Box 9622 Mission Hills, CA 91346-9622 |
| Verizon Wireless | Cell Phones | P.O. Box 9622 Mission Hills, CA 91346-9622 |
| Cox Communications | Telephone/ Internet/Cable | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |

# **Exhibit C**

## **Final Order**

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:     (213) 892-4000
Facsimile:     (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:     (775) 823-2900
Facsimile:     (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

NORTHERN NV ACQUISITIONS, LLC

☐ Affects this Debtor
☐ Affects all Debtors
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☒ Affects Station Casinos, Inc.
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-_____

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (i) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES, (ii) DETERMINING THAT UTILITY COMPANIES ARE ADEQUATELY ASSURED OF PAYMENT, AND (iii) APPROVING PROPOSED PROCEDURES FOR REQUESTING ADDITIONAL OR DIFFERENT ADEQUATE ASSURANCE**

Hearing Date:
Hearing Time:

LA1:#6398881

Upon the motion, dated July 28, 2009 (the "<u>Motion</u>"),[1] of Station Casinos, Inc.

and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Station</u>")[2] in

the above-captioned chapter 11 cases, for interim and final orders, pursuant to sections 105(a)

and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the

"<u>Bankruptcy Code</u>"), (i) prohibiting entities that provide utility services (collectively, the "<u>Utility</u>

<u>Companies</u>")[3] from altering, refusing or discontinuing services on account of prepetition

amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed offer

of adequate assurance; (ii) determining that Utility Companies have "adequate assurance of

payment" within the meaning of section 366(b) of the Bankruptcy Code, and that the Debtors are

not required to provide any additional adequate assurance beyond what is proposed in the

Motion; and (iii) approving the Debtors' proposed procedures whereby Utility Companies may

request additional or different adequate assurance, all as more fully set forth in the Motion; and

upon consideration of the supporting declaration of Thomas M. Friel, sworn to July 24, 2009;

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided, and it appearing that no other or further notice need be provided; and the Court

having entered the Interim Order pending the entry of a final order (the "<u>Final Order</u>")

superseding the Interim Order; and the relief requested in the Motion being in the best interests

of Station and its estate and creditors; and the Court having reviewed the Motion and having

heard the statements in support of the relief requested therein at the hearing before the Court (the

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

[3]    The Utility Companies, and the services each provides to the Debtors, are listed on <u>Schedule A</u>, attached hereto (the "<u>Utility Service List</u>").

"<u>Final Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause appearing

therefore, it is hereby

    **ORDERED** that the Motion is granted; and it is further

    **ORDERED** that all objections to the Motion are overruled; and it is further

    **ORDERED** that the Interim Order is amended and superseded in its entirety by

this Final Order except to the extent expressly referenced herein; and it is further

    **ORDERED** that the Debtors are authorized, but not directed, to pay, in the

Debtors' sole discretion and in the ordinary course of their businesses, all invoices for utility

services provided to the Debtors by the Utility Companies, including amounts for services

provided prepetition; and it is further

    **ORDERED** that, to the extent they have not already done so, the Debtors shall

provide a deposit equal to two weeks of utility service, calculated as a historical average over the

twelve (12) months prior to the Petition Date, to any Utility Company who requests such a

deposit in writing (the "<u>Adequate Assurance Deposit</u>," and in conjunction with the Debtors'

ability to pay in full for all future utility services, the "<u>Proposed Adequate Assurance</u>") so long

as such requesting Utility Company does not already hold a deposit equal to or greater than the

proposed Adequate Assurance Deposit and is not currently paid in advance for its services; and it

is further

    **ORDERED** that as a condition of requesting and accepting an Adequate

Assurance Deposit, the requesting Utility Company shall be deemed to have stipulated that the

Proposed Adequate Assurance constitutes adequate assurance of payment to such Utility

Company within the meaning of section 366 of the Bankruptcy Code, and such Utility Company

shall further be deemed to have waived any right to seek additional adequate assurance during

the course of these chapter 11 cases; and it is further

    **ORDERED** that the Adequate Assurance Procedures set forth in the Interim

Order are approved and shall forever apply to all Utility Companies, unless otherwise agreed to

in writing by the Debtors. From the date hereof, absent compliance with the Adequate

Assurance Procedures, the Utility Companies are prohibited from altering, refusing or

discontinuing services on account of prepetition amounts outstanding or on account of any

perceived inadequacy of the Debtors' proposed offer of adequate assurance; and it is further

**ORDERED** that the Debtors will serve a copy of the Motion and Interim Order

(to the extent they have not already done so) and this Final Order by first-class mail within three

(3) business days of the date hereof on each Utility Company listed in Exhibit A; and it is further

