1 | Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
2 | MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
3 | Los Angeles, California 90017
Telephone:      (213) 892-4000
4 | Facsimile:      (213) 629-5063

5 | Proposed Reorganization Counsel for
Debtors and Debtors in Possession
6 |

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:      (775) 823-2900
Facsimile:      (775) 823-2929
bbeesley@lrlaw.com; tdarby@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

7

8 | **UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

9

10 | In re:

11 | NORTHERN NV ACQUISITIONS, LLC

12 | ☐ Affects this Debtor
13 | ☒ Affects all Debtors
☐ Affects Reno Land Holdings, LLC
14 | ☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
15 | ☐ Affects FCP Holding, Inc.
16 | ☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
17 | ☐ Affects Station Casinos, Inc.
18 | ☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
19 | ☐ Affects FCP MezzCo Borrower VII, LLC
20 | ☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
21 | ☐ Affects FCP MezzCo Borrower IV, LLC
22 | ☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
23 | ☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC
24 |

Chapter 11

Case No. BK-09-_____;
Jointly Administered

**MOTION PURSUANT TO 11 U.S.C.
§§ 105(a), 327, 328, AND 330 FOR
INTERIM AND FINAL ORDERS
AUTHORIZING DEBTORS TO
EMPLOY PROFESSIONALS USED IN
ORDINARY COURSE OF BUSINESS**

Hearing Date:      July 30, 2009
Hearing Time:      1:30 p.m.
Place:                300 Booth Street
                          Reno, NV 89509

25

26

27

28

LA1:#6408787

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Station Casinos, Inc. ("SCI") and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[1] in the above-captioned chapter 11 cases, hereby submit this motion (the "Motion") for interim and final orders pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), authorizing and approving the retention and employment of professionals used in the ordinary course of business, and, in support thereof, respectfully represent as follows:

**LEGAL MEMORANDUM**

**I.    Background**

1.    The Debtors commenced these chapter 11 cases on July 28, 2009 (the "Petition Date"). SCI and its non-debtor subsidiaries (collectively, the "Station Group") constitute a gaming entertainment enterprise that owns and operates under the "Station" and "Fiesta" brand names ten major hotels/casinos (two of which are 50% owned) and eight smaller casinos (three of which are 50% owned) in the Las Vegas metropolitan area. The Station Group owns ten of the hotels/casinos' underlying real property in fee and leases the underlying real property for Texas Station Gambling Hall & Hotel ("Texas Station"), Wild Wild West Gambling Hall & Hotel ("Wild Wild West"), Barley's Casino & Brewing Company ("Barley's"), and The Greens Gaming and Dining ("The Greens"). Debtor FCP PropCo, LLC ("FCP PropCo") owns the underlying real estate for Palace Station Hotel & Casino ("Palace Station"), Sunset Station Hotel & Casino ("Sunset Station") and Red Rock Casino Resort Spa ("Red Rock"). FCP PropCo owns a portion of the underlying real property for Boulder Station Hotel & Casino ("Boulder Station") and also leases a portion of Boulder Station's underlying real property. Station California, LLC ("Station California"), a non-debtor subsidiary of SCI, manages a casino for a

---

[1]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Native American tribe.  As of July 17, 2009, the Station Group had approximately 13,174 employees, and the Debtors had approximately 663 employees.  The Station Group's growth strategy includes the master-planned expansions of its existing gaming facilities in Nevada, the development of gaming facilities on certain real estate that the Station Group now owns or is under contract to acquire in the Las Vegas valley and Reno, Nevada, the evaluation and pursuit of additional acquisition or development opportunities in Nevada and other gaming markets, and the pursuit of additional management agreements with Native American tribes.

2.      The Station Group owns and operates:  (i) Palace Station, (ii) Boulder Station, (iii) Texas Station, (iv) Sunset Station, (v) Santa Fe Station Hotel & Casino, (vi) Red Rock, (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3.      The Station Group also holds a 50% interest in the non-debtor entities that own and operate:  (i) Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), (ii) Aliante Station Casino & Hotel ("Aliante Station"), (iii) Barley's, (iv) The Greens, and (v) Wildfire Casino & Lanes, formerly known as Renata's Casino.

4.      Each of the Station Group's casinos caters primarily to local Las Vegas area residents.  The Station Group markets the eight "Station" casinos (including Green Valley Ranch, Red Rock and Aliante Station) together under the Station Casinos brand and the two "Fiesta" casinos under the Fiesta brand, offering convenience and choices to residents throughout the Las Vegas valley with its strategically located properties.  In addition, Station California manages Thunder Valley Casino in Northern California on behalf of the United Auburn Indian Community.

5.      As of June 30, 2009 and based on a general ledger book value, the Debtors owned assets valued in the aggregate in excess of approximately $5.7 billion and had debt and other liabilities of approximately $6.5 billion.

6.      SCI is a privately held company whose shares are held by Debtors Fertitta Partners LLC, FCP Holding, Inc. and FCP VoteCo, LLC.  FCP MezzCo Parent, LLC, FCP

MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC (collectively, the "CMBS Debtors"), as well as Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC and Tropicana Station, LLC, are all either direct or indirect wholly owned subsidiaries of SCI.  Certain of the CMBS Debtors issued a mortgage loan and related mezzanine financings in the aggregate principal amount of $2.475 billion (the "CMBS Loans").  The CMBS Loans are collateralized by substantially all fee and leasehold real property comprising Palace Station Hotel & Casino, Boulder Station Hotel & Casino, Sunset Station Hotel & Casino, and Red Rock.

> 7.    Filed concurrently herewith, and incorporated herein by reference, is the Omnibus Declaration of Thomas M. Friel in Support of the Debtors' Chapter 11 Petitions and First Day Motions, which contains more detail on the Debtors' assets, liabilities, equity ownership, business operations and business plans.

## II.    Jurisdiction

> 8.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III.    Relief Requested

> 9.    By this Motion, the Debtors request authority, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to retain those professionals that the Debtors employ in the ordinary course of business (each an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals") without the submission of separate employment applications, affidavits and the issuance of separate retention orders for each individual professional.  A list of Ordinary Course Professionals is attached as Exhibit A.

**IV.    Proposed Employment and Compensation of Ordinary Course Professionals**

10.    Prior to the Petition Date, the Debtors retained a number of professionals and professional firms who provide services (a) integral to the Debtors' day-to-day business operations and financial affairs and (b) not directly related to the reorganization effort.  Among other things, the Ordinary Course Professionals include, but are not limited to, lawyers, accountants, tax advisors, architects and engineers.  The Ordinary Course Professionals provide services to the Debtors with respect to a wide-range of subjects, including, regulatory and gaming law compliance, labor, employment and benefits matters, contracts, real estate and financing transactions, tax planning and preparation, and architectural and engineering planning.  The services are critical for the Debtors' ongoing business operations, including their continued compliance with non-bankruptcy law.  None of the Ordinary Course Professionals will represent the Debtors in any aspect of their chapter 11 cases or provide bankruptcy-related services.

