Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NORTHERN NV ACQUISITIONS, LLC<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-_____;<br>Jointly Administered<br><br>**MOTION PURSUANT TO 11 U.S.C. § 521, FED. R. BANKR. P. 1007 AND LOCAL RULE 1007 FOR INTERIM AND FINAL ORDERS EXTENDING TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**<br><br>Hearing Date:    July 30, 2009<br>Hearing Time:    1:30 p.m.<br>Place:    300 Booth Street<br>    Reno, NV 89509 |

LA1:#6398891

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Station Casinos, Inc. ("SCI") and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[1] in the above-captioned chapter 11 cases, hereby submit this motion (the "Motion") for interim and final orders pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rule 1007 of the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules"), authorizing an extension of time to file the schedules and statements of financial affairs required under Bankruptcy Code section 521(a)(1) (collectively, the "Schedules and SOFA") and, in support thereof, respectfully represent as follows:

**LEGAL MEMORANDUM**

### I. Background

1. The Debtors commenced these chapter 11 cases on July 28, 2009 (the "Petition Date"). SCI and its non-debtor subsidiaries (collectively, the "Station Group") constitute a gaming entertainment enterprise that owns and operates under the "Station" and "Fiesta" brand names ten major hotels/casinos (two of which are 50% owned) and eight smaller casinos (three of which are 50% owned) in the Las Vegas metropolitan area. The Station Group owns ten of the hotels/casinos' underlying real property in fee and leases the underlying real property for Texas Station Gambling Hall & Hotel ("Texas Station"), Wild Wild West Gambling Hall & Hotel ("Wild Wild West"), Barley's Casino & Brewing Company ("Barley's"), and The Greens Gaming and Dining ("The Greens"). Debtor FCP PropCo, LLC ("FCP PropCo") owns the underlying real estate for Palace Station Hotel & Casino ("Palace Station"), Sunset Station Hotel & Casino ("Sunset Station") and Red Rock Casino Resort Spa ("Red Rock"). FCP PropCo

---

[1] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

owns a portion of the underlying real property for Boulder Station Hotel & Casino ("Boulder Station") and also leases a portion of Boulder Station's underlying real property. Station California, LLC ("Station California"), a non-debtor subsidiary of SCI, manages a casino for a Native American tribe. As of July 17, 2009, the Station Group had approximately 13,174 employees, and the Debtors had approximately 663 employees. The Station Group's growth strategy includes the master-planned expansions of its existing gaming facilities in Nevada, the development of gaming facilities on certain real estate that the Station Group now owns or is under contract to acquire in the Las Vegas valley and Reno, Nevada, the evaluation and pursuit of additional acquisition or development opportunities in Nevada and other gaming markets, and the pursuit of additional management agreements with Native American tribes.

2.      The Station Group owns and operates: (i) Palace Station, (ii) Boulder Station, (iii) Texas Station, (iv) Sunset Station, (v) Santa Fe Station Hotel & Casino, (vi) Red Rock, (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3.      The Station Group also holds a 50% interest in the non-debtor entities that own and operate: (i) Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), (ii) Aliante Station Casino & Hotel ("Aliante Station"), (iii) Barley's, (iv) The Greens, and (v) Wildfire Casino & Lanes, formerly known as Renata's Casino.

4.      Each of the Station Group's casinos caters primarily to local Las Vegas area residents. The Station Group markets the eight "Station" casinos (including Green Valley Ranch, Red Rock and Aliante Station) together under the Station Casinos brand and the two "Fiesta" casinos under the Fiesta brand, offering convenience and choices to residents throughout the Las Vegas valley with its strategically located properties. In addition, Station California manages Thunder Valley Casino in Northern California on behalf of the United Auburn Indian Community.

1  5.  As of the Petition Date, the Debtors owned assets valued in the aggregate in excess of approximately $5.7 billion and had debt and other liabilities of approximately $6.5 billion.

6.  SCI is a privately held company whose shares are held by Debtors Fertitta Partners LLC, FCP Holding, Inc. and FCP VoteCo, LLC.  FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC (collectively, the "CMBS Debtors"), as well as Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC and Tropicana Station, LLC, are all either direct or indirect wholly owned subsidiaries of SCI.  Certain of the CMBS Debtors issued a mortgage loan and related mezzanine financings in the aggregate principal amount of $2.475 billion (the "CMBS Loans").  The CMBS Loans are collateralized by substantially all fee and leasehold real property comprising Palace Station Hotel & Casino, Boulder Station Hotel & Casino, Sunset Station Hotel & Casino, and Red Rock.

