| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781) | Bruce T. Beesley (NV SBN 1164) |
| Thomas R. Kreller (CA State Bar No. 161922) | Laury Macauley (NV SBN 11413) |
| MILBANK, TWEED, HADLEY & McCLOY LLP | LEWIS AND ROCA LLP |
| 601 South Figueroa Street, 30th Floor | 50 West Liberty Street, Suite 410 |
| Los Angeles, California 90017 | Reno, Nevada 89501 |
| Telephone:    (213) 892-4000 | Telephone:    (775) 823-2900 |
| Facsimile:     (213) 629-5063 | Facsimile:     (775) 823-2929 |
| | bbeesley@lrlaw.com; lmacauley@lrlaw.com |
| Proposed Reorganization Counsel for Debtors and Debtors in Possession | Proposed Local Reorganization Counsel for Debtors and Debtors in Possession |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHERN NV ACQUISITIONS, LLC | Case No. BK-09-_____; Jointly Administered |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | **MOTION PURSUANT TO 11 U.S.C. § 105 FOR AUTHORITY TO FILE CONSOLIDATED LIST OF THE DEBTORS' FORTY LARGEST UNSECURED CREDITORS**<br><br>Hearing Date:    July 30, 2009<br>Hearing Time:    1:30 p.m.<br>Place:              300 Booth Street<br>                         Reno, NV 89509 |

LA1:#6398887

1  TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

2          Station Casinos, Inc. ("SCI") and its affiliated debtors and debtors in possession
3  (collectively, the "Debtors" or "Station")[1] in the above-captioned chapter 11 cases, hereby
4  submit this motion (the "Motion") for interim and final orders, pursuant to sections 105 of title
5  11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"),
6  authorizing the Debtors to file a consolidated list of the Debtors' forty (40) largest unsecured
7  creditors, and in support thereof respectfully represent as follows:

## LEGAL MEMORANDUM

### I.  Background

11      1.    The Debtors commenced these chapter 11 cases on July 28, 2009 (the
12  "Petition Date"). SCI and its non-debtor subsidiaries (collectively, the "Station Group")
13  constitute a gaming entertainment enterprise that owns and operates under the "Station" and
14  "Fiesta" brand names ten major hotels/casinos (two of which are 50% owned) and eight smaller
15  casinos (three of which are 50% owned) in the Las Vegas metropolitan area. The Station Group
16  owns ten of the hotels/casinos' underlying real property in fee and leases the underlying real
17  property for Texas Station Gambling Hall & Hotel ("Texas Station"), Wild Wild West Gambling
18  Hall & Hotel ("Wild Wild West"), Barley's Casino & Brewing Company ("Barley's"), and The
19  Greens Gaming and Dining ("The Greens"). Debtor FCP PropCo, LLC ("FCP PropCo") owns
20  the underlying real estate for Palace Station Hotel & Casino ("Palace Station"), Sunset Station
21  Hotel & Casino ("Sunset Station") and Red Rock Casino Resort Spa ("Red Rock"). FCP PropCo
22  owns a portion of the underlying real property for Boulder Station Hotel & Casino ("Boulder
23  Station") and also leases a portion of Boulder Station's underlying real property. Station
24  California, LLC ("Station California"), a non-debtor subsidiary of SCI, manages a casino for a

---

[1] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Native American tribe. As of July 17, 2009, the Station Group had approximately 13,174 employees, and the Debtors had approximately 663 employees. The Station Group's growth strategy includes the master-planned expansions of its existing gaming facilities in Nevada, the development of gaming facilities on certain real estate that the Station Group now owns or is under contract to acquire in the Las Vegas valley and Reno, Nevada, the evaluation and pursuit of additional acquisition or development opportunities in Nevada and other gaming markets, and the pursuit of additional management agreements with Native American tribes.

2. The Station Group owns and operates: (i) Palace Station, (ii) Boulder Station, (iii) Texas Station, (iv) Sunset Station, (v) Santa Fe Station Hotel & Casino, (vi) Red Rock, (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3. The Station Group also holds a 50% interest in the non-debtor entities that own and operate: (i) Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), (ii) Aliante Station Casino & Hotel ("Aliante Station"), (iii) Barley's, (iv) The Greens, and (v) Wildfire Casino & Lanes, formerly known as Renata's Casino.

4. Each of the Station Group's casinos caters primarily to local Las Vegas area residents. The Station Group markets the eight "Station" casinos (including Green Valley Ranch, Red Rock and Aliante Station) together under the Station Casinos brand and the two "Fiesta" casinos under the Fiesta brand, offering convenience and choices to residents throughout the Las Vegas valley with its strategically located properties. In addition, Station California manages Thunder Valley Casino in Northern California on behalf of the United Auburn Indian Community.

5. As of June 30, 2009 and based on a general ledger book value, the Debtors owned assets valued in the aggregate in excess of approximately $5.7 billion and had debt and other liabilities of approximately $6.5 billion.

6. SCI is a privately held company whose shares are held by Debtors Fertitta Partners LLC, FCP Holding, Inc. and FCP VoteCo, LLC. FCP MezzCo Parent, LLC, FCP

MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC (collectively, the "<u>CMBS Debtors</u>"), as well as Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC and Tropicana Station, LLC, are all either direct or indirect wholly owned subsidiaries of SCI. Certain of the CMBS Debtors issued a mortgage loan and related mezzanine financings in the aggregate principal amount of $2.475 billion (the "<u>CMBS Loans</u>"). The CMBS Loans are collateralized by substantially all fee and leasehold real property comprising Palace Station Hotel & Casino, Boulder Station Hotel & Casino, Sunset Station Hotel & Casino, and Red Rock.

