Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:     (213) 892-4000
Facsimile:     (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:     (775) 823-2900
Facsimile:     (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NORTHERN NV ACQUISITIONS, LLC<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-_____;<br>Jointly Administered<br><br>**MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. § 105(a), FED. R. BANKR. P. 2002 AND 9007 AND LOCAL RULE 2002 ESTABLISHING NOTICE PROCEDURES**<br><br>Hearing Date:  July 30, 2009<br>Hearing Time: 1:30 p.m.<br>Place:              300 Booth Street<br>                         Reno, NV 89509 |

LA1:#6398898

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Station Casinos, Inc. ("SCI") and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[1] in the above-captioned chapter 11 cases, hereby submit this motion (the "Motion") for interim and final orders pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2002 of the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules") establishing appropriate notice procedures, and in support thereof respectfully represent as follows:

**LEGAL MEMORANDUM**

**I.      Background**

1. The Debtors commenced these chapter 11 cases on July 28, 2009 (the "Petition Date"). SCI and its non-debtor subsidiaries (collectively, the "Station Group") constitute a gaming entertainment enterprise that owns and operates under the "Station" and "Fiesta" brand names ten major hotels/casinos (two of which are 50% owned) and eight smaller casinos (three of which are 50% owned) in the Las Vegas metropolitan area. The Station Group owns ten of the hotels/casinos' underlying real property in fee and leases the underlying real property for Texas Station Gambling Hall & Hotel ("Texas Station"), Wild Wild West Gambling Hall & Hotel ("Wild Wild West"), Barley's Casino & Brewing Company ("Barley's"), and The Greens Gaming and Dining ("The Greens"). Debtor FCP PropCo, LLC ("FCP PropCo") owns the underlying real estate for Palace Station Hotel & Casino ("Palace Station"), Sunset Station Hotel & Casino ("Sunset Station") and Red Rock Casino Resort Spa ("Red Rock"). FCP PropCo owns a portion of the underlying real property for Boulder Station Hotel & Casino ("Boulder

---

[1] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Station") and also leases a portion of Boulder Station's underlying real property. Station California, LLC ("Station California"), a non-debtor subsidiary of SCI, manages a casino for a Native American tribe. As of July 17, 2009, the Station Group had approximately 13,174 employees, and the Debtors had approximately 663 employees. The Station Group's growth strategy includes the master-planned expansions of its existing gaming facilities in Nevada, the development of gaming facilities on certain real estate that the Station Group now owns or is under contract to acquire in the Las Vegas valley and Reno, Nevada, the evaluation and pursuit of additional acquisition or development opportunities in Nevada and other gaming markets, and the pursuit of additional management agreements with Native American tribes.

2.      The Station Group owns and operates: (i) Palace Station, (ii) Boulder Station, (iii) Texas Station, (iv) Sunset Station, (v) Santa Fe Station Hotel & Casino, (vi) Red Rock, (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3.      The Station Group also holds a 50% interest in the non-debtor entities that own and operate: (i) Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), (ii) Aliante Station Casino & Hotel ("Aliante Station"), (iii) Barley's, (iv) The Greens, and (v) Wildfire Casino & Lanes, formerly known as Renata's Casino.

4.      Each of the Station Group's casinos caters primarily to local Las Vegas area residents. The Station Group markets the eight "Station" casinos (including Green Valley Ranch, Red Rock and Aliante Station) together under the Station Casinos brand and the two "Fiesta" casinos under the Fiesta brand, offering convenience and choices to residents throughout the Las Vegas valley with its strategically located properties. In addition, Station California manages Thunder Valley Casino in Northern California on behalf of the United Auburn Indian Community.

5.      As of June 30, 2009 and based on a general ledger book value, the Debtors owned assets valued in the aggregate in excess of approximately $5.7 billion and had debt and other liabilities of approximately $6.5 billion.

