| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781)<br>Thomas R. Kreller (CA State Bar No. 161922)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>601 South Figueroa Street, 30th Floor<br>Los Angeles, California 90017<br>Telephone:    (213) 892-4000<br>Facsimile:    (213) 629-5063<br><br>Proposed Reorganization Counsel for<br>Debtors and Debtors in Possession | Bruce T. Beesley (NV SBN 1164)<br>Laury Macauley (NV SBN 11413)<br>LEWIS AND ROCA LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Telephone:    (775) 823-2900<br>Facsimile:    (775) 823-2929<br>bbeesley@lrlaw.com; lmacauley@lrlaw.com<br><br>Proposed Local Reorganization Counsel for<br>Debtors and Debtors in Possession |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NORTHERN NV ACQUISITIONS, LLC<br><br>☐ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☒ Affects Station Casinos, Inc.<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-_____;<br>Jointly Administered<br><br>**MOTION FOR ORDER AUTHORIZING REJECTION OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASE OF UNOCCUPIED COMMERCIAL PREMISES; LEGAL MEMORANDUM**<br><br>Hearing Date:    July 30, 2009<br>Hearing Time:    1:30 p.m.<br>Place:    300 Booth Street<br>    Reno, NV 89509 |

LA1:#6398900

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Station Casinos, Inc. ("SCI") and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[1] in the above-captioned chapter 11 cases, hereby submit this motion (the "Motion") pursuant to section 365 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (as amended, the "Bankruptcy Code"), for an order authorizing SCI to reject that certain unexpired Lease, dated as of July 6, 2007, by and between Charleston Pavilion, LLC ("Charleston Pavilion"), as Landlord, and SCI, as tenant, with respect to approximately 25,530 rentable square feet of floor area located on the third floor of an office building located at 10801 West Charleston, Las Vegas, Nevada 89135 (as modified or amended, the "Project V Office Lease"), and in support thereof respectfully represent as follows:

**LEGAL MEMORANDUM**

**I.    Background**

**A.    General Background**

1.    The Debtors commenced these chapter 11 cases on July 28, 2009 (the "Petition Date"). SCI and its non-debtor subsidiaries (collectively, the "Station Group") constitute a gaming entertainment enterprise that owns and operates under the "Station" and "Fiesta" brand names ten major hotels/casinos (two of which are 50% owned) and eight smaller casinos (three of which are 50% owned) in the Las Vegas metropolitan area. The Station Group owns ten of the hotels/casinos' underlying real property in fee and leases the underlying real property for Texas Station Gambling Hall & Hotel ("Texas Station"), Wild Wild West Gambling Hall & Hotel ("Wild Wild West"), Barley's Casino & Brewing Company ("Barley's"), and The Greens Gaming and Dining ("The Greens"). Debtor FCP PropCo, LLC ("FCP PropCo") owns the underlying real estate for Palace Station Hotel & Casino ("Palace Station"), Sunset Station

---

[1] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Hotel & Casino ("Sunset Station") and Red Rock Casino Resort Spa ("Red Rock"). FCP PropCo owns a portion of the underlying real property for Boulder Station Hotel & Casino ("Boulder Station") and also leases a portion of Boulder Station's underlying real property. Station California, LLC ("Station California"), a non-debtor subsidiary of SCI, manages a casino for a Native American tribe. As of July 17, 2009, the Station Group had approximately 13,174 employees, and the Debtors had approximately 663 employees. The Station Group's growth strategy includes the master-planned expansions of its existing gaming facilities in Nevada, the development of gaming facilities on certain real estate that the Station Group now owns or is under contract to acquire in the Las Vegas valley and Reno, Nevada, the evaluation and pursuit of additional acquisition or development opportunities in Nevada and other gaming markets, and the pursuit of additional management agreements with Native American tribes.

2. The Station Group owns and operates: (i) Palace Station, (ii) Boulder Station, (iii) Texas Station, (iv) Sunset Station, (v) Santa Fe Station Hotel & Casino, (vi) Red Rock, (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3. The Station Group also holds a 50% interest in the non-debtor entities that own and operate: (i) Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), (ii) Aliante Station Casino & Hotel ("Aliante Station"), (iii) Barley's, (iv) The Greens, and (v) Wildfire Casino & Lanes, formerly known as Renata's Casino.

4. Each of the Station Group's casinos caters primarily to local Las Vegas area residents. The Station Group markets the eight "Station" casinos (including Green Valley Ranch, Red Rock and Aliante Station) together under the Station Casinos brand and the two "Fiesta" casinos under the Fiesta brand, offering convenience and choices to residents throughout the Las Vegas valley with its strategically located properties. In addition, Station California manages Thunder Valley Casino in Northern California on behalf of the United Auburn Indian Community.

