**Entered on Docket
August 07, 2009**

_____
**Hon. Gregg W. Zive
United States Bankruptcy Judge**

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| STATION CASINOS, INC. | Case No. BK-09-52477 |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Northern NV Acquisitions, LLC<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Jointly Administered<br>BK 09-52470 through BK 09-52487<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, FED. R. BANKR. P. 2016 AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Hearing Date:    July 30, 2009<br>Hearing Time:    1:30 p.m. |

LA1:#6409753

Upon the application, dated July 28, 2009 (the "Application"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for interim and final orders pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing and establishing procedures for the interim compensation and reimbursement of expenses of professionals, as more fully set forth in the Motion; and upon consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted on a final basis; and it is further

**ORDERED** that except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in these cases (collectively, the "Professionals") may seek

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

[2] The Debtors in these chapter 11 cases are Station Casinos, Inc., Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a. Subject to the specific terms below, on or before the last day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by overnight mail on:

        i. the Debtors, 1505 South Pavillion Center Drive, Las Vegas, Nevada, 89135 (Attn: Matthew L. Heinhold);

        ii. Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017 (Attn: Kathleen Heinsberg);

        iii. Lewis and Roca LLP, 50 West Liberty Street, Suite 410, Reno, Nevada 89501 (Attn: Bruce T. Beesley);

        iv. U.S. Trustee of the District of Nevada, 300 Booth Street, #2129, Reno, Nevada, 89509 (Attn: Nicholas Strozza);

        v. Deutsche Bank Trust Company Americas, 60 Wall Street, 2nd Floor, New York, New York 10005 (Attn: Christopher J. Young); and

        vi. counsel to any Committees appointed in the Debtors' chapter 11 cases

(each a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules.

    b. Each Notice Party will have twenty (20) days after service (or the next business day if such day is not a business day) of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtors shall be authorized to pay such Professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment"). If an objection is properly filed, the Debtors shall be authorized to pay the Professional 80 percent of the fees and 100 percent of

the expenses not subject to an objection (the "<u>Actual Monthly Payment</u>"). The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including August 31, 2009.

c. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, (i) file a written objection (an "<u>Objection</u>") with the Court and serve the Objection on such Professional and each other Notice Party so as to be received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Incremental Amount</u>") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

d. Beginning with the approximately 120-day period beginning on the Petition Date and ending on November 30, 2009, and at each 120-day period thereafter (the "<u>Interim Fee Period</u>"), each Professional shall file with the Court and serve on the Notice parties an application (an "<u>Interim Fee Application</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties other than the Notice Parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

e. The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every 120 days or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

f. Each Professional must file and serve its first Interim Fee Application on or before the 45th day following the end of the first Interim Fee Period. The first Interim Fee Application shall cover fees and expenses incurred from the Petition Date through and including November 30, 2009.

LA1:# 6409753

4

g.  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.  Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by the Professional.  There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

h.  Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court;

and it is further

**ORDERED** that each member of any Committee is permitted to submit statements of expenses and supporting vouchers to the respective Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.  Approval of these Compensation Procedures, however, does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, the Local Rules or the practices of this Court; and it is further

**ORDERED** that notice of Monthly Fee Applications, Interim Fee Applications and final fee applications (collectively, the "Applications") shall be served only on the Notice Parties and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the Chapter 11 Cases shall receive only notice of hearings on the Applications (the "Hearing Notice"); and it is further

1  **ORDERED** that the Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals; and it is further

4  **ORDERED** that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

6  **ORDERED** that within five (5) working days of this Order, the Debtors shall serve this Order upon the Master Service List pursuant to the Court's Order Establishing Notice Procedures; and it is further

9  **ORDERED** that the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and it is further

11  **ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order; and it is further

13  **ORDERED** that notice of this Application as provided therein shall be deemed good and sufficient notice of the Application.

SUBMITTED BY:

Station Casinos, Inc.
(for itself and on behalf of its affiliated
Debtors and Debtors in Possession)

# # #