

**Entered on Docket**
**August 07, 2009**

_____
**Hon. Gregg W. Zive**
**United States Bankruptcy Judge**

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☒ Affects this Debtor
☐ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☒ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477
Jointly Administered
BK 09-52470 through BK 09-52487

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363 APPROVING STIPULATION FOR (i) ADEQUATE PROTECTION AND (ii) USE OF CASH COLLATERAL WITH RESPECT TO SECURED LOANS TO FCP PROPCO, LLC**

Hearing Date:    August 5, 2009
Hearing Time:    12:00 p.m.
Place:            300 Booth Street
                  Reno, NV 89509

LA1:#6409960

1    Upon the motion, dated August 3, 2009 (the "Motion"),[1] of Station Casinos, Inc.

2    and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in

3    the above-captioned chapter 11 cases, for interim and final orders pursuant to sections 361, 362

4    and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the

5    "Bankruptcy Code"), (a) approving the Stipulation for (i) Adequate Protection and (ii) Use of

6    Cash Collateral With Respect to Secured Loans to FCP PropCo, LLC (the "Stipulation"), (b)

7    granting adequate protection to certain prepetition secured parties, (c) authorizing use of cash

8    collateral (as defined in section 363(a) of the Bankruptcy Code, "Cash Collateral"), (d) granting

9    related relief, and (e) scheduling a final hearing (the "Final Hearing") thereon; and upon

10   consideration of the supporting declaration of Thomas M. Friel, sworn to on July 24, 2009; and

11   the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

12   28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core

13   proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28

14   U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it

15   appearing that no other or further notice need be provided; and the Court having determined that

16   the relief sought in the Motion is in the best interests of the Debtors, their creditors and all other

17   parties in interest; and the Court having determined that the legal and factual bases set forth in

18   the Motion establish just cause for the relief granted herein; and upon all the proceedings had

19   before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

20   **ORDERED** that the Motion is granted on an interim basis pending a final hearing

21   thereon (the "Final Hearing") and entry of a superseding Final Order by this Court; and it is

22   further

23

24

---

25   [1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

26   [2]    The Debtors in these chapter 11 cases are Station Casinos, Inc., Northern NV Acquisitions, LLC, Reno
         Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC,
27       Fertitta Partners LLC, FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower
         VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV,
28       LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC,
         and FCP PropCo, LLC.

LA1:#6409960                                      -2-

1    **ORDERED** that the terms and conditions of the Stipulation attached hereto as

2    Exhibit 1 are approved and the mutual agreements contained therein are duly effectuated; and it

3    is further

4    **ORDERED** that subject to the terms and conditions set forth in the Stipulation

5    and Budget, attached to the Stipulation as Exhibit A, Debtor FCP PropCo, LLC ("PropCo") is

6    authorized to use Cash Collateral on an interim basis pursuant to Fed. R. Bankr. P. 4001(b) and

7    LR 4001(b) until the earlier of (1) the expiration of the 13-week period set forth in the Budget or

8    (2) the occurrence of a Termination Event; and it is further

9    **ORDERED** that PropCo is authorized immediately to use Master Lease payments

10    as necessary to satisfy its ongoing obligations under the Mortgage Loan Agreement and to pay

11    its other operating expenses, subject to the terms and conditions set forth in the Stipulation and

12    Budget; and it is further

13    **ORDERED** that any party seeking to object to entry of an order approving the

14    relief set forth in the Motion on a final basis must file a written objection (an "Objection"),

15    stating with particularity the grounds therefor, with the Court, and served by overnight mail

16    service on: (i) Debtors' counsel, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa

17    Street, 30th Floor, Los Angeles, CA 90017, Attn: Paul Aronzon, Esq.; (ii) the Office of the

18    United States Trustee; and (iii) counsel for the Mortgage Lenders, Sidley Austin LLP, One South

19    Dearborn, Chicago, Illinois 60603, Attn: Shalom L. Kohn, Esq. and Jeffrey E. Bjork, Esq.,

20    Cadwalader Wickersham & Taft LLP, One World Financial Center, New York, New York

21    10281, Attn: William P. McInerney, Esq., and Lionel Sawyer & Collins LLP, 100 Bank of

