Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>STATION CASINOS, INC.<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Northern NV Acquisitions, LLC<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-52477<br>Jointly Administered<br>BK 09-52470 through BK 09-52487<br><br>**APPLICATION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), 2016(b) AND 5002, AND LOCAL RULE 2014, AUTHORIZING EMPLOYMENT AND RETENTION OF MILBANK, TWEED, HADLEY & McCLOY LLP AS COUNSEL FOR THE DEBTORS**<br><br>Hearing Date:    September 2, 2009<br>Hearing Time:    9:30 a.m.<br>Place:    300 Booth Street<br>    Reno, NV 89509 |

LA1:#6398892

TO THE HONORABLE GREGG W. ZIVE, UNITED STATES BANKRUPTCY JUDGE:

Station Casinos, Inc. ("<u>SCI</u>") and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Station</u>")[1] in the above-captioned chapter 11 cases hereby submit this application (the "<u>Application</u>") for an order pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (as amended, the "<u>Bankruptcy Rules</u>"), and rule 2014 of the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "<u>Local Rules</u>") authorizing the retention and employment of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP ("<u>Milbank</u>"), as counsel for the Debtors *nunc pro tunc* to the commencement of these chapter 11 cases. The facts and circumstances supporting this application are set forth in the Declaration of Paul S. Aronzon in Support of the Application, sworn to August 13, 2009 (the "<u>Supporting Declaration</u>"), filed concurrently herewith. In further support of this Application, the Debtors respectfully represent as follows:

## LEGAL MEMORANDUM

### I.  Background

1. The Debtors commenced these chapter 11 cases on July 28, 2009 (the "<u>Petition Date</u>"). SCI and its non-debtor subsidiaries (collectively, the "<u>Station Group</u>") constitute a gaming entertainment enterprise that owns or operates under the "Station" and "Fiesta" brand names ten major hotels/casinos (two of which are 50% owned) and eight smaller casinos (three of which are 50% owned) in the Las Vegas metropolitan area. The Station Group owns ten of the hotels/casinos' underlying real property in fee and leases the underlying real property for Texas Station Gambling Hall & Hotel ("<u>Texas Station</u>"), Wild Wild West Gambling Hall & Hotel ("<u>Wild Wild West</u>"), Barley's Casino & Brewing Company ("<u>Barley's</u>"), and The Greens Gaming and Dining ("<u>The Greens</u>"). Debtor FCP PropCo, LLC ("<u>FCP PropCo</u>") owns

---

[1] The Debtors in these chapter 11 cases are Station Casinos, Inc., Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

the underlying real estate for Palace Station Hotel & Casino ("Palace Station"), Sunset Station Hotel & Casino ("Sunset Station") and Red Rock Casino Resort Spa ("Red Rock"). FCP PropCo owns a portion of the underlying real property for Boulder Station Hotel & Casino ("Boulder Station") and also leases a portion of Boulder Station's underlying real property. Station California, LLC ("Station California"), a non-debtor subsidiary of SCI, manages a casino for a Native American tribe. As of July 17, 2009, the Station Group had approximately 13,174 employees, and the Debtors had approximately 663 employees. The Station Group's growth strategy includes the master-planned expansions of its existing gaming facilities in Nevada, the development of gaming facilities on certain real estate that the Station Group now owns or is under contract to acquire in the Las Vegas valley and Reno, Nevada, the evaluation and pursuit of additional acquisition or development opportunities in Nevada and other gaming markets, and the pursuit of additional management agreements with Native American tribes.

2.  The Station Group owns or operates: (i) Palace Station, (ii) Boulder Station, (iii) Texas Station, (iv) Sunset Station, (v) Santa Fe Station Hotel & Casino, (vi) Red Rock, (vii) Fiesta Rancho Casino Hotel, (viii) Fiesta Henderson Casino Hotel, (ix) Wild Wild West, (x) Wildfire Casino, (xi) Wildfire Casino – Boulder Highway, formerly known as Magic Star Casino, (xii) Gold Rush Casino, and (xiii) Lake Mead Casino.

