Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:     (213) 892-4000
Facsimile:     (213) 629-5063

Proposed Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:     (775) 823-2900
Facsimile:     (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Proposed Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>STATION CASINOS, INC.<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Northern NV Acquisitions, LLC<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC | Chapter 11<br><br>Case No. BK-09-52477<br>Jointly Administered<br>BK 09-52470 through BK 09-52487<br><br>**DECLARATION OF PAUL S. ARONZON IN SUPPORT OF THE APPLICATION OF THE DEBTORS, FOR AN ORDER, PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), 2016(b) AND 5002, AND LOCAL RULE 2014, AUTHORIZING EMPLOYMENT AND RETENTION OF MILBANK, TWEED, HADLEY & McCLOY LLP AS COUNSEL FOR THE DEBTORS**<br><br>Hearing Date:  September 2, 2009<br>Hearing Time:  9:30 a.m.<br>Place:         300 Booth Street<br>               Reno, NV 89509 |

LA1:#6398892

Paul S. Aronzon, being duly sworn, says:

1. I am a member of the firm of Milbank, Tweed, Hadley & M$^c$Cloy LLP ("Milbank") in its Financial Restructuring Group. I am duly authorized to make this declaration (the "Declaration") on behalf of Milbank.

2. I submit this Declaration pursuant to sections 327(a) and 329 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rule 2014 of the Local Bankruptcy Rules for the District of Nevada (as amended, the "Local Rules"), in support of the application of Station Casinos, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "SCI")[1] in the above-captioned chapter 11 cases, for an order authorizing and approving the Debtors' retention and employment of Milbank, as counsel to the Debtors in the above-captioned chapter 11 cases (the "Application").

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I can competently testify thereto.[2] Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

### I. Qualifications of Milbank

4. Milbank is an international law firm with its principal office located at One Chase Manhattan Plaza, New York, New York, 10005, and with branch offices in Los Angeles, Washington, D.C., London, Frankfurt, Munich, Hong Kong, Singapore, Tokyo, and Beijing. Milbank is particularly well-suited for the type of representation required by the Debtors. Milbank is one of the largest law firms in the United States, with a national and

---

[1] The Debtors in these chapter 11 cases are Station Casinos, Inc., Northern NV Acquisitions, LLC, Reno Land Holdings, LLC, River Central, LLC, Tropicana Station, LLC, FCP Holding, Inc., FCP Voteco, LLC, Fertitta Partners LLC, FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC.

[2] Certain of the disclosures set forth herein relate to matters within the knowledge of other attorneys at Milbank and are based on information provided by them.

LA1:#6398892                                    - 2 -

international practice, and has experience in all aspects of the law that may arise in these chapter 11 cases, including, among others, bankruptcy, financial restructuring, corporate, tax, and litigation matters.

5.      Milbank has practiced in insolvency and reorganization areas for more than 50 years. Milbank's Financial Restructuring Group currently comprises over 30 attorneys practicing nationwide. Milbank's attorneys have played significant roles in many large bankruptcy cases, including, among others, the following: In re Lehman Brothers Holdings Inc., Case No. 08-13555 (Bankr. S.D.N.Y. 2008) (Official Creditors' Committee); In re Alper Holdings USA, Inc., Case No. 07-12148 (Bankr. S.D.N.Y. 2007) (Debtor); In re Satélites Mexicanos, S.A. de C.V., Case No. 06-11868 (Bankr. S.D.N.Y. 2006) (Debtor); In re 10000 Millenium Plaza, LLC, Case No. 05-50021-GM (Bankr. C.D. Cal. 2005) (Debtor); In re Refco Inc., et al., Case No. 05-60006 (Bankr. S.D.N.Y. 2005) (Official Creditors' Committee); In re Winn-Dixie Stores, Inc., et al., Case No. 05-03817 (Bankr. S.D.N.Y. 2005) (Official Creditors' Committee); In re American Restaurant Group, Inc., Case No. 04-30732-TD (Bankr. C.D. Cal. 2004) (Debtors); In re Illuminations.com, Inc., Case No. 04-10427-SB (Bankr. C.D. Cal. 2004) (Debtor); In re Sun World International, Inc., Case No. 03-11370-DN (Bankr. C.D. Cal. 2003) (Official Creditors' Committee); In re Dairy Mart Convenience Stores, Inc., et al., Case No. 01-42400 (Bankr. S.D.N.Y. 2001) (Debtors); In re Enron Corp., et al., Case No. 01-16034 (Bankr. S.D.N.Y. 2001) (Official Creditors' Committee and Reorganized Debtors); In re Pacific Gas and Electric Co., Case No. 01-30923-DM (Bankr. C.D. Cal. 2001) (Official Creditors' Committee); In re Lernout & Hauspie Speech Products N.V., et al., Case No. 00-04397 (Bankr. D. Del. 2000) (Debtors); In re Safety Components International, Inc., Case No. 00-01644 (Bankr. D. Del. 2000) (Debtor); In re Fruit of the Loom, Inc., et al., Case No. 99-04497 (Bankr. D. Del. 1999) (Debtors); In re MedPartners Provider Network, Inc., Case No. 99-19256 (Bankr. C.D. Cal. 1999) (Debtor); and In re HomePlace Stores, Inc., Case No. 98-00008 (Bankr. D. Del. 1998) (Debtor).

