**Entered on Docket**
**February 02, 2010**

_____
Hon. Gregg W. Zive
United States Bankruptcy Judge

---

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:   (213) 892-4000
Facsimile:   (213) 629-5063

Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley (NV SBN 1164)
Laury Macauley (NV SBN 11413)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:   (775) 823-2900
Facsimile:   (775) 823-2929
bbeesley@lrlaw.com; lmacauley@lrlaw.com

Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☐ Affects this Debtor
☐ Affects all Debtors
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☒ Affects Station Casinos, Inc.
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477-GWZ
Jointly Administered

**ORDER AMENDING [DOCKET NO. 481] "FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 552 AND FED. R. BANKR. P. RULE 4001(b), (c) AND (d) (I) AUTHORIZING THE DEBTORS TO (A) USE CASH COLLATERAL; (B) OBTAIN UNSECURED, SUBORDINATED POST-PETITION FINANCING; (C) MAKE LOANS TO NON-DEBTOR SUBSIDIARIES, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (III) GRANTING RELATED RELIEF" TO INCREASE AUTHORIZED AMOUNT OF DIP FINANCING FROM VISTA HOLDINGS, LLC**

Hearing Date:   January 28, 2010
Hearing Time:   10:00 a.m.
Place:          300 Booth Street
                Reno, Nevada

#4832-9061-4277

The motion, dated January 14, 2010 (the "Motion"), of Station Casinos, Inc. ("SCI") and its affiliated debtors and debtors in possession <u>other than</u> the CMBS Debtors[1] (collectively, the "Debtors", which term as used herein, for the avoidance of doubt, shall not include the CMBS Debtors) in the above-captioned chapter 11 cases (the "Chapter 11 Cases") requests entry of an order pursuant to sections 105, 361, 362, 363, 364 and 552 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") amending the **"FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 552 AND FED. R. BANKR. P. RULE 4001(b), (c) AND (d) (I) AUTHORIZING THE DEBTORS TO (A) USE CASH COLLATERAL; (B) OBTAIN UNSECURED, SUBORDINATED POST-PETITION FINANCING; (C) MAKE LOANS TO NON-DEBTOR SUBSIDIARIES, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (III) GRANTING RELATED RELIEF"** (the "Final DIP Order") [Docket No. 481] to:

   (a) Increase the aggregate amount of loans that Vista Holdings, LLC, may make to SCI pursuant to and in accordance with the requirements of the Final DIP Order from the current amount of $150,000,000 to the increased discretionary amount of $185,000,000.

   (b) Modify the DIP Credit Agreement to extend the "outside" maturity date of the DIP Credit Agreement from the current date of February 10, 2010 to August 10, 2010.

The Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court on January 28, 2010 (the "Hearing"), all notice requirements in respect of the Hearing having been complied with, having considered the supporting declaration of Thomas M. Friel, sworn to on January 14, 2010, and all objections and responses thereto having been considered; and all objections to entry of this Order having been resolved, withdrawn or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

---

[1] The "CMBS Debtors" are, collectively, FCP MezzCo Parent, LLC, FCP MezzCo Parent Sub, LLC, FCP MezzCo Borrower VII, LLC, FCP MezzCo Borrower VI, LLC, FCP MezzCo Borrower V, LLC, FCP MezzCo Borrower IV, LLC, FCP MezzCo Borrower III, LLC, FCP MezzCo Borrower II, LLC, FCP MezzCo Borrower I, LLC, and FCP PropCo, LLC. The CMBS Debtors did not join in making the Motion, are not seeking any relief under the Motion and are not awarded any relief under this Order.

#4832-9061-4277

granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

A. The Debtors duly commenced the Chapter 11 Cases by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 28, 2009 (the "Petition Date"), in the United States Bankruptcy Court for the District of Nevada (this "Court").

B. The Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

C. An official unsecured creditors committee was appointed in the Chapter 11 Cases on August 13, 2009 (the "Committee").

D. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for this case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

E. Under the circumstances, the Court concludes that the notice given by the Debtors of the Motion, the Hearing and the relief requested in the Motion constitutes due, sufficient and appropriate notice and complies with section 102(1) of the Bankruptcy Code, Rules 2002 and 4001(b), (c) and (d) of the Federal Rules of Bankruptcy Procedure and the local rules of the Court, and that no further notice of, or hearing on, the relief sought at the Hearing and the relief granted herein is necessary or required.

F. On October 13, 2009, this Court entered its Final DIP Order [Docket No. 481]. Capitalized terms used but not defined herein or in the Motion are used as defined in the Final DIP Order. Vista has appeared by its counsel Woodburn and Wedge and has consented to the entry of this order and the relief requested by SCI.

G. Pursuant to the Final DIP Order, SCI is authorized to borrow up to $150,000,000 from Vista pursuant to the terms of the Final DIP Order and the DIP Credit Agreement attached thereto.

