| | |
|---|---|
| BRAD ERIC SCHELER (SBN BS-0397)<br>BONNIE STEINGART (SBN BS-8004)<br>**FRIED, FRANK, HARRIS,**<br>**SHRIVER & JACOBSON LLP**<br>One New York Plaza<br>New York, NY 10004<br>Telephone: (212) 859-8000<br>Facsimile: (212) 859-4000<br>Email: brad.eric.scheler@friedfrank.com<br>       bonnie.steingart@friedfrank.com<br>Counsel for the Official<br>Committee of Unsecured Creditors | BRETT A. AXELROD, ESQ. (SBN 5859)<br>ANNE M. LORADITCH, ESQ. (SBN 8164)<br>MICAELA RUSTIA, ESQ. (SBN 9676)<br>**FOX ROTHSCHILD LLP**<br>3800 Howard Hughes Parkway, Suite 500<br>Las Vegas, Nevada 89169<br>Telephone: (702) 262-6899<br>Facsimile: (702) 597-5503<br>Email: baxelrod@foxrothschild.com<br>       aloraditch@foxrothschild.com<br>       mrustia@foxrothschild.com<br>Nevada Counsel for the Official<br>Committee of Unsecured Creditors |

Electronically filed June 29, 2010

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case Nos. BK-N-09-52470-GWZ through
BK-N-09-52487-GWZ

Jointly Administered Under
BK-N-09-52477-GWZ

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER: (I) APPROVING REVISED SECOND AMENDED AND RESTATED MASTER LEASE COMPROMISE AGREEMENT; (II) ESTABLISHING BIDDING PROCEDURES AND DEADLINES RELATING TO SALE PROCESS FOR SUBSTANTIALLY ALL OF THE ASSETS OF STATION CASINOS, INC.; AND (III) DENYING MOTION FOR ORDER AUTHORIZING OPCO DEBTORS TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH OPCO LENDERS**

Hearing Date: May 4, 5, 27 and 28, 2010

-1-

VG1 43680v1 06/29/10

**TO THE HONORABLE GREGG W. ZIVE AND ALL PARTIES IN INTEREST:**

Pursuant to Rule 9021(b)(3)(A) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby files this objection (the "Objection") to the Debtors' Proposed Findings of Fact and Conclusions of Law in Support of the Order: (I) Approving Revised Second Amended and Restated Master Lease Compromise Agreement; (II) Establishing Bidding Procedures and Deadlines Relating to Sale Process for Substantially All of the Assets of Station Casinos, Inc.; and (III) Denying Motion for Order Authorizing Opco Debtors to Enter into Restructuring Support Agreement with Opco Lenders (the "Debtors' Proposed Findings") and Proposed Order Approving Revised Second Amended and Restated Master Lease Compromise Agreement Pursuant to 11 U.S.C. §§ 105(A), 363(B)(1), 365(D)(3) and 365(D)(4)(B)(ii) and Fed. R. Bankr. P. 9019 (the "Debtors' Proposed Order").[1] Attached to the Declaration of Brett Axelrod ("Axelrod Declaration") as **Exhibit A** are the Debtors' Proposed Findings and the Debtors' Proposed Order. Attached to the Axelrod Declaration as **Exhibit B** are the Committee's proposed findings of fact and conclusions of law (the "Committee's Proposed Findings") and the Committee's proposed order (the "Committee's Proposed Order") which conform to the oral findings of fact and conclusions of law the Court entered on the record on May 28, 2010 (the "Court's Oral Findings"). Attached to the Axelrod Declaration as **Exhibit C** is a redline comparison showing the modifications made by the Committee to the Debtors' Proposed Findings and the Debtors' Proposed Order. Attached to the Axelrod Declaration as **Exhibit D** is the May 28, 2010 hearing transcript.

On June 19, 2010, the Debtors transmitted to the Committee the Debtors' Proposed Findings and the Debtors' Proposed Order. On June 23, 2010, in a good-faith effort to resolve its concerns with respect to the Debtors' Proposed Findings and the Debtors' Proposed Order without the involvement of the Court, the Committee requested that the Debtors make certain

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Proposed Findings or the Debtors' Proposed Order.

-2-

changes to the Debtors' Proposed Findings and the Debtors' Proposed Order. On June 24, 2010, the Debtors circulated a revised version of the Debtors' Proposed Findings and the Debtors' Proposed Order that did not contain any of the substantive changes requested by the Committee. On June 29, 2010, in accordance with Local Rule 9021(b)(2), the Committee communicated to the Debtors its disapproval of the Debtors' Proposed Findings and the Debtors' Proposed Order.

In support of the Objection, the Committee respectfully states as follows:

**ARGUMENTS**

The changes the Committee is seeking with respect to the Debtors' Proposed Findings and the Debtors' Proposed Order may be broken down into the following categories, as set forth below.

