1

2

3

**Entered on Docket**
**July 23, 2010**

4

_____
**Hon. Gregg W. Zive**
**United States Bankruptcy Judge**

5

6

7   Paul S. Aronzon (CA SBN 88781)
    Thomas R. Kreller (CA SBN 161922)

8   MILBANK, TWEED, HADLEY & McCLOY LLP
    601 South Figueroa Street, 30th Floor

9   Los Angeles, California 90017
    Telephone:    (213) 892-4000

10  Facsimile:    (213) 629-5063

11  Reorganization Counsel for
    Debtors and Debtors in Possession

12

Laury M. Macauley (NV SBN 11413)
Dawn M. Cica (NV SBN 004595)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Local Reorganization Counsel for
Debtors and Debtors in Possession

13

14

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

15  In re:

16  STATION CASINOS, INC.

17  ☐ Affects this Debtor

18  ☒ Affects all Debtors
    ☐ Affects Northern NV Acquisitions, LLC

19  ☐ Affects Reno Land Holdings, LLC
    ☐ Affects River Central, LLC

20  ☐ Affects Tropicana Station, LLC
    ☐ Affects FCP Holding, Inc.

21  ☐ Affects FCP Voteco, LLC
    ☐ Affects Fertitta Partners LLC

22  ☐ Affects FCP MezzCo Parent, LLC
    ☐ Affects FCP MezzCo Parent Sub, LLC

23  ☐ Affects FCP MezzCo Borrower VII, LLC
    ☐ Affects FCP MezzCo Borrower VI, LLC

24  ☐ Affects FCP MezzCo Borrower V, LLC
    ☐ Affects FCP MezzCo Borrower IV, LLC

25  ☐ Affects FCP MezzCo Borrower III, LLC
    ☐ Affects FCP MezzCo Borrower II, LLC

26  ☐ Affects FCP MezzCo Borrower I, LLC
    ☐ Affects FCP PropCo, LLC

27  ☐ Affects GV Ranch Station, Inc.

28

Chapter 11
Case No. BK-09-52477
Jointly Administered
BK 09-52470 through BK 09-52487 and
BK 10-50381

**ORDER (A) APPROVING**
**DISCLOSURE STATEMENT,**
**(B) ESTABLISHING VOTING**
**RECORD DATE, VOTING DEADLINE**
**AND OTHER DATES, (C) APPROVING**
**PROCEDURES FOR SOLICITING,**
**RECEIVING AND TABULATING**
**VOTES ON PLAN AND FOR FILING**
**OBJECTIONS TO PLAN, (D) SETTING**
**CONFIRMATION HEARING AND**
**RELATED DEADLINES AND**
**(E) APPROVING FORMS OF NOTICES**
**AND BALLOTS**

Hearing Date:    July 15, 2010
Hearing Time:    10:00 a.m.
Place:           300 Booth Street
                 Reno, NV 89509

#4819-4917-3253

Upon consideration of the motion (the "<u>Motion</u>")[1] of the Debtors for entry of an order, pursuant to 11 U.S.C. §§ 1125 and 1126 and Rules 2002, 3003, 3017, 3018, and 3020 of the Bankruptcy Rules, (a) approving the Disclosure Statement; (b) establishing the Voting Record Date, the Voting Deadline and other dates; (c) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan; (d) approving the manner and forms of notice, ballots and other related documents; and (e) granting other relief relating thereto as set forth in the Motion, and a hearing having been held on the Motion on July 15, 2010 (the "<u>Disclosure Statement Hearing</u>"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The Disclosure Statement in the form filed on July 14, 2010 [Docket No. 1774] and as further modified to reflect the record of the Disclosure Statement Hearing (the "<u>Approved Disclosure Statement</u>"), contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.      The Notice of Confirmation Hearing and related deadlines and procedures attached hereto as <u>Exhibit 1</u> and the Notice of Non-Voting Status attached hereto as <u>Exhibit 2</u> (collectively, the "<u>Notices</u>") are approved as containing sufficient information and are appropriate under the circumstances for distribution to creditors, holders of Equity Interests and all parties in interest, as applicable.

C.      The form of ballot attached hereto as <u>Exhibit 3</u> (the "<u>Ballot</u>") is approved and (i) is sufficiently consistent with Official Form No. 14, (ii) adequately addresses the particular needs of these Chapter 11 Cases and (iii) is appropriate for each Voting Class.

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

D. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E. The procedures set forth below regarding the Confirmation Hearing Notice and the contents of the Solicitation Package comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is granted as set forth herein.

**I.    Approval of the Disclosure Statement**

2. Pursuant to Bankruptcy Rule 3017(b), the Approved Disclosure Statement is approved as containing adequate information within the meaning of Section 1125(a) of the Bankruptcy Code, and the Debtors are authorized to distribute the Approved Disclosure Statement and Solicitation Package in order to solicit votes on, and pursue confirmation of, the Plan.

3. The Confirmation Hearing Notice annexed hereto as <u>Exhibit 1</u> is approved pursuant to Bankruptcy Rules 2002 and 3017.

4. The notice and objection procedures provided by the Debtors in connection with the Disclosure Statement Hearing were reasonable and appropriate under the circumstances, and such notice and objection procedures were adequate pursuant to Bankruptcy Rule 3017.

**II.    Confirmation Hearing and Objections**

5. Pursuant to Bankruptcy Rule 3020(b)(2), the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") shall be held on August 27 and 30, 2010 commencing at 10:00 a.m. prevailing Pacific Time on each such date.

6. Pursuant to Bankruptcy Rule 3020(b)(1), the deadline (the "<u>Confirmation Objection Deadline</u>") for filing and serving objections to confirmation of the Plan ("<u>Confirmation Objections</u>") shall be August 12, 2010 at 5:00 p.m. prevailing Pacific Time.

