**These are the Court's Findings and Conclusions after full consideration of the objections to the proposed findings and conclusions.**

**Entered on Docket**
**July 26, 2010**

_____
**Hon. Gregg W. Zive**
**United States Bankruptcy Judge**

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Reorganization Counsel for
Debtors and Debtors in Possession

Laury M. Macauley (NV SBN 11413)
Dawn M. Cica (NV SBN 004595)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects Northern NV Acquisitions, LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477-GWZ
Jointly Administered

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER DENYING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EMERGENCY MOTION FOR STAY PENDING APPEAL OF ORDER GRANTING MOTION FOR ORDER ESTABLISHING BIDDING PROCEDURES AND DEADLINES RELATING TO SALE PROCESS FOR SUBSTANTIALLY ALL OF THE ASSETS OF STATION CASINOS, INC. AND CERTAIN "OPCO" SUBSIDIARIES**

Hearing Date:  June 21, 2010
Hearing Time:  3:30 p.m.

In connection with the Official Committee of Unsecured Creditors' ("UCC") *Emergency Motion for Stay Pending Appeal of Order Granting Motion for Order Establishing Bidding Procedures and Deadlines Relating to Sale Process for Substantially All of the Assets of Station Casinos, Inc. and Certain "OpCo" Subsidiaries* (the "Motion for Stay") [Docket No. 1589][1] Station Casinos, Inc. ("SCI" or "OpCo") and FCP PropCo, LLC ("PropCo" and together with SCI, the "Debtors"), debtors and debtors in possession in the above captioned Chapter 11 Cases, hereby submit these *Findings of Fact and Conclusions of Law in Support of Order Denying the Official Committee of Unsecured Creditors' Emergency Motion for Stay Pending Appeal of Order Granting Motion for Order Establishing Bidding Procedures and Deadlines Relating to Sale Process for Substantially All of the Assets of Station Casinos, Inc. and Certain "OpCo" Subsidiaries* (the "Findings of Fact and Conclusions of Law").

The Court hereby makes the following Findings of Fact and Conclusions of Law:

## I.    BACKGROUND

On April 7, 2010, the Debtors filed the *Motion for Entry of Approval of Order Establishing Bidding Procedures and Deadlines Relating to Sale Process for Substantially All of the Assets of Station Casinos, Inc. and Certain "OpCo" Subsidiaries* [Docket No. 1175] ("Bidding Procedures Motion") and the *Joint Motion of Station Casinos, Inc. and FCP PropCo, LLC Pursuant to 11 U.S.C. §§ 105(a), 363(b)(ii) and Fed. R. Bankr. 9019 for Entry of an Order Approving Second Amendment to Amend and Restated Master Lease Compromise Agreement* [Docket No. 1179] ("Second Master Lease Compromise Motion" and together with the Bidding Procedures Motion, the "Plan Facilitation Motions").  On April 19, 2010, the Debtors filed Revised Bidding Procedures [Docket No. 1214] and a Revised Second Master Lease Compromise [Docket No. 1215].

On April 21, 2010, the UCC filed objections to the Bidding Procedures Motion [Docket No. 1245] and the Second Master Lease Compromise Motion [Docket No. 1246].  Also on April 21, 2010, the Independent Lenders filed a *Consolidated Opposition to the Debtors' Bidding*

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion and the Objections.

*Procedures Motion, Second Master Lease Compromise Motion and Motion to Extend Exclusivity* [Docket No. 1243].

On April 28, 2010, PropCo filed its Reply to the *Opposition and Objections Filed Against the Second Master Lease Compromise Motion* [Docket No. 1314]. That same day, German American Capital Corporation, as Collateral Agent to the CMBS Lenders ("CMBS Lenders"), filed the *Omnibus Reply of the CMBS Lenders to the Objections of (i) The Independent Lenders and (ii) The Official Committee of Unsecured Creditors to Debtors' Bidding Procedures Motion and Second Master Lease Compromise Motion* [Docket No. 1315]. On April 28, 2010, Deutsche Bank Trust Company Americas, as administrative agent (the "Administrative Agent") for the prepetition senior secured lenders (the "OpCo Lenders"), filed its *Consolidated Response to the Objections to the Debtors' Motions to (I) Approve Bidding Procedures, (II) Approve Second Amendment to Amended & Restated Master Lease Compromise Agreement and (III) Extend Exclusivity* [Docket No. 1317].