**ORDERED** that any Utility Company who (i) has accepted an Adequate

Assurance Deposit, and/or (ii) did not make an Additional Assurance Request at least five (5)

business days prior to the Final Hearing, is hereby deemed to have stipulated that the Adequate

Assurance Deposit constitutes adequate assurance of future payment to such Utility Company,

and such Utility Company is further deemed to have waived any right to seek additional

adequate assurance during the course of these chapter 11 cases; and it is further

**ORDERED** that any Utility Company who has accepted an Adequate Assurance

Deposit shall be required to return the Adequate Assurance Deposit to the Debtors within fifteen

(15) days of the effective date of any confirmed plan of reorganization; and it is further

**ORDERED** that in the event the Debtors receive any Additional Assurance

Request in compliance with the Adequate Assurance Procedures, the Debtors shall have twenty

(20) days from the receipt of such Additional Assurance Request (collectively, the "Resolution

Period") to negotiate with such Utility Company to resolve its request for additional assurance of

payment, and during the Resolution Period, Utility Companies may not terminate any of the

services they provide to the Debtor on account of the bankruptcy filing or any unpaid charges for

prepetition services; and it is further

**ORDERED** that the Debtors may, in their discretion, resolve any Additional

Assurance Request (or any informal request by a Utility Company for additional adequate

assurance) by mutual agreement with the Utility Company and without further order of this

Court and may, in connection with any such agreement, in the Debtors' discretion, provide a

Utility Company with additional adequate assurance of future payment, including but not limited

to cash deposits, prepayments, and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable; and it is further

**ORDERED** that if the Debtors determine that any Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court (a "Determination Hearing") to determine the adequacy of assurances of payment with respect to the particular Utility Company submitting the Additional Assurance Request pursuant to section 366(c)(3) of the Bankruptcy Code; and it is further

**ORDERED** that pending resolution of any Determination Hearing, such particular Utility Company shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance; and it is further

**ORDERED** that all currently filed Procedure Objections that remain unresolved by mutual agreement between the filing Utility Company and the Debtors are hereby overruled and all Utility Companies are deemed to consent to and shall be bound by the Adequate Assurance Procedures.  The sole recourse of all Utility Companies shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures, and all Utility Companies are enjoined from ceasing performance pending any hearing with respect to such Adequate Assurance Request that may be conducted pursuant to the Adequate Assurance Procedures; and it is further

**ORDERED** that a Utility Company shall be deemed to have adequate assurance of payment unless and until (i) the Debtors, in their sole discretion, agree to an Additional Assurance Request or agree to an alternative assurance of payment with the Utility Company during the Resolution Period; or (ii) this Court enters an order at a hearing with respect to any Additional Assurance Request requiring that additional adequate assurance of payment be provided; and it is further

1        **ORDERED** that to the extent that the Debtors identify additional Utility

2  Companies not included on <u>Exhibit A</u>, the Debtors will promptly file amendments to the Utility

3  Service List with this Court, and shall serve copies of the Motion, Interim Order and this Final

4  Order (to the extent they have not already done so) on such newly identified Utility Companies.

5  This Final Order is binding on all Utility Companies, regardless of when such Utility Company was

6  was added to the Utility Service List, provided that any such newly identified Utility Company

7  shall have until the later of (i) fourteen (14) days from the date of such service or (ii) thirty (30)

8  days from the date hereof, to serve an Additional Assurance Request in compliance with the

9  Adequate Assurance Procedures.  Any such request must actually be received by the Notice

10  Parties.  The Debtors shall have the periods specified in the Adequate Assurance Procedures to

11  seek to resolve any such request by mutual agreement with the Utility Company without further

12  order of the Court or to file a Determination Motion with the Court to determine the adequacy of

13  assurance of payment with respect to such Utility Company; and it is further

14        **ORDERED** that nothing contained in this Final Order, and neither the Debtors'

15  payment or other treatment of any Utility Company, shall be deemed or construed as (i) an

16  admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' right

17  to dispute any claim on any grounds, (iii) a promise to pay any claim, (iv) an implication or

18  admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code,

19  or (v) a request or authorization to assume any agreement, contract or lease pursuant to section

20  365 of the Bankruptcy Code; and it is further

21        **ORDERED** that no payment sought in the Motion shall be permissible unless

22  such payment is (i) made pursuant to an Interim or Final Order, as applicable, and (ii) otherwise

23  consistent with the limitations set forth in the Interim Order Pursuant to 11 U.S.C. §§ 105, 361,

24  362, 363, 364 and 552 and Fed. R. Bankr. P. Rule 4001(B), (C) and (D) (I) Authorizing the

25  Debtors to (A) Use Cash Collateral; (B) Obtain Unsecured, Subordinated Post-Petition

26  Financing; (C) Make Loans to Non-Debtor Subsidiaries, (II) Granting Adequate Protection to

27  Prepetition Secured Parties, (III) Granting Related Relief, and (IV) Scheduling Final Hearing and

28  the Budget (as defined therein); and it is further

1    **ORDERED** that, notwithstanding the relief granted herein and any actions taken