11.    The Debtors desire to continue to employ the Ordinary Course Professionals to render services to these estates in the same manner and for the same purposes as the Ordinary Course Professionals did prior to the Petition Date.  It is essential that the employment of these Ordinary Course Professionals, many of whom are already familiar with the Debtors' businesses and affairs, be continued to avoid disruption of the Debtors' normal business operations.  The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interest of the Debtors' estates and all parties in interest.  The relief requested will save substantial expenses associated with applying separately for the employment of each professional.  Further, the requested relief will avoid the incurrence of additional fees relating to the preparation and prosecution of interim fee applications.  Likewise, the procedure outlined below will relieve the Court, the Office of the United States Trustee (the "U.S. Trustee"), and any official committee of creditors of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

12.    The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court, 100% of the fees and disbursements

incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to $150,000 per month per Ordinary Course Professional.  In the event that an Ordinary Course Professional seeks more than $150,000 in a single month, the Debtors reserve the right to request approval of such fees by the Court.  In the event the Court denies this request, the professional will be required to file a fee application for the full amount of its fees in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the District of Nevada (the "Local Rules"), orders of the Court and Fee Guidelines promulgated by the Office of the U.S. Trustee.

13.    Within thirty (30) days of the latter of (i) Court approval of the Ordinary Course Professional's retention, or (ii) the date on which the retained Ordinary Course Professional commences services, each Ordinary Course Professional shall serve upon the Debtors' attorneys:  (a) an affidavit (the "Ordinary Course Professional Affidavit"), substantially in the form attached as Exhibit B, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form attached hereto as Exhibit C.  The Debtors' attorneys shall then file the Ordinary Course Professional Affidavit and Retention Questionnaire with the Court and serve them upon the U.S. Trustee.  The U.S. Trustee shall then have fifteen (15) days following service to notify the Debtors, in writing, of any objection to the retention stemming from the contents of the Ordinary Course Professional's Affidavit or Retention Questionnaire.  If after fifteen (15) days no objection is filed, the Ordinary Course Professional may be paid 100% of fees and 100% of expenses without the need to file fee applications, based upon the submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursement outlay actually incurred.  The Debtors propose that no Ordinary Course Professional be paid any amounts for invoiced fees and expense reimbursement until the Ordinary Course Professional Affidavit and Retention Questionnaire have been filed with the Court.

14.     The Debtors reserve the right to supplement the list of Ordinary Course Professionals from time to time as necessary.  The Debtors have diligently attempted to identify all of their current Ordinary Course Professionals.  Nevertheless, some Ordinary Course Professionals may have been inadvertently omitted.  Further, the nature of Station's business requires the retention of additional Ordinary Course Professionals from time to time.  In either event, the Debtors propose to file a notice (a "<u>Supplemental Notice of Ordinary Course Professionals</u>") with the Court listing the additional Ordinary Course Professionals that the Debtors intend to employ, and to serve it upon:  (i) the U.S. Trustee; (ii) the attorneys for any official committee of unsecured creditors appointed in these cases; and (iii) all other parties that have filed a notice of appearance in these chapter 11 cases or that are listed on a master service list pursuant to an order of this Court.  The Debtors further propose that if no objection to any additional Ordinary Course Professional is filed with the Court and served on the Debtors within fifteen (15) days after the service of the Supplemental Notice of Ordinary Course Professionals, retention of the Ordinary Course Professional(s) shall be deemed approved by the Court in accordance with the provisions of this Motion without the need for a hearing or further order.

15.     Within thirty (30) days of the latter of (i) approval of the Ordinary Course Professional's retention, pursuant to a Supplemental Notice of Ordinary Course Professionals, or (ii) the date on which the retained Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall serve upon the Debtors' attorneys an Ordinary Course Professional Affidavit and a Retention Questionnaire.  An Ordinary Course Professional retained pursuant to a Supplemental Notice of Ordinary Course Professionals shall otherwise be paid in accordance with the terms and conditions set forth in the paragraphs above.

16.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest adverse to the Debtors, their creditors, or other parties in interest on the matters for which they would be employed, and thus all of the Ordinary Course Professionals whom the Debtors propose to retain meet the special counsel retention requirement under section 327(e) of the Bankruptcy Code.

1       17.     Other than Ordinary Course Professionals, all professionals employed by

2   the Debtors to assist in the prosecution of these chapter 11 cases will be retained by the Debtors

3   pursuant to separate retention applications.  These professionals shall be compensated in

4   accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and

5   orders of this Court.

6                           **V.      Basis For Relief**

7       18.     The Debtors do not believe that any of the Ordinary Course Professionals

8   are "professionals," as that term is used in section 327 of the Bankruptcy Code, whose retention

9   and compensation must be approved by the Court.  See e.g., In re That's Entm't Mktg. Group,

10  Inc., 168 B.R. 226, 230 (N.D. Ca. 1994) (only the retention of professionals whose duties are

11  central to the administration of the estate requires prior court approval under section 327); In re

12  Johns-Manville Corp., 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (only those professionals

13  involved in actual reorganization effort, rather than debtor's ongoing business, require approval

14  under section 327); see also In re Riker Indus., Inc., 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990)

15  (no need for section 327 approval of fees of a management and consulting firm that performed

16  only "routine administrative functions" and whose "services were not central to . . . bankruptcy

17  case"); In re D'Lites of Am., Inc., 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (section 327

18  approval is not necessary for "one who provides services to the debtor that are necessary

19  [regardless of] whether petition was filed").

20      19.     Nevertheless, out of an abundance of caution, the Debtors seek the relief

21  requested in this Motion to avoid any subsequent controversy as to the Debtors' employment and

22  payment of the Ordinary Course Professionals during the pendency of these chapter 11 cases.

23      20.     Notwithstanding the relief requested in this Motion or the inclusion of any

24  Ordinary Course Professionals on Exhibit A, the Debtors have sought specific Court authority

25  under section 327 of the Bankruptcy Code to employ professionals involved in the actual

26  administration of these chapter 11 cases.  Such professionals will be compensated in accordance

27  with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

28

the Fee Guidelines promulgated by the U.S. Trustee or as otherwise allowed by order of this Court.

21.     The proposed employment of the Ordinary Course Professionals and the payment of compensation on the basis set forth above are in the best interests of the Debtors' estates and creditors.  Retention and payment plans similar to those that are proposed herein have been approved in many cases within this and other Districts.  See e.g., In re USA Commercial Mortgage Co., Case No. BK-S-06-10725 (Bankr. D. Nev.) (Order Entered Oct. 23, 2006, Docket No. 1628); In re Consolidated Freightways, Case No. RS 02-24284 (Bankr. C.D. Ca.) (Order Entered Oct. 17, 2002), In re Anacomp, Inc., Case No. 01-10821 (Bankr. S.D. Ca.) (Order Entered Oct. 24, 2001); In re Fountain View, Inc., Case No. LA 01-39678 BB (Bankr. C.D. Ca.) (Order Entered Oct. 3, 2001); In re Tri Valley Growers, Case No. 00-44089-J-11 (Bankr. N.D. Ca.) (Order Entered May 25, 2001).

22.     The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth above are in the best interest of their estates and creditors.  The relief requested will save the Debtors the substantial expenses associated with applying separately for the employment of each professional.  Further, the requested relief will avoid the incurrence of additional fees pertaining to preparing and prosecuting interim fee applications.  Likewise, the procedure outlined above will relieve the Court and the U.S. Trustee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

23.     In light of the additional cost associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional.  Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.  Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

1

## VI.    Conclusion

2        **WHEREFORE**, the Debtors respectfully request (i) entry of interim and final

3    orders substantially in the form attached hereto granting the relief requested herein, and (ii) such

4    other and further relief as the Court may deem just and proper.