7.  Filed concurrently herewith, and incorporated herein by reference, is the Omnibus Declaration of Thomas M. Friel in Support of the Debtors' Chapter 11 Petitions and First Day Motions, which contains more detail on the Debtors' assets, liabilities, equity ownership, business operations and business plans.

## II.  Jurisdiction and Venue

8.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III.  Relief Requested

9.  Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file, within fifteen (15) days of the Petition Date, the Schedules and SOFA.  Bankruptcy Rule 1007(c) and Local Rule 1007(d) provide that an extension may be granted for cause on motion with notice to the appropriate parties.

LA1:#6398891                            -4-

10.     By this motion, and for the reasons detailed below, the Debtors request an extension of the 15-day period to file the Schedules and SOFA to a 60-day period pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007(d), without prejudice to the Debtors' ability to request additional time should it become necessary.

### IV.     Schedules and Statements

11.     On the Petition Date, in partial satisfaction of the requirements of Bankruptcy Rule 1007, the Debtors filed with this Court (i) a consolidated list of creditors holding the forty (40) largest unsecured claims against the Debtors' estates and (ii) a list of the Debtors' equity holders.  Due to the large number of pressing matters present in the early stages of these cases, the Debtors anticipate that they will be unable to complete the Schedules and SOFA in the 15-day time period established under Bankruptcy Rule 1007(c).

12.     To prepare their Schedules and SOFA, the Debtors must compile a staggering amount of financial information from books, records, and documents relating to their assets, contracts and claims of creditors.  This information is voluminous and assembling the necessary information requires a significant expenditure of time and effort on the part of the Debtors and their employees.  While the Debtors, with the help of professional advisors, are working diligently and expeditiously on the preparation of the Schedules and SOFA, resources are limited.

13.     In view of the amount of work entailed in completing the Schedules and SOFA and the competing demands upon the Debtors' employees and professionals during the initial postpetition period, the Debtors will not be able to properly and accurately complete the Schedules within the 15-day time period established under Bankruptcy Rule 1007(c).  Creditors and other parties in interest will not be harmed by the proposed extension of the filing deadline, because, even under the extended deadline, the Schedules and SOFA would be filed in advance of any planned bar date or other significant event in these cases.

14.     Accordingly, the Debtors submit that, based upon the amount of information that must be assembled and compiled, the limited resources available and the other more pressing items that must be addressed at the inception of these cases, good and sufficient

1  cause exists for granting the requested extension of time.  At present, the Debtors anticipate that
2  it will require at least sixty (60) days to complete the Schedules.  The Debtors therefore request
3  that the Court extend the filing period to and including September 22, 2009, without prejudice to
4  the Debtors' ability to request additional time should it become necessary.

5   15.   Based on the foregoing, the Debtors submit that the relief requested herein
6  is necessary and appropriate, is in the best interests of their estates and all other interested
7  parties, and should be granted in all respects.

**V.   Conclusion**

**WHEREFORE**, the Debtors respectfully request that the Court grant this Motion and enter an order (i) extending by approximately sixty (60) days the time within which the Debtors must file their Schedules, until September 25, 2009; and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated:  July 28, 2009                Respectfully submitted,

By:      /s/
Paul S. Aronzon, CA State Bar #88781
Thomas R. Kreller, CA State Bar #161922
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley, #1164
Laury Macauley, #11413
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV   89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession

# **Exhibit A**

LA1:#6398891

| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781)<br>Thomas R. Kreller (CA State Bar No. 161922)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>601 South Figueroa Street, 30th Floor<br>Los Angeles, California 90017<br>Telephone:     (213) 892-4000<br>Facsimile:      (213) 629-5063<br><br>Proposed Reorganization Counsel for<br>Debtors and Debtors in Possession | Bruce T. Beesley (NV SBN 1164)<br>Laury Macauley (NV SBN 11413)<br>LEWIS AND ROCA LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Telephone:     (775) 823-2900<br>Facsimile:      (775) 823-2929<br>bbeesley@lrlaw.com; lmacauley@lrlaw.com<br><br>Proposed Local Reorganization Counsel for<br>Debtors and Debtors in Possession |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NORTHERN NV ACQUISITIONS, LLC<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-_____<br><br>**INTERIM ORDER PURSUANT TO<br>11 U.S.C. § 521, FED. R. BANKR. P. 1007<br>AND LOCAL RULE 1007 EXTENDING<br>TIME TO FILE SCHEDULES AND<br>STATEMENT OF FINANCIAL AFFAIRS**<br><br>Hearing Date:     July 30, 2009<br>Hearing Time:     1:30 p.m. |