7. Filed concurrently herewith, and incorporated herein by reference, is the Omnibus Declaration of Thomas M. Friel in Support of the Debtors' Chapter 11 Petitions and First Day Motions, which contains more detail on the Debtors' assets, liabilities, equity ownership, business operations and business plans.

## II. Jurisdiction and Venue

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. Relief Requested

9. By the Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Code section 105, authorizing them to file a consolidated list of the forty (40) largest general unsecured creditors in the above captioned cases.

## IV. Basis for Relief

10. Pursuant to rule 1007(d) of the Federal Rules of Bankruptcy Procedure, a chapter 11 debtor must file with its voluntary petition "a list containing the name, address and claim of the creditors that hold the twenty largest unsecured claims, excluding insiders . . . ." Fed. R. Bankr. P. 1007(d). Section 105(a) of the Bankruptcy Code provides the Court with the power to authorize the Debtors to file a list of their forty (40) largest creditors on a consolidated

LA1:#6398887                              -4-

basis. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

11. The Debtors have a large number of unsecured creditors and many creditors are shared amongst certain of the Debtors. Requiring each of the Debtors to file a separate top twenty (20) list in each of their respective cases would generate numerous and duplicative names, addresses and claim amounts. The Debtors do not believe that such a filing would facilitate the review of creditor claims by the Office of the United States Trustee for the District of Nevada or any other party in interest. In addition, the exercise of compiling separate top twenty (20) creditor lists for each individual Debtor would consume an excessive amount of the Debtors' scarce time and resources during this critical period. Accordingly, the Debtors believe that relief to file a single consolidated list of the forty (40) largest unsecured creditors in these cases is appropriate.

12. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and all other interested parties, and should be granted in all respects.

**V.     Conclusion**

**WHEREFORE**, the Debtors respectfully request entry of interim and final orders substantially in the form attached hereto granting (i) the relief requested herein and (ii) such other and further relief as the Court may deem just and proper.

Dated: July 28, 2009                    Respectfully submitted,


By:     /s     
Paul S. Aronzon, CA State Bar #88781
Thomas R. Kreller, CA State Bar #161922
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession


Bruce T. Beesley, #1164
Laury Macauley, #11413
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV   89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession

# **<u>Exhibit A</u>**

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NORTHERN NV ACQUISITIONS, LLC<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-_____<br>Jointly Administered<br><br>**INTERIM ORDER PURSUANT TO 11 U.S.C. § 105 AUTHORIZING DEBTORS TO FILE CONSOLIDATED LIST OF THE DEBTORS' FORTY LARGEST UNSECURED CREDITORS**<br><br>Hearing Date:    July 30, 2009<br>Hearing Time:    1:30 p.m. |

LA1:#6398887

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for interim and final orders, pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), authorizing the Debtors to file a consolidated list of the Debtors' forty largest unsecured creditors, all as more fully set forth in the Motion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is granted on an interim basis pending a final hearing thereon (the "Final Hearing") and entry of a superseding Final Order by this Court; and it is further

**ORDERED** that notwithstanding rule 1007(d) of the Federal Rules of Bankruptcy Procedure, the Debtors are authorized to file a consolidated list of their forty (40) largest unsecured creditors in the above-captioned cases in lieu of each Debtor filing a list of its twenty (20) largest unsecured creditors; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

LA1:#6398887                                        2

1     **ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

    **ORDERED** that the Final Hearing is set for _____ at _____ (prevailing Pacific Standard Time); and it is further

    **ORDERED** that, notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Interim Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Interim Order; and it is further

    **ORDERED** that within ____ days of this Interim Order, the Debtors shall serve this Interim Order upon the Master Service List pursuant to the Court's Order Establishing Notice Procedures; and it is further

    **ORDERED** that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# # #

LA1:#6398887      3

# **Exhibit B**

LA1:#6398887

| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781)<br>Thomas R. Kreller (CA State Bar No. 161922)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>601 South Figueroa Street, 30th Floor<br>Los Angeles, California 90017<br>Telephone:     (213) 892-4000<br>Facsimile:      (213) 629-5063<br><br>Proposed Reorganization Counsel for<br>Debtors and Debtors in Possession | Bruce T. Beesley (NV SBN 1164)<br>Laury Macauley (NV SBN 11413)<br>LEWIS AND ROCA LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Telephone:     (775) 823-2900<br>Facsimile:      (775) 823-2929<br>bbeesley@lrlaw.com; lmacauley@lrlaw.com<br><br>Proposed Local Reorganization Counsel for<br>Debtors and Debtors in Possession |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NORTHERN NV ACQUISITIONS, LLC<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-_____<br>Jointly Administered<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. § 105 AUTHORIZING DEBTORS TO FILE CONSOLIDATED LIST OF THE DEBTORS' FORTY LARGEST UNSECURED CREDITORS**<br><br>Hearing Date:<br>Hearing Time: |

LA1:#6398887

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for interim and final orders, pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), authorizing the Debtors to file a consolidated list of the Debtors' forty largest unsecured creditors, all as more fully set forth in the Motion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is granted in its entirety; and it is further

**ORDERED** that notwithstanding rule 1007(d) of the Federal Rules of Bankruptcy Procedure, the Debtors are authorized to file a consolidated list of their forty (40) largest unsecured creditors in the above-captioned cases in lieu of each Debtor filing a list of its twenty (20) largest unsecured creditors; and it is further

**ORDERED** that all objections to the relief requested in the Motion have been overruled; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

1     **ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

    **ORDERED** that the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# # #