6. SCI is a privately held company whose shares are held by Debtors Fertitta Partners LLC, FCP Holding, Inc. and FCP VoteCo, LLC. FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC (collectively, the "CMBS Debtors"), as well as Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC and Tropicana Station, LLC, are all either direct or indirect wholly owned subsidiaries of SCI. Certain of the CMBS Debtors issued a mortgage loan and related mezzanine financings in the aggregate principal amount of $2.475 billion (the "CMBS Loans"). The CMBS Loans are collateralized by substantially all fee and leasehold real property comprising Palace Station Hotel & Casino, Boulder Station Hotel & Casino, Sunset Station Hotel & Casino, and Red Rock.

7. Filed concurrently herewith, and incorporated herein by reference, is the Omnibus Declaration of Thomas M. Friel in Support of the Debtors' Chapter 11 Petitions and First Day Motions, which contains more detail on the Debtors' assets, liabilities, equity ownership, business operations and business plans.

**II.    Jurisdiction and Venue**

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**III.    Relief Requested**

9. Pursuant to Bankruptcy Rule 2002, unless otherwise ordered by the Court, a debtor must provide notice of motions and applications to certain parties in interest. The Debtors intend to provide notice as required by Bankruptcy Rule 2002, but, out of an abundance of caution, file this Motion to establish clear guidelines as to the parties that will receive notice of matters in this case.

10. Accordingly, by this Motion, the Debtors request that this Court enter an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007

establishing notice procedures as described below that will ensure that notice of pleadings and motions is given to all appropriate parties.

### IV. Proposed Notice Procedures

11. The Debtors propose to establish a master service list (the "Master Service List"), upon which all pleadings will be served, which will include (i) the Debtors, (ii) counsel to any official committee appointed by the Court, (iii) the Office of the United States Trustee for the District of Nevada, (iv) counsel for the Debtors' prepetition secured lenders, (v) counsel to the administrative agent to the Debtors' prepetition secured lenders, (vi) counsel to the indenture trustee for the Senior Subordinated Notes, (vii) counsel to the administrative agent to the Debtors' postpetition secured lenders, (viii) all other persons that have formally appeared and requested notice or copies of pleadings filed in this case under Bankruptcy Rule 2002, (ix) the Securities and Exchange Commission, the Internal Revenue Service, and other government agencies to the extent required by the Bankruptcy Rules and the Local Bankruptcy Rules of this Court (the "Local Rules"), (x) the Debtors' forty (40) largest unsecured creditors, (xi) counsel for the independent directors and (xii) any other party required to be served by Bankruptcy Rule 2002. Accordingly, the Debtors propose that (except as provided below) notice of any relief sought or other pleadings in the chapter 11 case will be served on (a) the parties then listed in the Master Service List, including any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court, and (b) any party whose interests are directly affected by a specific pleading.

12. The Debtors propose that notice be provided as described above for all matters, with the express exception of (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), (iii) the time fixed for filing objections to and the hearing on consideration of approval of a disclosure statement and confirmation of a plan of reorganization, (iv) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization, and (v) notices of confirmation and effectiveness of a plan of reorganization. Notice of the foregoing matters will be provided as instructed by the Court. In addition, in order to provide notice as

1  broadly as possible, notice of the foregoing matters will also be served on every entity listed on
2  the Debtors' Schedule F (including any entity that does not currently have a claim against
3  Station) as well as any other entity that, although not technically entitled to notice under
4  Bankruptcy Rule 2002, the Debtors nonetheless believe is interested in this chapter 11 case.

5         13.       The Debtors will update the Master Service List from time to time, but no
6  less frequently than on a monthly basis, to include the names and addresses of any party in
7  interest who has filed a notice of appearance and request for notices given the last Master Service
8  List.

9         14.       Upon the completion of noticing any particular matter, the Debtors will
10  also submit to the Court either an affidavit of service or certification of service annexing the list
11  of parties who received notice of such matter.

### V. Basis for Relief

13         15.       Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any
14  order, process, or judgment that is necessary or appropriate to carry out the provisions of [the
15  Bankruptcy Code]." 11 U.S.C. § 105(a). The purpose of section 105(a) is to ensure a
16  bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the
17  exercise of [its] jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (15th rev. ed. 2006).