1        5.      As of June 30, 2009 and based on a general ledger book value, the Debtors owned assets valued in the aggregate in excess of approximately $5.7 billion and had debt and other liabilities of approximately $6.5 billion.

6.      SCI is a privately held company whose shares are held by Debtors Fertitta Partners LLC, FCP Holding, Inc. and FCP VoteCo, LLC.  FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC (collectively, the "CMBS Debtors"), as well as Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC and Tropicana Station, LLC, are all either direct or indirect wholly owned subsidiaries of SCI.  Certain of the CMBS Debtors issued a mortgage loan and related mezzanine financings in the aggregate principal amount of $2.475 billion (the "CMBS Loans").  The CMBS Loans are collateralized by substantially all fee and leasehold real property comprising Palace Station Hotel & Casino, Boulder Station Hotel & Casino, Sunset Station Hotel & Casino, and Red Rock.

7.      Filed concurrently herewith, and incorporated herein by reference, is the Omnibus Declaration of Thomas M. Friel in Support of the Debtors' Chapter 11 Petitions and First Day Motions (the "Friel Declaration"), which contains more detail on the Debtors' assets, liabilities, equity ownership, business operations and business plans.

**B.      The Project V Office Lease**

8.      The Project V Office Lease, which is attached as Exhibit M to the Friel Declaration, was entered into by SCI and Charleston Pavillion on or about July 6, 2007.  The initial term of the lease commenced on October 1, 2007 and expires on September 30, 2012 with an option to extend the lease for an additional five-year term.  Over the initial term of the Project V Office Lease, the stated minimum rent ranged from $70,207.50 to $76,717.63 per month.  A security deposit of $70,207.50 was paid by SCI to Charleston Pavillion upon execution of the Project V Office Lease.  The premises (the "Project V Office Premises") were used by SCI as a project development office for the development of a new gaming enterprise in Las Vegas,

Nevada ("Project V"). SCI occupied the Project V Office Premises until May 2008, when, due to the downturn in the United States economy, SCI halted the development of Project V indefinitely and vacated the Project V Office Premises. SCI subsequently subleased the premises to a third party in October 2008 (the "Sublease"). The third party vacated the premises on March 14, 2009.

9. SCI has elected, in the exercise of its business judgment, to reject the Project V Office Lease under Bankruptcy Code section 365(a). The Project V Office Lease has no operational value to SCI and is not necessary to its reorganization. Accordingly, preservation of the Project V Office Lease could result in an administrative expense with no commensurate benefit to SCI's estate.

## II.    Jurisdiction and Venue

10. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is Bankruptcy Code section 365(a).

## III.    Relief Requested

11. By this Motion, SCI seeks an order approving and effectuating its rejection of the Project V Office Lease effective as of the Petition Date. Assumption of the Project V Office Lease will not benefit the Debtors or their creditors. SCI further requests that the Court order that proofs of claim for damages arising from the rejection of the Project V Office Lease be filed by 30 days after the later of (i) the date of entry of an order by the Court approving the rejection and (ii) the effective date of rejection.

## IV.    Legal Argument

12. Section 365(a) the Bankruptcy Code provides that a debtor in possession, with court approval, may reject an executory contract or unexpired lease. Although the Bankruptcy Code does not set forth guidelines for determining whether to approve a debtor in possession's decision to reject an executory contract or unexpired lease, the courts have uniformly applied a "business judgment" test when reviewing such a decision, and the Ninth

Circuit has held that this review should only be cursory. See <u>Agrawal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)</u>, 476 F.3d 665, 670 (9th Cir. 2007) (explaining that a bankruptcy court applies the business judgment rule to evaluate a debtor in possession's rejection decision and "need engage in 'only a cursory review of [the] decision . . . .'") (quoting <u>Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)</u>, 204 F.3d 1276, 1282 (9th Cir. 2000)).

13.    "[I]n evaluating the rejection decision, the bankruptcy court should presume that the [debtor] acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." See <u>id</u>. at 670 (citing <u>Navellier v. Sletten</u>, 262 F.3d 923, 946 n. 12 (9th Cir. 2001); see also <u>FDIC v. Castetter</u>, 184 F.3d 1040, 1043 (9th Cir. 1999)).  Therefore, the decision to reject an executory contract or unexpired lease should be approved unless the bankruptcy court finds that the debtor in possession's decision "is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." See <u>id</u>. (quoting <u>Lubrizol Enter. v. Richmond Metal Finishers</u>, 756 F.2d 1043, 1047 (4th Cir. 1985)).