22    America Plaza, 50 W. Liberty Street, Reno, NV 8950, Attn: Jennifer A. Smith, Esq. so that it is

23    received no later than August 28, 2009 at 4:00 p.m., prevailing Pacific Time; and it is further

24    **ORDERED** that a Final Hearing on the Motion and for entry of a Final Order in

25    accordance therewith shall be held before this Court on September 2, 2009 at 9:30 a.m.,

26    (prevailing Pacific Time); and it is further

27

28

LA1:#6409960

1         **ORDERED** that, notwithstanding any provision in the Federal Rules of

2   Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the

3   implementation of the relief granted in this Interim Order; and it is further

4         **ORDERED** that within two (2) business days of the entry of this Interim Order,

5   the Debtors shall serve this Interim Order upon the Master Service List pursuant to the Court's

6   Order Establishing Notice Procedures; and it is further

7         **ORDERED** that this Court shall retain jurisdiction to hear and determine all

8   matters arising from the implementation and/or interpretation of this Interim Order; and it is

9   further

10        **ORDERED** that notice of the Motion as provided therein shall be deemed good

11  and sufficient notice of the Motion.

12

13  SUBMITTED BY:

14  Paul S. Aronzon (CA State Bar No. 88781)

15  Thomas R. Kreller (CA State Bar No. 161922)
    MILBANK, TWEED, HADLEY & McCLOY LLP

16  601 South Figueroa Street, 30th Floor
    Los Angeles, California 90017

17
    Proposed Reorganization Counsel for

18  Debtors and Debtors in Possession

19

20  Bruce T. Beesley, #1164
    Laury Macauley, #11413

21  LEWIS AND ROCA LLP
    50 W. Liberty Street, Ste. 410

22  Reno, NV 89501

23
    Proposed Local Reorganization Counsel

24  For Debtors and Debtors in Possession

25
                                           # # #

26

27

28

LA1:#6409960                                        -4-

**<u>Exhibit 1</u>**

**<u>Exhibit 1</u>**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:     (213) 892-4000
Facsimile:     (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:     (775) 823-2900
Facsimile:     (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| STATION CASINOS, INC. | Case No. BK-09-52477-GWZ; Jointly Administered BK 09-52470 through BK 09-52487 |
| ☒ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Northern NV Acquisitions, LLC<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☒ Affects FCP PropCo, LLC | **STIPULATION AND INTERIM ORDER FOR (i) ADEQUATE PROTECTION AND (ii) USE OF CASH COLLATERAL WITH RESPECT TO SECURED LOANS TO FCP PROPCO, LLC**<br><br>Hearing Date:     August 5, 2009<br>Hearing Time:     12:00 p.m.<br>Place:     300 Booth Street<br>     Reno, NV 89509 |

LA1 1616489v.5

TO THE HONORABLE GREGG W. ZIVE, UNITED STATES BANKRUPTCY JUDGE:

Station Casinos, Inc. ("SCI"), as a debtor and debtor-in-possession in the above-captioned chapter 11 cases (the "Cases"), its indirect wholly owned subsidiary FCP PropCo, LLC ("PropCo"), as a debtor and debtor in possession in the Cases, German American Capital Corporation and JP Morgan Chase Bank, N.A. ("Mortgage Lenders") in their capacity as lenders under the Mortgage Loan Agreement (defined below), and Deutsche Bank AG ("DB") as Swap Counterparty to PropCo with respect to the Existing PropCo Swap expiring November, 2012 (the "Swap"), hereby submit this stipulation (the "Stipulation") pursuant to sections 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 361, 362 and 363 (as amended, the "Bankruptcy Code"), for an order approving their agreement for the provision of adequate protection in accordance with the terms of this Stipulation.