3.  The Station Group also holds a 50% interest in the non-debtor entities that own and operate: (i) Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), (ii) Aliante Station Casino & Hotel ("Aliante Station"), (iii) Barley's, (iv) The Greens, and (v) Wildfire Casino & Lanes, formerly known as Renata's Casino.

4.  Each of the Station Group's casinos caters primarily to local Las Vegas area residents. The Station Group markets the eight "Station" casinos (including Green Valley Ranch, Red Rock and Aliante Station) together under the Station Casinos brand and the two "Fiesta" casinos under the Fiesta brand, offering convenience and choices to residents throughout the Las Vegas valley with its strategically located properties. In addition, Station California manages Thunder Valley Casino in Northern California on behalf of the United Auburn Indian Community.

5. SCI is a privately held company whose shares are held by Debtors Fertitta Partners LLC, FCP Holding, Inc. and FCP VoteCo, LLC. FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC (collectively, the "CMBS Debtors"), as well as Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC and Tropicana Station, LLC, are all either direct or indirect wholly owned subsidiaries of SCI. Certain of the CMBS Debtors issued a mortgage loan and related mezzanine financings in the aggregate principal amount of $2.475 billion (the "CMBS Loans"). The CMBS Loans are collateralized by substantially all fee and leasehold real property comprising Palace Station Hotel & Casino, Boulder Station Hotel & Casino, Sunset Station Hotel & Casino, and Red Rock.

6. Filed concurrently herewith is the Omnibus Declaration of Thomas M. Friel in Support of the Professional Retention Applications (the "Friel Declaration").

## II. Jurisdiction and Venue

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III. Relief Requested

8. The Debtors desire to retain and employ Milbank as their attorneys in connection with the commencement and prosecution of these chapter 11 cases. By this Application, the Debtors request that this Court enter an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016(b), and 5002, authorizing and approving the Debtors' employment and retention of Milbank, as counsel for the Debtors *nunc pro tunc* to the commencement of these chapter 11 cases, to perform the extensive legal services that will be necessary in all phases of the Debtors' chapter 11 cases, in accordance with Milbank's normal hourly rates in effect when services are rendered and normal reimbursement policies.

### IV. Services to be Provided by Milbank

9. In these chapter 11 cases, the Debtors anticipate that Milbank will render general legal services as needed, including as to bankruptcy, financial restructuring, corporate, tax, litigation and securities matters. Milbank will provide, among others, some or all of the following legal services:

(a) advise the Debtors of their rights, powers, and duties as debtors and debtors in possession in the continued management of their business and properties;

(b) assist the Debtors in reviewing and consummating any transactions contemplated during these cases;

(c) assist the Debtors in reviewing, estimating, and resolving claims asserted against their estates;

(d) commence and conduct any and all litigation necessary or appropriate to assert rights held by the Debtors or to defend the Debtors, protect assets of their estates, or otherwise further the goal of completing a successful reorganization;

(e) advise the Debtors concerning actions that they might take to collect and recover property for the benefit of their estates;

(f) prepare on behalf of the Debtors all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and review all financial and other reports to be filed in the Debtors' chapter 11 cases;

(g) advise the Debtors concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in the Debtors' chapter 11 cases;

(h) review the nature and validity of any liens asserted against the Debtors' property and advise the Debtors concerning the enforceability of such liens;

(i) advise and assist the Debtors in connection with any potential asset dispositions;

(j) advise the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections;

(k) advise and assist the Debtors in connection with the formulation and confirmation of a plan of reorganization and related documents; and

(l)  perform all other necessary legal services in connection with the Debtors' chapter 11 cases and other general corporate and litigation matters.

10. The Debtors may, from time to time, request that Milbank undertake specific matters beyond the scope of the responsibilities set forth above. Should Milbank agree, in its sole discretion, to undertake any such specific matters, the Debtors seek authority herein to employ Milbank for such matters, in addition to those set forth above, without further order of this Court.