## II. Services to be Provided by Milbank

6. In these chapter 11 cases, Milbank will render general legal services as needed, including as to bankruptcy, financial restructuring, corporate, tax, litigation and securities matters. Milbank will provide, among others, some or all of the following legal services:

(a) advise the Debtors of their rights, powers, and duties as debtors and debtors in possession in the continued management of their business;

(b) assist the Debtors in reviewing and consummating any transactions contemplated during these cases;

(c) assist the Debtors in reviewing, estimating, and resolving claims asserted against their estates;

(d) commence and conduct any and all litigation necessary or appropriate to assert rights held by the Debtors or to defend the Debtors, protect assets of their estates, or otherwise further the goal of completing a successful reorganization;

(e) advise the Debtors concerning actions that they might take to collect and recover property for the benefit of their estates;

(f) prepare on behalf of the Debtors all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and review all financial and other reports to be filed in the Debtors' chapter 11 cases;

(d) advise the Debtors concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in the Debtors' chapter 11 cases;

(e) review the nature and validity of any liens asserted against the Debtors' property and advise the Debtors concerning the enforceability of such liens;

(f) advise and assist the Debtors in connection with any potential asset dispositions;

(g) advise the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections;

(h) advise and assist the Debtors in connection with the formulation and confirmation of a plan of reorganization and related documents; and

LA1:#6398892

(j) perform all other necessary legal services in connection with the Debtors' chapter 11 cases and other general corporate and litigation matters.

7. Milbank is prepared to render such services as appropriate based on the progress of the Debtors' chapter 11 cases. In addition, should the Debtors' request that Milbank undertake specific matters beyond the scope of the responsibilities set forth above, Milbank may, in its sole discretion, undertake any such specific matters.

8. Subject to this Court's approval of the Application, Milbank is willing to serve as the Debtors' counsel and to perform the services described above.

### III. Milbank's Connections with the Debtors and Other Parties

9. Milbank does not represent and will not represent any entity, other than the Debtors, in matters related to the Debtors' chapter 11 cases.

10. To the best of my knowledge, Milbank (a) is not a creditor, an equity security holder, or an insider of the Debtors; (b) is not and was not, within two (2) years before the date of the filing of the petition, a director, officer or employee of the Debtors; and (c) does not have any interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Accordingly, I believe that Milbank is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

11. Except as otherwise set forth herein, to the best of my knowledge, the partners, counsel and associates of Milbank do not have any connection with the Debtors, the Debtors' primary creditors, any party in interest, their respective attorneys and accountants, any United States Bankruptcy Judge or District Court Judge for the District of Nevada, or the United States Trustee for the District of Nevada (the "U.S. Trustee"), or any person employed in the office of the U.S. Trustee or (ii) hold or represent any interest adverse to the Debtors or their estates.

12. In connection with its proposed retention by the Debtors in these cases, Milbank researched its client database for the last three (3) years to determine whether it had, within such period of time, any relationship with the following entities:

(a) The Debtors and their non-debtor affiliates;

(b) The Debtors' officers, directors, and certain significant equity holders;

(c) The Debtors' secured creditors and the agents for the secured debt;

(d) The Debtors' 200 largest unsecured creditors;

(e) The Debtors' landlords;

(f) The Debtors' bondholders;

(g) The parties to litigation or legal proceedings with the Debtors;

(h) The Debtors' ordinary course professionals;

(i) The Debtors' insurance providers and underwriters; and

(j) The Debtors' utility providers.

A list of the names of each of the entities searched is annexed hereto as Exhibit A and incorporated herein.

13. Milbank also made a general inquiry to all employees of the firm requesting disclosure of any relationship with (a) any Bankruptcy Judge or District Judge in the District of Nevada, (b) anyone employed by the Office of the Clerk of the Bankruptcy Court for the District of Nevada or (c) any trustee, attorney, or staff employed by the Office of the U.S. Trustee for Region 17. Additionally, Milbank requested disclosure of any claims against or equity interest in any of the Debtors or if any Milbank employee is a director, officer, or general partner of the Debtors or a relative of a director, officer, or general partner of the Debtors.