H. On December 11, 2009, this Court heard and granted the joint motion of SCI and FCP PropCo, LLC for an order approving the Amended and Restated Master Lease Compromise Agreement (this "Compromise"). The Compromise was entered into as of the 11th day of December, 2009, by and among SCI and its wholly owned subsidiaries Boulder Station, Inc. ("Boulder Station"), Charleston Station, LLC ("Charleston Station"), Palace Station Hotel & Casino, Inc. ("Palace Station") and Sunset Station, Inc. ("Sunset Station," and collectively with Boulder Station, Charleston Station and Palace Station, the "Operating Subsidiaries"), on the one hand, and SCI's indirect wholly owned subsidiary FCP PropCo, LLC ("PropCo"), on the other hand. The Compromise amends and restates the Master Lease Compromise Agreement dated as of November 19, 2009, made by SCI and the Operating Subsidiaries, on the one hand, and PropCo, on the other hand, which had been attached to the joint motion.

I. In connection with negotiation with the Prepetition Lenders for approval of the Compromise, SCI agreed that current cash rent ("Reduced Rent") payable by SCI to PropCo for the months of December, 2009, January 2010 and February 2010 would be paid from available cash at Vista.

J. Vista has adequate cash reserves to pay Reduced Rent in December, 2009, January 2010 and February 2010. However, SCI's prior borrowing activity from Vista has left SCI with inadequate remaining borrowing authority to borrow from Vista sufficient funds to make the Reduced Rent payments. For this reason, and to facilitate additional borrowing from Vista's available cash reserves, good cause exists to increase SCI's previously authorized debtor in possession borrowing authorization under the Final DIP Order from the original amount of $150,000,000 to the increased amount of $185,000,000, provided that all borrowings and the repayment thereof and any rights relating thereto shall be on the same terms and conditions as are set forth in the DIP Credit Agreement and the Final DIP Order. In particular, having now funded in excess of $111,500,000 to SCI, as set forth in the DIP Credit Agreement and the Final DIP Order, Vista may make the loans available to SCI on a discretionary basis. Such discretionary funding provisions will apply to the increased amount of availability approved by this Order.

#4832-9061-4277

-4-

K.  The DIP Credit Agreement attached to the Final DIP Order contemplated, in the definition of "Maturity Date" an outside maturity date of February 10, 2010. SCI and Vista are willing to extend such outside maturity date to August 10, 2010, in order to facilitate SCI's continued access to debtor in possession financing from Vista under the same terms and conditions as are set forth in the DIP Credit Agreement and the Final DIP Order. For this reason, and to facilitate additional borrowing from Vista's available cash reserves, good cause exists to approve an amendment of the DIP Credit Agreement to so extend the outside maturity date to August 10, 2010.

L.  No other modifications of the Final DIP Order or the DIP Credit Agreement were requested by the Motion or authorized under this Order. In the interest of economy and given the simplicity of the amendments, the DIP Credit Agreement and the promissory note issued pursuant thereto shall be deemed to be modified by this Order to implement the changes set forth in paragraphs J and K for all purposes and no further written agreement between Vista and SCI is required to implement the modifications approved by this Order.

M.  As amended and deemed amended by this Order, the Final DIP Order and the DIP Credit Agreement remain in full force and effect.

N.  Based on the foregoing, and upon the record made before this Court at the Hearing, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **Disposition**. The Motion is granted and each objection thereto which has not been consensually resolved or withdrawn is hereby overruled.

2. **Amendment of Final DIP Order**. The Final DIP Order is hereby amended by deleting the amount "$150,000,000" in each place that it appears and inserting in place thereof the amount "$185,000,000."

3. **Amendment of Exhibit B To Final DIP Order**. The Exhibit B to the Final DIP Order is hereby amended by deleting the date "**February 10, 2010**" in each place that it appears and inserting in place thereof the date "**August 10, 2010.**"

4.  **Implementation of This Order**.  The DIP Credit Agreement and the promissory note issued pursuant thereto are hereby deemed to be modified by this Order to implement the changes set forth in paragraphs 2 and 3 of this Order for all purposes and no further written agreement between Vista and SCI is required to implement the modifications approved by this Order.

5.  **Final DIP Order in Full Force and Effect**.  As amended by this Order, the Final DIP Order, all of the relief provided for in the Final DIP Order and the DIP Credit Agreement all remain in full force and effect.

6.  **Modification, Amendment, etc**.  In the event that any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity, enforceability, or priority of any lien, claim, right or obligation authorized or created hereby or by the Final DIP Order.

7.  **Binding Effect**.  The stipulations, admissions, statements and conclusions contained in this Order shall be binding upon the Debtors, each other Credit Party, Vista, any subsidiary of the Debtors that may hereafter file for relief under chapter 11 of the Bankruptcy Code, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for any of the estates of the Debtors).

8.  **Objections Overruled**.  Any objection which has not been withdrawn or resolved is, to the extent not resolved, hereby overruled.

9.  **Order Governs.**  In the event of any inconsistency between the provisions of this Order and the DIP Credit Agreement, the provisions of this Order shall govern.

10. **Findings of Fact, Conclusions of Law**.  The findings of fact and conclusions of law of this Court pursuant to this Order shall be deemed effective upon the date of entry of this Order. To the extent that such findings may constitute conclusions, and vice versa, they hereby are deemed such.

#4832-9061-4277

-6-

11. **Retention of Jurisdiction**. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Reorganization Counsel for
Debtors and Debtors in Possession

Bruce T. Beesley, #1164
Laury Macauley, #11413
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV 89501

Local Reorganization Counsel
For Debtors and Debtors in Possession

###

#4832-9061-4277