*A.     Findings Related to the Bidding Procedures Order Are Inappropriate and Unnecessary*

The Debtors' Proposed Findings contain a number of purported findings of facts and conclusions of law with respect to the Bidding Procedures Motion. See Axelrod Decl. Ex. A, Title of the Debtors' Proposed Findings; Page 2, ¶ 1 of the Debtors' Proposed Findings; ¶¶ G, J and L of the Debtors' Proposed Findings. As the Court is aware, the Court entered on June 4, 2010 an order approving the Bidding Procedures Motion (the "Bidding Procedures Order") [Docket No. 1563]. The Bidding Procedures Order incorporated by reference the Court's Oral Findings. See ¶ E of the Bidding Procedures Order. On June 8, 2010, the Committee filed with the Court a notice of appeal with respect to the Bidding Procedures Order [Docket No. 1583]. Both the Committee and the Debtors have designated items to be included in the record on appeal [Docket Nos. 1608 and 1694].

Given that the Court already entered the Bidding Procedures Order based on both the record made before the Court at the hearing on the Bidding Procedures Motion and the Court's Oral Findings, it is unclear why any further or additional findings of fact or conclusions of law with respect to the Bidding Procedures Motion are included in the Debtors' Proposed Findings. The Bidding Procedures Order speaks for itself and the appellate record with respect to the appeal from the Bidding Procedures is now closed. In this regard, not only are further findings of fact and conclusions of law inappropriate but they will also unnecessarily impede the review by the

VG1 43680v1 06/29/10

United States District Court for the District of Nevada of the Committee's appeal from the Bidding Procedures Order.

Accordingly, the Committee requests that all purported findings of fact and conclusions of law with respect to the Bidding Procedures Motion not be included in the Court's findings of fact and conclusions of law.

B.  *The Court Did Not Make Any Findings of Fact or Reach Any Conclusions of Law Pursuant to Section 363 of the Bankruptcy Code With Respect to the Second Amended Master Lease Compromise Agreement*

The Debtors' Proposed Findings and the Debtors' Proposed Order contain numerous references to the Court's purported findings of fact and conclusions of law pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") with respect to the Second Amended Master Lease Compromise Agreement. See Axelrod Decl. Ex. A, Debtors' Proposed Findings, Page 2, ¶ 1; ¶¶ C and D of the Debtors' Proposed Findings; Title of the Debtors' Proposed Order. These references are inaccurate and misleading. The Court evaluated the Second Amended Master Lease Compromise Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). See Axelrod Decl. Ex. D, Hr'g Tr. 18:10-11 ("And I think when I am being asked pursuant to Rule 9019 to evaluate these matters…") (May 28, 2010). The Court did not make any finding of fact pursuant to section 363 of the Bankruptcy Code. Id. at 19:18-20; 20:10-13;14-15 ("If this was a 363 sale, then this Court would have applied the typical and common 363 test…"); ("[I]f I were doing just a 363 analysis, I would very much, I believe, need far more specificity regarding valuation of the excluded assets."); ("[I]t can't really be a common 363 analysis."). While the Court alluded to standards that generally govern an analysis pursuant to section 363, at no point did the Court reach any conclusion that the Second Amended Master Lease Compromise Agreement satisfied section 363 of the Bankruptcy Code.

Accordingly, the Committee requests that all purported findings of fact and conclusions of law under section 363 of the Bankruptcy Code with respect to the Second Amended Master Lease Compromise Agreement not be included in the Court's findings of fact and conclusions of law.

C.  *The Court Did Not Apply a Heightened Standard of Review*

-4-

The Debtors' Proposed Findings assert that the Court employed a heightened standard of review with respect to the Court's review and approval of the Master Lease Motion and the Bidding Procedures Motion. See Axelrod Decl. Ex. A, ¶¶ D, J and L of the Debtors' Proposed Findings. However, upon a review of the May 28, 2010 hearing transcript, at no point did the Court indicate that it had applied such a heightened standard of review.[2] Further, the Bidding Procedures Order does not reference any such heightened standard. Accordingly, the Committee requests that all references to a heightened standard of review not be included in the Court's findings of fact and conclusions of law.

D.  *The Court's Denial of the Support Agreement Motion*

On May 28, 2010, the Court denied on the record the Support Agreement Motion and directed that the Debtors prepare an order to that effect. Inexplicably and in contravention of the Court's command, the Debtors' Proposed Order contains no language regarding the denial of the Support Agreement Motion. Accordingly, the Committee's Proposed Order adds appropriate language stating that the Court has denied the Support Agreement Motion in its entirety. Section K of the Committee's Proposed Findings also contains additional language regarding the Court's findings of fact and conclusions of law with respect to the Restructuring Support Agreement.