7. The Confirmation Objections, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and

amount of any Claim or Equity Interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so as to be actually received by each of the following parties (the "Notice Parties") on or before the Confirmation Objection Deadline: (a) Station Casinos, Inc., 1505 South Pavilion Center Drive, Las Vegas, Nevada  89135; Attention:  Richard Haskins, Esq. (b) Milbank, Tweed, Hadley & M$^{c}$Cloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention: Paul S. Aronzon, Esq. and Thomas R. Kreller, Esq., counsel for Debtors, (c) Lewis & Roca LLP, 50 West Liberty Street, Suite 410, Reno, Nevada 89501; Attention:  Laury Macauley, Esq., counsel for Debtors, (d) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071; Attention: Oscar Garza, Esq., special counsel for FCP PropCo, LLC and FCP Mezzco Borrowers I-V, (e) Skadden, Arps, Slate, Meagher & Flom, LLP, 300 S. Grand Ave., Ste. 3400, Los Angeles, California 90071; Attention: Van C. Durrer II, counsel to Dr. James E. Nave, (f) the Office of the United States Trustee for the District of Nevada, C. Clifton Young Federal Bldg., 300 Booth Street, Rm. 2129, Reno, Nevada 89509; Attention:  Bill Cossitt, Esq., (g) Fried Frank Harris Shriver & Jacobson, One New York Plaza, New York, New York 10004; Attention:  Bonnie Steingart, Esq. and Marissa Soto, Esq., counsel to the Official Committee of Unsecured Creditors, (h) Fox Rothschild, 3773 Howard Hughes Pkwy., Suite 500 North, Las Vegas, Nevada 89169, Attention:  Anne Loraditch, Esq., counsel to the Official Committee of Unsecured Creditors, (i) Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, New York 10017; Attention: Sandy Qusba, Esq. and Jason Friedman, Esq., counsel to the prepetition agent; (j) Sidley Austin, One South Dearborn, Chicago, Illinois 60603; Attention: Larry Nyhan, Esq. and Jeffrey Bjork, Esq.

8.    Waiver of Local Rule 9014(e)(1).  Debtors have demonstrated an adequate basis for the Court to waive Local Rule 9014(e)(1) and permit Debtors to file a single reply to the Confirmation Objections which in the aggregate may exceed 15 pages in length.

**III.  Establishment of Voting Record Date and Approving Procedures for Temporary Allowance of Claims or Equity Interests that are Subject to an Objection Filed by the Debtors**

9.  Pursuant to Bankruptcy Rule 3017(d), July 15, 2010 (as of 5:00 p.m., prevailing Pacific Time) shall be the voting record date with respect to all Claims and Equity Interests.  The Debtors shall use the Voting Record Date for determining which (a) creditors or interest holders are entitled to receive Solicitation Packages, (b) creditors or interest holders are entitled to vote to accept or reject the Plan, and (c) non-voting creditors and Equity Interest holders are entitled to receive notice of the Confirmation Hearing.

10.  With respect to any transferred Claim or Equity Interest, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim or Equity Interest only if:  (a) all actions necessary to effect the transfer of the Claim or Equity Interest pursuant to Bankruptcy Rule 3001(e) have been completed before the applicable Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  Each transferee shall be treated as a single creditor for purposes of the numerosity requirements in Section 1126(c) of the Bankruptcy Code and the other procedures set forth in the Motion.

11.  Any holder of a Claim or Equity Interest against the Debtors for which the Debtors have filed an objection, whether such objection related to the entire Claim or Equity Interest or a portion thereof, shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of Section 1126(c) of the Bankruptcy Code have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) unless (a) the Claim or Equity Interest has been temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a) and in accordance with this Order or (b) on or before the Voting Deadline, the objection to such Claim or Equity Interest has been withdrawn or resolved in favor of the creditor or interest holder asserting the Claim or Equity Interest.

**IV.    Approval of Solicitation Procedures**

A.    Duties of Voting and Claims Agent

12.    The Voting and Claims Agent shall assist the Debtors in, among other things, (a) mailing Confirmation Hearing Notices to holders of Claims and Equity Interests in the Non-Voting Classes and other non-voting parties entitled to notice, (b) mailing Solicitation Packages, (c) soliciting votes on the Plan, (d) receiving, tabulating, and reporting on Ballots cast for or against the Plan by holders of Claims and Equity Interests against the Debtors entitled to vote, (e) responding to inquiries from creditors and stakeholders relating to the Plan, the Approved Disclosure Statement, the Ballots and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plan and objecting to the Plan, and (f) if necessary, contacting creditors regarding their Ballots and efforts to cure defects in such Ballots with the guidance and consent of the Debtors.

B.    Notices and Ballots

13.    The Notices and Ballot to be used in connection with the solicitation of votes on, and confirmation of, the Plan which are annexed hereto as Exhibits 1 through 3 are hereby approved in full.

14.    All Ballots sent to Voting Classes shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Voting and Claims Agent.

15.    Administrative Claims, Priority Tax Claims and Claims in Classes P.1, S.1, NA.1, RL.1, RC.1 and TS.1 are Unimpaired Claims and, thus, the Holders of such Unimpaired Claims are conclusively presumed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code, and the Debtors are not required to solicit their vote.

16.    All Classes and Equity Interests that do not retain or receive any property under the Plan, and are, therefore, deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code are hereby deemed to reject the Plan.  Therefore, the Debtors are not required to send Ballots or Solicitation Packages to Holders of such Claims or Equity Interests.  Rather, in lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the

Holders of such Claims and Equity Interests the Notice of Non-Voting Status, attached hereto as Exhibit 2.

C.      Content and General Transmittal of Solicitation Packages; Confirmation Hearing Notice

17.     The Debtors are authorized to transmit, or cause to be transmitted, on or before five (5) business days from the date hereof (the "Solicitation Mailing Date"), to the persons listed below, subject to the limitations contained therein and elsewhere in this Order, by United States mail, first-class postage prepaid, personal service, or overnight delivery, a solicitation package (the "Solicitation Package") containing a copy or conformed printed version of the following:

        a.      the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1;

        b.      the Disclosure Statement, with the Plan (which may be furnished in the Solicitation Package as an exhibit to the Disclosure Statement) in CD-ROM format;

        c.      the Disclosure Statement Order (without exhibits attached) in CD-ROM format;

        d.      to the extent applicable, a Ballot and/or notice, appropriate for the specific creditor, in substantially the forms attached to this Order (as may be modified for particular classes and with instruction attached thereto);

18.     In disseminating the Solicitation Packages, the Debtors may include this Order, the Disclosure Statement and Plan in the form of a CD-ROM in an Adobe Acrobat (PDF) standard format.  Parties will be provided a paper copy of the Disclosure Statement and Plan only upon written request to the Voting and Claims Agent.