On April 28, 2010, Bank of Scotland filed its *Joinder in the Administrative Agent's Consolidated Response to the Objections to the Debtors' Motions to (I) Approve Bidding Procedures, Approve Second Amendment to Amended & Restated Master Lease Compromise Agreement and (III) Extend Exclusivity* [Docket No. 1321]. On April 28, 2010, the Debtors filed their *Reply to Objections Regarding the Second Master Lease Compromise Motion* [Docket No. 1323]. On May 4, 2010, Wells Fargo Bank filed a *Joinder in the Administrative Agent's Consolidated Response to the Objections to the Debtors' Motions to (I) Approve Bidding Procedures, (II) Approve Second Amendment to Amended & Restated Master Lease Compromise Agreement and (III) Extend Exclusivity* [Docket No. 1388].

On May 4 and 5, 2010, the Court held hearings on the Second Master Lease Compromise Motion and the Bidding Procedures Motion. The Court deferred ruling on the Plan Facilitation Motions, and scheduled additional hearings on May 27 and 28, 2010 in order to allow the UCC and the Independent Lenders to conduct further discovery and submit additional briefing in opposition to the Plan Facilitation Motions.

On May 18, 2010, the UCC filed its *Supplemental Objection to the Debtors' Motions to Approve (I) Revised Second Master Lease Compromise Agreement, (II) Bidding Procedures, and (III) OpCo Plan Support Agreement* [Docket No. 1481] and the Independent Lenders filed a *Supplemental Brief in Support of its Objection to the Motions* [Docket No. 1482].

On May 21, 2010, the Administrative Agent filed a *Response to the Official Committee of Unsecured Creditors and the Dissident Lenders' Supplemental Objections to the Debtors' Plan Facilitation Motions and Joint Evidentiary Objection to the Declaration of Robert Caruso* [Docket No. 1505]. Also on May 21, 2010, Debtors filed a *Reply to the Supplemental Objections to the Bidding Procedures Motion, Second Master Lease Compromise Motion and OpCo Plan Support Agreement* [Docket No. 1509] and PropCo filed a *Supplemental Reply to the Supplemental Objections to the Second Master Lease Compromise Motion* [Docket No. 1510].

On May 25, 2010, Debtors submitted further revised Bidding Procedures [Docket No. 1525], an Asset Purchase Agreement [Docket No. 1526], and a further Revised Second Master Lease Compromise [Docket No. 1521].

The Court conducted additional hearings on the Plan Facilitation Motions and the Debtors' request for authorization to enter into the OpCo Plan Support Agreement on May 27 and 28, 2010. At the hearing on May 28, 2010, after hearing extensive oral argument and considering the documentary and testamentary evidence, the Court granted the relief sought in Second Master Lease Compromise Motion and Bidding Procedures Motion. The Court entered oral findings of fact and conclusions of law and ordered the Debtors to prepare written findings of fact and conclusions of law consistent therewith.

On June 4, 2010, the Court entered the *Order Granting Motion For Order Establishing Bidding Procedures and Deadlines Relating to Sale Process for Substantially All of the Assets of Station Casinos, Inc. and Certain "OpCo" Subsidiaries* [Docket No. 1563] ("Bidding Procedures Order").