2    pursuant hereto, nothing contained herein shall create, nor is intended to create, any rights in

3    favor of, or enhance the status of any claim held by, any person; and it is further

4    **ORDERED** that notice of the Motion as provided therein shall be deemed good

5    and sufficient notice of the Motion; and it is further

6    **ORDERED** that, notwithstanding any provision in the Federal Rules of

7    Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the

8    implementation, enforcement or realization of the relief granted in this Order, and the Debtors

9    may, in their discretion and without further delay, take any action and perform any act authorized

10   under this Order; and it is further

11   **ORDERED** that the Court shall retain jurisdiction to hear and determine all

12   matters arising from the implementation of this Order.

13

14   SUBMITTED BY:

15   Paul S. Aronzon (CA State Bar No. 88781)
     Thomas R. Kreller (CA State Bar No. 161922)
16   MILBANK, TWEED, HADLEY & McCLOY LLP
     601 South Figueroa Street, 30th Floor
17   Los Angeles, California 90017

18   Proposed Reorganization Counsel for
19   Debtors and Debtors in Possession

20   Bruce T. Beesley (NV SBN 1164)
     Laury Macauley (NV SBN 11413)
21   LEWIS AND ROCA LLP
22   50 West Liberty Street, Suite 410
     Reno, Nevada 89501
23   bbeesley@lrlaw.com; lmacauley@lrlaw.com

24   Proposed Local Reorganization Counsel for
     Debtors and Debtors in Possession
25

26                                          # # #

27

28

# Exhibit A To Final Order

## Utilities

## UTILITY COMPANIES

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Nevada Power dba NV Energy | Electricity | P.O. Box 30086 Reno, Nevada 89520-3086 |
| Republic Services, Inc. | Waste Management | P.O. Box 98508 Las Vegas, Nevada 89193-8508 |
| Republic Services, Inc. | Waste Management | P.O. Box 98508 Las Vegas, Nevada 89193-8508 |
| Southwest Gas Corp. | Gas | P.O. Box 98890, Las Vegas, Nevada 89150-0101 |
| Southwest Gas Corp. | Gas | P.O. Box 98510, Las Vegas, Nevada 89193-8510 |
| Southwest Gas Corp. | Gas | P.O. Box 98890, Las Vegas, Nevada 89150-0101 |
| Southwest Gas Corp. | Gas | P.O. Box 98510, Las Vegas, Nevada 89193-8510 |
| Las Vegas Valley Water District | Water | 1001 S. Valley View Blvd. Las Vegas, Nevada 89153-0001 |
| Republic Services | Trash | P.O. Box 78040 Phoenix, AZ 85062-8040 |
| Republic Services | Trash | P.O. Box 78040 Phoenix, AZ 85062-8040 |
| AirCell, Inc. | Telephone | Dept. 0095 Denver, CO 80256 |
| AT&T Wireless | Fax | P.O. Box 78225 Phoenix, AZ 85062 |

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| AT&T Wireless | Telephone | P.O. Box 78225 Phoenix, AZ 85062 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Aircard | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T MOBILITY | Telephone | P.O. Box 6463 Carol Stream, IL 60197-6463 |
| AT&T Teleconference Service | Telephone | P.O. Box 2840 Omaha, NE 68103-2810 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Modem | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 660068 Dallas, TX 85266-0068 |
| Embarq | Telephone | P.O. Box 96031 Charlotte, NC 28296-0031 |
| Global Crossing Conferencing | Telephone | P.O. Box 790407 St. Louis, MO 63179 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| Intercall | Telephone | File 51089 Los Angeles, CA 90074-1089 |
| USA MOBILITY WIRELESS Inc. | Pagers | P.O. Box 660770 Dallas, TX 75266-0770 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |

| Utility Company | Type of Utility Services | Utility Company Address |
|---|---|---|
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Telephone | P.O. Box 219100 Kansas City, MO 64121-9100 |
| Sprint | Cell Phones | P.O. Box 4181 Carol Stream, IL 60197-4181 |
| T-Mobile | Cell Phones | P.O. Box 51843 Los Angeles, CA 90051-6143 |
| TW Telecom | Internet | P.O. Box 172567 Denver, CO 80217-2567 |
| Verizon Wireless | Cell Phones | P.O. Box 9622 Mission Hills, CA 91346-9622 |
| Verizon Wireless | Cell Phones | P.O. Box 9622 Mission Hills, CA 91346-9622 |
| Cox Communications | Telephone/ Internet/Cable | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |
| Cox Communications | Internet | P.O. Box 53262 Phoenix, AZ 85072 |