5

6    Dated: July 28, 2009                    Respectfully submitted,

7

8                                    By:    _____/s_____
                                            Paul S. Aronzon, CA State Bar #88781
9                                           Thomas R. Kreller CA State Bar # 161922
                                            MILBANK, TWEED, HADLEY & McCLOY LLP
10                                          601 South Figueroa Street, 30th Floor
                                            Los Angeles, California 90017
11
                                            Proposed Reorganization Counsel for
12                                          Debtors and Debtors in Possession

13
                                            Bruce T. Beesley, #1164
14                                          Laury Macauley, #11413
                                            LEWIS AND ROCA LLP
15                                          50 W. Liberty Street, Ste. 410
                                            Reno, NV   89501
16                                          bbeesley@lrlaw.com; tdarby@lrlaw.com

17                                          Proposed Local Reorganization Counsel
                                            For Debtors and Debtors in Possession
18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

### List of Ordinary Course Professionals

| Professional | Services Provided |
|---|---|
| ACCOUNTING SOLUTIONS 4 U, LLC | Consulting |
| ACCOUNTING SPECIALTIES PROVIDER | Consulting |
| AKERMAN SENTERFITT | Legal Services |
| AMERICAN ARBITRATION ASSOCIATI | Legal Services |
| ANALYTICAL ENVIRONMENTAL SERVICES | Consulting |
| ANDERSON TUELL LLP | Legal Services |
| APPLIED ANALYSIS | Consulting |
| ASSOCIATION OF STRATEGIC MARKE | Consulting |
| ATERWYNNE,LLP | Legal Services |
| BENTLEY PRICE ASSOCIATES | Consulting |
| BIBLE MOUSEL | Legal Services |
| BLACKMAN CONSULTING | Consulting |
| BODMAN LLP | Legal Services |
| BROWNSTEIN HYATT FARBER SCHREC | Legal Services |
| CAPITOL ADVOCACY SERVICES GROUP | Consulting |
| CA CONSULTING | Consulting |
| CLARK WOLF COMPANY | Consulting |
| COMPORT CONSULTING VERMONT,LLC | Consulting |
| COMPTON DANCER CONSULTING INC. | Consulting |
| COMSYS SERVICES LLC | Consulting |
| CRAGIN & PIKE, INC. | Legal Services |
| CRIMINAL HISTORY REPOSITORY | Legal Services |
| CT CORPORATION SYSTEM | Legal Services |
| CUNINGHAM GROUP ARCHITECTURE | Consulting |
| D.F. KING &CO.,INC. | Legal Services |
| DEE POLLEY | Consulting |
| DREIER STEIN KAHAN BROWNE WOOD | Legal Services |
| DRINKER BIDDLE & REATH LLP | Legal Services |
| DUFF & PHELPS LLC | Consulting |
| DZ CONSULTING | Consulting |
| ELIZABETH BLAU & ASSOCIATES,LL | Consulting |
| ELMETS COMMUNICATIONS | Consulting |
| ERNST & YOUNG LLP | Consulting |
| FINE CONSULTING INC dba THE FINE POINT GROUP | Consulting |
| FREDERICKS & PEEBLES LLP | Legal Services |
| FRIEDMUTTER GROUP | Consulting |
| GANG TYRE RAMER & BROWN INC | Consulting |
| GEOCON CONSULTANTS,INC | Consulting |
| GLOBAL INTELLIGENCE NETWORK | Consulting |
| GRANT J. MILLERET | Consulting |

| Professional | Services Provided |
|---|---|
| GREENBERG TRAURIG LLP | Legal Services |
| GREGORY & ASSOCIATES | Legal Services |
| HALLING + SOKOL LLP | Legal Services |
| HUFFMAN-BROADWAY GROUP,INC | Consulting |
| HYDROSCIENCE ENGINEERS, INC | Consulting |
| INTELLIGENT AGENT DISCOVERY MA | Legal Services |
| JAMES A NYE | Consulting |
| JESSIE GIBSON | Consulting |
| JETER COOK JEPSON | Consulting |
| JOBBI LLC | Consulting |
| JOHN F. MARCHIANO | Legal Services |
| JONES VARGAS | Legal Services |
| KAZHE LAW GROUP P.C. | Legal Services |
| KIMLEY-HORN & ASSOCIATES | Consulting |
| KP PUBLIC AFFAIRS | Consulting |
| KROLL SCHIFF & ASSOCIATES,INC | Consulting |
| KUMMER KAEMPFER BONNER RENSHAW & FERRARIO | Legal Services |
| LAB CONSULTING | Consulting |
| LAS VEGAS IIA CHAPTER | Consulting |
| LAS VEGAS SPORTS CONSULANTS, I | Consulting |
| LATHAM & WATKINS, LLP | Legal Services |
| LEHMAN KELLY SADLER & O'KEEFE | Legal Services |
| LEWIS, RICE & FINGERSH | Legal Services |
| LINSCHEID CO. | Consulting |
| MAIER & PFEFFER ATTORNEY | Legal Services |
| MARK MCASEY | Consulting |
| MARSHALL STEVENS, INC | Consulting |
| MATERIALS TESTING CONSULTANTS | Consulting |
| MCINTOSH COMMUNICATIONS | Consulting |
| MIKE IAMAIO | Consulting |
| MILBANK, TWEED, HADLEY & MCCLOY LLP | Legal Services |
| ML STRATEGIES LLC | Consulting |
| MOBIUS RISK GROUP LLC | Consulting |
| MOODY'S | Consulting |
| MSA ENGINEERING CONSULTANTS | Consulting |
| MUNGER TOLLES & OLSON LLP | Legal Services |
| NEW MARKET ADVISORS | Consulting |
| NIELSEN, MERKSAMER, PARRINELLO | Legal Services |
| ORACLE USA,INC | Consulting |
| P&D CONSULTANTS | Consulting |
| PARSONS BEHLE & LATIMER | Legal Services |
| PATRICIA STALEY | Consulting |
| PATTON BOGGS | Legal Services |
| PETERS ENGINEERING GROUP | Consulting |
| PILOTHOUSE CONSULTING, INC. | Consulting |
| PIPER RUDNICK | Legal Services |
| PLATINUM ADVISORS,L.L.C | Consulting |

| Professional | Services Provided |
|---|---|
| PYATT & SILVESTRI & HANLON | Legal Services |
| QUINN EMANUEL URQUHART OLIVER | Legal Services |
| R SYSTEMS INTERNATIONAL LTD | Consulting |
| RACING CONSULTING GROUP | Consulting |
| RBF CONSULTING | Consulting |
| REUTERS RESEARCH,INC | Consulting |
| RHR CONSULTING ENGINEERS | Consulting |
| ROBERT A. KARN & ASSOC. | Consulting |
| ROBERT A. ROSETTE PC | Legal Services |
| RYAN ERWIN ASSOCIATES | Consulting |
| SENTINEL ADVISERS LLC | Consulting |
| SGPA ARCHITECTURE AND PLANNING | Consulting |
| SHAPPARD MULLIN | Legal Services |
| SIERRA STRATEGIES | Consulting |
| SIGNATURE WORLDWIDE | Consulting |
| SITE SYNERGY | Consulting |
| SITRICK & COMPANY | Consulting |
| SKADDEN, ARPS, SLATE, MEAGHER | Legal Services |
| SLOAT HIGGINS JENSEN & ASSOC | Consulting |
| SONNENSCHEIN NATH & ROSENTHAL | Legal Services |
| STANDARD & POOR'S | Consulting |
| STRATEGIC SOLUTIONS | Consulting |
| STUDIO 66 | Consulting |
| TALX | Consulting |
| TERADATA | Consulting |
| TERZO, INC. | Consulting |
| THE LEARNING CENTER INC | Consulting |
| THE LINSCHEID COMPANY,INC | Consulting |
| THE SKANCKE COMPANY | Consulting |
| THEMEWORKS, INC. | Consulting |
| THOMSON FINANCIAL CORPORATE GR | Consulting |
| TOWERS PERRIN | Consulting |
| TOWNSEND & TOWNSEND & CREW LLP | Legal Services |
| VMWORLD 2008 | Consulting |
| VSLIVE! LAS VEGAS | Consulting |
| WALKER FLUKE & SHELDON | Consulting |
| W.A. RICHARDSON BUILDERS, LLC | Consulting |
| WILMERHALE | Legal Services |
| WRIGHT CONSULTING GROUP | Consulting |
| YANKEE SPRINGS GOLF COURSE | Landscape Maintenance |
| YOUNG ELECTRIC SIGN COMPANY | Consulting |