LA1:#6398891

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for interim and final orders pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rule 1007 of the Local Rules for the United States Bankruptcy Court of the District of Nevada (as amended, the "Local Rules") authorizing an extension of time to file the schedules and statements of financial affairs required under Bankruptcy Code section 521(a)(1) (collectively, the "Schedules and SOFA"), all as more fully set forth in the Motion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is granted on an interim basis pending a final hearing thereon (the "Final Hearing") and entry of a superseding Final Order by this Court; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

**ORDERED** that, pursuant to Bankruptcy Rule 1007 and Local Rule 1007(d), the 15-day period by which the Debtors shall file their Schedules and SOFA is extended to a 60-day period, through September 25, 2009, without prejudice to the Debtors' ability to request additional time should it become necessary; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

**ORDERED** that the Final Hearing is set for _____ at _____ (prevailing Pacific Standard Time); and it is further

**ORDERED** that, notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Interim Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Interim Order; and it is further

**ORDERED** that within ____ days of this Interim Order, the Debtors shall serve this Interim Order upon the Master Service List pursuant to the Court's Order Establishing Notice Procedures; and it is further

1       **ORDERED** that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# # #

# **<u>Exhibit B</u>**

LA1:#6398891

| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781)<br>Thomas R. Kreller (CA State Bar No. 161922)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>601 South Figueroa Street, 30th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 892-4000<br>Facsimile: (213) 629-5063<br><br>Proposed Reorganization Counsel for<br>Debtors and Debtors in Possession | Bruce T. Beesley (NV SBN 1164)<br>Laury Macauley (NV SBN 11413)<br>LEWIS AND ROCA LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Telephone: (775) 823-2900<br>Facsimile: (775) 823-2929<br>bbeesley@lrlaw.com; lmacauley@lrlaw.com<br><br>Proposed Local Reorganization Counsel for<br>Debtors and Debtors in Possession |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

NORTHERN NV ACQUISITIONS, LLC

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects Station Casinos, Inc.
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-_____

**FINAL ORDER PURSUANT TO 11 U.S.C. § 521, FED. R. BANKR. P. 1007 AND LOCAL RULE 1007 EXTENDING TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

Hearing Date:
Hearing Time:

LA1:#6398891

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for interim and final orders pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rule 1007 of the Local Rules for the United States Bankruptcy Court of the District of Nevada (as amended, the "Local Rules") authorizing an extension of time to file the schedules and statements of financial affairs required under Bankruptcy Code section 521(a)(1) (collectively, the "Schedules and SOFA"), all as more fully set forth in the Motion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is granted in its entirety; and it is further

**ORDERED** that, pursuant to Bankruptcy Rule 1007 and Local Rule 1007(d), the 15-day period by which the Debtors shall file their Schedules and SOFA is extended to a 60-day

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

1  period, through September 25, 2009, without prejudice to the Debtors' ability to request

2  additional time should it become necessary; and it is further

3  **ORDERED** that notice of the Motion as provided therein shall be deemed good

4  and sufficient notice of the Motion; and it is further

5  **ORDERED** that the terms and conditions of this order shall be immediately

6  effective and enforceable upon its entry.

8  SUBMITTED BY:

9  Paul S. Aronzon (CA State Bar No. 88781)
10 Thomas R. Kreller (CA State Bar No. 161922)
   MILBANK, TWEED, HADLEY & McCLOY LLP
11 601 South Figueroa Street, 30th Floor
   Los Angeles, California 90017

13 Proposed Reorganization Counsel for
   Debtors and Debtors in Possession

15 Bruce T. Beesley (NV SBN 1164)
   Laury Macauley (NV SBN 11413)
   LEWIS AND ROCA LLP
16 50 West Liberty Street, Suite 410
   Reno, Nevada 89501
17 bbeesley@lrlaw.com; lmacauley@lrlaw.com

18 Proposed Local Reorganization Counsel for
   Debtors and Debtors in Possession

20                           # # #

LA1:#6398891                    -3-