18         16.       In addition, Bankruptcy Rule 2002(m) provides that "[t]he court may from
19  time to time enter orders designating the matters in respect to which, the entity to whom, and the
20  form and manner in which notices shall be sent except as otherwise provided by these rules," and
21  Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court
22  shall designate, if not otherwise specified herein, the time within which, the entities to whom,
23  and the form and manner in which the notice shall be given. When feasible, the court may order
24  any notices under these rules to be combined."

25         17.       The relief requested herein has been granted by other courts in this District
26  in chapter 11 cases. See, e.g., In re Lake at Las Vegas, Case No. 08-17814 (Bankr. D. Nev.
27  August 4, 2008); In re USA Commercial Mortgage Co., Case No. 06-10725 (Bankr. D. Nev.
28  November 16, 2006).

LA1:#6398898       -6-

18. The Debtors believe that the administration of the chapter 11 cases would be more efficient and cost effective if the relief requested is granted. Therefore, the Debtors submit that the relief requested herein is in the best interest of the Debtors' estates and creditors and will not prejudice the rights of any party in interest in this chapter 11 case.

### VI.    Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final orders substantially in the form attached hereto (i) establishing appropriate notice procedures and (ii) granting the Debtors such other relief as is just and proper.

Dated: July 28, 2009                Respectfully submitted,


By:    _____/s_____
Paul S. Aronzon, CA State Bar #88781
Thomas R. Kreller, CA State Bar #161922
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession


Bruce T. Beesley, #1164
Laury Macauley, #11413
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV   89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession

# **Exhibit A**

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHERN NV ACQUISITIONS, LLC | Case No. BK-09-_____ |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | **INTERIM ORDER PURSUANT TO 11 U.S.C. § 105(A), FED. R. BANKR. P. 2002 AND 9007 AND LOCAL RULE 2002 ESTABLISHING NOTICE PROCEDURES**<br><br>Hearing Date:    July 30, 2009<br>Hearing Time:    1:30 p.m. |

LA1:#6398898

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for interim and final orders pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2002 of the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules"), establishing appropriate notice procedures; and upon consideration of the supporting declaration of Thomas Friel sworn to July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of Station and its estate and creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted on an interim basis pending a final hearing thereon (the "Final Hearing") and entry of a superseding Final Order by this Court; and it is further

**ORDERED** that Station shall establish a master service list (the "Master Service List"), which shall include (i) the Debtors, (ii) counsel to any official committee appointed by the Court, (iii) the Office of the United States Trustee for the District of Nevada, (iv) counsel for the Debtors' prepetition secured lenders, (v) counsel to the administrative agent to the Debtors'

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

1  prepetition secured lenders, (vi) counsel to the indenture trustee for the Senior Subordinated
2  Notes, (vii) counsel to the administrative agent to the Debtors' postpetition secured lenders,
3  (viii) all other persons that have formally appeared and requested notice or copies of pleadings
4  filed in this case under Bankruptcy Rule 2002, (ix) the Securities and Exchange Commission, the
5  Internal Revenue Service, and other government agencies to the extent required by the
6  Bankruptcy Rules and the Local Bankruptcy Rules of this Court (the "Local Rules"), (x) the
7  Debtors' forty (40) largest unsecured creditors, (xi) counsel for the independent directors and
8  (xii) any other party required to be served by Bankruptcy Rule 2002; and it is further

**ORDERED** that notice of any relief sought or other pleadings, papers and procedures in the chapter 11 case must be served on (a) the parties then listed in the Master Service List, including any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court, and (b) any party whose interests are directly affected by a specific pleading otherwise provided in an Order of this Court or the Local Rules, with the express exception of notice of (i) the commencement of the case and of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claims pursuant to Bankruptcy Rule 3003(c), (iii) the time fixed for filing objections to and the hearing on consideration of approval of a disclosure statement or confirmation of a plan of reorganization, (iv) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization, and (v) notices of confirmation and effectiveness of a plan of reorganization; and it is further

**ORDERED** that the Debtors shall update the Master Service List from time to time, at least on a monthly basis, to include the names and addresses of any party in interest who has filed a notice of appearance and request for notices in this case; and it is further