14.    As the court explained in <u>Summit Land Co. v. Allen (In re Summit Land Co.</u>), a debtor's decision to reject a lease should be granted as a matter of course:

> Court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course. To begin, this rule places responsibility for administering the estate with the trustee, not the court, and therefore furthers the policy of judicial independence considered vital by the authors of the Code. Second, this rule expedites the administration of estates, another goal of the Bankruptcy Reform Act. Third, the rule encourages rehabilitation by permitting the replacement of marginal with profitable business arrangements . . . .

13 B.R. 310, 315 (Bankr. D. Utah 1981).

15.    SCI has determined, in its business judgment, that it is in the best interests of its estate and creditors to reject the Project V Office Lease because the financial burdens of the lease outweigh the benefits to the estates. In light of the Ninth Circuit authority cited above, considerable deference should be given to this decision. Even without this deference, the

1  decision by SCI to reject the Project V Office Lease should be approved given the fact that the
2  Project V Office Lease has no operational value to SCI. Absent rejection, the estate would
3  simply be exposed to unnecessary liability for administrative obligations arising under the
4  Project V Office Lease.

5      16.    Further, SCI seeks approval to reject the Project V Office Lease as of the
6  date of this Motion. See Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.), 392
7  F.3d 1064, 1072 (9th Cir. 2004) ("[Section] 365(d) confers on bankruptcy courts the equitable
8  authority to approve the rejection of a lease retroactive to the motion filing date."), cert. denied,
9  564 U.S. 814 (2005). SCI has acted promptly to reject the Project V Office Lease. Under these
10 circumstances, rejection of the lease as of the Petition Date is appropriate and justified.

11     17.    In light of the foregoing, SCI believes that the relief requested in this
12 Motion is appropriate and is in the best interests of SCI, its estate and its creditors.

### V. Conclusion

**WHEREFORE**, SCI respectfully requests that the Court enter an order approving and effectuating its rejection of the Project V Office Lease, effective as of the Petition Date.

Dated: July 28, 2009　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By:　　　　/s　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　Paul S. Aronzon, CA State Bar #88781
　　　　　　　　　　　　　　　　　　Thomas R. Kreller, CA State Bar #161922
　　　　　　　　　　　　　　　　　　MILBANK, TWEED, HADLEY & McCLOY LLP
　　　　　　　　　　　　　　　　　　601 South Figueroa Street, 30th Floor
　　　　　　　　　　　　　　　　　　Los Angeles, California 90017

　　　　　　　　　　　　　　　　　　Proposed Reorganization Counsel for
　　　　　　　　　　　　　　　　　　Debtors and Debtors in Possession


　　　　　　　　　　　　　　　　　　Bruce T. Beesley, #1164
　　　　　　　　　　　　　　　　　　Laury Macauley, #11413
　　　　　　　　　　　　　　　　　　LEWIS AND ROCA LLP
　　　　　　　　　　　　　　　　　　50 W. Liberty Street, Ste. 410
　　　　　　　　　　　　　　　　　　Reno, NV   89501
　　　　　　　　　　　　　　　　　　bbeesley@lrlaw.com; lmacauley@lrlaw.com

　　　　　　　　　　　　　　　　　　Proposed Local Reorganization Counsel
　　　　　　　　　　　　　　　　　　For Debtors and Debtors in Possession

# **EXHIBIT A**

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:     (213) 892-4000
Facsimile:      (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:     (775) 823-2900
Facsimile:      (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

NORTHERN NV ACQUISITIONS, LLC

☐ Affects this Debtor
☐ Affects all Debtors
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☒ Affects Station Casinos, Inc.
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-_____;
Jointly Administered

**ORDER AUTHORIZING REJECTION OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASE OF UNOCCUPIED COMMERCIAL PREMISES**

Hearing Date:    July 30, 2009
Hearing Time:   1:30 p.m.

LA1:#6398900

Upon the motion, dated July 28, 2009 (the "Motion"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-referenced chapter 11 cases, pursuant to section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), for an order authorizing SCI to reject the Project V Office Lease; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Project V Office Lease, dated as of July 6, 2007, by and between Charleston Pavilion, as Landlord, and SCI, as tenant, with respect to approximately 25,530 rentable square feet of floor area located on the third floor of an office building located at 10801 West Charleston, Las Vegas, Nevada 89135, is deemed rejected as of the Petition Date; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases are Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, Station Casinos, Inc., FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

LA1:#6398900                              -2-

**ORDERED** that proofs of claim with respect to claims arising from the rejection of the Project V Office Lease must be filed by the later of 30 days after (i) the date of entry of this Order and (ii) the effective date of rejection; and it is further

**ORDERED** that all objections to the relief requested in the Motion have been overruled.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# # #