In support of the Stipulation, SCI, Propco, the Mortgage Lenders, and DB acknowledge and agree that the following recitals are true, and further stipulate by and between themselves as follows:

## **RECITALS**

1.    SCI and PropCo (collectively, the "Debtors") commenced these chapter 11 cases on July 28, 2009 (the "Petition Date"). SCI and its non-debtor subsidiaries (collectively, the "Station Group") constitute a gaming entertainment enterprise that owns and operates under the "Station" and "Fiesta" brand names.

2.    The Station Group owns and operates:  (i) Palace Station Hotel & Casino ("Palace Station"), (ii) Boulder Station Hotel & Casino ("Boulder Station"), (iii) Texas Station Gambling Hall & Hotel, (iv) Sunset Station Hotel & Casino ("Sunset Station"), (v) Santa Fe Station Hotel & Casino, (vi) Red Rock Casino Resort Spa ("Red Rock"), (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West Gambling Hall & Hotel, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3.    Prior to the Petition Date, PropCo entered into that certain Amended and Restated Loan and Security Agreement, dated as of March 19, 2008 (the "Mortgage Loan

-2-

LA1 1616489v.5

1   Agreement"), with the Mortgage Lenders, pursuant to which the Mortgage Lenders made loans

2   and other financial accommodations to PropCo.

3          4.      PropCo, as landlord, and SCI, as tenant, entered into that certain Master

4   Lease Agreement, dated as of November 7, 2007 and amended by that certain First Amendment

5   to Master Lease dated as of March 19, 2008 (collectively, the "Master Lease"), under which SCI

6   leases the four properties known as (i) Palace Station, (ii) Boulder Station, (iii) Sunset Station,

7   and (iv) Red Rock (collectively, the "Leased Hotels") from PropCo.  The Master Lease is a

8   "triple net" lease under which taxes, insurance, capital expenditures, and other expenses (in each

9   case as provided therein) are born by SCI.  SCI pays rent to PropCo both in the form of cash

10  payments to PropCo and cash payments to third parties on behalf of PropCo, all as required

11  pursuant to the terms of the Master Lease, for the use of such properties.  The Leased Hotels, the

12  Master Lease, the rent due under the Master Lease, the cash collateral and certain other assets

13  pledged under the Security Instruments, Security Documents or other Loan Documents (as such

14  terms are defined in the Mortgage Loan Agreement) (collectively, the "Collateral"), are pledged

15  to the Mortgage Lenders or to German American Capital Corporation, as the Collateral Agent for

16  the Mortgage Lenders (the "Collateral Agent") to secure the obligations due under the Mortgage

17  Loan Agreement.

18         5.      The Collateral Agent has valid, perfected, and unavoidable first priority

19  liens upon and security interests in the Collateral.

20         6.      As of the Petition Date, the principal amount of $1,800,000,000 (the

21  "Mortgage Loan"), together with accrued and unpaid interest in an amount equal to

22  $1,271,958.33, was outstanding under the Mortgage Loan Agreement.

23         7.      The parties agree that it is in their mutual best interest that the status quo

24  be maintained with respect to the Leased Hotels and the Master Lease, in accordance with the

25  terms of this Stipulation.   To achieve that result, the parties agree to the Stipulations set forth

26  below.

27                              **STIPULATION**

28         WHEREFORE, SCI, PropCo, the Mortgage Lenders, and DB hereby stipulate by

LA1 1616489v.5

-3-

and among themselves, and request that the Court enter its order approving, the following:

    a.   Prior to the entry of an order of the Bankruptcy Court approving assumption or rejection of the Master Lease, SCI shall timely pay all amounts due, including, without limitation, rent due under the Master Lease, property tax impound payments due under the Master Lease and Boulder Station ground rent impound payments due under the Master Lease, and timely perform all its other obligations under the Master Lease in accordance with its terms in full satisfaction of the requirements of sections 362(d)(3) and 365(d)(3) of the Bankruptcy Code.  In addition, SCI shall cause the Leased Facilities to be maintained and operated in accordance with the standards of the Master Lease and in accordance with historical practice.