11. The Debtors require knowledgeable counsel to render these essential professional services. As described below, Milbank has substantial expertise in each of these areas. As a result, Milbank is well-qualified to perform these services and represent the Debtors' interests in these chapter 11 cases. Subject to this Court's approval of this Application, Milbank is willing to serve as the Debtors' counsel and to perform the services described above.

### V.  Milbank's Qualifications

12. Prior to the Petition Date, the Debtors retained Milbank to advise them on various corporate, finance, real estate, litigation and restructuring matters. Among other things, Milbank has represented the Debtors in connection with their restructuring efforts prior to the Petition Date, including extensive discussions and negotiations with all of the Debtors' major constituents and, therefore, is intimately familiar with the Debtors, their business operations and their financial condition. Milbank has worked extensively on the preparation for these chapter 11 cases, including preparing a number of "first-day" pleadings, draft orders, and other documents that have been or will soon be filed in these chapter 11 cases. Milbank is, therefore, particularly qualified to assist the Debtors in their reorganization efforts.

13. Milbank is well suited for the type of representation required by the Debtors. Milbank is one of the largest law firms in the United States, with a national and international practice and has experience in all aspects of the law that may arise in these chapter 11 cases including, among others, bankruptcy, financial restructuring, corporate, tax, and litigation matters.

14.     Milbank has practiced in insolvency and reorganization areas for more than 50 years. Milbank's Financial Restructuring Group currently comprises over 30 attorneys practicing nationwide. Milbank's attorneys have played significant roles in many large bankruptcy cases, including, among others, the following: <u>In re Lehman Brothers Holdings Inc.</u>, Case No. 08-13555 (Bankr. S.D.N.Y. 2008) (Official Creditors' Committee); <u>In re Alper Holdings USA, Inc.</u>, Case No. 07-12148 (Bankr. S.D.N.Y. 2007) (Debtor); <u>In re Satélites Mexicanos, S.A. de C.V.</u>, Case No. 06-11868 (Bankr. S.D.N.Y. 2006) (Debtor); <u>In re 10000 Millenium Plaza, LLC</u>, Case No. 05-50021-GM (Bankr. C.D. Cal. 2005) (Debtor); <u>In re Refco Inc., et al.</u>, Case No. 05-60006 (Bankr. S.D.N.Y. 2005) (Official Creditors' Committee); <u>In re Winn-Dixie Stores, Inc., et al.</u>, Case No. 05-03817 (Bankr. S.D.N.Y. 2005) (Official Creditors' Committee); <u>In re American Restaurant Group, Inc.</u>, Case No. 04-30732-TD (Bankr. C.D. Cal. 2004) (Debtors); <u>In re Illuminations.com, Inc.</u>, Case No. 04-10427-SB (Bankr. C.D. Cal. 2004) (Debtor); <u>In re Sun World International, Inc.</u>, Case No. 03-11370-DN (Bankr. C.D. Cal. 2003) (Official Creditors' Committee); <u>In re Dairy Mart Convenience Stores, Inc., et al.</u>, Case No. 01-42400 (Bankr. S.D.N.Y. 2001) (Debtors); <u>In re Enron Corp., et al.</u>, Case No. 01-16034 (Bankr. S.D.N.Y. 2001) (Official Creditors' Committee and Reorganized Debtors); <u>In re Pacific Gas and Electric Co.</u>, Case No. 01-30923-DM (Bankr. C.D. Cal. 2001) (Official Creditors' Committee); <u>In re Lernout & Hauspie Speech Products N.V., et al.</u>, Case No. 00-04397 (Bankr. D. Del. 2000) (Debtors); <u>In re Safety Components International, Inc.</u>, Case No. 00-01644 (Bankr. D. Del. 2000) (Debtor); <u>In re Fruit of the Loom, Inc., et al.</u>, Case No. 99-04497 (Bankr. D. Del. 1999) (Debtors); <u>In re MedPartners Provider Network, Inc.</u>, Case No. 99-19256 (Bankr. C.D. Cal. 1999) (Debtor); and <u>In re HomePlace Stores, Inc.</u>, Case No. 98-00008 (Bankr. D. Del. 1998) (Debtor).