14. To the extent that any such search or request indicated that Milbank has a relationship with any such entity in matters unrelated to these chapter 11 cases, the identities of

such entities, and Milbank's relationship therewith, are set forth in <u>Exhibit B</u> attached hereto and incorporated herein.

15.   As detailed in <u>Exhibit C</u>, in the five years prior to these current bankruptcy cases, Milbank represented SCI and certain of its affiliates in the following capacities:

(i)   Advised SCI and certain of its affiliates in connection with multiple merger and acquisition and financing transactions;

(ii)  Acted as SCI's outside securities counsel in numerous public and private debt and equity offerings, including SCI's Initial Public Offering in 1993;

(iii) Advised the Debtors' prepetition reorganization efforts;

(iv)  Acted as outside counsel for SCI and certain of its affiliates in general corporate, finance, real estate, tax, litigation and other legal matters unrelated to the current bankruptcy cases; and

(v)   In connection with various of the foregoing transactions, Milbank issued legal opinions to the Debtors and to various participants in those transactions.

16.   <u>Exhibit C</u>, attached hereto, also details Milbanks prior representations of certain affiliates or insiders of SCI in matters unrelated to SCI and its restructuring efforts.

17.   In addition, certain of the parties in interest in these cases are or were members of *ad hoc* or official creditors' committees represented by Milbank in matters unrelated to these cases. However, no attorney-client relationship exists or existed between Milbank and such parties in interest unless specifically noted on <u>Exhibit B</u>.

18.   From time to time, on matters unrelated to these cases, Milbank works with certain professional firms that have been retained by the Debtors or other parties in these cases and that may be rendering advice to other parties in interest in these cases.

19.   The Debtors have numerous relationships with creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any connection or conflict, including the efforts outlined above, Milbank is unable to state with certainty whether any more of its clients or such clients' affiliated entities hold claims or otherwise are parties in interest in these chapter 11 cases. If Milbank discovers any information

that is contrary to or pertinent to the statements made herein, Milbank will promptly disclose such information to the Court on notice to the creditors and the U.S. Trustee.

### IV. Professional Compensation

20. In the twelve (12) months prior to the Petition Date, Milbank provided the Debtors with a variety of legal services. Significant corporate, finance, tax, real estate and litigation services (collectively, the "General Services") were provided, as well as significant services surrounding and relating to the Debtors' extensive efforts to arrive at an out-of-court restructuring and then in preparation for the chapter 11 filings (collectively, the "Restructuring Services"). According to Milbank's books and records, for the twelve (12) months prior to the Petition Date, Milbank received payments from the Debtors in the approximate amount of $4.9 million in connection with the Restructuring Services. According to Milbank's books and records, for the twelve (12) months prior to the Petition Date, Milbank received payments from the Debtors in the approximate amount of $6.8 million in connection with the General Services. In February 2009, the Debtors provided Milbank with an advance payment of $1 million to establish a retainer to pay for legal services rendered or to be rendered in connection with the Debtors' restructuring efforts. The retainer remains unapplied and is held by Milbank according to its standard internal procedures in the same manner as Milbank holds retainers received from each of its other clients. Milbank intends to hold the retainer for the duration of the chapter 11 cases and apply the retainer against fees and expenses allowed after submission of Milbank's final fee application with any balance to be returned to the Debtors.

21. Milbank intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the guidelines promulgated by the Office of the U.S. Trustee, the Local Rules and orders of this Court, and pursuant to any additional procedures that may be established by this Court in the Debtors' chapter 11 cases.

22. Milbank will be compensated at its standard hourly rates, which are based on the professionals' level of experience. At present, the standard hourly rates charged by Milbank range from $740 to $995 for partners, $700 to $905 for of counsel, $285 to $685 for

LA1:#6398892

- 8 -

associates and senior attorneys and $160 to $345 for legal assistants. These hourly rates are subject to periodic, firm-wide adjustments in the ordinary course of Milbank's business. Milbank will maintain detailed, contemporaneous records of time and any necessary expenses incurred in connection with the rendering of the legal services described above.

23. It is Milbank's policy to charge its clients for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

24. Other than as set forth above, there is no proposed arrangement between the Debtors and Milbank for compensation to be paid in these cases. Milbank has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

25. Milbank is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein and will periodically review its client database. If any relevant new facts or relationships arise, Milbank will promptly file supplemental declarations regarding this retention.

Dated: Los Angeles, California
August 13, 2009

_____/s_____
Paul S. Aronzon