E.  *Other Changes to the Debtors' Proposed Findings and the Debtors' Proposed Order*

To ensure consistency with the Court's Oral Findings, the Committee proposes other modifications to the Debtors' Proposed Findings and the Debtors' Proposed Order. These changes include, but are not limited to:

- Deletion from the Debtors' Proposed Findings of certain references to the history, purpose and effects of the First Master Lease Compromise Agreement which are both irrelevant and outside the scope of the Court's Oral Findings [See Axelrod Decl. Ex. A, § I, ¶¶ 1,2, 3 and 4 of the Debtors' Proposed Findings];

- Addition of language to the Debtors' Proposed Findings to reflect the exclusion of the Committee from the negotiations between the Debtors and their secured creditors over the Second Amended Master Lease

---

[2] The Committee is aware that the Court later noted at hearings on other matters in these bankruptcy cases, held on June 10, 2010 and June 21, 2010, that it intended to utilize the heightened standard at the May 28, 2010 hearings. Respectfully, the Committee does not believe that a heightened standard was applied at the May 28, 2010 hearings. See Axelrod Decl. ¶ 4.

Compromise Agreement [See Axelrod Decl. Ex. B § I, ¶5 of the Committee's Proposed Findings];

- Addition of language to the Debtors' Proposed Findings to reflect the opposition of the Committee and the Independent Lenders to the Second Amended Master Lease Compromise Agreement [See Axelrod Decl. Ex. B, ¶ E(6) of the Committee's Proposed Findings];

- Addition of language to the Debtors' Proposed Findings to reflect the (x) formation of New PropCo by the CMBS Lenders and the Fertittas, (y) transfer of the Excluded Assets to New PropCo, and (z) auction of the remaining SCI assets ; [See Axelrod Decl. Ex. B, § I, ¶5 of the Committee's Proposed Findings]

- Addition of language to the Debtors' Proposed Findings to reflect the inability of the Court to make any finding with respect to the (x) probability of success in litigation and (y) difficulties in collection (Hr'g Tr. 22:12-14; 23:12-14 (May 28, 2010)) [See Axelrod Decl. Ex. B, ¶ E(1) of the Committee's Proposed Findings];

- Addition of language to the Debtors' Proposed Findings to reflect the Court's skepticism regarding the Debtors' explanation with respect to the late notice to the Court of the supposed disputes regarding the ownership of certain Excluded Assets (Hr'g Tr. 26:15-16 ("I cannot say that I am totally satisfied with the explanation…")(May 28, 2010)) [See Axelrod Decl. Ex. B, ¶ E(3) of the Committee's Proposed Findings];

- Addition of language to the Debtors' Proposed Findings to reflect that (x) the CMBS Administrative Agent is affiliated with one of the OpCo Lenders and (y) the membership of the OpCo Steering Committee includes the affiliates of certain CMBS Lenders [See Axelrod Decl. Ex. B, ¶ E(6) of the Committee's Proposed Findings];

- Addition of language to the Debtors' Proposed Findings to reflect that (x) no valuation of the Excluded Assets was performed and (y) the Debtors' financial advisor, Lazard Freres & Co. LLC, failed to advise the Debtors on the fairness of the price to be paid by New PropCo for the Excluded Assets [See Axelrod Decl. Ex. B, ¶ F of the Committee's Proposed Findings];

- Deletion from the Debtors' Proposed Findings of references to the (x) Debtors' purported analysis of the replacement cost of certain Excluded Assets [See Axelrod Decl. Ex. A, ¶ G of the Debtors' Proposed Findings], (y) disputes regarding contribution liability, indemnity and subordination [See id., ¶ F(4) of the Debtors' Proposed Findings] and (z) purported concessions made by SCI and PropCo during the negotiations process, [See id., ¶ J of the Debtors' Proposed Findings], all of which are not supported by the Court's Oral Findings; and

- Deletion from the Debtors' Proposed Order of language purporting to waive the application of the 14-day stay required by Bankruptcy Rule 6004(h) to the Master Lease Motion because (i) the Master Lease Motion failed to set forth any reason for relief from Bankruptcy Rule

-6-

VG1 43680v1 06/29/10

6004(h) and (ii) in any event there is no justification for an exception to Bankruptcy Rule 6004(h) which could prejudice the right of the Committee to appeal from an order approving the Master Lease Motion [See Axelrod Decl. Ex. A, ¶ 7 of the Debtors' Proposed Order].

WHEREFORE, for all of the above-stated reasons, the Committee respectfully requests that the Court (i) enter the Committee's Proposed Findings and (ii) enter the Committee's Proposed Order and (iii) grant the Committee such other and further relief as is just and proper.

DATED this 29th day of June, 2010.

Respectfully submitted,

**FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP**

By  *s/ Bonnie Steingart*
BRAD ERIC SCHELER (SBN BS-0397)
BONNIE STEINGART (SBN BS-8004)
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000

**FOX ROTHSCHILD LLP**
BRETT A. AXELROD (SBN 5859)
ANNE M. LORADITCH (SBN 8164)
MICAELA RUSTIA (SBN 9676)
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899

-and-

**QUINN EMANUEL URQUART
& SULLIVAN, LLP**
ERIC D. WINSTON (SBN 202407)
JEANINE M. ZALDUENDO (SBN 243374)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000

*Counsel for the Official Committee
of Unsecured Creditors*

-7-

VG1 43680v1 06/29/10