19.     The Debtors shall file the Plan Supplement with the Court on or before ten (10) days prior to the Voting Deadline (the "Exhibit Filing Date"), which filing is without prejudice to the Debtors' rights to amend or supplement the Plan Supplement.

20.     The Debtors shall provide copies of the Solicitation Package (other than a Ballot) and the Plan Supplement to (a) the Office of the United States Trustee, (b) counsel for the

Creditors' Committee, (c) the Securities and Exchange Commission, (d) the Internal Revenue Service, and (e) National Indian Gaming Commission.

21.    Creditors who have filed duplicate Claims or Equity Interests in any given Voting Class shall be entitled to receive only one Solicitation Package and shall be allowed one Ballot for voting their Claims or Equity Interests with respect to that Class based upon the last timely filed valid Claim or Equity Interest.

22.    The Debtors shall provide the Confirmation Hearing Notice to all parties that received the Disclosure Statement Notice, and to parties to executory contracts and unexpired leases, which parties are not currently "creditors" as defined in section 101(10) of the Bankruptcy Code.

D.    <u>Transmittal of Solicitation Packages to Holders of Contingent, Unliquidated, and Disputed Claims and Equity Interests that are Not Subject to an Objection Filed by the Debtors</u>

23.    The terms of this Order notwithstanding, the Debtors shall not be required to mail any documents or notices, other than the Confirmation Hearing Notice, to any creditor (i) whose Claim or Equity Interest is not scheduled or is scheduled as disputed, contingent or unliquidated or is zero or unknown in amount and (ii) who failed to timely file a proof of Claim or Equity Interest.

24.    The Debtors shall distribute to claimants in a Voting Class who have filed timely proofs of Claim which, in whole or in part, reflect a disputed, unliquidated, or contingent Claim, and which are not subject to an objection filed by the Debtors, a Solicitation Package that contains a Ballot. Claimants or Interest Holders in Claims other than Voting Classes shall receive a Solicitation Package containing the Confirmation Hearing Notice, but not containing any Ballot.

25.    Notwithstanding anything in this Order to the contrary, the Debtors shall not be required to send Solicitation Packages, individual solicitation materials or other notices to any of the following creditors or other parties-in-interest in the Chapter 11 Case

a.    any creditor whose Claim is based solely on amounts scheduled by the Debtors but whose Claim already has been paid or satisfied in the full

scheduled amount; provided, however, if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein;

b.  any creditor who filed a proof of Claim if the amount asserted in such proof of Claim is less than or equal to the amount that has already been paid;

c.  any Holder of a Claim or Equity Interest that was disallowed in full by order of this Court; or

d.  any person or entity to whom the Debtors have mailed notices in the past the Disclosure and received any such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or any similar reason, unless the Debtors have been informed in writing by such person of that person's new address.  The Voting and Claims Agent and the Debtors are under no duty to attempt to find working addresses for or to re-mail Solicitation Packages that are returned marked "undeliverable."

**V.    Voting Deadline and Procedures for Vote Tabulation**

26.    In order to be counted, Ballots for accepting or rejecting the Plan must be received by the Voting and Claims Agent by 5:00 p.m. Prevailing Pacific Time on August 20, 2010 (the "Voting Deadline").

27.    Any timely received Ballot that contains sufficient information to permit the identification of the Claimant or equity holder and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.   The foregoing general procedures shall be subject to the following exceptions:

a.  If a Claim or Equity Interest is deemed Allowed in accordance with the Plan, such Claim or Equity Interest shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

b.  If a Claim for which a proof of Claim has been timely filed is marked, in whole or in part, as contingent, unliquidated, or disputed, and that is not subject to an objection filed by the Debtors, then such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

c.  If a Claim or Equity Interest has been estimated or otherwise allowed for voting purposes by order of the Court, then such Claim or Equity Interest shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

d.  If a Claim or Equity Interest is not listed on the Schedules, or is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and a proof of Claim was not (a) timely filed by the Claims Bar Date or (b) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, then such Claim shall be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c);

e.  If the Debtors have served and filed an objection to a Claim or Equity Interest or any portion thereof, then such Claim or Equity Interest shall be temporarily disallowed for voting purposes only and not for the purposes of the allowance or distribution, except to the extent and in the manner as may be set forth in the objection; and

f.  Ballots cast in amounts in excess of their allowed amount will only be counted to the extent of the creditors' allowed Claim or Equity Interest.

28.  None of the Debtors, the Voting and Claims Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.  The Voting and Claims Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

29.  The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

a.  Any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

b.  Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim or Equity Interest;

c.  Any Ballot cast by a person or entity that does not hold a Claim or Equity Interest in a class that is entitled to vote to accept or reject the Plan;

d.  Any Ballot cast for a Claim not listed on the Schedules, or scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of Claim was timely filed;

e.       Any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

f.       Any Ballot submitted by facsimile, telecopy or electronic mail;

g.       Any unsigned Ballot;

h.       Any Ballot sent to this Court, the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; or

i.       Any Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

30.    Any duplicate Ballot will only be counted once.

31.    Whenever two or more Ballots are cast which attempt to vote the same Claim or Equity Interest prior to the Voting Deadline, the last valid Ballot received by the Voting and Claims Agent prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots, provided, however, that where an ambiguity exists as to which Ballot was the latest mailed, the Voting and Claims Agent reserves the right to contact the creditor and calculate the vote according to such voter's stated intent.  This procedure is without prejudice to the Debtors' rights to object to the validity of the last Ballot received on any basis permitted by law and, if the objection is sustained, to count the first Ballot for all purposes.

32.    Claim or Equity Interest splitting is not permitted, and creditors who vote must vote all of their Claims or Equity Interests within a particular class to either accept or reject the Plan.

## VI.    <u>Miscellaneous</u>

33.    The service of Solicitation Packages and other notices and documents described herein in the time and manner set forth in this Order constitutes adequate and sufficient notice of the Confirmation Hearing and no further notice is necessary.