The Debtors submitted written findings of fact and conclusions of law for the Court's approval on June 29, 2010. On July 14, 2010 the Court entered *Findings of Fact and Conclusions of Law in Support of Orders: (1) Approving Revised Second Amended and Restated*

-4-

*Master Lease Compromise Agreement; (2) Establishing Bidding Procedures and Deadlines Relating to Sale Process for Substantially all of the Assets of Station Casinos, Inc. and Certain "OpCo" Subsidiaries; and (3) Denying Motion for Order Authorizing OpCo Debtors to Enter into Restructuring Support Agreement with OpCo Lenders* [Docket No. 1777] (the "<u>Plan Facilitation Findings of Fact and Conclusions of Law</u>").

On June 8, 2010, the UCC filed its Notice of Appeal of the Bidding Procedures Motion [Docket No. 1583] to the United States District Court for the District of Nevada.  That same day, the UCC filed the Motion for Stay.

On June 16, 2010, the Debtors, PropCo, and the Administrative Agent each filed objections to the Motion for Stay [Docket Nos. 1638, 1639, and 1649] (collectively, the "<u>Objections</u>").

On June 18, 2010, the UCC filed a reply in support of the Motion for Stay [Docket No. 1673].

On June 21, 2010, the Court conducted a hearing on the Motion for Stay and denied the relief sought in the motion.  The Court entered oral findings of fact and conclusions of law and ordered the Debtors to prepare written findings of fact and conclusions of law consistent therewith.

## II.    DISCUSSION

### A.    Legal Standard—Four Part Test

The UCC seeks a discretionary stay pending appeal under Bankruptcy Rule 8005.  Such stays are analyzed using the test applied for preliminary injunctions under Federal Rule of Civil Procedure 65.  A stay pending appeal is an extraordinary remedy.  *In re Smith*, 397 B.R. 134, 136 (Bankr. D. Nev. 2008) (citing *In re Fullmer*, 323 B.R. 287, 293 (Bankr. D. Nev. 2005)).

In order to obtain a discretionary stay pending appeal, the appellant must establish each of the following four elements by a preponderance of the evidence: (1) the appellant is likely to succeed on the merits, (2) the appellant will suffer irreparable injury if the stay is not granted, (3) no substantial harm will come to the appellee as a result of the stay, and (4) the stay will do no harm to the public interest.  *In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980).

The Court rejects the UCC's assertion that a more flexible sliding scale test should be used, balancing a showing of likelihood of success on the merits with the possibility of irreparable injury. In *Winter v. Natural Resources Defense Council*, the United States Supreme Court made clear that the showing of a *possibility* of irreparable harm is not sufficient; the party seeking an injunction or stay must demonstrate the likelihood of irreparable harm *and* a likelihood of prevailing on the merits. *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 375 (2008). Additionally, the sliding scale approach ignores the procedural posture of a stay under Rule 8005, when the movant is appealing a bankruptcy court's final determination on the merits. *In re North Plaza, LLC*, 395 B.R. 113, 120 (S.D. Cal. 2008). As the *North Plaza* court stated, "[a] 'sliding scale' approach, which often results in disproportionately weighting the 'irreparable harm' prong, is appropriate for preliminary injunctions because a court deals with the dispute on first impressions, relies on a less-than-developed factual and legal record, and will ultimately revisit the issue down the road. In contrast, where, as here, a court has taken extensive evidence and briefing and issued a determination on the merits, an interest in finality arises. This finality would be rendered impotent if an enjoined party could always raise the specter of irreparable injury to trump the trial court's order, no matter how unlikely an appellate victory on the merits." *Id.*

The *North Plaza* decision is consistent with the Supreme Court's opinion in *Winter*, and the Court finds that application of the four-part analysis under *Wymer* is appropriate for the UCC's Motion for Stay. The four elements are conjunctive and each factor must be shown by a preponderance of the evidence. *Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.)*, 367 B.R. 516, 519 (Bankr. D. Del. 2007) (motion may be denied if movant fails to make requisite showing on any single factor).

### B. The UCC Fails to Establish Any of the Four Elements Required by *In re Wymer*

In order to prevail on its Motion for Stay, the UCC must establish each of the *Wymer* elements. Because the UCC has failed to do so, the UCC is not entitled to a stay of these proceedings pending appeal.