# EXHIBIT B

**Ordinary Course Professional Affidavit**

1   Paul S. Aronzon (CA State Bar No. 88781)                Bruce T. Beesley (NV SBN 1164)
    Thomas R. Kreller (CA State Bar No. 161922)             Laury Macauley (NV SBN 11413)
2   MILBANK, TWEED, HADLEY & McCLOY LLP                     LEWIS and ROCA, LLP
    601 South Figueroa Street, 30th Floor                   50 West Liberty Street, Suite 410
3   Los Angeles, California 90017                           Reno, Nevada 89501
    Telephone:     (213) 892-4000                           Telephone:     (775) 823-2900
4   Facsimile:     (213) 629-5063                           Facsimile:     (775) 823-2929
                                                            bbeesley@lrlaw.com; tdarby@lrlaw.com
5   Proposed Reorganization Counsel for
    Debtors and Debtors in Possession                       Proposed Local Reorganization Counsel for
6                                                           Debtors and Debtors in Possession

7

8                          **UNITED STATES BANKRUPTCY COURT**
                                  **DISTRICT OF NEVADA**
9

10  In re:                                     Chapter 11

11  NORTHERN NV ACQUISITIONS, LLC              Case No. BK-09-_____
                                               Jointly Administered
12      ☐ Affects this Debtor
                                               **AFFIDAVIT AND DISCLOSURE**
13      ☒ Affects all Debtors                  **STATEMENT OF _____, ON**
        ☐ Affects Reno Land Holdings, LLC      **BEHALF OF _____**
14      ☐ Affects River Central, LLC
        ☐ Affects Tropicana Station, LLC
15      ☐ Affects FCP Holding, Inc.
16      ☐ Affects FCP Voteco, LLC
        ☐ Affects Fertitta Partners LLC
17      ☐ Affects Station Casinos, Inc.
18      ☐ Affects FCP MezzCo Parent, LLC
        ☐ Affects FCP MezzCo Parent Sub, LLC
19      ☐ Affects FCP MezzCo Borrower VII, LLC
20      ☐ Affects FCP MezzCo Borrower VI, LLC
        ☐ Affects FCP MezzCo Borrower V, LLC
21      ☐ Affects FCP MezzCo Borrower IV, LLC
22      ☐ Affects FCP MezzCo Borrower III, LLC
        ☐ Affects FCP MezzCo Borrower II, LLC
23      ☐ Affects FCP MezzCo Borrower I, LLC
        ☐ Affects FCP PropCo, LLC
24

25

26

27

28

STATE OF _____          )
                                                    ) ss:
COUNTY OF _____          )


_____, being duly sworn, upon his oath, deposes and says:

1.      I am a partner of _____, located at

_____ (the "Company").

2.      Station Casinos, Inc. and its affiliated debtors and debtors in possession

(collectively, "Station" or the "Debtors"),[2] have requested that the Company provide _____

services to the Debtors, and the Company has consented to provide those services.

3.      The Company may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Company is

retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases.  The Company does not perform services for any such person in connection

with these chapter 11 cases.  In addition, the Company does not have any relationship with any

such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I nor any principal of or professional employed by the Company

has agreed to share or will share any portion of the compensation to be received from the

Debtors with any other person other than the principals and regular employees of the Company.

5.      Neither I nor any principal of or professional employed by the Company,

insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors

or their estates.

6.      The Debtors owe the Company $_____ for prepetition services.

---

[2]      The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC,
River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC,
Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower
VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV,
LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC,
and FCP PropCo, LLC.

1    7.  The Company will continue to make further inquiries regarding its

2 retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time

3 during the period of its employment, if the Company should discover any facts bearing on the

4 matters described herein, the Company will supplement the information contained in this

5 Affidavit.

6    8.  Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury

7 under the laws of the United States of America that the foregoing is true and correct, and that

8 this Verification was executed on _____ __, 200_, at _____, _____.

9

10                _____

                Affiant Name:

11

12 Subscribed and sworn to before me
  this ___ day of _____, 20__.

13

14 _____

15   Notary Public

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT C**

**Retention Questionnaire**

1   Paul S. Aronzon (CA State Bar No. 88781)          Bruce T. Beesley (NV SBN 1164)
    Thomas R. Kreller (CA State Bar No. 161922)       Laury Macauley (NV SBN 11413)
2   MILBANK, TWEED, HADLEY & McCLOY LLP               LEWIS and ROCA, LLP
    601 South Figueroa Street, 30th Floor             50 West Liberty Street, Suite 410
3   Los Angeles, California 90017                     Reno, Nevada 89501
    Telephone:      (213) 892-4000                    Telephone:      (775) 823-2900
4   Facsimile:      (213) 629-5063                    Facsimile:      (775) 823-2929
                                                      bbeesley@lrlaw.com; tdarby@lrlaw.com
5   Proposed Reorganization Counsel for
    Debtors and Debtors in Possession                 Proposed Local Reorganization Counsel for
6                                                     Debtors and Debtors in Possession

7

8                              **UNITED STATES BANKRUPTCY COURT**
                                    **DISTRICT OF NEVADA**
9

10  In re:                                            Chapter 11

11  NORTHERN NV ACQUISITIONS, LLC                     Case No. BK-09-_____
                                                      Jointly Administered
12  ☐ Affects this Debtor
    ☒ Affects all Debtors                             **RETENTION QUESTIONNAIRE**
13  ☐ Affects Reno Land Holdings, LLC
14  ☐ Affects River Central, LLC
    ☐ Affects Tropicana Station, LLC
15  ☐ Affects FCP Holding, Inc.
    ☐ Affects FCP Voteco, LLC
16  ☐ Affects Fertitta Partners LLC
17  ☐ Affects Station Casinos, Inc.
    ☐ Affects FCP MezzCo Parent, LLC
18  ☐ Affects FCP MezzCo Parent Sub, LLC
19  ☐ Affects FCP MezzCo Borrower VII, LLC
    ☐ Affects FCP MezzCo Borrower VI, LLC
20  ☐ Affects FCP MezzCo Borrower V, LLC
21  ☐ Affects FCP MezzCo Borrower IV, LLC
    ☐ Affects FCP MezzCo Borrower III, LLC
22  ☐ Affects FCP MezzCo Borrower II, LLC
23  ☐ Affects FCP MezzCo Borrower I, LLC
    ☐ Affects FCP PropCo, LLC
24

25

26

27

28

<u>RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY STATION CASINOS, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION (the "<u>Debtors</u>")

**<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.</u>**
**<u>RETURN IT FOR FILING WITH THE DEBTORS AT:</u>**

Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Attention: Paul S. Aronzon, Esq./Samir D. Parikh, Esq.