**ORDERED** that the Final Hearing is set for _____ at _____ (prevailing Pacific Standard Time); and it is further

LA1:#6398898                                    -3-

1  **ORDERED** that, notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Interim Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Interim Order; and it is further

**ORDERED** that the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that within ____ days of this Interim Order, the Debtors shall serve this Interim Order upon the Master Service List; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

**ORDERED** that the notice procedures set forth herein and in the Motion shall be deemed good and sufficient for all purposes.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# # #

LA1:#6398898                    -4-

# **Exhibit B**

LA1:#6398898

| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781) | Bruce T. Beesley (NV SBN 1164) |
| Thomas R. Kreller (CA State Bar No. 161922) | Laury Macauley (NV SBN 11413) |
| MILBANK, TWEED, HADLEY & McCLOY LLP | LEWIS AND ROCA LLP |
| 601 South Figueroa Street, 30th Floor | 50 West Liberty Street, Suite 410 |
| Los Angeles, California 90017 | Reno, Nevada 89501 |
| Telephone:    (213) 892-4000 | Telephone:    (775) 823-2900 |
| Facsimile:    (213) 629-5063 | Facsimile:    (775) 823-2929 |
| | bbeesley@lrlaw.com; lmacauley@lrlaw.com |
| Proposed Reorganization Counsel for Debtors and Debtors in Possession | Proposed Local Reorganization Counsel for Debtors and Debtors in Possession |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHERN NV ACQUISITIONS, LLC | Case No. BK-09-_____ |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | **FINAL ORDER PURSUANT TO 11 U.S.C. § 105(A), FED. R. BANKR. P. 2002 AND 9007 AND LOCAL RULE 2002 ESTABLISHING NOTICE PROCEDURES**<br><br>Hearing Date:<br>Hearing Time: |

LA1:#6398898

Upon the motion, dated July 28, 2009 (the "<u>Motion</u>"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Station</u>")[2] in the above-captioned chapter 11 cases, for interim and final orders pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and rule 2002 of the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "<u>Local Rules</u>"), establishing appropriate notice procedures; and upon consideration of the supporting declaration of Thomas Friel sworn to July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of Station and its estate and creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted in its entirety; and it is further

**ORDERED** that Station shall establish a master service list (the "<u>Master Service List</u>"), which shall include (i) the Debtors, (ii) counsel to any official committee appointed by the Court, (iii) the Office of the United States Trustee for the District of Nevada, (iv) counsel for the Debtors' prepetition secured lenders, (v) counsel to the administrative agent to the Debtors' prepetition secured lenders, (vi) counsel to the indenture trustee for the Senior Subordinated Notes, (vii) counsel to the administrative agent to the Debtors' postpetition secured lenders,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

LA1:#6398898              -2-

(viii) all other persons that have formally appeared and requested notice or copies of pleadings filed in this case under Bankruptcy Rule 2002, (ix) the Securities and Exchange Commission, the Internal Revenue Service, and other government agencies to the extent required by the Bankruptcy Rules and the Local Bankruptcy Rules of this Court (the "Local Rules"), (x) the Debtors' forty (40) largest unsecured creditors, (xi) counsel for the independent directors and (xii) any other party required to be served by Bankruptcy Rule 2002; and it is further

**ORDERED** that notice of any relief sought or other pleadings, papers and procedures in the chapter 11 case must be served on (a) the parties then listed in the Master Service List, including any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court, and (b) any party whose interests are directly affected by a specific pleading otherwise provided in an Order of this Court or the Local Rules, with the express exception of notice of (i) the commencement of the case and of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claims pursuant to Bankruptcy Rule 3003(c), (iii) the time fixed for filing objections to and the hearing on consideration of approval of a disclosure statement or confirmation of a plan of reorganization, (iv) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization, and (v) notices of confirmation and effectiveness of a plan of reorganization; and it is further

**ORDERED** that the Debtors shall update the Master Service List from time to time, at least on a monthly basis, to include the names and addresses of any party in interest who has filed a notice of appearance and request for notices in this case; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

**ORDERED** that the notice procedures set forth herein and in the Motion shall be deemed good and sufficient for all purposes.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# # #