    b.   All Master Lease payments shall be made to the account to which such payments were made prior to the Petition Date, until PropCo provides notice of a change in bank account information (the "CMBS Bank Account") (provided, however, that PropCo shall not change the CMBS Bank Account without the consent of the Mortgage Lenders and the Mortgage Lenders shall be granted valid and fully perfected security interests and control rights with respect to any new CMBS Bank Account) and, unless otherwise ordered by the Bankruptcy Court after notice and a hearing, be used only for: (i) a catch up payment of all unpaid prepetition interest and fees (including, without limitation, fees due under the Mortgage Loan Agreement and Loan Documents, the Swap and the Mortgage Lenders' professionals' fees, if any), payable within five (5) business days of Bankruptcy Court approval of this Stipulation; (ii) the payment of non-default rate interest due under the Mortgage Loan Agreement, payable in accordance with the terms of the Mortgage Loan Agreement; (iii) monthly payments due (if any) under the Swap (which for avoidance of doubt shall not include any termination damages); (iv) all reasonable fees and expenses of the Mortgage Lenders to the extent due under the Mortgage Loan Agreement and Loan Documents, including professional fees of Sidley Austin LLP, Cadwalader Wickersham & Taft LLP and Lionel Sawyer & Collins LLP, counsel to the Mortgage

-4-

Lenders, and Miller Buckfire & Co., financial advisor to the Mortgage Lenders, (v) Boulder Station ground rent due, paid from funds impounded for this purpose; (vi) property taxes due on the Leased Hotels paid from funds impounded for this purpose and any amounts that insure the Leased Hotels paid from impounds funded for this purpose to the extent required under the Mortgage Loan Agreement; (vii) PropCo's reasonable ordinary course expenses of operation consistent with prepetition practice as permitted under the Mortgage Loan Agreement, including reasonable ordinary course professional fees and expenses, business license fees, annual secretary of state fees and other similar corporate expenses, (viii) compensation for, and reasonable fees and expenses incurred by, PropCo's independent directors, including reasonable professional fees and costs of Gibson, Dunn & Crutcher, as attorneys, and FTI Consulting, as advisors, to the independent directors; (ix) PropCo's expenses of reorganization, consisting of trustee fees, court costs, if any, and the reasonable professional fees and costs of Milbank Tweed, Hadley & McCloy and Lewis & Roca, as attorneys, Lazard as financial advisor, and if engaged by PropCo as conflicts counsel, Gibson, Dunn & Crutcher, provided that compensation for estate professionals shall (A) be subject to the Budget and (B) be subject to payment and allowance pursuant to the Bankruptcy Code, as modified pursuant to any entered order permitting interim compensation of estate professionals; and (x) for no other purpose. Expenditures for items (vii) – (ix) shall be limited to the amounts set forth in the "Budget" attached hereto as Exhibit A (as revised from time to time with the prior written approval of the Mortgage Lenders), and shall not be made after the earlier of (1) the expiration of the 13-week period set forth in the Budget or (2) a Termination Event (as defined below), without the prior written consent of the Mortgage Lenders or further order of the Court. Notwithstanding the foregoing, the Mortgage Lenders and PropCo may agree to the application of any additional amounts in the CMBS Bank Account to reduce the principal balance of the Mortgage Loan, and may implement such payment application after notice and a hearing and

-5-

1    further approval by the Bankruptcy Court. All of the cash collateral shall, unless and

2    until disbursed in accordance with the terms hereof, be deposited and maintained at

3    all times in the CMBS Bank Account and/or the other "CMBS Mortgage Loan

4    Accounts" as described in that Interim Order Pursuant to 11 U.S.C. §§ 105(A),

5    345(B), 363(C) and 364 for Authorization to (I) Continue Cash Management System,