15.     Milbank is familiar with the Debtors' business operations and capital structure and is therefore able to immediately and knowledgeably assist the Debtors in their reorganization efforts. To maximize the value of the Debtors' efforts to date, and because of Milbank's expertise in bankruptcy law, the Debtors desire that Milbank represent them in these chapter 11 cases.

### VI. Disclosure Concerning Disinterestedness

16. To the best of the Debtors' knowledge, information and belief, other than as set forth herein or in the Supporting Declaration, Milbank has no connection with the Debtors, their creditors, the United States Trustee for the District of Nevada, or any other party with an actual or potential interest in the Debtors' chapter 11 cases or their attorneys or accountants.

17. In the last five years, Milbank has represented and advised the Debtors with respect to certain corporate, finance, real estate, tax, litigation and other legal matters. The nature of these representations is set forth in the Supporting Declaration.

18. To the best of the Debtors' knowledge, information and belief, based on (and other than as set forth in) the Supporting Declaration, Milbank does not hold or represent any interest adverse to the Debtors' estates. The Debtors believe that Milbank is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code and that the employment of Milbank is necessary and in the best interests of the Debtors, their estates, and their creditors.

### VII. Milbank's Compensation

19. In the twelve (12) months prior to the Petition Date, Milbank provided the Debtors with a variety of legal services. Significant corporate, finance, tax, real estate and litigation services (collectively, the "General Services") were provided, as well as significant services surrounding and relating to the Debtors' extensive efforts to arrive at an out-of-court restructuring and then in preparation for the chapter 11 filings (collectively, the "Restructuring Services"). According to Milbank's books and records, for the twelve (12) months prior to the Petition Date, Milbank received payments from the Debtors in the approximate amount of $4.9 million in connection with the Restructuring Services. According to Milbank's books and records, for the twelve (12) months prior to the Petition Date, Milbank received payments from the Debtors in the approximate amount of $6.8 million in connection with the General Services. In February 2009, the Debtors provided Milbank with an advance payment of $1 million to establish a retainer to pay for legal services rendered or to be rendered in connection with the Debtors' restructuring efforts. The retainer remains unapplied and is held by Milbank according

to its standard internal procedures in the same manner as Milbank holds retainers received from each of its other clients. Milbank intends to hold the retainer for the duration of the chapter 11 cases and apply the retainer against fees and expenses allowed after submission of Milbank's final fee application with any balance to be returned to the Debtors.

20. Milbank intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the guidelines promulgated by the United States Trustee for the District of Nevada (the "U.S. Trustee"), the Local Rules and orders of this Court, and pursuant to any additional procedures that may be established by this Court in the Debtors' chapter 11 cases.

21. Milbank proposes to be compensated at its standard hourly rates, which are based on the professionals' level of experience. At present, the standard hourly rates charged by Milbank range from $740 to $995 for partners, $700 to $905 for of counsel, $285 to $685 for associates and senior attorneys and $160 to $345 for legal assistants. These hourly rates are subject to periodic, firm-wide adjustments in the ordinary course of Milbank's business. Milbank will maintain detailed, contemporaneous records of time and any necessary expenses incurred in connection with the rendering of the legal services described above.

### VIII.  Fee Applications and Interim Payments

22. Milbank intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the guidelines promulgated by the U.S. Trustee, the Local Rules and orders of this Court, and pursuant to any additional procedures that may be established by this Court in the Debtors' chapter 11 cases.