34.    The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, the Ballots, the Notice of Non-Voting Status and related documents without

further order of the Court, including without limitation changes to correct typographical and grammatical errors, insert dates and to make conforming changes among the Disclosure Statement, the Plan, the Ballots, the Notice of Non-Voting Status and any other materials in the Solicitation Package prior to mailing.

35.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

36.    Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

37.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Reorganization Counsel for
Debtors and Debtors in Possession

Laury M. Macauley, NV State Bar #11413
Dawn M. Cica, NV State Bar # 004595
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV 89501
lmacauley@lrlaw.com

Local Reorganization Counsel
For Debtors and Debtors in Possession

#4819-4917-3253

-12-

1   APPROVED/DISAPPROVED           APPROVED

2   OFFICE OF THE UNITED STATES     THE OFFICIAL COMMITTEE OF
      TRUSTEE                        UNSECURED CREDITORS

3

4   By Signature waived             By/s/ Marissa Soto
                                Fried, Frank, Harris, Shriver & Jacobson,
5                               LLP

6   APPROVED                     APPROVED

7   INDEPENDENT LENDERS         OPCO Agent

8   By/s/ Eric Goldberg           /s/ Jason Friedman
9   Stutman, Treister & Glatt       Simpson Thacher & Bartlett

10

11  APPROVED

12  LAW DEBENTURE TRUST COMPANY
     OF NEW YORK
13

14  By/s/ Charlote Bodwell
       Sullivan & Worcester LLP
15

16                               # # #

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

# Exhibit 1

<table>
<tr><td>1</td><td colspan="2">Paul S. Aronzon (CA SBN 88781)</td></tr>
</table>

Paul S. Aronzon (CA SBN 88781)
Thomas R. Kreller (CA SBN 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:     (213) 892-4000
Facsimile:     (213) 629-5063

Reorganization Counsel for
Debtors and Debtors in Possession

Laury M. Macauley (NV SBN 11413)
Dawn M. Cica (NV SBN 004595)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:     (775) 823-2900
Facsimile:     (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC
☐ Affects GV Ranch Station, Inc.

Chapter 11

Case No. BK-09-52477
Jointly Administered
BK 09-52470 through BK 09-52487 and
BK 10-50381

**NOTICE OF (A) PLAN CONFIRMATION
HEARING, (B) OBJECTION AND
VOTING DEADLINES AND (C)
SOLICITATION AND VOTING
PROCEDURES**

TO:     ALL HOLDERS OF CLAIMS AGAINST, AND HOLDERS OF EQUITY INTERESTS
        IN, THE ABOVE-REFERENCED DEBTORS AND ALL OTHER PARTIES-IN-
        INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES:

        **PLEASE TAKE NOTICE THAT** on July 13, 2010, the above-captioned debtors

and debtors-in-possession (collectively, the "Debtors") filed the *Joint Plan of Reorganization for*

#4813-2828-6725

*Station Casinos, Inc. and Its Affiliated Debtors (Dated June 15, 2010)* (the "<u>Plan</u>") as <u>Exhibit A</u> to the "*First Amended Notice of Filing Schedules and Exhibits to Disclosure Statement to Accompany Joint Chapter 11 Plan of Reorganization For Station Casinos, Inc., And Its Affiliated Debtors (Dated June 15, 2010)*" [Docket No. 1771]. On July 14, 2010, the Debtors filed the *First Revised Disclosure Statement to Accompany Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated June 15, 2010)* [Docket No. 1774]. On July __, 2010, the Debtors filed the *Second Revised Disclosure Statement to Accompany Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated June 15, 2010)* (the "<u>Disclosure Statement</u>").

**PLEASE TAKE FURTHER NOTICE THAT** on July __, 2010, the Bankruptcy Court entered an order (i) approving the Disclosure Statement, (ii) establishing the Voting Record Date, Voting Deadline and other dates, (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan, (iv) approving the manner and forms of certain notices and (v) authorizing the Debtors to serve this Notice (the "<u>Disclosure Statement Order</u>") [Docket No. ____].

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors are soliciting acceptances of the Plan from Holders of Claims and Equity Interests who are entitled to vote on the Plan. The Bankruptcy Court can confirm the Plan and bind all Holders of Claims and Equity Interests if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims or Equity Interests in each Impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on all Holders of Claims and Equity Interests whether or not a particular Holder voted or affirmatively voted to reject the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Confirmation Hearing to consider confirmation of the Plan will commence at 10:00 a.m. prevailing Pacific Time on August 27, 2010 and continue on August 30, 2010, before the Honorable Gregg Zive, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Nevada, located at 300 Booth Street, Reno, Nevada 89509. The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by announcement in open court or by a notice of adjournment filed with the Bankruptcy Court and served on such parties as the Bankruptcy Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

## CRITICAL INFORMATION REGARDING VOTING ON THE JOINT PLAN

In accordance with sections 1122 and 1123 of the Bankruptcy Code, the Plan contemplates classifying Holders of Claims and Equity Interests into various Classes for all purposes, including with respect to voting on the Plan, as follows:

### SUMMARY OF STATUS AND VOTING RIGHTS

**1.**    **Claims and Equity Interests Against Parent Debtors**

   **(a)**    **FCP Holding, Inc.**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| FHI.1 | Prepetition Mortgage Loan Guaranty Claims | Impaired | Entitled to Vote |
| FHI.2 | Prepetition Mezzanine Loan Guaranty Claims | Impaired | Deemed to Reject |
| FHI.3 | Land Loan Guaranty Claims | Impaired | Deemed to Reject |
| FHI.4 | General Unsecured Claims | Impaired | Deemed to Reject |
| FHI.5 | Intercompany Claims | Impaired | Deemed to Reject |
| FHI.6 | Equity Interests | Impaired | Deemed to Reject |

**(b)    Fertitta Partners LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| FP.1 | Prepetition Mortgage Loan Guaranty Claims | Impaired | Entitled to Vote |
| FP.2 | Prepetition Mezzanine Loan Guaranty Claims | Impaired | Deemed to Reject |
| FP.3 | Land Loan Guaranty Claims | Impaired | Deemed to Reject |
| FP.4 | General Unsecured Claims | Impaired | Deemed to Reject |
| FP.5 | Intercompany Claims | Impaired | Deemed to Reject |
| FP.6 | Equity Interests | Impaired | Deemed to Reject |