1          **1.      The UCC has not shown a likelihood of success on the merits.**

2                    **a.      The Bidding Procedures Order**

3          Section 158(a) of title 28 of the United States Code provides for an appeal as a matter of

4   right to the district court from final judgments, orders, and decrees of the bankruptcy court.  28

5   U.S.C. § 158(a).  Though the determination of whether the Bidding Procedures Order is a final

6   order from which an appeal can be taken as a matter of right rests with the United States District

7   Court, this Court's analysis of whether the Bidding Procedures Order is interlocutory is a

8   procedural issue relevant in order to evaluate the UCC's likelihood of success on the merits of its

9   appeal.  The Court finds that the UCC is unlikely to succeed on appeal because there is a

10  substantial likelihood the United States District Court will conclude that the Bidding Procedures

11  Order is not a final order from which an appeal can be taken as a matter of right because

12  interlocutory bankruptcy court orders may be appealed to the district court only where

13  exceptional circumstances exist.

14          The Bidding Procedures Order is a preliminary step toward the sale of the OpCo assets.

15  The Bidding Procedures Order was necessary to establish binding rules to govern the auction of

16  the OpCo assets, but it does not reflect a final adjudication of any purported issues relating to the

17  sale of such assets and the auction itself.  In fact, by its terms, the Bidding Procedures Order

18  explicitly preserves objection rights of parties in interest and provides that the terms of the Asset

19  Purchase Agreement will not be effective unless and until the Court enters an order confirming

20  the Joint Plan.  The Bidding Procedures only establish a process for the auction itself and do not,

21  by themselves, result in the sale of any assets.  Consequently, the Court believes that the District

22  Court is unlikely to consider the UCC's appeal.

23                    **b.      The Bidding Procedures Order Is Supported By the Factual**
24                            **Record**

25          The Court's full factual and legal basis for granting the Bidding Procedures Order is set

26  forth in the Plan Facilitation Findings of Fact and Conclusion of Law.  The Court made detailed

27  factual findings in support of the Bidding Procedures Order and made clear that it applied

28  heightened scrutiny to the Bidding Procedures Motion.  (Plan Facilitation Findings of Fact and

Conclusions of Law at ¶ J). The Court determined that there was ample evidentiary support for approving the Bidding Procedures Order, and, contrary to the assertions of the UCC, applied heightened scrutiny to the transaction. The UCC expressed concern that the OpCo assets will not be sold for sufficient value at the Auction. The Court finds that concern to be purely speculative. In addition, no evidence has been presented by the UCC to support its contention that the Bidding Procedures Order will chill bidding. As set forth in the Plan Facilitation Findings of Fact and Conclusions of Law, the evidence demonstrates that the Bidding Procedures remove the potential for litigation over disputed assets, provide certainty for potential bidders, and obtain value for OpCo for certain Excluded Assets that would otherwise have little value to OpCo since they are not used in the OpCo businesses. And there is no evidence that inclusion of the Excluded Assets would enhance the bidding for the OpCo Assets. Importantly, the Bidding Procedures are supported by the majority of the Opco Secured Lenders, including the Bank of Scotland and Wells Fargo Bank, both OpCo Lenders that sit on the Steering Committee and do not have (either themselves or through any affiliates) any interest in PropCo's estate. For all of these reasons, the UCC has not established a reasonable likelihood of success on the merits of its appeal. On that basis, the Motion for Stay is denied.

> **2.      The UCC will not be Irreparably Harmed in the Absence of a Stay**

An irreparable injury is one that is not remote or speculative, but instead is actual and imminent and for which money damages would not be adequate compensation. *In re PTI Holding Corp.*, 346 B.R. 820, 827 (Bankr. D. Nev. 2006). The UCC did not present evidence that there is a significant risk that its constituents will be irreparably harmed absent a stay.