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

1.    Name and address of firm:

_____

_____

_____

2.    Date of retention: _____

3.    Type of services provided (accounting, legal, etc.):

_____

_____

_____

4.    Brief description of services to be provided:

_____

_____

_____

5.    Arrangements for compensation (hourly, contingent, etc.)

_____

_____

(a)    Average hourly rate (if applicable): _____

1
2

    (b)    Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

_____

3

6.    Prepetition claims against any of the Debtors held by the firm:

4

Amount of claim:  $_____

5

Date claim arose:  _____

6

Nature of claim:  _____

7
8

7.    Prepetition claims against any of the Debtors held individually by any member, associate, or professional employee of the firm:

9

Name:  _____

10

Status:  _____

11

Amount of claim:  $_____

12

Date claim arose:  _____

13

Nature of claim:  _____

14

_____

15

_____

16

_____

17

_____

18

8.    Stock of any of the Debtors currently held by the firm:

19

Kind of shares:  _____

20

No. of shares:  _____

21
22

9.    Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm:

23

Name:  _____

24

Status:  _____

25

Kind of shares:  _____

26

No. of shares:  _____

27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10.     Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

11.     Name of individual completing this form.

_____

# <u>EXHIBIT D</u>

**Interim Order**

1

2

3

4

5

6   Paul S. Aronzon (CA State Bar No. 88781)          Bruce T. Beesley (NV SBN 1164)
    Thomas R. Kreller (CA State Bar No. 161922)       Laury Macauley (NV SBN 11413)
7   MILBANK, TWEED, HADLEY & McCLOY LLP               LEWIS AND ROCA LLP
    601 South Figueroa Street, 30th Floor             50 West Liberty Street, Suite 410
8   Los Angeles, California 90017                     Reno, Nevada 89501
    Telephone:      (213) 892-4000                    Telephone:      (775) 823-2900
9   Facsimile:      (213) 629-5063                    Facsimile:      (775) 823-2929
                                                      bbeesley@lrlaw.com; tdarby@lrlaw.com
10  Proposed Reorganization Counsel for
    Debtors and Debtors in Possession                 Proposed Local Reorganization Counsel for
11                                                    Debtors and Debtors in Possession

12                    **UNITED STATES BANKRUPTCY COURT**
                           **DISTRICT OF NEVADA**
13

14  In re:                                            Chapter 11

15  NORTHERN NV ACQUISITIONS, LLC                     Case No. BK-09-_____

16  ☐ Affects this Debtor                             **INTERIM ORDER PURSUANT TO**
                                                      **§§ 105(a), 327, 328, AND 330 OF THE**
17  ☒ Affects all Debtors                             **BANKRUPTCY CODE AUTHORIZING**
    ☐ Affects Reno Land Holdings, LLC                 **THE DEBTORS TO EMPLOY**
18  ☐ Affects River Central, LLC                      **PROFESSIONALS USED IN THE**
                                                      **ORDINARY COURSE OF BUSINESS**
    ☐ Affects Tropicana Station, LLC
19  ☐ Affects FCP Holding, Inc.
20  ☐ Affects FCP Voteco, LLC                         Hearing Date:      July 30, 2009
                                                      Hearing Time:      1:30 p.m.
    ☐ Affects Fertitta Partners LLC
21  ☐ Affects Station Casinos, Inc.
22  ☐ Affects FCP MezzCo Parent, LLC
    ☐ Affects FCP MezzCo Parent Sub, LLC
23  ☐ Affects FCP MezzCo Borrower VII, LLC
24  ☐ Affects FCP MezzCo Borrower VI, LLC
    ☐ Affects FCP MezzCo Borrower V, LLC
25  ☐ Affects FCP MezzCo Borrower IV, LLC
26  ☐ Affects FCP MezzCo Borrower III, LLC
    ☐ Affects FCP MezzCo Borrower II, LLC
27  ☐ Affects FCP MezzCo Borrower I, LLC
28  ☐ Affects FCP PropCo, LLC

LA1:#6408787

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for interim and final orders pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing their employment of professionals used in the ordinary course of business ("Ordinary Course Professionals"), all as more fully described in the Motion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of Station and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is granted on an interim basis pending a final hearing thereon (the "Final Hearing") and entry of a superseding Final Order by this Court; and it is further

**ORDERED** that pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the professionals listed on Exhibit A attached hereto (the "Ordinary Course

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC,  Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Professionals") in the ordinary course of their business, effective as of the date of the commencement of the Debtors' chapter 11 cases; and it is further

**ORDERED** that within 30 days of the latter of (i) Court approval of the Ordinary Course Professional's retention or (ii) the date on which the retained Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall serve upon the Debtors' attorneys (a) an affidavit, substantially in the form attached to the Motion as Exhibit B (the "Ordinary Course Professional Affidavit"), certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates for the matter on which the professional is to be employed, and (b) a completed retention questionnaire, substantially in the form attached to the Motion as Exhibit C (the "Retention Questionnaire").  The Debtors' attorneys shall promptly file the Ordinary Course Professional Affidavit and Retention Questionnaire with the Court and serve them upon the U.S. Trustee.  The U.S. Trustee shall have fifteen (15) days following service to notify the Debtors in writing, of an objection to any retention based on the contents of the Ordinary Course Professional's Affidavit or Retention Questionnaire; and it is further

**ORDERED** that the Debtors shall pay no Ordinary Course Professional any amounts for invoiced fees and expense reimbursements until the Ordinary Course Professional Affidavit and Retention Questionnaire have been filed with the Court; and it is further

**ORDERED** that, subject to the conditions of the previous paragraph, the Debtors are authorized to pay, in the customary manner, 100% of the fees and disbursements sought by each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with the professional's standard billing practices, without a prior application to the Court, up to $150,000 per month per Ordinary Course Professional.  In the event that an Ordinary Course Professional seeks more than $150,000 in a single month, the Debtors reserve the right to request approval of such fees by the Court.  In the event the Court denies this request, the professional will be required to file a fee application for the full amount of its fees in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, the Local Rules, orders of the Court and Fee Guidelines promulgated by the Office of the U.S. Trustee; and it is further

**ORDERED** that the Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this order; and it is further

**ORDERED** that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time as necessary, by filing a notice (the "Supplemental Notice of Ordinary Course Professionals") with the Court of the additional Ordinary Course Professionals that the Debtors intend to employ and to serve it on:  (i) the U.S. Trustee; (ii) the attorneys for any official committee of unsecured creditors appointed in these cases; and (iii) all other parties that have filed a notice of appearance in these chapter 11 cases or that are listed on a master service list pursuant to an order of this Court.  If no objection to the additional Ordinary Course Professional is filed with the Court and served on the Debtors within fifteen (15) days after the service of the Ordinary Course Professional Notice, the retention of the Supplemental Ordinary Course Professional(s) shall be deemed approved by this Court, pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, in accordance with the provisions of this Order, without the need for a hearing or further order; and it is further

**ORDERED** that within fifteen (15) days of the latter of (i) approval of the Ordinary Course Professional's retention, pursuant to a Supplemental Notice of Ordinary Course Professionals, or (ii) the date on which the retained Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall serve upon the Debtors' attorneys an Ordinary Course Professional Affidavit and a Retention Questionnaire; and it is further

**ORDERED** that the Debtors attorneys shall file and serve the Ordinary Course Professional Affidavits and Retention Questionnaires in the same manner as for all other Ordinary Course Professionals, and the U.S. Trustee shall have the same time for objection; and it is further

LA1:#6408787

-4-

1        **ORDERED** that Ordinary Course Professionals retained pursuant to a

2    Supplemental Notice of Ordinary Course Professionals shall be paid in accordance with the

3    procedures set forth for the payment of other Ordinary Course Professionals; and it is further