6    (II) Maintain Existing Bank Accounts And Business Forms, And (III) Maintain

7    Existing Investment Policy [Docket No. 22]. To the extent the terms of the Mortgage

8    Loan Agreement is inconsistent with the terms of this Stipulation, this Stipulation

9    shall control and the banks maintaining the CMBS Mortgage Loan Accounts are

10   hereby authorized, upon giving prior written notice to the Mortgage Lenders and

11   PropCo of all such disbursements, to disburse funds at the direction of either the

12   Mortgage Lenders or PropCo provided that the party requesting withdrawals certifies

13   to the applicable bank and to the other parties to this Stipulation that such

14   withdrawals are permitted under the terms of this Stipulation.

15       c.   Without limiting the effect of clause (g) below, the rights of the parties as to the

16            application of any payments to the Mortgage Loan Agreement from the CMBS Bank

17            Accounts, and the rights of the parties with respect to any claim for interest at the

18            default rate or other premiums or penalties, are reserved.

19       d.   The liens and security interest of the Mortgage Lenders shall not be subject to

20            priming, pari passu or subordinate liens, or other modification while this Stipulation,

21            or as it may be amended from time to time, governs the consensual use of cash

22            collateral, and PropCo shall not seek or obtain any post-petition financing or other

23            indebtedness under section 364 of the Bankruptcy Code so long as PropCo is

24            authorized to use cash collateral on a consensual basis pursuant to this Stipulation or

25            as it may be amended from time to time.

26       e.   PropCo may not loan or otherwise transfer Cash Collateral to affiliates outside of the

27            ordinary course of business and any transfers in the ordinary course of business shall

28            be in accordance with the Budget.

-6-

LA1 1616489v.5

f.  SCI and PropCo shall provide, in a timely manner, all reasonably requested, non-privileged information and opportunities for due diligence, access to personnel and property inspection rights as may be reasonably requested by the Mortgage Lenders or their representatives in accordance with the Mortgage Loan Agreement and shall otherwise comply with all reporting obligations under the Mortgage Loan Agreement, Loan Documents and the Master Lease.

g.  For so long as the monthly payments (if any) due from PropCo under the Swap are timely made and no Termination Event has occurred, DB shall not exercise its rights under such Swap, section 560 of the Bankruptcy Code, or otherwise, to terminate such Swap, and in the event such Swap is terminated or rejected, damages for termination shall be determined in accordance with section 562(a) of the Bankruptcy Code. The failure of DB to exercise its termination rights shall be without prejudice to the rights of DB under the Swap, including the right to terminate in the future upon the occurrence of a new early termination event under the Swap or a Termination Event under this Stipulation.

h.  Except as otherwise expressly provided herein, this Stipulation does not limit or effect the rights, remedies, or claims of any of the Parties hereto against the others under the provisions of the Bankruptcy Code, other applicable law or the Mortgage Loan Agreement, the Master Lease and related agreements, all of which are hereby expressly reserved. In particular, and without limiting the foregoing, PropCo expressly reserves the right to seek non-consensual use of cash collateral and/or debtor in possession financing on such notice as is permitted by the Bankruptcy Court and the Collateral Agent and the Mortgage Lenders hereby reserve all of their rights to contest such further use of cash collateral or debtor in possession financing. The Mortgage Lenders also expressly reserve the right to seek additional adequate protection, as well as payment of any difference between PropCo's obligations under the Mortgage Loan Agreement and the payments actually made hereunder, provided that the disallowance thereof by the Court shall not be a Termination Event.