### IX.  Basis for Relief

23. Section 327(a) of the Bankruptcy Code provide the basis for the relief requested herein. Section 327(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession is authorized, with the court's approval, to employ "attorneys . . . that do not hold or represent an interest adverse to the estates, and that are disinterested persons, to represent

or assist [the debtor-in-possession] in carrying out [its] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

## X. Conclusion

**WHEREFORE**, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto, (i) authorizing and approving the Debtors' retention and employment of Milbank as their counsel in these chapter 11 cases and (ii) granting the Debtors such other relief as is just and proper.

Dated: August 13, 2009

        Station Casinos, Inc.
        (for itself and on behalf of its affiliated
        Debtors and Debtors in Possession)


By:_____/s_____
        Thomas M. Friel
        Executive Vice President, Chief Accounting Officer
        and Treasurer

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

### ###

# EXHIBIT A

# EXHIBIT A

# Exhibit A To the Retention Application

## Proposed Order

LA1:#6398892

| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781)<br>Thomas R. Kreller (CA State Bar No. 161922)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>601 South Figueroa Street, 30th Floor<br>Los Angeles, California 90017<br>Telephone:    (213) 892-4000<br>Facsimile:    (213) 629-5063<br><br>Proposed Reorganization Counsel for<br>Debtors and Debtors in Possession | Bruce T. Beesley (NV SBN 1164)<br>Laury Macauley (NV SBN 11413)<br>LEWIS AND ROCA LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Telephone:    (775) 823-2900<br>Facsimile:    (775) 823-2929<br>bbeesley@lrlaw.com; lmacauley@lrlaw.com<br><br>Proposed Local Reorganization Counsel for<br>Debtors and Debtors in Possession |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>STATION CASINOS, INC.<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Northern NV Acquisitions, LLC<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-52477<br>Jointly Administered<br>BK 09-52470 through BK 09-52487<br><br>**ORDER PURSUANT TO 11 U.S.C.<br>§ 327(a), FED. R. BANKR. P. 2014(a),<br>2016(b) AND 5002, AND LOCAL<br>RULE 2014 AUTHORIZING<br>EMPLOYMENT AND RETENTION<br>OF MILBANK, TWEED, HADLEY &<br>McCLOY LLP AS COUNSEL FOR<br>THE DEBTORS**<br><br>Hearing Date:    September 2, 2009<br>Hearing Time:    9:30 a.m. |

LA1:#6398892

Upon the application, dated August 13, 2009 (the "Application"),[1] of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Station")[2] in the above-captioned chapter 11 cases, for an order pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rule 2014 of the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules"), authorizing the retention and employment of Milbank, Tweed, Hadley & M$^c$Cloy LLP ("Milbank"), as the Debtors' attorneys in these chapter 11 cases, effective as of the commencement of these chapter 11 cases (the "Petition Date"); and this Court having considered the Declaration of Paul S. Aronzon, sworn to August 13, 2009, in support of the Application (the "Supporting Declaration"); and upon the Omnibus Declaration of Thomas M. Friel in Support of the Professional Retention Applications; and the Court being satisfied, based on the representations made in the Application and the Supporting Declaration, that Milbank represents or holds no interest adverse to the Debtors or their estates with respect to the matters upon which Milbank is to be engaged and is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

[2] The Debtors in these chapter 11 cases are Station Casinos, Inc., Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

Application and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Application is granted; and it is further

**ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b) and 5002, and Local Rule 2014, the Debtors' employment and retention of Milbank as their attorneys *nunc pro tunc* to the commencement of these chapter 11 cases in accordance with Milbank's normal hourly rates and disbursement policies as set forth in the Supporting Declaration, effective as of the Petition Date, is approved; and it is further

**ORDERED** that Milbank shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules for the District of Nevada, and Orders of the Court, guidelines established by the Office of the United States Trustee for the District of Nevada, and such other procedures as may be fixed by Order of this Court; and it is further

**ORDERED** that the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that notice of this Application as provided therein shall be deemed good and sufficient notice of the Application.

SUBMITTED BY:

Station Casinos, Inc.
(for itself and on behalf of its affiliated
Debtors and Debtors in Possession)

# # #

LA1:#6398892

3