**(c)    FCP Voteco, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| VC.1 | Prepetition Mortgage Loan Guaranty Claims | Impaired | Entitled to Vote |
| VC.2 | Prepetition Mezzanine Loan Guaranty Claims | Impaired | Deemed to Reject |
| VC.3 | Land Loan Guaranty Claims | Impaired | Deemed to Reject |
| VC.4 | General Unsecured Claims | Impaired | Deemed to Reject |
| VC.5 | Intercompany Claims | Impaired | Deemed to Reject |
| VC.6 | Equity Interests | Impaired | Deemed to Reject |

**2.    Claims and Equity Interests Against Propco**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| P.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| P.2 | Prepetition Mortgage Loan Agreement Claims | Impaired | Entitled to Vote |
| P.3 | General Unsecured Claims | Impaired | Deemed to Reject |
| P.4 | Intercompany Claims | Impaired | Deemed to Reject |
| P.5 | Equity Interests | Impaired | Deemed to Reject |

#4813-2828-6725

-4-

3.    **Claims and Equity Interests Against Mezzco Debtors**

(a)    **FCP MezzCo Parent, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| MP.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| MP.2 | Intercompany Claims | Impaired | Deemed to Reject |
| MP.3 | Equity Interests | Impaired | Deemed to Reject |

(b)    **FCP MezzCo Parent Sub, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| MS.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| MS.2 | Intercompany Claims | Impaired | Deemed to Reject |
| MS.3 | Equity Interests | Impaired | Deemed to Reject |

(c)    **FCP Mezzco Borrower VII, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| M7.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| M7.2 | Intercompany Claims | Impaired | Deemed to Reject |
| M7.3 | Equity Interests | Impaired | Deemed to Reject |

(d)    **FCP Mezzco Borrower VI, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| M6.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| M6.2 | Intercompany Claims | Impaired | Deemed to Reject |
| M6.3 | Equity Interests | Impaired | Deemed to Reject |

(e)    **FCP Mezzco Borrower V, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| M5.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| M5.2 | Mezz IV Pledge Claims | Impaired | Entitled to Vote |

#4813-2828-6725

| M5.3 | Intercompany Claims | Impaired | Deemed to Reject |
| M5.4 | Equity Interests | Impaired | Deemed to Reject |

**(f)    FCP Mezzco Borrower IV, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| M4.1 | Mezz IV Loan Claims | Impaired | Entitled to Vote |
| M4.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| M4.3 | Intercompany Claims | Impaired | Deemed to Reject |
| M4.4 | Equity Interests | Impaired | Deemed to Reject |

**(g)    FCP Mezzco Borrower III, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| M3.1 | Mezz III Loan Claims | Impaired | Entitled to Vote |
| M3.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| M3.3 | Intercompany Claims | Impaired | Deemed to Reject |
| M3.4 | Equity Interests | Impaired | Deemed to Reject |

**(h)    FCP Mezzco Borrower II, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| M2.1 | Mezz II Loan Claims | Impaired | Entitled to Vote |
| M2.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| M2.3 | Intercompany Claims | Impaired | Deemed to Reject |
| M2.4 | Equity Interests | Impaired | Deemed to Reject |

**(i)    FCP Mezzco Borrower I, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| M1.1 | Mezz I Loan Claims | Impaired | Entitled to Vote |
| M1.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| M1.3 | Intercompany Claims | Impaired | Deemed to Reject |

| M1.4 | Equity Interests | Impaired | Deemed to Reject |

### 4.  Claims and Equity Interests Against SCI

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| S.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| S.2 | Prepetition Opco Secured Claims | Impaired | Entitled to Vote |
| S.3 | Master Lease Rejection Damage Claim | Impaired | Entitled to Vote |
| S.4 | General Unsecured Claims | Impaired | Deemed to Reject |
| S.5 | Senior Notes Claims | Impaired | Deemed to Reject |
| S.6 | Subordinated Notes Claims | Impaired | Deemed to Reject |
| S.7 | Mortgage Lender Claims Against SCI | Impaired | Entitled to Vote |
| S.8 | Intercompany Claims | Impaired | Deemed to Reject |
| S.9 | Equity Interests | Impaired | Deemed to Reject |

### 5.  Claims and Equity Interests Against Other Opco Debtors

#### (a)  Northern NV Acquisitions, LLC

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| NA.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| NA.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| NA.3 | Equity Interests | Impaired | Deemed to Reject |

#### (b)  Reno Land Holdings, LLC

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| RL.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| RL.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| RL.3 | Equity Interests | Impaired | Deemed to Reject |

#### (c)  River Central, LLC

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| RC.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| RC.2 | Prepetition Opco Credit Agreement Guaranty Claims | Impaired | Entitled to Vote |
| RC.3 | General Unsecured Claims | Impaired | Deemed to Reject |
| RC.4 | Equity Interests | Impaired | Deemed to Reject |

**(d)    Tropicana Station, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| TS.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| TS.2 | Prepetition Opco Credit Agreement Guaranty Claims | Impaired | Entitled to Vote |
| TS.3 | General Unsecured Claims | Impaired | Deemed to Reject |
| TS.4 | Equity Interests | Impaired | Deemed to Reject |

<u>Voting Record Date</u>.  The Voting Record Date is July 15, 2010 (as of 5:00 p.m. prevailing Pacific Time) with respect to all Claims and Equity Interests.  The Voting Record Date is the date by which it will be determined which Holders of Claims and Equity Interests in voting classes are entitled to vote on the Plan.