No transfer of assets or sale will be consummated unless a plan is confirmed. The parties' rights to object have been reserved until that time. Accordingly, the Court is not persuaded by the UCC's equitable mootness arguments. In addition, the UCC has not demonstrated that the public interest will be harmed in the absence of a stay.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**3.      Appellees Potentially will Suffer Irreparable Harm if a Stay is Granted**

A stay pending appeal will hinder and delay the Debtors' reorganization efforts (of which the auction is a critical component).  If the Motion for Stay is granted, it will endanger the non-moving parties' interests in the approved Plan Facilitation Motions and a potentially substantial recovery for the OpCo Lenders, including, among other things, the $35 million otherwise paid for the Excluded Assets, $13 million in direct OpCo liabilities assumed by PropCo and FG, and the approximately $1.5 million in monthly rent savings.  (Plan Facilitation Findings of Fact and Conclusions of Law at ¶ J.)  Such disruption in the sales process and the uncertainty it would create would likely constitute irreparable harm to the Debtors.  In addition, if the Motion for Stay is granted, the OpCo Lenders will potentially suffer irreparable harm.  Accordingly, a balancing of the relative harms tips sharply in favor of denying the Motion for Stay.

**4.      Denial of the Stay Motion is in the Public Interest**

In the context of bankruptcy proceedings, the "achievement of reorganization" is a "public interest worthy of protection."  *See In re Fullmer*, 323 B.R. at 305.  The Station enterprise, and its rehabilitation and continued operation, is important to the economic vitality of the community, providing jobs for thousands of people.  Thus, keeping the Debtors' casinos and hotels operating while simultaneously moving forward with their reorganization efforts provides a benefit to the public and is an important consideration that weighs in favor of denying the Motion for Stay.  If the Motion for Stay is granted, the Debtors' reorganization process will be hindered and suffer delay, which is against the public interest.

1

SUBMITTED BY:

2

Paul S. Aronzon (CA State Bar No. 88781)
3
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
4
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
5

Reorganization Counsel for
6
Debtors and Debtors in Possession

7

Laury M. Macauley, NV State Bar #11413
8
Dawn M. Cica, NV State Bar # 004595
LEWIS AND ROCA LLP
9
50 W. Liberty Street, Ste. 410
Reno, NV 89501
10

Local Reorganization Counsel
11
For Debtors and Debtors in Possession

12

13
                                                           # # #
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 9021(c)**

In accordance with LR 9021, counsel submitting this document certifies as follows:

___ The court has waived the requirement of approval under LR 9021.

___ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of these findings of fact and conclusions of law to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_X_ This is a chapter 9, 11, or 15 case, and I have delivered a copy of these findings of fact and conclusions of law to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| | |
|---|---|
| Deutsche Bank Trust Company Americas, as Administrative Agent for OpCo Lenders | Approved |
| Collateral Agent to the CMBS Lenders | Approved |
| Official Committee of Unsecured Creditors | Disapproved |
| Independent Lenders comprised of BNP Paribas, Castlerigg Master Investments, Ltd., Genesis CLO, Natixis, Silver Point Capital and Bank of Nova Scotia | Approved |

___ I certify that I have served a copy of these findings of fact and conclusions of law with the motion, and no parties appeared or filed written objections.

//

//

1     Dated: July 23, 2010                Respectfully submitted,

2

3                            By:       /s/ *Thomas R. Kreller*
                                       Paul S. Aronzon, CA State Bar No. 88781

4                                        Thomas R. Kreller, CA State Bar No. 161922
                                       MILBANK, TWEED, HADLEY & McCLOY LLP

5                                        601 South Figueroa Street, 30th Floor
                                       Los Angeles, California 90017

6

7                                        *Reorganization Counsel for*
                                       *Debtors and Debtors in Possession*

8                                        Laury M. Macauley, NV State Bar #11413

9                                        Dawn M. Cica, NV State Bar # 004595
                                       LEWIS AND ROCA LLP

10                                      50 W. Liberty Street, Ste. 410
                                     Reno, NV 89501

11

12                                      Local Reorganization Counsel
                                     For Debtors and Debtors in Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28