4        **ORDERED** that the Debtors shall not pay any amounts to an Ordinary Course

5    Professional retained pursuant to a Supplemental Notice of Ordinary Course Professionals until

6    its Ordinary Course Professional Affidavit and Retention Questionnaire have been filed with the

7    Court; and it is further

8        **ORDERED** that this Order shall not apply to any professional retained by the

9    Debtors pursuant to a separate order of the Court; and it is further

10        **ORDERED** that the Final Hearing is set for _____ at _____

11    (prevailing Pacific Standard Time); and it is further

12        **ORDERED** that, notwithstanding any provision in the Federal Rules of

13    Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the

14    implementation, enforcement or realization of the relief granted in this Interim Order, and the

15    Debtors may, in their discretion and without further delay, take any action and perform any act

16    authorized under this Interim Order; and it is further

17        **ORDERED** that, notwithstanding any applicability of, among others, Rule 6003

18    of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be

19    immediately effective and enforceable upon its entry; and it is further

20        **ORDERED** that within ____ days of this Interim Order, the Debtors shall serve

21    this Interim Order upon the Master Service List pursuant to the Court's Order Establishing

22    Notice Procedures; and it is further

23

24

25

26

27

28

1         **ORDERED** that  notice of the Motion as provided therein shall be deemed good

2 and sufficient notice of the Motion.

3

4 SUBMITTED BY:

5

6 Paul S. Aronzon, CA State Bar #88781
Thomas R. Kreller CA State Bar # 161922
MILBANK, TWEED, HADLEY & McCLOY LLP

7 601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

8

9 Proposed Reorganization Counsel for
Debtors and Debtors in Possession

10

11 Bruce T. Beesley, #1164
Laury Macauley, #11413
LEWIS AND ROCA LLP

12 50 W. Liberty Street, Ste. 410
Reno, NV   89501

13 bbeesley@lrlaw.com; tdarby@lrlaw.com

14 Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession

15                                 # # #

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A To Interim Order

### List of Ordinary Course Professionals

| Professional | Services Provided |
|---|---|
| ACCOUNTING SOLUTIONS 4 U, LLC | Consulting |
| ACCOUNTING SPECIALTIES PROVIDER | Consulting |
| AKERMAN SENTERFITT | Legal Services |
| AMERICAN ARBITRATION ASSOCIATI | Legal Services |
| ANALYTICAL ENVIRONMENTAL SERVICES | Consulting |
| ANDERSON TUELL LLP | Legal Services |
| APPLIED ANALYSIS | Consulting |
| ASSOCIATION OF STRATEGIC MARKE | Consulting |
| ATERWYNNE,LLP | Legal Services |
| BENTLEY PRICE ASSOCIATES | Consulting |
| BIBLE MOUSEL | Legal Services |
| BLACKMAN CONSULTING | Consulting |
| BODMAN LLP | Legal Services |
| BROWNSTEIN HYATT FARBER SCHREC | Legal Services |
| CAPITOL ADVOCACY SERVICES GROUP | Consulting |
| CA CONSULTING | Consulting |
| CLARK WOLF COMPANY | Consulting |
| COMPORT CONSULTING VERMONT,LLC | Consulting |
| COMPTON DANCER CONSULTING INC. | Consulting |
| COMSYS SERVICES LLC | Consulting |
| CRAGIN & PIKE, INC. | Legal Services |
| CRIMINAL HISTORY REPOSITORY | Legal Services |
| CT CORPORATION SYSTEM | Legal Services |
| CUNINGHAM GROUP ARCHITECTURE | Consulting |
| D.F. KING &CO.,INC. | Legal Services |
| DEE POLLEY | Consulting |
| DREIER STEIN KAHAN BROWNE WOOD | Legal Services |
| DRINKER BIDDLE & REATH LLP | Legal Services |
| DUFF & PHELPS LLC | Consulting |
| DZ CONSULTING | Consulting |
| ELIZABETH BLAU & ASSOCIATES,LL | Consulting |
| ELMETS COMMUNICATIONS | Consulting |
| ERNST & YOUNG LLP | Consulting |
| FINE CONSULTING INC dba THE FINE POINT GROUP | Consulting |
| FREDERICKS & PEEBLES LLP | Legal Services |
| FRIEDMUTTER GROUP | Consulting |
| GANG TYRE RAMER & BROWN INC | Consulting |
| GEOCON CONSULTANTS,INC | Consulting |
| GLOBAL INTELLIGENCE NETWORK | Consulting |
| GRANT J. MILLERET | Consulting |

| Professional | Services Provided |
|---|---|
| GREENBERG TRAURIG LLP | Legal Services |
| GREGORY & ASSOCIATES | Legal Services |
| HALLING + SOKOL LLP | Legal Services |
| HUFFMAN-BROADWAY GROUP,INC | Consulting |
| HYDROSCIENCE ENGINEERS, INC | Consulting |
| INTELLIGENT AGENT DISCOVERY MA | Legal Services |
| JAMES A NYE | Consulting |
| JESSIE GIBSON | Consulting |
| JETER COOK JEPSON | Consulting |
| JOBBI LLC | Consulting |
| JOHN F. MARCHIANO | Legal Services |
| JONES VARGAS | Legal Services |
| KAZHE LAW GROUP P.C. | Legal Services |
| KIMLEY-HORN & ASSOCIATES | Consulting |
| KP PUBLIC AFFAIRS | Consulting |
| KROLL SCHIFF & ASSOCIATES,INC | Consulting |
| KUMMER KAEMPFER BONNER RENSHAW & FERRARIO | Legal Services |
| LAB CONSULTING | Consulting |
| LAS VEGAS IIA CHAPTER | Consulting |
| LAS VEGAS SPORTS CONSULANTS, I | Consulting |
| LATHAM & WATKINS, LLP | Legal Services |
| LEHMAN KELLY SADLER & O'KEEFE | Legal Services |
| LEWIS, RICE & FINGERSH | Legal Services |
| LINSCHEID CO. | Consulting |
| MAIER & PFEFFER ATTORNEY | Legal Services |
| MARK MCASEY | Consulting |
| MARSHALL STEVENS, INC | Consulting |
| MATERIALS TESTING CONSULTANTS | Consulting |
| MCINTOSH COMMUNICATIONS | Consulting |
| MIKE IAMAIO | Consulting |
| MILBANK, TWEED, HADLEY & MCCLOY LLP | Legal Services |
| ML STRATEGIES LLC | Consulting |
| MOBIUS RISK GROUP LLC | Consulting |
| MOODY'S | Consulting |
| MSA ENGINEERING CONSULTANTS | Consulting |
| MUNGER TOLLES & OLSON LLP | Legal Services |
| NEW MARKET ADVISORS | Consulting |
| NIELSEN, MERKSAMER, PARRINELLO | Legal Services |
| ORACLE USA,INC | Consulting |
| P&D CONSULTANTS | Consulting |
| PARSONS BEHLE & LATIMER | Legal Services |
| PATRICIA STALEY | Consulting |
| PATTON BOGGS | Legal Services |
| PETERS ENGINEERING GROUP | Consulting |
| PILOTHOUSE CONSULTING, INC. | Consulting |
| PIPER RUDNICK | Legal Services |
| PLATINUM ADVISORS,L.L.C | Consulting |