-7-

i.  To the extent of the use of any cash collateral and for any diminution in the value of the Mortgage Lenders' interests in the Collateral, the Collateral Agent shall receive, on behalf of itself and the Mortgage Lenders, replacement security interests in and liens upon all of the Collateral and all proceeds thereof, whether existing on the Petition Date or acquired thereafter (including, without limitation, all proceeds (as defined in the New York Uniform Commercial Code) on account of the Collateral), and all assets of PropCo of the same nature and type as the Collateral whether presently owned or hereafter acquired by PropCo.

j.  This Stipulation will be binding upon (a) SCI, PropCo, and any trustee or examiner that may be appointed in their Cases, or their respective successors and assigns, (b) the Mortgage Lenders, DB and their respective successors and assigns, (c) the trustee in the event that the above-captioned cases are converted to cases under Chapter 7 of the Bankruptcy Code and (d) all creditors and other parties and interests in the Cases having notice of this Stipulation, including parties claiming derivatively through the Debtors or their estates.  Notwithstanding the foregoing, the terms of this stipulation shall only bind the parties hereto, and shall only provisionally apply, subject to the terms of any final order related to this Stipulation, to SCI's and PropCo's estates, any trustee or examiner appointed in either of their Cases, and the entities listed in subparts (c) and (d).

k.  PropCo's authority to use cash collateral pursuant to this Stipulation shall automatically terminate upon (each a "Termination Event"): (i) the filing of any motion or pleading (including a plan of reorganization) seeking or order authorizing (a) non-consensual use of cash collateral or debtor in possession financing by PropCo, (b) reduction in the rent or other cash amounts payable, or avoidance of payment by SCI of the full amount of the rent due, under the Master Lease or (c) rejection or recharacterization of the Master Lease; (ii) any deemed rejection of the Master Lease occurring by operation of Section 365 of the Bankruptcy Code; (iii) the filing of any motion or pleading (including a plan of reorganization), or the entry of

-8-

LAI 1616489v.5

an order, challenging or effecting the validity, priority, perfection and/or amount of the Mortgage Lenders' liens or claims against PropCo or its assets; (iv) SCI and PropCo's failure to secure a final order approving this Stipulation in a form acceptable to the Mortgage Lenders within thirty (30) days of the entry of this Stipulation; or (v) the failure of SCI or PropCo to fully comply with and perform all terms, conditions and obligations contained in this Stipulation (including, without limitation, performing all obligations under the Master Lease per the terms thereof), after giving effect to any cure period provided in the Master Lease with respect to any non-monetary defaults thereunder.

l. The Final Hearing on the motion for entry of the Final Order approving this Stipulation shall be held before the Court on September 2, 2009 at 9:30 a.m., (prevailing Pacific Time).

WHEREFORE, SCI, PropCo, the Mortgage Lenders, and DB, by their signatures below, hereby so stipulate by and between themselves as set forth herein on the date set forth below but effective as of the Petition Date, and respectfully request that the Court enter its order approving and effectuating their mutual agreements set forth herein on a provisional basis only and subject to reconsideration at the final hearing related to this Stipulation.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

LA1 1616489v.5

-9-

1
2     August 3, 2009                          STATION CASINOS, INC.,
3                                             a Nevada Corporation,
4                                             as Debtor and Debtor In Possession
5
6                                             By:  _____
7                                                  Name: Richard J. Haskins
8                                                  Title: Secretary
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

L

Signature Page to FCP PropCo Cash Collateral Stipulation

FCP PROPCO, LLC,
a Delaware limited liability company
as Debtor and Debtor In Possession

By: _____
Name   Richard J. Haskins
Title   Manager

-2-

Signature Page to FCP PropCo Cash Collateral Stipulation

August 3, 2009

STATION CASINOS, INC.,
a Nevada Corporation,
as Debtor and Debtor In Possession

By: _____
    Name:
    Title:

PCP PROPCO, LLC,
a Delaware limited liability company
as Debtor and Debtor In Possession

By: _____
    Name
    Title

GERMAN AMERICAN CAPITAL
CORPORATION

By: _____
    Name John K. Beacham
    Title  Director

By: _____
    Name Robert W. Pettinato
    Title Managing Director

JP MORGAN CHASE BANK, N.A.