<u>Voting Deadline</u>.  The deadline for voting on the Plan is *5:00 p.m. prevailing Pacific Time on August 20, 2010* (the "<u>Voting Deadline</u>").  If you hold a Claim against or Equity Interest in the Debtors as of the applicable Voting Record Date and are entitled to vote to accept or reject the Plan, you should have received a Ballot, a Beneficial Holder Ballot or a Master Ballot (as applicable) and corresponding voting instructions.  For your vote to be counted, you must:  (a) follow such voting instructions carefully, (b) complete all the required information on the Ballot, Beneficial Holder Ballot or Master Ballot, as applicable; and (c) sign, date and return your completed Ballot, Beneficial Holder Ballot or Master Ballot, as applicable, so that it is actually received by the Voting and Claims Agent (or Intermediary Record Owner, as

1   appropriate) according to and as set forth in detail in the voting instructions on or before the

2   Voting Deadline.  A failure to follow such instructions may disqualify your vote.

3   **CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN**

4   *ARTICLE X OF THE PLAN (AT PAGES __-__ OF THE PLAN) CONTAINS RELEASES,*

5   *EXCULPATION AND INJUNCTION PROVISIONS.  YOU ARE ADVISED TO REVIEW AND*

6   *CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED*

7   *THEREUNDER.*

8         <u>Plan Objection Deadline</u>.  The deadline for filing objections to the Plan is August

9   12, 2010 at 5:00 p.m. prevailing Pacific Time (the "<u>Plan Objection Deadline</u>").

10         <u>Objections to the Plan</u>.  Any objection to the Plan must: (i) be in writing; (ii)

11   conform to the Bankruptcy Rules and the Local Rules; (iii) state the name and address of the

12   objecting party and the amount and nature of the Claim or Equity Interest of such Entity; (iv)

13   state with particularity the basis and nature of any objection to the Plan and, if practicable, a

14   proposed modification to the Plan that would resolve such objection; and (v) be filed,

15   contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is

16   actually received no later than the Plan Objection Deadline by the parties listed below (the

17   "<u>Notice Parties</u>").  CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN

18   THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE

19   BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.

20

21

22

23

24

25

26

27

28

1

**NOTICE PARTIES**

2      (a) Station Casinos, Inc., 1505 South Pavilion Center Drive, Las Vegas, Nevada  89135;

3   Attention:  Richard Haskins, Esq. (b) Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 601 South

4   Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention:  Paul S. Aronzon, Esq. and

5   Thomas R. Kreller, Esq., counsel for Debtors, (c) Lewis & Roca LLP, 50 West Liberty Street,

6   Suite 410, Reno, Nevada 89501; Attention:  Laury Macauley, Esq., counsel for Debtors,

7   (d) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071;

8   Attention: Oscar Garza, Esq., special counsel for FCP PropCo, LLC and FCP Mezzco Borrowers

9   I-V, (e) Skadden, Arps, Slate, Meagher & Flom, LLP, 300 S. Grand Ave., Ste. 3400, Los

10  Angeles, California 90071; Attention: Van C. Durrer II, counsel to Dr. James E. Nave, (f) the

11  Office of the United States Trustee for the District of Nevada, C. Clifton Young Federal Bldg.,

12  300 Booth Street, Rm. 2129, Reno, Nevada 89509; Attention:  Bill Cossitt, Esq., (g) Fried Frank

13  Harris Shriver & Jacobson, One New York Plaza, New York, New York 10004; Attention:

14  Bonnie Steingart, Esq. and Marissa Soto, Esq., counsel to the Official Committee of Unsecured

15  Creditors, (h) Fox Rothschild, 3773 Howard Hughes Pkwy., Suite 500 North, Las Vegas, Nevada

16  89169, Attention:  Anne Loraditch, Esq., counsel to the Official Committee of Unsecured

17  Creditors, (i) Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, New York 10017;

18  Attention: Sandy Qusba, Esq. and Jason Friedman, Esq., counsel to the prepetition agent; (j)

19  Sidley Austin, One South Dearborn, Chicago, Illinois 60603; Attention: Larry Nyhan, Esq. and

20  Jeffrey Bjork, Esq.

21

**ADDITIONAL INFORMATION**

22      Obtaining Solicitation Materials.  If you would like to obtain a Solicitation

23  Package (excluding Ballots, Beneficial Holder Ballots and Master Ballots) or if you have

24  questions regarding the procedures and requirements for objecting to the Plan, you may contact

25  the Debtors' Voting and Claims Agent, Kurtzman Carlson Consultants ("KCC") by:  calling the

26  KCC hotline at (877) 499-4512;  and/or writing to KCC, 2335 Alaska Avenue, El Segundo,

27  California 90245; Attention: Aaron M. Doyle.  You may also obtain copies of any pleadings

28

#4813-2828-6725

1    filed in this chapter 11 case for a fee via PACER at: http:/wwwdeb.uscourts.gov or free of charge

2    at http://www.kcc.net/stationcasinos.

3                    <u>Filing the Plan Supplement</u>.  The Debtors will file the Plan Supplement no fewer

4    than ten (10) days prior to the Voting Deadline and will serve the Plan Supplement on all parties

5    that have filed requests for notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002

6    as of such filing date and on such parties directed by the Court pursuant to the Disclosure

7    Statement Order.  Copies of the Plan Supplement may be obtained in the manner set forth above.

8    Dated: July __, 2010

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 2

# Exhibit 2

Paul S. Aronzon (CA SBN 88781)
Thomas R. Kreller (CA SBN 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Reorganization Counsel for
Debtors and Debtors in Possession

Laury M. Macauley (NV SBN 11413)
Dawn M. Cica (NV SBN 004595)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Local Reorganization Counsel for
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Chapter 11 |
| STATION CASINOS, INC. | Case No. BK-09-52477<br>Jointly Administered<br>BK 09-52470 through BK 09-52487 and<br>BK 10-50381 |
| ☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects Northern NV Acquisitions, LLC<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC<br>☐ Affects GV Ranch Station, Inc. | **NOTICE OF NON-VOTING STATUS TO HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO REJECT THE JOINT PLAN** |

**PLEASE TAKE NOTICE THAT** on July 13, 2010, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the *Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated June 15, 2010)* (the "Plan") as Exhibit A

to the "*First Amended Notice of Filing Schedules and Exhibits to Disclosure Statement to Accompany Joint Chapter 11 Plan of Reorganization For Station Casinos, Inc., And Its Affiliated Debtors (Dated June 15, 2010)*" [Docket No. 1771]. On July 14, 2010, the Debtors filed the *First Revised Disclosure Statement to Accompany Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated June 15, 2010)* [Docket No. 1774].  On July __, 2010, the Debtors filed the *Second Revised Disclosure Statement to Accompany Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated June 15, 2010)* (the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE THAT on July __, 2010, the Bankruptcy Court entered an order (i) approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code, (ii) establishing the Voting Record Date, Voting Deadline and other dates (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan and (iv) approving the manner and forms of certain notices (the "Disclosure Statement Order") [Docket No. __].