| Professional | Services Provided |
|---|---|
| PYATT & SILVESTRI & HANLON | Legal Services |
| QUINN EMANUEL URQUHART OLIVER | Legal Services |
| R SYSTEMS INTERNATIONAL LTD | Consulting |
| RACING CONSULTING GROUP | Consulting |
| RBF CONSULTING | Consulting |
| REUTERS RESEARCH,INC | Consulting |
| RHR CONSULTING ENGINEERS | Consulting |
| ROBERT A. KARN & ASSOC. | Consulting |
| ROBERT A. ROSETTE PC | Legal Services |
| RYAN ERWIN ASSOCIATES | Consulting |
| SENTINEL ADVISERS LLC | Consulting |
| SGPA ARCHITECTURE AND PLANNING | Consulting |
| SHAPPARD MULLIN | Legal Services |
| SIERRA STRATEGIES | Consulting |
| SIGNATURE WORLDWIDE | Consulting |
| SITE SYNERGY | Consulting |
| SITRICK & COMPANY | Consulting |
| SKADDEN, ARPS, SLATE, MEAGHER | Legal Services |
| SLOAT HIGGINS JENSEN & ASSOC | Consulting |
| SONNENSCHEIN NATH & ROSENTHAL | Legal Services |
| STANDARD & POOR'S | Consulting |
| STRATEGIC SOLUTIONS | Consulting |
| STUDIO 66 | Consulting |
| TALX | Consulting |
| TERADATA | Consulting |
| TERZO, INC. | Consulting |
| THE LEARNING CENTER INC | Consulting |
| THE LINSCHEID COMPANY,INC | Consulting |
| THE SKANCKE COMPANY | Consulting |
| THEMEWORKS, INC. | Consulting |
| THOMSON FINANCIAL CORPORATE GR | Consulting |
| TOWERS PERRIN | Consulting |
| TOWNSEND & TOWNSEND & CREW LLP | Legal Services |
| VMWORLD 2008 | Consulting |
| VSLIVE! LAS VEGAS | Consulting |
| WALKER FLUKE & SHELDON | Consulting |
| W.A. RICHARDSON BUILDERS, LLC | Consulting |
| WILMERHALE | Legal Services |
| WRIGHT CONSULTING GROUP | Consulting |
| YANKEE SPRINGS GOLF COURSE | Landscape Maintenance |
| YOUNG ELECTRIC SIGN COMPANY | Consulting |

# **Exhibit E**

**Final Order**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:      (213) 892-4000
Facsimile:      (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:      (775) 823-2900
Facsimile:      (775) 823-2929
bbeesley@lrlaw.com; tdarby@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NORTHERN NV ACQUISITIONS, LLC<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-_____<br>Jointly Administered<br><br>**FINAL ORDER PURSUANT TO §§ 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**<br><br><br>Hearing Date:<br>Hearing Time: |

LA1:#6408787

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for interim and final orders pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing their employment of professionals used in the ordinary course of business ("Ordinary Course Professionals"), all as more fully described in the Motion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of Station and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is granted in its entirety; and it is further

**ORDERED** that pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the professionals listed on Exhibit A attached hereto (the "Ordinary Course Professionals") in the ordinary course of their business, effective as of the date of the commencement of the Debtors' chapter 11 cases; and it is further

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2]    The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC,  Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

**ORDERED** that within 30 days of the latter of (i) Court approval of the Ordinary Course Professional's retention or (ii) the date on which the retained Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall serve upon the Debtors' attorneys (a) an affidavit, substantially in the form attached to the Motion as Exhibit B (the "Ordinary Course Professional Affidavit"), certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates for the matter on which the professional is to be employed, and (b) a completed retention questionnaire, substantially in the form attached to the Motion as Exhibit C (the "Retention Questionnaire").  The Debtors' attorneys shall promptly file the Ordinary Course Professional Affidavit and Retention Questionnaire with the Court and serve them upon the U.S. Trustee.  The U.S. Trustee shall have fifteen (15) days following service to notify the Debtors in writing, of an objection to any retention based on the contents of the Ordinary Course Professional's Affidavit or Retention Questionnaire; and it is further

**ORDERED** that the Debtors shall pay no Ordinary Course Professional any amounts for invoiced fees and expense reimbursements until the Ordinary Course Professional Affidavit and Retention Questionnaire have been filed with the Court; and it is further

**ORDERED** that, subject to the conditions of the previous paragraph, the Debtors are authorized to pay, in the customary manner, 100% of the fees and disbursements sought by each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with the professional's standard billing practices, without a prior application to the Court, up to $150,000 per month per Ordinary Course Professional.  In the event that an Ordinary Course Professional seeks more than $150,000 in a single month, the Debtors reserve the right to request approval of such fees by the Court.  In the event the Court denies this request, the  professional will be required to file a fee application for the full amount of its fees in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of the Court and Fee Guidelines promulgated by the Office of the U.S. Trustee; and it is further

1     **ORDERED** that the Debtors' right to dispute any invoices shall not be affected or

2     prejudiced in any manner by the relief granted in this order; and it is further

3     **ORDERED** that the Debtors are authorized to supplement the list of Ordinary

4     Course Professionals from time to time as necessary, by filing a notice (the "Supplemental

5     Notice of Ordinary Course Professionals") with the Court of the additional Ordinary Course

6     Professionals that the Debtors intend to employ and to serve it on:  (i) the U.S. Trustee; (ii) the

7     attorneys for any official committee of unsecured creditors appointed in these cases; and (iii) all

8     other parties that have filed a notice of appearance in these chapter 11 cases or that are listed on a

9     master service list pursuant to an order of this Court.  If no objection to the additional Ordinary

10    Course Professional is filed with the Court and served on the Debtors within fifteen (15) days

11    after the service of the Ordinary Course Professional Notice, the retention of the Supplemental

12    Ordinary Course Professional(s) shall be deemed approved by this Court, pursuant to sections

13    105(a), 327, 328 and 330 of the Bankruptcy Code, in accordance with the provisions of this

14    Order, without the need for a hearing or further order; and it is further

15    **ORDERED** that within fifteen (15) days of the latter of (i) approval of the

16    Ordinary Course Professional's retention, pursuant to a Supplemental Notice of Ordinary Course

17    Professionals, or (ii) the date on which the retained Ordinary Course Professional commences

18    services for the Debtors, each Ordinary Course Professional shall serve upon the Debtors'

19    attorneys an Ordinary Course Professional Affidavit and a Retention Questionnaire; and it is

20    further

21    **ORDERED** that the Debtors attorneys shall file and serve the Ordinary Course

22    Professional Affidavits and Retention Questionnaires in the same manner as for all other

23    Ordinary Course Professionals, and the U.S. Trustee shall have the same time for objection; and

24    it is further

25    **ORDERED** that Ordinary Course Professionals retained pursuant to a

26    Supplemental Notice of Ordinary Course Professionals shall be paid in accordance with the

27    procedures set forth for the payment of other Ordinary Course Professionals; and it is further

28

ORDERED that the Debtors shall not pay any amounts to an Ordinary Course Professional retained pursuant to a Supplemental Notice of Ordinary Course Professionals until its Ordinary Course Professional Affidavit and Retention Questionnaire have been filed with the Court; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court; and it is further

ORDERED that all objections to the relief requested in the Motion have been overruled; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

SUBMITTED BY:

Paul S. Aronzon, CA State Bar #88781
Thomas R. Kreller CA State Bar # 161922
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession


Bruce T. Beesley, #1164
Laury Macauley, #11413
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV   89501
bbeesley@lrlaw.com; tdarby@lrlaw.com

Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession

                                    # # #

# <u>Exhibit A To Final Order</u>

### List of Ordinary Course Professionals

| Professional | Services Provided |
|---|---|
| ACCOUNTING SOLUTIONS 4 U, LLC | Consulting |
| ACCOUNTING SPECIALTIES PROVIDER | Consulting |
| AKERMAN SENTERFITT | Legal Services |
| AMERICAN ARBITRATION ASSOCIATI | Legal Services |
| ANALYTICAL ENVIRONMENTAL SERVICES | Consulting |
| ANDERSON TUELL LLP | Legal Services |
| APPLIED ANALYSIS | Consulting |
| ASSOCIATION OF STRATEGIC MARKE | Consulting |
| ATERWYNNE,LLP | Legal Services |
| BENTLEY PRICE ASSOCIATES | Consulting |
| BIBLE MOUSEL | Legal Services |
| BLACKMAN CONSULTING | Consulting |
| BODMAN LLP | Legal Services |
| BROWNSTEIN HYATT FARBER SCHREC | Legal Services |
| CAPITOL ADVOCACY SERVICES GROUP | Consulting |
| CA CONSULTING | Consulting |
| CLARK WOLF COMPANY | Consulting |
| COMPORT CONSULTING VERMONT,LLC | Consulting |
| COMPTON DANCER CONSULTING INC. | Consulting |
| COMSYS SERVICES LLC | Consulting |
| CRAGIN & PIKE, INC. | Legal Services |
| CRIMINAL HISTORY REPOSITORY | Legal Services |
| CT CORPORATION SYSTEM | Legal Services |
| CUNINGHAM GROUP ARCHITECTURE | Consulting |
| D.F. KING &CO.,INC. | Legal Services |
| DEE POLLEY | Consulting |
| DREIER STEIN KAHAN BROWNE WOOD | Legal Services |
| DRINKER BIDDLE & REATH LLP | Legal Services |
| DUFF & PHELPS LLC | Consulting |
| DZ CONSULTING | Consulting |
| ELIZABETH BLAU & ASSOCIATES,LL | Consulting |
| ELMETS COMMUNICATIONS | Consulting |
| ERNST & YOUNG LLP | Consulting |
| FINE CONSULTING INC dba THE FINE POINT GROUP | Consulting |
| FREDERICKS & PEEBLES LLP | Legal Services |
| FRIEDMUTTER GROUP | Consulting |
| GANG TYRE RAMER & BROWN INC | Consulting |
| GEOCON CONSULTANTS,INC | Consulting |
| GLOBAL INTELLIGENCE NETWORK | Consulting |
| GRANT J. MILLERET | Consulting |
| GREENBERG TRAURIG LLP | Legal Services |

| Professional | Services Provided |
| --- | --- |
| GREGORY & ASSOCIATES | Legal Services |
| HALLING + SOKOL LLP | Legal Services |
| HUFFMAN-BROADWAY GROUP,INC | Consulting |
| HYDROSCIENCE ENGINEERS, INC | Consulting |
| INTELLIGENT AGENT DISCOVERY MA | Legal Services |
| JAMES A NYE | Consulting |
| JESSIE GIBSON | Consulting |
| JETER COOK JEPSON | Consulting |
| JOBBI LLC | Consulting |
| JOHN F. MARCHIANO | Legal Services |
| JONES VARGAS | Legal Services |
| KAZHE LAW GROUP P.C. | Legal Services |
| KIMLEY-HORN & ASSOCIATES | Consulting |
| KP PUBLIC AFFAIRS | Consulting |
| KROLL SCHIFF & ASSOCIATES,INC | Consulting |
| KUMMER KAEMPFER BONNER RENSHAW & FERRARIO | Legal Services |
| LAB CONSULTING | Consulting |
| LAS VEGAS IIA CHAPTER | Consulting |
| LAS VEGAS SPORTS CONSULANTS, I | Consulting |
| LATHAM & WATKINS, LLP | Legal Services |
| LEHMAN KELLY SADLER & O'KEEFE | Legal Services |
| LEWIS, RICE & FINGERSH | Legal Services |
| LINSCHEID CO. | Consulting |
| MAIER & PFEFFER ATTORNEY | Legal Services |
| MARK MCASEY | Consulting |
| MARSHALL STEVENS, INC | Consulting |
| MATERIALS TESTING CONSULTANTS | Consulting |
| MCINTOSH COMMUNICATIONS | Consulting |
| MIKE IAMAIO | Consulting |
| MILBANK, TWEED, HADLEY & MCCLOY LLP | Legal Services |
| ML STRATEGIES LLC | Consulting |
| MOBIUS RISK GROUP LLC | Consulting |
| MOODY'S | Consulting |
| MSA ENGINEERING CONSULTANTS | Consulting |
| MUNGER TOLLES & OLSON LLP | Legal Services |
| NEW MARKET ADVISORS | Consulting |
| NIELSEN, MERKSAMER, PARRINELLO | Legal Services |
| ORACLE USA,INC | Consulting |
| P&D CONSULTANTS | Consulting |
| PARSONS BEHLE & LATIMER | Legal Services |
| PATRICIA STALEY | Consulting |
| PATTON BOGGS | Legal Services |
| PETERS ENGINEERING GROUP | Consulting |
| PILOTHOUSE CONSULTING, INC. | Consulting |
| PIPER RUDNICK | Legal Services |
| PLATINUM ADVISORS,L.L.C | Consulting |
| PYATT & SILVESTRI & HANLON | Legal Services |

| Professional | Services Provided |
|---|---|
| QUINN EMANUEL URQUHART OLIVER | Legal Services |
| R SYSTEMS INTERNATIONAL LTD | Consulting |
| RACING CONSULTING GROUP | Consulting |
| RBF CONSULTING | Consulting |
| REUTERS RESEARCH,INC | Consulting |
| RHR CONSULTING ENGINEERS | Consulting |
| ROBERT A. KARN & ASSOC. | Consulting |
| ROBERT A. ROSETTE PC | Legal Services |
| RYAN ERWIN ASSOCIATES | Consulting |
| SENTINEL ADVISERS LLC | Consulting |
| SGPA ARCHITECTURE AND PLANNING | Consulting |
| SHAPPARD MULLIN | Legal Services |
| SIERRA STRATEGIES | Consulting |
| SIGNATURE WORLDWIDE | Consulting |
| SITE SYNERGY | Consulting |
| SITRICK & COMPANY | Consulting |
| SKADDEN, ARPS, SLATE, MEAGHER | Legal Services |
| SLOAT HIGGINS JENSEN & ASSOC | Consulting |
| SONNENSCHEIN NATH & ROSENTHAL | Legal Services |
| STANDARD & POOR'S | Consulting |
| STRATEGIC SOLUTIONS | Consulting |
| STUDIO 66 | Consulting |
| TALX | Consulting |
| TERADATA | Consulting |
| TERZO, INC. | Consulting |
| THE LEARNING CENTER INC | Consulting |
| THE LINSCHEID COMPANY,INC | Consulting |
| THE SKANCKE COMPANY | Consulting |
| THEMEWORKS, INC. | Consulting |
| THOMSON FINANCIAL CORPORATE GR | Consulting |
| TOWERS PERRIN | Consulting |
| TOWNSEND & TOWNSEND & CREW LLP | Legal Services |
| VMWORLD 2008 | Consulting |
| VSLIVE! LAS VEGAS | Consulting |
| WALKER FLUKE & SHELDON | Consulting |
| W.A. RICHARDSON BUILDERS, LLC | Consulting |
| WILMERHALE | Legal Services |
| WRIGHT CONSULTING GROUP | Consulting |
| YANKEE SPRINGS GOLF COURSE | Landscape Maintenance |
| YOUNG ELECTRIC SIGN COMPANY | Consulting |