By: _____
    Name
    Title

Deutsche Bank AG ("DB")

By: _____
    Name
    Title

By: _____
    Name
    Title

-11-

LA1 1616489v.5

August 3, 2009

STATION CASINOS, INC.,
a Nevada Corporation,
as Debtor and Debtor In Possession

By: _____
    Name:
    Title:

FCP PROPCO, LLC,
a Delaware limited liability company
as Debtor and Debtor In Possession

By: _____
    Name
    Title

GERMAN AMERICAN CAPITAL
CORPORATION

By: _____
    Name
    Title

By: _____
    Name
    Title

JP MORGAN CHASE BANK, N.A.

By: _____
    Name
    Title
    **Joseph E. Geoghan**
    **Managing Director**

Deutsche Bank AG ("DB")

By: _____
    Name
    Title

By: _____
    Name
    Title

LA1 1616489v.5

-11-

1   August 3, 2009

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATION CASINOS, INC.,
a Nevada Corporation,
as Debtor and Debtor In Possession


By: _____
      Name:
      Title:

FCP PROPCO, LLC,
a Delaware limited liability company
as Debtor and Debtor In Possession


By: _____
      Name
      Title


GERMAN AMERICAN CAPITAL
CORPORATION


By: _____
      Name
      Title

By: _____
      Name
      Title


JP MORGAN CHASE BANK, N.A.


By: _____
      Name
      Title

Deutsche Bank AG ("DB")


By: _____
      Name KAJARSHI BHATTACHARYYA
      Title MANAGING DIRECTOR

By: _____
      Name JON FINOL
      Title MANAGING DIRECTOR

-11-

LA1 1616489v.5

SUBMITTED BY:

Paul S. Aronzon, CA State Bar #88781
Thomas R. Kreller, CA State Bar #161922
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley, #1164
Laury Macauley, #11413
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV  89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel
For Debtors and Debtors in Possession