PLEASE TAKE FURTHER NOTICE THAT because of the nature and treatment of Claims in the following Classes: FHI.2, FHI.3, FHI.4, FHI.5, FHI.6, FP.2, FP.3, FP.4, FP.5, FP.6, VC.2, VC.3, VC.4, VC.5, VC.6, P.3, P.4, P.5, MP.1, MP.2, MP.3, MS.1, MS.2, MS.3, M7.1, M7.2, M7.3, M6.1, M6.2, M6.3, M5.1, M5.3, M5.4, M4.2, M4.3, M4.4, M3.2, M3.3, M3.4, M2.2, M2.3, M2.4, M1.2, M1.3, M1.4, S.4, S.5, S.6, S.8, S.9, NA.2, NA.3, RL.2, RL.3, RC.3, RC.4, TS.3, TS.4 (the "Non Voting-Classes"), you are not entitled to vote on the Plan.  Specifically, under the terms of the Plan, Holders of Claims or Interests in the Non-Voting Classes are not entitled to receive or retain any property of the Debtors on account of such Claims or Interests against the Debtors.  Pursuant to section 1126(g) of the Bankruptcy Code, as a Holder of a Claim or Interest in the Non-Voting Classes, you are deemed to have rejected the Plan and, therefore, you are not entitled to vote on the Plan.  For these reasons, you have not been sent a copy of the Disclosure Statement, Plan or Ballot for voting on the Plan.

PLEASE TAKE FURTHER NOTICE THAT the Confirmation Hearing to

consider confirmation of the Plan will commence at **10:00 a.m. prevailing Pacific Time on**

**August 27 and continue on August 30, 2010**, before the Honorable Gregg Zive,  United States

Bankruptcy Judge, in the United States Bankruptcy Court for the District of Nevada, located at

300 Booth Street, Reno, Nevada 89501.  The Confirmation Hearing may be continued from time

to time by the Bankruptcy Court or the Debtors without further notice other than by

announcement in open court or by a notice of adjournment filed with the Bankruptcy Court and

served on such parties as the Bankruptcy Court may order.  Moreover, the Plan may be modified

or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as

a result of the Confirmation Hearing, without further notice to parties-in-interest.

          **PLEASE TAKE FURTHER NOTICE THAT**, notwithstanding that you are not

entitled to vote on the Plan, you are nevertheless a party in interest in the Debtors' chapter 11

cases and you are entitled to participate in the Debtors' chapter 11 cases, including by filing

objections to confirmation of the Plan.  The deadline for filing objections to the Plan is **August**

**12, 2010 at 5:00 p.m. prevailing Pacific Time** (the "Plan Objection Deadline").

CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER

SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT

AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.  Any objection to the Plan

must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the

name and address of the objecting party and the amount and nature of the Claim of such Entity;

(iv) state with particularity the basis and nature of any objection to the Plan and, if practicable, a

proposed modification to the Plan that would resolve such objection; and (v) be filed,

contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is

**actually** **received** no later than the Plan Objection Deadline by the following parties

(collectively, the "Notice Parties"): (a) Station Casinos, Inc., 1505 South Pavilion Center Drive,

Las Vegas, Nevada  89135; Attention:  Richard Haskins, Esq. (b) Milbank, Tweed, Hadley &

M$^c$Cloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention:

Paul S. Aronzon, Esq. and Thomas R. Kreller, Esq., counsel for Debtors, (c) Lewis & Roca LLP,

50 West Liberty Street, Suite 410, Reno, Nevada 89501; Attention:  Laury Macauley, Esq.,

counsel for Debtors, (d) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles,

California 90071; Attention: Oscar Garza, Esq., special counsel for FCP PropCo, LLC and FCP

Mezzco Borrowers I-V, (e) Skadden, Arps, Slate, Meagher & Flom, LLP, 300 S. Grand Ave.,

Ste. 3400, Los Angeles, California 90071; Attention: Van C. Durrer II, counsel to Dr. James E.

Nave, (f) the Office of the United States Trustee for the District of Nevada, C. Clifton Young

Federal Bldg., 300 Booth Street, Rm. 2129, Reno, Nevada 89509; Attention:  Bill Cossitt, Esq.,

(g) Fried Frank Harris Shriver & Jacobson, One New York Plaza, New York, New York 10004;

Attention:  Bonnie Steingart, Esq. and Marissa Soto, Esq., counsel to the Official Committee of

Unsecured Creditors, (h) Fox Rothschild, 3773 Howard Hughes Pkwy., Suite 500 North, Las

Vegas, Nevada 89169, Attention:  Anne Loraditch, Esq., counsel to the Official Committee of

Unsecured Creditors, (i) Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, New

York 10017; Attention: Sandy Qusba, Esq. and Jason Friedman, Esq., counsel to the prepetition

agent; (j) Sidley Austin, One South Dearborn, Chicago, Illinois 60603; Attention: Larry Nyhan,

Esq. and Jeffrey Bjork, Esq.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a

copy of a Solicitation Package (excluding Ballots, Beneficial Holder Ballots and Master Ballots)

or if you have questions regarding the procedures and requirements for objecting to the Plan, you

may contact the Debtors' Voting and Claims Agent, Kurtzman Carson Consultants ("KCC"), by:

(i) calling the KCC hotline at (877) 499-4512; and/or (ii) writing to KCC, 2335 Alaska Avenue,

El Segundo, CA 90245, Attn: Aaron M. Doyle.  You may also obtain copies of any pleadings

filed in this chapter 11 case for a fee via PACER at: http:/wwwdeb.uscourts.gov or free of charge

at http://www.kccllc.net/stationcasinos.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE VOTING AND CLAIMS AGENT AT THE NUMBER OR ADDRESS SPECIFIED ABOVE.**

NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN
AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL

1

2

ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR
THIS PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE
MAILED HEREWITH.