###

## **Exhibit A**

## **Exhibit A**

**Station Casinos, Inc. – 13-Week Cash Flow – Proposed**
*($ in thousands)*

Draft - For Discussion Purposes Only

| | | WK.1 7/31 | WK.2 8/7 | WK.3 8/14 | WK.4 8/21 | WK.5 8/28 | WK.6 9/4 | WK.7 9/11 | WK.8 9/18 | WK.9 9/25 | WK.10 10/2 | WK.11 10/9 | WK.12 10/16 | WK.13 10/23 | Total 13-Wks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **OPERATING CASH FLOW** | | | | | | | | | | | | | | |
| 1.0 | Operating Cash Receipts | | | | | | | | | | | | | | |
| 1.1 | Palace Station | | | | | | | | | | | | | | |
| 1.2 | Boulder Station | | | | | | | | | | | | | | |
| 1.3 | Texas Station | | | | | | | | | | | | | | |
| 1.4 | Sunset Station | | | | | | | | | | | | | | |
| 1.5 | Santa Fe Station | | | | | | | | | | | | | | |
| 1.6 | Red Rock | | | | | | | | | | | | | | |
| 1.7 | Fiesta Rancho | | | | | | | | | | | | | | |
| 1.8 | Fiesta Henderson | | | | | | | | | | | | | | |
| 1.9 | Other | | | | | | | | | | | | | | |
| 1.10 | Total Property Deposits | | | | | | | | | | | | | | |
| 1.11 | Change in Cage Cash | | | | | | | | | | | | | | |
| 1.12 | Thunder Valley Management Fees | | | | | | | | | | | | | | |
| 1.13 | Green Valley Ranch Management Fees | | | | | | | | | | | | | | |
| 1.14 | Aliante Management Fees | | | | | | | | | | | | | | |
| 1.15 | Other Management Fees | | | | | | | | | | | | | | |
| 1.16 | Transfers from Unrestricted Subs | | | | | | | | | | | | | | |
| 1.17 | Inter-Lease Rents | | | | | | | | | | | | | | |
| 1.18 | Total Operating Cash Receipts | | | 21,449 | | | | 21,449 | | | | 21,449 | | | 64,347 |
| | | | | | | | | | | | | | | | |
| 2.0 | Operating Disbursements | | | | | | | | | | | | | | |
| 2.1 | Payroll and Taxes/Benefits | | | | | | | | | | | | | | |
| 2.2 | Advertising/Marketing/Entertainment | | | | | | | | | | | | | | |
| 2.3 | Gaming Fees and Taxes | | | | | | | | | | | | | | |
| 2.4 | Maintenance/Utilities | | | | | | | | | | | | | | |
| 2.5 | Food and Beverage | | | | | | | | | | | | | | |
| 2.6 | Property Taxes and Insurance* | | | | | | | | | | | | | | |
| 2.7 | Corporate Expenses/(Development)/Other | | | | | 253 | | | | 253 | | | | 253 | 4,120 |
| 2.8 | | | | | | | | | | | | | | | |
| 2.9 | Subtotal Operating Cash Receipts | | | 21,449 | | | | 21,449 | | | | 21,449 | | | 64,347 |
| | | | | | | | | | | | | | | | |
| | **SUBTOTAL OPERATING CASH FLOW** | | | | | | | | | | | | | | |
| 3.0 | Non-Operating Disbursements | | | | | | | | | | | | | | |
| 3.1 | Debt Borrowing/Payments | | | | | | | | | | | | | | |
| 3.2 | CMBS Rent Payment | | | | | | | | | | | | | | |
| 3.3 | Land Lease (Interest, Insurance, Taxes) | | | | | | | | | | | | | | |
| 3.4 | Boulder Land Lease | | | | | | | | | | | | | | |
| 3.5 | Interest Payments | | | (8,575) | | | | (8,575) | | | | (8,299) | | | (25,450) |
| 3.6 | Capital Expenditures | (223) | | | | (223) | | | | (223) | | | | (223) | (892) |
| 3.7 | Native American – Texas | | | | | | | | | | | | | | |
| 3.8 | Native American – Gun Lake | | | | | | | | | | | | | | |
| 3.9 | Rancho Road Contribution | | | | | | | | | | | | | | |
| 3.10 | CPV Contribution | | | | | | | | | | | | | | |
| 3.11 | Aliante Contribution | | | | | | | | | | | | | | |
| 3.12 | CMBS Capital Reserve | | | | | | | | | | | | | | |
| 3.13 | CMBS Interest Reserve | | | | | | | | | | | | | | |
| 3.14 | Professional Fee | | | | | | | | | | | | | | |
| 3.15 | Deal Professional Fees | (1,200) | | | | | (1,200) | | | | (1,200) | | | | (3,600) |
| 3.16 | Cash Management Fees | | | | | | | | | | | | | | |
| 3.17 | Required Deposits | | | | | | | | | | | | | | |
| 3.18 | Other (Independent Director Fees) | (20) | | | | (20) | | | | (20) | | | | | (60) |
| 3.19 | Total Non-Operating Disbursements | (1,443) | | (8,575) | | (498) | (1,200) | (8,575) | | (498) | (1,200) | (8,299) | | (476) | (20,008) |
| | | | | | | | | | | | | | | | |
| 4.0 | Change in Float | | | | | | | | | | | | | | |
| | **NET CASH FLOW** | (4,836) | - | 12,874 | - | (498) | (1,200) | 12,874 | | (498) | (1,200) | 13,150 | | (476) | 38,289 |
| | Beginning Period Cash | 42,555 | 37,719 | 37,719 | 50,593 | 50,593 | 50,095 | 48,895 | 48,895 | 61,768 | 61,768 | 60,070 | 60,070 | 73,220 | 42,555 |
| | Ending Period Cash | 37,719 | 37,719 | 50,593 | 50,593 | 50,095 | 48,895 | 48,895 | 61,768 | 61,768 | 60,070 | 60,070 | 73,220 | 72,744 | 72,744 |

* Paid from accumulated impound account proceeds

07/31/2009, 4:53 PM