3

Dated:  July __, 2010

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 3

# Exhibit 3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: | Chapter 11 |
| STATION CASINOS, INC. | Case No. BK-09-52477 |
|  | Jointly Administered<br>BK 09-52470 through BK 09-52487 |

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

### BALLOT FOR VOTING ON THE ABOVE-CAPTIONED DEBTORS' CHAPTER 11 PLAN

**[FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.2 - Prepetition Opco Secured Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims]**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT
IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AND CLAIMS AGENT ON OR BEFORE
5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010 (THE "<u>VOTING DEADLINE</u>").**

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") are soliciting votes with respect to the *Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated June 15,*

*2010*) (as may be amended, supplemented or modified from time to time, the "Plan"), filed as Exhibit A to the *First Amended Notice of Filing Schedules and Exhibits to Disclosure Statement to Accompany Joint Chapter 11 Plan of Reorganization For Station Casinos, Inc., And Its Affiliated Debtors (Dated June 15, 2010)*" [Docket No. 1771] and as set forth in the *Second Revised Disclosure Statement to Accompany Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated June 15, 2010)* [Docket No. ___] (as may be amended, supplemented or modified from time to time, the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of the *Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline and Other Dates; (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on Joint Plan and For Filing Objections to Joint Plan; (D) Setting Confirmation Hearing and Related Deadlines; and (E) Approving Forms of Notices and Ballots* on [_____], 2010 [Docket No.  ] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Ballot because our records indicate that you are a direct Holder of a Class [FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.2 - Prepetition Opco Secured Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims], as of the applicable Voting Record Date (July 15, 2010 as of 5:00 p.m. prevailing Pacific Time). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included (along with the Plan, Disclosure Statement Order and certain other materials) in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, or have questions or concerns with respect to such materials, you may contact the Debtors' Voting and Claims Agent by:  (1) visiting the Debtors' restructuring website at www.kccllc.net/stationcasinos; (2) writing to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90295, Attention: Aaron M. Doyle; and/or (3) calling the Voting and Claims Agent at (877) 499-4512. You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at: www.nvb.uscourts.gov or free of charge at www.kccllc.net/stationcasinos.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting and Claims Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in [FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.2 - Prepetition Opco Secured Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims] under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Bankruptcy Court can confirm the Plan and bind you to the terms set forth therein if the Plan is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or affirmatively vote to reject the Plan. To have your vote counted, you must complete, sign and return this Ballot so that it is actually received by the Voting and Claims Agent by the Voting Deadline.

[**FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.2 - Prepetition Opco Secured Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims**]

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.

2.      To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 below has been inserted (if you do not know the amount of your claim, please contact the Voting and Claims Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 below; (c) provide the information required by Item 3 below and (d) sign, date and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

3.      If a Ballot is received after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot.  Additionally, the following Ballots will **NOT** be counted:

> ➢  any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> ➢  any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> ➢  any Ballot cast for a Claim that is not listed on the Schedules, or that is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of laim was timely filed;

> ➢  any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

> ➢  any Ballot submitted by facsimile, telecopy or electronic mail;

> ➢  any unsigned Ballot;

> ➢  any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> ➢  any Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

4.      The method of delivery of Ballots to the Voting and Claims Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually receives** the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

5.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

7.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting and Claims Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.      This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9.      <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10.     If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<b><u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u></b>

<b>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,<br>THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,</b>

<b>PLEASE CALL THE VOTING AND CLAIMS AGENT AT:  (877) 499-4512</b>

<b>IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u><br>THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M.<br>PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THEN YOUR VOTE<br>TRANSMITTED HEREBY WILL <u>NOT</u> BE COUNTED.</b>

NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

**Item 1.**  **Amount of Claim.**

The undersigned hereby certifies that as of the applicable Voting Record Date (July 15, 2010 as of 5:00 p.m. prevailing Pacific Time), the undersigned was the Holder of [FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.2 - Prepetition Opco Secured Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims] against the Debtors in the following unpaid amount (insert unpaid amount in box below if not already completed):

$\boxed{\$\rule{3cm}{0.4pt}}$

**Item 2.**  **Vote on Plan.**

The Holder of the [FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.2 - Prepetition Opco Secured Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims] against the Debtors set forth in Item 1 above votes to (please check <u>one</u> box below):

| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |
|---|---|

THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3.**  **(Optional) Election to Opt-in to Release Provisions.**

Check the box below if you elect to <u>grant</u> the releases set forth in Article X of the Plan.  Election to give consent to the releases is at your option.  If you submit your Ballot <u>without</u> this box checked or vote to reject the Plan, you will be deemed <u>not</u> to consent to the releases set forth in Article X of the Plan.

☐ The undersigned elects to <u>grant</u> the releases contained in Article X of the Plan.

**Item 4.  Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)     that either: (i) the undersigned is the Holder of the Class [FHI.1/FP.1/VC.1/P.2/M5.2/M4.1/M3.1/M2.1/M1.1/S.2/S.3/S.7/RC.2/TS.2] Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a Holder of the Class [FHI.1/FP.1/VC.1/P.2/M5.2/M4.1/M3.1/M2.1/M1.1/S.2/S.3/S.7/RC.2/TS.2] Claims being voted, and, in either case, has the full power and authority to vote to accept or reject the Plan with respect to the Claims identified in Item 1 above;

(b)     that the undersigned has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     that the undersigned has cast the same vote with respect to all Class [FHI.1/FP.1/VC.1/P.2/M5.2/M4.1/M3.1/M2.1/M1.1/S.2/S.3/S.7/RC.2/TS.2] Claims in a single Class; and

(d)     that no other Ballots with respect to the amount of the Class [FHI.1/FP.1/VC.1/P.2/M5.2/M4.1/M3.1/M2.1/M1.1/S.2/S.3/S.7/RC.2/TS.2] Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder: _____
(Print or Type)

Social Security or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
(If other than Holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

No fees, commissions or other remuneration will be payable to any person for soliciting votes on the Plan.

If your address or contact information has changed, please note the new information here.

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED TO:**

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90295
Attention: Station Casinos Ballot Processing

#4829-8442-8294                    2

Telephone:  (877) 499-4512

THIS BALLOT MUST BE **ACTUALLY RECEIVED**
BY THE VOTING AND CLAIMS AGENT ON OR BEFORE:

**5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010**.

**BALLOTS SENT BY FACSIMILE, TELECOPY
OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED**