1
2
3
4

**Entered on Docket**
**July 29, 2010**

_____
**Hon. Gregg W. Zive**
**United States Bankruptcy Judge**

5
6
7

Paul S. Aronzon (CA SBN 88781)
Thomas R. Kreller (CA SBN 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Reorganization Counsel for
Debtors and Debtors in Possession

8
9
10
11
12

Laury M. Macauley (NV SBN 11413)
Dawn M. Cica (NV SBN 004595)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Local Reorganization Counsel for
Debtors and Debtors in Possession

13
14

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

15

In re:

STATION CASINOS, INC.

☒Affects this Debtor
☐Affects all Debtors
☒Affects Northern NV Acquisitions, LLC
☒ Affects Reno Land Holdings, LLC
☒ Affects River Central, LLC
☒ Affects Tropicana Station, LLC
☒ Affects FCP Holding, Inc.
☒ Affects FCP Voteco, LLC
☒ Affects Fertitta Partners LLC
☒ Affects FCP MezzCo Parent, LLC
☒ Affects FCP MezzCo Parent Sub, LLC
☒ Affects FCP MezzCo Borrower VII, LLC
☒ Affects FCP MezzCo Borrower VI, LLC
☒ Affects FCP MezzCo Borrower V, LLC
☒ Affects FCP MezzCo Borrower IV, LLC
☒ Affects FCP MezzCo Borrower III, LLC
☒ Affects FCP MezzCo Borrower II, LLC
☒ Affects FCP MezzCo Borrower I, LLC
☒ Affects FCP PropCo, LLC
☐ Affects GV Ranch Station, Inc.

16
17
18
19
20
21
22
23
24
25
26
27
28

Chapter 11
Case No. BK-09-52477
Jointly Administered
BK 09-52470 through BK 09-52487 and
BK 10-50381

**AMENDED ORDER (A) APPROVING
DISCLOSURE STATEMENT,
(B) ESTABLISHING VOTING
RECORD DATE, VOTING DEADLINE
AND OTHER DATES, (C) APPROVING
PROCEDURES FOR SOLICITING,
RECEIVING AND TABULATING
VOTES ON PLAN AND FOR FILING
OBJECTIONS TO PLAN, (D) SETTING
CONFIRMATION HEARING AND
RELATED DEADLINES AND
(E) APPROVING FORMS OF NOTICES
AND BALLOTS**

Hearing Date:    July 15, 2010
Hearing Time:    10:00 a.m.
Place:    300 Booth Street
            Reno, NV 89509

#4819-4917-3253

Upon consideration of the motion (the "<u>Motion</u>")[1] of the Debtors for entry of an order, pursuant to 11 U.S.C. §§ 1125 and 1126 and Rules 2002, 3003, 3017, 3018, and 3020 of the Bankruptcy Rules, (a) approving the Disclosure Statement; (b) establishing the Voting Record Date, the Voting Deadline and other dates; (c) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan; (d) approving the manner and forms of notice, ballots and other related documents; and (e) granting other relief relating thereto as set forth in the Motion, and a hearing having been held on the Motion on July 15, 2010 (the "<u>Disclosure Statement Hearing</u>"), and, subsequent to the Disclosure Statement Hearing, the Court having been advised that the Debtors and the Official Committee of Unsecured Creditors (the "<u>Committee</u>") reached a settlement of the Committee's disputes with the Debtors regarding the Plan and that the Plan and Disclosure Statement were being amended to reflect the terms of that settlement, and the Plan and Disclosure Statement, as so amended, were filed with the Court on July 28, 2010; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    The Disclosure Statement in the form filed on July 28, 2010 [Docket No. 1864] (the "<u>Approved Disclosure Statement</u>"), contains adequate information within the meaning of section 1125 of the Bankruptcy Code and an accurate and sufficient description of the terms and consequences of the *First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1863] (the "<u>Plan</u>").

B.    The Notice of Confirmation Hearing and related deadlines and procedures attached hereto as <u>Exhibit 1</u> and the Notice of Non-Voting Status attached hereto as <u>Exhibit 2</u> (collectively, the "<u>Notices</u>") are approved as containing sufficient information and are

---

[1]        Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1  appropriate under the circumstances for distribution to creditors, holders of Equity Interests and

2  all parties in interest, as applicable.

3          C.      The forms of ballot attached hereto as <u>Exhibits 3</u> through <u>9</u> (the "<u>Ballots</u>") are

4  approved and (i) are sufficiently consistent with Official Form No. 14, (ii) adequately address the

5  particular needs of these Chapter 11 Cases and (iii) are appropriate for each Voting Class.

6          D.      The form of letter from the Committee attached hereto as <u>Exhibit 10</u> (the

7  "<u>Committee Support Letter</u>"), which advises unsecured creditors of the Committee's support for

8  the Plan and the basis therefore, is approved for inclusion in the solicitation materials to be

9  provided hereunder.

10         E.      The procedures set forth below for the solicitation and tabulation of votes to

11 accept or reject the Plan provide for a fair and equitable voting process and are consistent with

12 section 1126 of the Bankruptcy Code.

13         F.      The procedures set forth below regarding dissemination and content of the

14 Confirmation Hearing Notice and the Solicitation Package comply with Bankruptcy Rules 2002

15 and 3017 and constitute sufficient notice to all interested parties.

16         G.      To the extent the deadlines set forth in this Order for the submission of objections

17 to and votes on the Plan result in a shortening of the periods of time that would otherwise be

18 governed by Bankruptcy Rule 2002, appropriate cause, including the desire of the Debtors and

19 the Committee to pursue to closure their settlement discussions before soliciting votes on the

20 Plan while nonetheless preserving the previously established confirmation timeline, exists for

21 such shortening of notice.

22         IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

23         1.      The Motion is granted as set forth herein.

24 **I.      Approval of the Disclosure Statement**

25         2.      Pursuant to Bankruptcy Rule 3017(b), the Approved Disclosure Statement is

26 approved as containing adequate information within the meaning of Section 1125(a) of the

27 Bankruptcy Code, and the Debtors are authorized to distribute the Approved Disclosure

28

#4819-4917-3253                                        -3-

Statement and Solicitation Package in order to solicit votes on, and pursue confirmation of, the Plan.

3.    The Confirmation Hearing Notice annexed hereto as <u>Exhibit 1</u> is approved pursuant to Bankruptcy Rules 2002 and 3017.

4.    The notice and objection procedures provided by the Debtors in connection with the Disclosure Statement Hearing were reasonable and appropriate under the circumstances, and such notice and objection procedures were adequate pursuant to Bankruptcy Rule 3017.

**II.    <u>Confirmation Hearing and Objections</u>**

5.    Pursuant to Bankruptcy Rule 3020(b)(2), the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") shall be held on August 27 and 30, 2010 commencing at 10:00 a.m. prevailing Pacific Time on each such date.

6.    Pursuant to Bankruptcy Rule 3020(b)(1), the deadline (the "<u>Confirmation Objection Deadline</u>") for filing and serving objections to confirmation of the Plan ("<u>Confirmation Objections</u>") shall be August 12, 2010 at 5:00 p.m. prevailing Pacific Time.

7.    The Confirmation Objections, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any Claim or Equity Interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so as to be <u>actually received</u> by each of the following parties (the "<u>Notice Parties</u>") on or before the Confirmation Objection Deadline: (a) Station Casinos, Inc., 1505 South Pavilion Center Drive, Las Vegas, Nevada  89135; Attention:  Richard Haskins, Esq. (b) Milbank, Tweed, Hadley & M$^c$Cloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention: Paul S. Aronzon, Esq. and Thomas R. Kreller, Esq., counsel for Debtors, (c) Lewis & Roca LLP, 50 West Liberty Street, Suite 410, Reno, Nevada 89501; Attention:  Laury Macauley, Esq., counsel for Debtors, (d) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071; Attention: Oscar Garza, Esq., special counsel for FCP PropCo, LLC and FCP

Mezzco Borrowers I-V, (e) Skadden, Arps, Slate, Meagher & Flom, LLP, 300 S. Grand Ave., Ste. 3400, Los Angeles, California 90071; Attention: Van C. Durrer II, counsel to Dr. James E. Nave, (f) the Office of the United States Trustee for the District of Nevada, C. Clifton Young Federal Bldg., 300 Booth Street, Rm. 2129, Reno, Nevada 89509; Attention:  Bill Cossitt, Esq., (g) Fried Frank Harris Shriver & Jacobson, One New York Plaza, New York, New York 10004; Attention:  Bonnie Steingart, Esq. and Marissa Soto, Esq., counsel to the Official Committee of Unsecured Creditors, (h) Fox Rothschild, 3773 Howard Hughes Pkwy., Suite 500 North, Las Vegas, Nevada 89169, Attention:  Anne Loraditch, Esq., counsel to the Official Committee of Unsecured Creditors, (i) Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, New York 10017; Attention: Sandy Qusba, Esq. and Jason Friedman, Esq., counsel to the prepetition agent; (j) Sidley Austin, One South Dearborn, Chicago, Illinois 60603; Attention: Larry Nyhan, Esq. and Jeffrey Bjork, Esq.; (k) Dechert LLO, 1095 Avenue of the Americas, New York, New York, 10036, Attention: Allan S. Brilliant, Esq., Adam M. Fox, Esq., and Craig P. Druehl, Esq.

8.    <u>Waiver of Local Rule 9014(e)(1)</u>.  Debtors have demonstrated an adequate basis for the Court to waive Local Rule 9014(e)(1) and permit Debtors to file a single reply to the Confirmation Objections which in the aggregate may exceed 15 pages in length.

**III.    <u>Establishment of Voting Record Date and Approving Procedures for Temporary Allowance of Claims or Equity Interests that are Subject to an Objection Filed by the Debtors</u>**

9.    Pursuant to Bankruptcy Rule 3017(d), July 15, 2010 (as of 5:00 p.m., prevailing Pacific Time) shall be the Voting Record Date with respect to all Claims and Equity Interests. The Debtors shall use the Voting Record Date for determining which (a) creditors or interest holders are entitled to receive Solicitation Packages, (b) creditors or interest holders are entitled to vote to accept or reject the Plan, and (c) non-voting creditors and Equity Interest holders are entitled to receive notice of the Confirmation Hearing.  July 15, 2010 (as of 5:00 p.m., prevailing Pacific Time) shall also be the Rights Offering Record Date, which the Debtors shall use to determine which Holders of Claims are entitled to participate in the Propco Rights Offering.

10.     With respect to any transferred Claim or Equity Interest, the transferee will be entitled to receive a Solicitation Package, cast a Ballot on account of the transferred Claim or Equity Interest, and, if an Accredited Investor, indicate their interest in participating in the Propco Rights Offering <u>only</u> if:  (a) all actions necessary to effect the transfer of the Claim or Equity Interest pursuant to Bankruptcy Rule 3001(e) have been completed before the applicable Voting Record Date and the Rights Offering Record Date, if applicable; or (b) the transferee files, no later than the Voting Record Date, and the Rights Offering Record Date, if applicable, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  Each transferee shall be treated as a single creditor for purposes of the numerosity requirements in Section 1126(c) of the Bankruptcy Code and the other procedures set forth in the Motion.

11.     Any holder of a Claim or Equity Interest against the Debtors for which the Debtors have filed an objection, whether such objection related to the entire Claim or Equity Interest or a portion thereof, shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of Section 1126(c) of the Bankruptcy Code have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) unless (a) the Claim or Equity Interest has been temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a) and in accordance with this Order or (b) on or before the Voting Deadline, the objection to such Claim or Equity Interest has been withdrawn or resolved in favor of the creditor or interest holder asserting the Claim or Equity Interest.

**IV.     <u>Approval of Solicitation Procedures</u>**

A.     <u>Duties of Voting and Claims Agent</u>

12.     The Voting and Claims Agent shall assist the Debtors in, among other things, (a) mailing Confirmation Hearing Notices to holders of Claims and Equity Interests in the Non-Voting Classes and other non-voting parties entitled to notice, (b) mailing Solicitation Packages, (c) soliciting votes on the Plan, (d) receiving, tabulating, and reporting on Ballots cast for or against the Plan by holders of Claims and Equity Interests against the Debtors entitled to vote, (e) receiving, tabulating, and reporting on Ballots indicating interest in participating in the

Propco Rights Offering, (f) responding to inquiries from creditors and stakeholders relating to the Plan, the Approved Disclosure Statement, the Ballots and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plan and objecting to the Plan, and (g) if necessary, contacting creditors regarding their Ballots and efforts to cure defects in such Ballots with the guidance and consent of the Debtors.

B.    Notices and Ballots

13.    The Notices, Ballots, and Committee Support Letter to be used in connection with the solicitation of votes on, and confirmation of, the Plan which are annexed hereto as Exhibits 1 through 10 are hereby approved in full.

14.    All Ballots sent to Voting Classes shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Voting and Claims Agent.

15.    Administrative Claims, Priority Tax Claims and Claims in Classes P.1, S.1, NA.1, RL.1, RC.1 and TS.1 are Unimpaired Claims and, thus, the Holders of such Unimpaired Claims are conclusively presumed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code, and the Debtors are not required to solicit their vote.

16.    All Classes and Equity Interests that do not retain or receive any property under the Plan, and are, therefore, deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code are hereby deemed to reject the Plan.  Therefore, the Debtors are not required to send Ballots or Solicitation Packages to Holders of such Claims or Equity Interests.  Rather, in lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the Holders of such Claims and Equity Interests the Notice of Non-Voting Status, attached hereto as Exhibit 2.

C.    Content and General Transmittal of Solicitation Packages; Confirmation Hearing Notice

17.    The Debtors are authorized to transmit, or cause to be transmitted, on or before five (5) business days from the date hereof (the "Solicitation Mailing Date"), to the persons listed below, subject to the limitations contained therein and elsewhere in this Order, by United States mail, first-class postage prepaid, personal service, or overnight delivery, a solicitation package (the "Solicitation Package") containing a copy or conformed printed version of the following:

a.    the Confirmation Hearing Notice, substantially in the form attached hereto as <u>Exhibit 1</u>;

b.    the Disclosure Statement, with the Plan (which may be furnished in the Solicitation Package as an exhibit to the Disclosure Statement) in CD-ROM format;

c.    the Disclosure Statement Order (without exhibits attached) in CD-ROM format;

d.    to the extent applicable, a Ballot and/or notice, appropriate for the specific creditor, in substantially the forms attached to this Order (as may be modified for particular classes and with instruction attached thereto); and

e.    to the extent applicable, the Committee Support Letter.

18.    In disseminating the Solicitation Packages, the Debtors may include this Order, the Disclosure Statement and Plan in the form of a CD-ROM in an Adobe Acrobat (PDF) standard format. Parties will be provided a paper copy of the Disclosure Statement and Plan only upon written request to the Voting and Claims Agent.

19.    The Debtors shall file the Plan Supplement with the Court on or before ten (10) days prior to the Voting Deadline (the "<u>Exhibit Filing Date</u>"), which filing is without prejudice to the Debtors' rights to amend or supplement the Plan Supplement.

20.    The Debtors shall provide copies of the Solicitation Package (other than a Ballot) and the Plan Supplement to (a) the Office of the United States Trustee, (b) counsel for the Creditors' Committee, (c) the Securities and Exchange Commission, (d) the Internal Revenue Service, and (e) National Indian Gaming Commission.

21.    Creditors who have filed duplicate Claims or Equity Interests in any given Voting Class shall be entitled to receive only one Solicitation Package and shall be allowed one Ballot for voting their Claims or Equity Interests with respect to that Class based upon the last timely filed valid Claim or Equity Interest.

22.    The Debtors shall provide the Confirmation Hearing Notice to all parties that received the Disclosure Statement Notice, and to parties to executory contracts and unexpired

leases, which parties are not currently "creditors" as defined in section 101(10) of the Bankruptcy Code.

D.    <u>Transmittal of Solicitation Packages to Holders of Contingent, Unliquidated, and Disputed Claims and Equity Interests that are Not Subject to an Objection Filed by the Debtors</u>

23.    The terms of this Order notwithstanding, the Debtors shall not be required to mail any documents or notices, other than the Confirmation Hearing Notice, to any creditor (i) whose Claim or Equity Interest is not scheduled or is scheduled as disputed, contingent or unliquidated or is zero or unknown in amount and (ii) who failed to timely file a proof of Claim or Equity Interest.

24.    The Debtors shall distribute to claimants in a Voting Class who have filed timely proofs of Claim which, in whole or in part, reflect a disputed, unliquidated, or contingent Claim, and which are not subject to an objection filed by the Debtors, a Solicitation Package that contains a Ballot.

E.    <u>Holders of Securities and Approval of Certain Transmittal Procedures</u>

25.    Pursuant to Bankruptcy Rule 3017(e), the Debtors shall transmit (a) the Solicitation Packages to Holders of Securities entitled to vote by mailing or causing to be mailed such materials by the Solicitation Mailing Date to (x) the Registered Record Owner and (y) the Intermediary Record Owners.  In addition, the Debtors shall distribute Master Ballots to the Intermediary Record Owner in accordance with customary procedures in the securities industry.

26.    Each of the trustees and transfer agents for the Securities shall, if not already provided, within three (3) days after entry of this Order, provide the Voting and Claims Agent with an electronic file containing the names, addresses, and holdings of the respective owners that hold the Securities in their own name (the "<u>Registered Record Owners</u>") or the banks, brokerage firms, or the agents thereof as the entity through which the Beneficial Holders (as defined below) hold the Securities (collectively, the "<u>Intermediary Record Owners</u>"), in each case as of the Voting Record Date or, if they are unable to provide an electronic file, two sets of pressure-sensitive labels and a list containing the same information.

27.    The Intermediary Record Owners shall distribute Solicitation Packages and notices to the respective beneficial holders of the Securities (the "Beneficial Holders"), as applicable, within seven (7) business days of receiving the Solicitation Packages and notices.

28.    The Intermediary Record Owners shall follow either of the two following options, as such entities determine, to obtain the votes of the Beneficial Holders:

a.    The Intermediary Record Owners may forward the Solicitation Package to the Beneficial Holders of the Securities for voting, which Solicitation Package shall include a Beneficial Holders Ballot substantially in the form of Exhibits 6 or 7 attached hereto, and a return envelope provided by, and addressed to, the Intermediary Record Owner.  Under this option, the Intermediary Record Owners shall summarize the individual votes of their Beneficial Holders from the Beneficial Holders Ballots on a Master Ballot in substantially the form attached as Exhibits 8 or 9 to this Order.  The Intermediary Record Owners shall then date and return the Master Ballot to the Voting and Claims Agent prior to the Voting Deadline; or

b.    The Intermediary Record Owner may "pre-validate" a Beneficial Holders Ballot (a "Prevalidated Ballot") by signing that Ballot and by indicating the following on that Ballot:  (a) the Intermediary Record Owner, (b) the principal amount of Securities owned by the applicable Beneficial Holder, (c) and the appropriate account numbers through which the Beneficial Holder's holdings are derived.  The Intermediary Record Owner shall then forward the Solicitation Package, including the Prevalidated Ballot and a return envelope addressed to the Voting and Claims Agent, to the Beneficial Holder for voting by such Beneficial Holder.

29.    The Debtors shall serve a copy of this Order on each Intermediary Record Owner identified by the Debtors and the Voting and Claims Agent as an entity through which Beneficial Holders hold any of the Securities.

30.    Notwithstanding anything in this Order to the contrary, the Debtors shall not be required to send Solicitation Packages, individual solicitation materials or other notices to any of the following creditors or other parties-in-interest in the Chapter 11 Case

a.    any creditor whose Claim is based solely on amounts scheduled by the Debtors but whose Claim already has been paid or satisfied in the full scheduled amount; provided, however, if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein;

b.    any creditor who filed a proof of Claim if the amount asserted in such proof of Claim is less than or equal to the amount that has already been paid;

c.    any Holder of a Claim or Equity Interest that was disallowed in full by order of this Court; or

d.    any person or entity to whom the Debtors have mailed notices in the past the Disclosure and received any such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or any similar reason, unless the Debtors have been informed in writing by such person of that person's new address.  The Voting and Claims Agent and the Debtors are under no duty to attempt to find working addresses for or to re-mail Solicitation Packages that are returned marked "undeliverable."

## V.    Voting Deadline and Procedures for Vote Tabulation

31.    In order to be counted, Ballots for accepting or rejecting the Plan must be received by the Voting and Claims Agent by 5:00 p.m. Prevailing Pacific Time on August 20, 2010 (the "Voting Deadline").

32.    Any timely received Ballot that contains sufficient information to permit the identification of the Claimant or equity holder and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.   The foregoing general procedures shall be subject to the following exceptions:

a.    If a Claim or Equity Interest is deemed Allowed in accordance with the Plan, such Claim or Equity Interest shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

b.    If a Claim for which a proof of Claim has been timely filed is marked, in whole or in part, as contingent, unliquidated, or disputed, and that is not subject to an objection filed by the Debtors, then such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

c.    If a Claim or Equity Interest has been estimated or otherwise allowed for voting purposes by order of the Court, then such Claim or Equity Interest shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

d.   If a Claim or Equity Interest is not listed on the Schedules, or is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and a proof of Claim was not (a) timely filed by the Claims Bar Date or (b) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, then such Claim shall be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c);

e.   If the Debtors have served and filed an objection to a Claim or Equity Interest or any portion thereof, then such Claim or Equity Interest shall be temporarily disallowed for voting purposes only and not for the purposes of the allowance or distribution, except to the extent and in the manner as may be set forth in the objection; and

f.   Ballots cast in amounts in excess of their allowed amount will only be counted to the extent of the creditors' allowed Claim or Equity Interest.

33.   Any Holder of a Class S.4 Claim, Holder of a Class S.5 Claim, or Holder of a Class S.6 Claim (subject to the subordination provisions pertaining to Class S.6 described in section II(B)(4) of the Plan) that does not indicate that it is interested in participating in the Propco Rights Offering by a Ballot properly completed in accordance with the procedures above and received by the Voting and Claims Agent prior to the Voting Deadline shall not be given an opportunity to subscribe to the Propco Rights Offering.

34.   None of the Debtors, the Voting and Claims Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.  The Voting and Claims Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

35.   The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, and shall not be effective for expressing interest in participating in the Propco Rights Offering:

a.   Any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

b.   Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim or Equity Interest;

#4819-4917-3253

c.   Any Ballot cast by a person or entity that does not hold a Claim or Equity Interest in a class that is entitled to vote to accept or reject the Plan;

d.   Any Ballot cast for a Claim not listed on the Schedules, or scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of Claim was timely filed;

e.   Any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

f.   Any Ballot submitted by facsimile, telecopy or electronic mail;

g.   Any unsigned Ballot;

h.   Any Ballot sent to this Court, the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; or

i.   Any Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

36.    Any duplicate Ballot will only be counted once.

37.    Whenever two or more Ballots are cast which attempt to vote the same Claim or Equity Interest prior to the Voting Deadline, the last valid Ballot received by the Voting and Claims Agent prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots, provided, however, that where an ambiguity exists as to which Ballot was the latest mailed, the Voting and Claims Agent reserves the right to contact the creditor and calculate the vote according to such voter's stated intent.  This procedure is without prejudice to the Debtors' rights to object to the validity of the last Ballot received on any basis permitted by law and, if the objection is sustained, to count the first Ballot for all purposes.

38.    Claim or Equity Interest splitting is not permitted, and creditors who vote must vote all of their Claims or Equity Interests within a particular class to either accept or reject the Plan.

39.    The following procedures for tabulating votes cast by Beneficial Holders of the Securities are hereby approved:

#4819-4917-3253

j.    first, Intermediary Record Owners electing to use the Master Ballot voting process shall be required to retain for one year following the Effective Date, for inspection by the Court, the Beneficial Holders Ballots cast by Beneficial Holders, and Intermediary Record Owners electing to send Prevalidated Ballots to Beneficial Holders for direct return to the Voting and Claims Agent shall be required to retain for one year following the Effective Date, for inspection by the Court, a list of those Beneficial Holders to whom such Prevalidated Ballots were sent.  The Voting and Claims Agent shall be required to retain for one year following the Effective Date, for inspection by the Court, the Prevalidated Ballots returned by the Beneficial Holders, as well as the Master Ballots returned by the Intermediary Record Owners (in addition to all other Ballots submitted by Impaired Creditors in the Voting Classes);

k.    second, (a) votes cast by Beneficial Holders holding Senior Notes or Subordinated Notes through Intermediary Record Owners and transmitted by means of a Master Ballot or Prevalidated Ballot shall be applied against the positions held by such Intermediary Record Owners with respect to such Senior Notes or Subordinated Notes, as applicable, and (b) votes submitted by Prevalidated Ballot or by an Intermediary Record Owner on a Master Ballot shall not be counted to the extent that they are in excess of the position maintained by the respective Intermediary Record Owner in the Senior Notes or Subordinated Notes, as applicable on the Voting Record Date;

l.    third, the following assumptions apply to Prevalidated Ballots:  (a) each Prevalidated Ballot is for a single account, and (b) each vote is a separate vote and not duplicative of any other vote cast by other customers of such Intermediary Record Owner (unless specific evidence indicates that one vote is for the identical account number and amount of another vote);

m.    fourth, to the extent that conflicting votes or overvotes are submitted on a timely received Master Ballot or Prevalidated Ballot, the Voting and Claims Agent shall attempt to resolve the conflict or overvote prior to the preparation of the vote certification;

n.    fifth, to the extent that overvotes on a timely received Master Ballot or Prevalidated Ballot are not reconcilable prior to the preparation of the vote certification, the Voting and Claims Agent shall count votes in respect of such Master Ballot or Prevalidated Ballot in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or Prevalidated Ballot that contained the overvote, but only to the extent of the applicable Intermediary Record Owner's position on the Securities Voting Record Date in the Subordinated Notes;

o.    sixth, Intermediary Record Owners shall complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots submitted are inconsistent in whole

1
2
3
4

or in part, the latest Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' right to object to the validity of the second Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if such objection is sustained, the first Master Ballot will then be counted; or

5
6
7

p.      finally, each Beneficial Holder of the Senior Notes or Subordinated Notes shall be deemed to have voted the full principal amount of its Senior Notes or Subordinated Notes, as applicable, notwithstanding anything to the contrary on any Ballot.

8

**VI.     Miscellaneous**

9

40.      The service of Solicitation Packages and other notices and documents described

10

herein in the time and manner set forth in this Order constitutes adequate and sufficient notice of

11

the Confirmation Hearing and no further notice is necessary.

12

41.      The Debtors are authorized to make nonsubstantive changes to the Disclosure

13

Statement, the Plan, the Ballots, the Notice of Non-Voting Status and related documents without

14

further order of the Court, including without limitation changes to correct typographical and

15

grammatical errors, insert dates and to make conforming changes among the Disclosure

16

Statement, the Plan, the Ballots, the Notice of Non-Voting Status and any other materials in the

17

Solicitation Package prior to mailing.

18

42.      The Debtors are authorized and empowered to take all actions necessary to

19

implement the relief granted in this Order.

20

43.      Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this

21

Order shall be immediately effective and enforceable upon its entry.

22

44.      This Court shall retain jurisdiction with respect to all matters arising from or

23

related to the implementation of this Order.

24
25
26
27
28

#4819-4917-3253

1

2

SUBMITTED BY:

3
Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)

4
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor

5
Los Angeles, California 90017

6
Reorganization Counsel for
Debtors and Debtors in Possession

7

8
Laury M. Macauley, NV State Bar #11413
Dawn M. Cica, NV State Bar # 004595

9
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410

10
Reno, NV 89501
lmacauley@lrlaw.com

11

12
Local Reorganization Counsel
For Debtors and Debtors in Possession

13
                                                    # # #

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPROVED                                      APPROVED

INDEPENDENT LENDERS                           THE OFFICIAL COMMITTEE OF
                                              UNSECURED CREDITORS

By ____/s/ Eric D. Goldberg_____     By____/s/ Marissa Soto_____
      Stutman, Treister & Glatt                     Fried, Frank, Harris, Schriver &
                                              Jacobsen LLP

APPROVED                                      APPROVED

PROPCO LENDERS                                OPCO LENDERS

By _____/s/ Jeffrey Bjork_____      By _____/s/ Jason Friedman_____
      Sidley Austin                                 Simpson Thacher & Bartlett

APPROVED/DISAPPROVED

OFFICE OF THE UNITED STATES
TRUSTEE

By _____Signature Waived_____

                                              # # #

# Exhibit 1

# Exhibit 1

Paul S. Aronzon (CA SBN 88781)
Thomas R. Kreller (CA SBN 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Reorganization Counsel for
Debtors and Debtors in Possession

Laury M. Macauley (NV SBN 11413)
Dawn M. Cica (NV SBN 004595)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Local Reorganization Counsel for
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☒ Affects this Debtor
☐ Affects all Debtors
☒ Affects Northern NV Acquisitions, LLC
☒ Affects Reno Land Holdings, LLC
☒ Affects River Central, LLC
☒ Affects Tropicana Station, LLC
☒ Affects FCP Holding, Inc.
☒ Affects FCP Voteco, LLC
☒ Affects Fertitta Partners LLC
☒ Affects FCP MezzCo Parent, LLC
☒ Affects FCP MezzCo Parent Sub, LLC
☒ Affects FCP MezzCo Borrower VII, LLC
☒ Affects FCP MezzCo Borrower VI, LLC
☒ Affects FCP MezzCo Borrower V, LLC
☒ Affects FCP MezzCo Borrower IV, LLC
☒ Affects FCP MezzCo Borrower III, LLC
☒ Affects FCP MezzCo Borrower II, LLC
☒ Affects FCP MezzCo Borrower I, LLC
☒ Affects FCP PropCo, LLC
☐ Affects GV Ranch Station, Inc.

Chapter 11

Case No. BK-09-52477
Jointly Administered
BK 09-52470 through BK 09-52487 and
BK 10-50381

**NOTICE OF (A) PLAN CONFIRMATION
HEARING, (B) OBJECTION AND
VOTING DEADLINES AND (C)
SOLICITATION AND VOTING
PROCEDURES**

TO:    ALL HOLDERS OF CLAIMS AGAINST, AND HOLDERS OF EQUITY INTERESTS
IN, THE ABOVE-REFERENCED DEBTORS AND ALL OTHER PARTIES-IN-
INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES:

**PLEASE TAKE NOTICE THAT** on July 28, 2010, the above-captioned debtors

and debtors-in-possession (collectively, the "Debtors") filed the *First Amended Joint Plan of*

#4813-2828-6725

1  *Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)*

2  [Docket No. 1863] (the "Plan") and the *Disclosure Statement to Accompany First Amended Joint*

3  *Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)*

4  [Docket No. 1864] (the "Disclosure Statement").

5          **PLEASE TAKE FURTHER NOTICE THAT** following a hearing on the

6  Disclosure Statement, the Bankruptcy Court entered an order (i) approving the Disclosure

7  Statement, (ii) establishing the Voting Record Date, Voting Deadline and other dates, (iii)

8  approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing

9  objections to the Plan, (iv) approving the manner and forms of certain notices and (v) authorizing

10  the Debtors to serve this Notice (the "Amended Disclosure Statement Order").

11          **PLEASE TAKE FURTHER NOTICE THAT** the Debtors are soliciting

12  acceptances of the Plan from Holders of Claims and Equity Interests who are entitled to vote on

13  the Plan.  The Bankruptcy Court can confirm the Plan and bind all Holders of Claims and Equity

14  Interests if it is accepted by the holders of at least two-thirds in amount and more than one-half in

15  number of the Claims or Equity Interests in each Impaired Class who vote on the Plan and if the

16  Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.

17  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the

18  Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly

19  discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of

20  section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it

21  will be binding on all Holders of Claims and Equity Interests whether or not a particular Holder

22  voted or affirmatively voted to reject the Plan.

23          **PLEASE TAKE FURTHER NOTICE THAT** the Confirmation Hearing to

24  consider confirmation of the Plan will commence at 10:00 a.m. prevailing Pacific Time on

25  August 27, 2010 and, if necessary, continue on August 30, 2010, before the Honorable Gregg

26  Zive, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of

27  Nevada, located at 300 Booth Street, Reno, Nevada 89509.  The Confirmation Hearing may be

28  continued from time to time by the Bankruptcy Court without further notice other than by

announcement in open court or by a notice of adjournment filed with the Bankruptcy Court and

served on such parties as the Bankruptcy Court may order.  Moreover, the Plan may be modified

or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as

a result of the Confirmation Hearing, without further notice to parties-in-interest.

**CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

In accordance with sections 1122 and 1123 of the Bankruptcy Code, the Plan

contemplates classifying Holders of Claims and Equity Interests into various Classes for all

purposes, including with respect to voting on the Plan, as follows:

SUMMARY OF STATUS AND VOTING RIGHTS

**1.** **Claims and Equity Interests Against Parent Debtors**

**(a)** **FCP Holding, Inc.**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| FHI.1 | Prepetition Mortgage Loan Guaranty Claims | Impaired | Entitled to Vote |
| FHI.2 | Prepetition Mezzanine Loan Guaranty Claims | Impaired | Deemed to Reject |
| FHI.3 | Land Loan Guaranty Claims | Impaired | Deemed to Reject |
| FHI.4 | General Unsecured Claims | Impaired | Deemed to Reject |
| FHI.5 | Intercompany Claims | Impaired | Deemed to Reject |
| FHI.6 | Equity Interests | Impaired | Deemed to Reject |

**(b)** **Fertitta Partners LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| FP.1 | Prepetition Mortgage Loan Guaranty Claims | Impaired | Entitled to Vote |
| FP.2 | Prepetition Mezzanine Loan Guaranty Claims | Impaired | Deemed to Reject |
| FP.3 | Land Loan Guaranty Claims | Impaired | Deemed to Reject |
| FP.4 | General Unsecured Claims | Impaired | Deemed to Reject |

#4813-2828-6725

| | | | |
|---|---|---|---|
| FP.5 | Intercompany Claims | Impaired | Deemed to Reject |
| FP.6 | Equity Interests | Impaired | Deemed to Reject |

**(c)    FCP Voteco, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| VC.1 | Prepetition Mortgage Loan Guaranty Claims | Impaired | Entitled to Vote |
| VC.2 | Prepetition Mezzanine Loan Guaranty Claims | Impaired | Deemed to Reject |
| VC.3 | Land Loan Guaranty Claims | Impaired | Deemed to Reject |
| VC.4 | General Unsecured Claims | Impaired | Deemed to Reject |
| VC.5 | Intercompany Claims | Impaired | Deemed to Reject |
| VC.6 | Equity Interests | Impaired | Deemed to Reject |

**2.    Claims and Equity Interests Against Propco**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| P.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| P.2 | Prepetition Mortgage Loan Agreement Claims | Impaired | Entitled to Vote |
| P.3 | General Unsecured Claims | Impaired | Deemed to Reject |
| P.4 | Intercompany Claims | Impaired | Deemed to Reject |
| P.5 | Equity Interests | Impaired | Deemed to Reject |

**3.    Claims and Equity Interests Against Mezzco Debtors**

**(a)    FCP MezzCo Parent, LLC**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| MP.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| MP.2 | Intercompany Claims | Impaired | Deemed to Reject |
| MP.3 | Equity Interests | Impaired | Deemed to Reject |

**(b)    FCP MezzCo Parent Sub, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| MS.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| MS.2 | Intercompany Claims | Impaired | Deemed to Reject |
| MS.3 | Equity Interests | Impaired | Deemed to Reject |

(c)    **FCP Mezzco Borrower VII, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| M7.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| M7.2 | Intercompany Claims | Impaired | Deemed to Reject |
| M7.3 | Equity Interests | Impaired | Deemed to Reject |

(d)    **FCP Mezzco Borrower VI, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| M6.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| M6.2 | Intercompany Claims | Impaired | Deemed to Reject |
| M6.3 | Equity Interests | Impaired | Deemed to Reject |

(e)    **FCP Mezzco Borrower V, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| M5.1 | General Unsecured Claims | Impaired | Deemed to Reject |
| M5.2 | Mezz IV Pledge Claims | Impaired | Entitled to Vote |
| M5.3 | Intercompany Claims | Impaired | Deemed to Reject |
| M5.4 | Equity Interests | Impaired | Deemed to Reject |

(f)    **FCP Mezzco Borrower IV, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| M4.1 | Mezz IV Loan Claims | Impaired | Entitled to Vote |
| M4.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| M4.3 | Intercompany Claims | Impaired | Deemed to Reject |

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| M4.4 | Equity Interests | Impaired | Deemed to Reject |

**(g)    FCP Mezzco Borrower III, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| M3.1 | Mezz III Loan Claims | Impaired | Entitled to Vote |
| M3.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| M3.3 | Intercompany Claims | Impaired | Deemed to Reject |
| M3.4 | Equity Interests | Impaired | Deemed to Reject |

**(h)    FCP Mezzco Borrower II, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| M2.1 | Mezz II Loan Claims | Impaired | Entitled to Vote |
| M2.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| M2.3 | Intercompany Claims | Impaired | Deemed to Reject |
| M2.4 | Equity Interests | Impaired | Deemed to Reject |

**(i)    FCP Mezzco Borrower I, LLC**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| M1.1 | Mezz I Loan Claims | Impaired | Entitled to Vote |
| M1.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| M1.3 | Intercompany Claims | Impaired | Deemed to Reject |
| M1.4 | Equity Interests | Impaired | Deemed to Reject |

**4.    <u>Claims and Equity Interests Against SCI</u>**

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| S.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| S.2 | Prepetition Opco Secured Claims | Impaired | Entitled to Vote |
| S.3 | Master Lease Rejection Damage Claim | Impaired | Entitled to Vote |

| | | | |
|---|---|---|---|
| S.4 | General Unsecured Claims | Impaired | Entitled to Vote |
| S.5 | Senior Notes Claims | Impaired | Entitled to Vote |
| S.6 | Subordinated Notes Claims | Impaired | Entitled to Vote |
| S.7 | Mortgage Lender Claims Against SCI | Impaired | Entitled to Vote |
| S.8 | Intercompany Claims | Impaired | Deemed to Reject |
| S.9 | Equity Interests | Impaired | Deemed to Reject |

### 5. Claims and Equity Interests Against Other Opco Debtors

#### (a) Northern NV Acquisitions, LLC

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| NA.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| NA.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| NA.3 | Equity Interests | Impaired | Deemed to Reject |

#### (b) Reno Land Holdings, LLC

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| RL.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| RL.2 | General Unsecured Claims | Impaired | Deemed to Reject |
| RL.3 | Equity Interests | Impaired | Deemed to Reject |

#### (c) River Central, LLC

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| RC.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| RC.2 | Prepetition Opco Credit Agreement Guaranty Claims | Impaired | Entitled to Vote |
| RC.3 | General Unsecured Claims | Impaired | Deemed to Reject |
| RC.4 | Equity Interests | Impaired | Deemed to Reject |

#### (d) Tropicana Station, LLC

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| TS.1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| TS.2 | Prepetition Opco Credit Agreement Guaranty Claims | Impaired | Entitled to Vote |
| TS.3 | General Unsecured Claims | Impaired | Deemed to Reject |
| TS.4 | Equity Interests | Impaired | Deemed to Reject |

Voting Record Date. The Voting Record Date is July 15, 2010 (as of 5:00 p.m. prevailing Pacific Time) with respect to all Claims and Equity Interests. The Voting Record Date is the date by which it will be determined which Holders of Claims and Equity Interests in voting classes are entitled to vote on the Plan.

Voting Deadline. The deadline for voting on the Plan is *5:00 p.m. prevailing Pacific Time on August 20, 2010* (the "Voting Deadline"). If you hold a Claim against or Equity Interest in the Debtors as of the Voting Record Date and are entitled to vote to accept or reject the Plan, you should have received a Ballot, a Beneficial Holder Ballot or a Master Ballot (as applicable) and corresponding voting instructions. For your vote to be counted, you must: (a) follow such voting instructions carefully, (b) complete all the required information on the Ballot, Beneficial Holder Ballot or Master Ballot, as applicable; and (c) sign, date and return your completed Ballot, Beneficial Holder Ballot or Master Ballot, as applicable, so that it is actually received by the Voting and Claims Agent (or Intermediary Record Owner, as appropriate) according to and as set forth in detail in the voting instructions on or before the Voting Deadline. A failure to follow such instructions may disqualify your vote.

Indication of Interest in Participating in Propco Rights Offering. The Ballots distributed to Holders of Class S.4 Claims, Class S.5 Claims and Class S.6 Claims (subject to the subordination provisions pertaining to Class S.6 described in section II(B)(4) of the Plan) will provide such Holders that are Accredited Investors with the opportunity to indicate whether they are interested in participating in the Propco Rights Offering. Any Holder that is an Accredited Investor indicating an interest in so participating will then be given the opportunity to subscribe

#4813-2828-6725                    -8-

in the Propco Rights Offering, provided that it subscribes for the purchase of at least $250,000 of NPH Equity and provided that it is an Accredited Investor as defined in the Plan. Any Holder that does not indicate that it is interested in participating in the Propco Rights Offering by a properly completed Ballot received by the Voting and Claims Agent prior to the Voting Deadline shall not be given an opportunity to subscribe to the Propco Rights Offering.

Rights Offering Record Date. The Rights Offering Record Date is July 15, 2010 (as of 5:00 p.m. prevailing Pacific Time) with respect to all Holders of Class S.4 Claims, Class S.5 Claims and Class S.6 Claims (subject to the subordination provisions pertaining to Class S.6 described in section II(B)(4) of the Plan). The Rights Offering Record Date is the date by which is will be determined which Holders of Claims are entitled to participate in the Propco Rights Offering.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

*ARTICLE X OF THE PLAN  CONTAINS RELEASES, EXCULPATION AND INJUNCTION PROVISIONS.  YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.*

Plan Objection Deadline. The deadline for filing objections to the Plan is August 12, 2010 at 5:00 p.m. prevailing Pacific Time (the "Plan Objection Deadline").

Objections to the Plan. Any objection to the Plan must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or Equity Interest of such Entity; (iv) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received no later than the Plan Objection Deadline by the parties listed below (the "Notice Parties"). CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.

**NOTICE PARTIES**

(a) Station Casinos, Inc., 1505 South Pavilion Center Drive, Las Vegas, Nevada 89135; Attention: Richard Haskins, Esq. (b) Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention: Paul S. Aronzon, Esq. and Thomas R. Kreller, Esq., counsel for Debtors, (c) Lewis & Roca LLP, 50 West Liberty Street, Suite 410, Reno, Nevada 89501; Attention: Laury Macauley, Esq., counsel for Debtors, (d) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071; Attention: Oscar Garza, Esq., special counsel for FCP PropCo, LLC and FCP Mezzco Borrowers I-V, (e) Skadden, Arps, Slate, Meagher & Flom, LLP, 300 S. Grand Ave., Ste. 3400, Los Angeles, California 90071; Attention: Van C. Durrer II, counsel to Dr. James E. Nave, (f) the Office of the United States Trustee for the District of Nevada, C. Clifton Young Federal Bldg., 300 Booth Street, Rm. 2129, Reno, Nevada 89509; Attention: Bill Cossitt, Esq., (g) Fried Frank Harris Shriver & Jacobson, One New York Plaza, New York, New York 10004; Attention: Bonnie Steingart, Esq. and Marissa Soto, Esq., counsel to the Official Committee of Unsecured Creditors, (h) Fox Rothschild, 3773 Howard Hughes Pkwy., Suite 500 North, Las Vegas, Nevada 89169, Attention: Anne Loraditch, Esq., counsel to the Official Committee of Unsecured Creditors, (i) Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, New York 10017; Attention: Sandy Qusba, Esq. and Jason Friedman, Esq., counsel to the prepetition agent; (j) Sidley Austin, One South Dearborn, Chicago, Illinois 60603; Attention: Larry Nyhan, Esq. and Jeffrey Bjork, Esq.; (k) Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, Attention: Allan S. Brilliant, Esq., Adam M. Fox, Esq., and Craig P. Druehl, Esq.

**ADDITIONAL INFORMATION**

Obtaining Solicitation Materials. If you would like to obtain a Solicitation Package (excluding Ballots, Beneficial Holder Ballots and Master Ballots) or if you have questions regarding the procedures and requirements for objecting to the Plan, you may contact the Debtors' Voting and Claims Agent, Kurtzman Carlson Consultants ("KCC") by: calling the KCC hotline at (877) 499-4512; and/or writing to KCC, 2335 Alaska Avenue, El Segundo, California 90245; Attention: Aaron M. Doyle. You may also obtain copies of any pleadings

1    filed in this chapter 11 case for a fee via PACER at: http:/wwwdeb.uscourts.gov or free of charge

2    at http://www.kcc.net/stationcasinos.

3             Filing the Plan Supplement.  The Debtors will file the Plan Supplement no fewer

4    than ten (10) days prior to the Voting Deadline.  Copies of the Plan Supplement may be obtained

5    in the manner set forth above.

6    Dated: July __, 2010

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#4813-2828-6725

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF STATION CASINOS, INC. AND ITS AFFILIATED CO-DEBTORS
_____, 2010

TO: General Unsecured Creditors of Station Casinos, Inc. ("SCI") and its affiliated co-debtors (collectively, the "Debtors")

Dear Creditor:

You are receiving this letter because you are an unsecured creditor of the Debtors and are being asked to vote in favor of or against the Debtors' Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010) (the "Plan"). The Official Committee of Unsecured Creditors (the "Committee") was appointed on August 13, 2009, as the official representative of the unsecured creditors. Members of the Committee include: Fidelity Management & Research Company, Law Debenture Trust Company of New York, as Trustee, Serengeti Asset Management, LP, and Wilmington Trust Company, as Trustee. The role of the Committee is, among other things, to advise you regarding the Chapter 11 process with the goal of maximizing the return to unsecured creditors. The Committee obtained the services of Fried, Frank, Harris, Shriver & Jacobson LLP, Quinn, Emanuel, Urquhart & Sullivan, LLP, and Fox Rothschild LLP, as attorneys, and Moelis & Company, as financial advisors, to assist it in evaluating the Debtors' assets, their value, the terms of the Plan and other matters.

The Debtors recently filed with the Bankruptcy Court the Plan, which describes how creditors are to be paid, and a Disclosure Statement to Accompany Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010) (the "Disclosure Statement"), which summarizes the provisions of the Plan. The Court approved the mailing of the Disclosure Statement, Plan and ballots to all creditors entitled to vote on the Plan along with this letter. The Debtors are asking for your favorable vote on the Plan.

THE COMMITTEE, WHICH REPRESENTS THE INTERESTS OF ALL GENERAL UNSECURED CREDITORS IN THE DEBTORS' CHAPTER 11 BANKRUPTCY CASES, URGES YOU TO READ THE PLAN AND DISCLOSURE STATEMENT AND VOTE TO ACCEPT THE PLAN.

The original plan filed on March 24, 2010, provided for no distribution to unsecured creditors of SCI. After the filing of the Debtors' original plan, the Committee negotiated extensively with the Debtors, the Debtors' secured lenders and other parties and has reached an agreement with the Debtors on a distribution to unsecured creditors. The agreement reached by the Committee and the Debtors is included as a part of the Plan.

**Under the Plan, and subject to any applicable contractual subordination rights, unsecured creditors of SCI will share in a distribution of warrants in New Propco Holdco, exercisable over a seven year period, for up to 2.5% of the total equity in New Propco Holdco issued under the Plan with respect to their allowed claims. In addition, certain qualifying unsecured creditors will have an opportunity to participate in a rights offering under the terms and conditions set forth in the Plan.**

The proposed distribution to unsecured creditors and the Committee's agreement are based upon the estimated value of the Debtors' assets, other potential sources of recovery and the lack of any primary recovery that unsecured creditors likely would receive if the Plan were not approved given the level of senior secured debt entitled to recovery ahead of the unsecured creditors, absent prolonged and costly litigation in the Bankruptcy Court and, in all likelihood, through the prosecution of one or more appeals. The Committee points out that having reached an agreement with the Debtors for the distributions described above, the Committee has limited its ability to pursue alternative strategies including litigation strategies.

**BASED UPON THESE FACTS AND CIRCUMSTANCES, THE COMMITTEE BELIEVES THE PLAN NOW PROVIDES THE MOST CERTAIN RECOVERIES TO UNSECURED CREDITORS AND ENCOURAGES YOU TO VOTE TO ACCEPT THE PLAN.**

#4811-9257-9847

The Disclosure Statement also contains important ***dates*** and ***deadlines***, including (but not limited to) the following:

- ***August 12, 2010*** is the deadline to ***object*** to the Plan.

- ***August 20, 2010*** is the deadline to ***vote*** on the Plan.

- ***August 20, 2010*** is the deadline to subscribe to shares in the Rights Offering.

- ***August 20, 2010*** is the ***deadline*** for the Debtors to file a reply to objections, if any, to confirmation of the Plan.

- ***August 27, 2010*** is the date of ***the confirmation hearing***.


THE COMMITTEE'S RECOMMENDATION THAT ALL UNSECURED CREDITORS VOTE FOR THE PLAN SHOULD NOT SERVE AS A SUBSTITUTE FOR EACH UNSECURED CREDITOR'S OWN CAREFUL READING AND CONSIDERATION OF THE DISCLOSURE STATEMENT, PLAN AND RELATED DOCUMENTS, AND CONSULTATION WITH ITS COUNSEL OR OTHER PROFESSIONAL ADVISORS.

Very Truly Yours,

Official Committee of Unsecured Creditors for Station Casinos, Inc. and its affiliated co-debtors.

1    Paul S. Aronzon (CA SBN 88781)                 Laury M. Macauley (NV SBN 11413)

Thomas R. Kreller (CA SBN 161922)            Dawn M. Cica (NV SBN 004595)

2    MILBANK, TWEED, HADLEY & McCLOY LLP    LEWIS AND ROCA LLP

601 South Figueroa Street, 30th Floor         50 West Liberty Street, Suite 410

3    Los Angeles, California 90017              Reno, Nevada 89501

Telephone:    (213) 892-4000             Telephone:    (775) 823-2900

4    Facsimile:    (213) 629-5063             Facsimile:    (775) 823-2929

                                          lmacauley@lrlaw.com; dcica@lrlaw.com

5

Reorganization Counsel for

6    Debtors and Debtors in Possession

                                     Local Reorganization Counsel for

7                                      Debtors and Debtors in Possession

8                  **UNITED STATES BANKRUPTCY COURT**

                           **DISTRICT OF NEVADA**

9    In re:                                        Chapter 11

10    STATION CASINOS, INC.                Case No. BK-09-52477

                                          Jointly Administered

11    ☒ Affects this Debtor                BK 09-52470 through BK 09-52487 and

    ☐ Affects all Debtors                BK 10-50381

12    ☒ Affects Northern NV Acquisitions, LLC

13    ☒ Affects Reno Land Holdings, LLC

14    ☒ Affects River Central, LLC         **NOTICE OF NON-VOTING STATUS TO**

    ☒ Affects Tropicana Station, LLC      **HOLDERS OF CLAIMS AND**

15    ☒ Affects FCP Holding, Inc.          **INTERESTS THAT ARE DEEMED TO**

    ☒ Affects FCP Voteco, LLC          **REJECT THE JOINT PLAN**

16    ☒ Affects Fertitta Partners LLC

17    ☒ Affects FCP MezzCo Parent, LLC

    ☒ Affects FCP MezzCo Parent Sub, LLC

18    ☒ Affects FCP MezzCo Borrower VII, LLC

19    ☒ Affects FCP MezzCo Borrower VI, LLC

    ☒ Affects FCP MezzCo Borrower V, LLC

20    ☒ Affects FCP MezzCo Borrower IV, LLC

21    ☒ Affects FCP MezzCo Borrower III, LLC

    ☒ Affects FCP MezzCo Borrower II, LLC

22    ☒ Affects FCP MezzCo Borrower I, LLC

23    ☒ Affects FCP PropCo, LLC

    ☐ Affects GV Ranch Station, Inc.

24

25              **PLEASE TAKE NOTICE THAT** on July 28, 2010, the above-captioned debtors

26    and debtors-in-possession (collectively, the "Debtors") filed the *First Amended Joint Plan of*

27    *Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)*

28

[Docket No. 1863] (the "<u>Plan</u>") and the *Disclosure Statement to Accompany First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1864] (the "<u>Disclosure Statement</u>").

**PLEASE TAKE FURTHER NOTICE THAT** following a hearing on the Disclosure Statement, the Bankruptcy Court entered an order (i) approving the Disclosure Statement, (ii) establishing the Voting Record Date, Voting Deadline and other dates, (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan, (iv) approving the manner and forms of certain notices and (v) authorizing the Debtors to serve this Notice (the "<u>Amended Disclosure Statement Order</u>").

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of Claims in the following Classes: FHI.2, FHI.3, FHI.4, FHI.5, FHI.6, FP.2, FP.3, FP.4, FP.5, FP.6, VC.2, VC.3, VC.4, VC.5, VC.6, P.3, P.4, P.5, MP.1, MP.2, MP.3, MS.1, MS.2, MS.3, M7.1, M7.2, M7.3, M6.1, M6.2, M6.3, M5.1, M5.3, M5.4, M4.2, M4.3, M4.4, M3.2, M3.3, M3.4, M2.2, M2.3, M2.4, M1.2, M1.3, M1.4, S.8, S.9, NA.2, NA.3, RL.2, RL.3, RC.3, RC.4, TS.3, TS.4 (the "<u>Non Voting-Classes</u>"), <u>you are not entitled to vote on the Plan</u>. Specifically, under the terms of the Plan, Holders of Claims or Interests in the Non-Voting Classes are not entitled to receive or retain any property of the Debtors on account of such Claims or Interests against the Debtors.  Pursuant to section 1126(g) of the Bankruptcy Code, as a Holder of a Claim or Interest in the Non-Voting Classes, you are deemed to have rejected the Plan and, therefore, you are not entitled to vote on the Plan.  For these reasons, you have not been sent a copy of the Disclosure Statement, Plan or Ballot for voting on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Confirmation Hearing to consider confirmation of the Plan will commence at **10:00 a.m. prevailing Pacific Time on August 27 and continue on August 30, 2010**, before the Honorable Gregg Zive,  United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Nevada, located at 300 Booth Street, Reno, Nevada 89501.  The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by

announcement in open court or by a notice of adjournment filed with the Bankruptcy Court and served on such parties as the Bankruptcy Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

**PLEASE TAKE FURTHER NOTICE THAT**, notwithstanding that you are not entitled to vote on the Plan, you are nevertheless a party in interest in the Debtors' chapter 11 cases and you are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan. The deadline for filing objections to the Plan is **August 12, 2010 at 5:00 p.m. prevailing Pacific Time** (the "Plan Objection Deadline"). CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE. Any objection to the Plan must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim of such Entity; (iv) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** no later than the Plan Objection Deadline by the following parties (collectively, the "Notice Parties"): (a) Station Casinos, Inc., 1505 South Pavilion Center Drive, Las Vegas, Nevada 89135; Attention: Richard Haskins, Esq. (b) Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attention: Paul S. Aronzon, Esq. and Thomas R. Kreller, Esq., counsel for Debtors, (c) Lewis & Roca LLP, 50 West Liberty Street, Suite 410, Reno, Nevada 89501; Attention: Laury Macauley, Esq., counsel for Debtors, (d) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071; Attention: Oscar Garza, Esq., special counsel for FCP PropCo, LLC and FCP Mezzco Borrowers I-V, (e) Skadden, Arps, Slate, Meagher & Flom, LLP, 300 S. Grand Ave., Ste. 3400, Los Angeles, California 90071; Attention: Van C. Durrer II, counsel to Dr. James E. Nave, (f) the Office of the United States Trustee for the District of Nevada, C. Clifton Young

1   Federal Bldg., 300 Booth Street, Rm. 2129, Reno, Nevada 89509; Attention: Bill Cossitt, Esq.,

2   (g) Fried Frank Harris Shriver & Jacobson, One New York Plaza, New York, New York 10004;

3   Attention: Bonnie Steingart, Esq. and Marissa Soto, Esq., counsel to the Official Committee of

4   Unsecured Creditors, (h) Fox Rothschild, 3773 Howard Hughes Pkwy., Suite 500 North, Las

5   Vegas, Nevada 89169, Attention: Anne Loraditch, Esq., counsel to the Official Committee of

6   Unsecured Creditors, (i) Simpson Thacher & Bartlett, 425 Lexington Avenue, New York, New

7   York 10017; Attention: Sandy Qusba, Esq. and Jason Friedman, Esq., counsel to the prepetition

8   agent; (j) Sidley Austin, One South Dearborn, Chicago, Illinois 60603; Attention: Larry Nyhan,

9   Esq. and Jeffrey Bjork, Esq.; (k) Dechert LLP, 1095 Avenue of the Americas, New York, New

10  York 10036, Attention: Allan S. Brilliant, Esq., Adam M. Fox, Esq., and Craig P. Druehl, Esq.

11         **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a

12  copy of a Solicitation Package (excluding Ballots, Beneficial Holder Ballots and Master Ballots)

13  or if you have questions regarding the procedures and requirements for objecting to the Plan, you

14  may contact the Debtors' Voting and Claims Agent, Kurtzman Carson Consultants ("KCC"), by:

15  (i) calling the KCC hotline at (877) 499-4512; and/or (ii) writing to KCC, 2335 Alaska Avenue,

16  El Segundo, CA 90245, Attn: Aaron M. Doyle.  You may also obtain copies of any pleadings

17  filed in this chapter 11 case for a fee via PACER at: http:/wwwdeb.uscourts.gov or free of charge

18  at http://www.kccllc.net/stationcasinos.

19

20  **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
    IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN**

21  **OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
    ADDITIONAL INFORMATION, PLEASE CONTACT THE VOTING AND CLAIMS**

22  **AGENT AT THE NUMBER OR ADDRESS SPECIFIED ABOVE.**

23

24         NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN
    AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL

25  ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR
    THIS PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE
    MAILED HEREWITH.

26
    Dated: July __, 2010

27

28

#4850-8847-9493                        -4-

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477

Jointly Administered
BK 09-52470 through BK 09-52487

### BALLOT FOR VOTING ON THE ABOVE-CAPTIONED DEBTORS' CHAPTER 11 PLAN

**[FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims]**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT
IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AND CLAIMS AGENT ON OR BEFORE
5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010 (THE "<u>VOTING DEADLINE</u>").**

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors*

*(Dated July 28, 2010)* (as may be amended, supplemented or modified from time to time, the "Plan") [Docket No. 1863], and as set forth in the *Disclosure Statement to Accompany First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1864] (as may be amended, supplemented or modified from time to time, the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of the *Amended Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline and Other Dates; (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on Joint Plan and For Filing Objections to Joint Plan; (D) Setting Confirmation Hearing and Related Deadlines; and (E) Approving Forms of Notices and Ballots* (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Ballot because our records indicate that you are a direct Holder of a Class [FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Guaranty Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/ S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims], as of the applicable Voting Record Date (July 15, 2010 as of 5:00 p.m. prevailing Pacific Time). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included (along with the Plan, Disclosure Statement Order and certain other materials) in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, or have questions or concerns with respect to such materials, you may contact the Debtors' Voting and Claims Agent by: (1) visiting the Debtors' restructuring website at www.kccllc.net/stationcasinos; (2) writing to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90295, Attention: Aaron M. Doyle; and/or (3) calling the Voting and Claims Agent at (877) 499-4512. You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at: www.nvb.uscourts.gov or free of charge at www.kccllc.net/stationcasinos.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting and Claims Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in [FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims /S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims] under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Bankruptcy Court can confirm the Plan and bind you to the terms set forth therein if the Plan is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or affirmatively vote to reject the Plan. To have your vote counted, you must complete, sign and return this Ballot so that it is actually received by the Voting and Claims Agent by the Voting Deadline.

---

**[FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims]**

---

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.

2.    To ensure that your vote is counted, you <u>must</u> complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 below has been inserted (if you do not know the amount of your claim, please contact the Voting and Claims Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 below; (c) (optional) indicate your election to grant the releases under Article X of the Plan by checking the box in Item 3 below; (d) provide the information required by Item 4 below; <u>and</u> (e) sign, date and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

3.    If a Ballot is received <u>after</u> the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot.  Additionally, the following Ballots will **<u>NOT</u>** be counted:

    ➢    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    ➢    any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

    ➢    any Ballot cast for a Claim that is not listed on the Schedules, or that is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of claim was timely filed;

    ➢    any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

    ➢    any Ballot submitted by facsimile, telecopy or electronic mail;

    ➢    any unsigned Ballot;

    ➢    any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

    ➢    any Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

4.    The method of delivery of Ballots to the Voting and Claims Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually receives** the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

5.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

7.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting and Claims Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.      This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9.      <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10.     If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,**

**PLEASE CALL THE VOTING AND CLAIMS AGENT AT:  (877) 499-4512**

---

**IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u>
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M.
PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THEN YOUR VOTE
TRANSMITTED HEREBY WILL <u>NOT</u> BE COUNTED.**

---

        NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the applicable Voting Record Date (July 15, 2010 as of 5:00 p.m. prevailing Pacific Time), the undersigned was the Holder of [FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims] against the Debtors in the following unpaid amount (insert unpaid amount in box below if not already completed):

$\boxed{\$\text{_____}}$

**Item 2**.  **Vote on Plan.**

The Holder of the [FHI.1 - Prepetition Mortgage Loan Guaranty Claims/FP.1 - Prepetition Mortgage Loan Guaranty Claims/VC.1 - Prepetition Mortgage Loan Guaranty Claims/P.2 - Prepetition Mortgage Loan Claims/M5.2 - Mezz IV Pledge Claims/M4.1 - Mezz IV Loan Claims/M3.1 - Mezz III Loan Claims/M2.1 - Mezz II Loan Claims/M1.1 - Mezz I Loan Claims/S.3 - Master Lease Rejection Damage Claim/S.7 - Mortgage Lender Claims Against SCI/RC.2 - Prepetition Opco Credit Agreement Guaranty Claims/TS.2 - Prepetition Opco Credit Agreement Guaranty Claims] against the Debtors set forth in Item 1 above votes to (please check <u>one</u> box below):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3**.  **(Optional) Election to Opt-in to Release Provisions.**

Check the box below if you elect to <u>grant</u> the releases set forth in Article X of the Plan.  Election to give consent to the releases is at your option.  If you submit your Ballot <u>without</u> this box checked or vote to reject the Plan, you will be deemed <u>not</u> to consent to the releases set forth in Article X of the Plan.

☐ The undersigned elects to <u>grant</u> the releases contained in Article X of the Plan.

**Item 4.  Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)     that either: (i) the undersigned is the Holder of the Class [FHI.1/FP.1/VC.1/P.2/M5.2/M4.1/M3.1/M2.1/M1.1S.3/S.7/RC.2/TS.2] Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a Holder of the Class [FHI.1/FP.1/VC.1/P.2/M5.2/M4.1/M3.1/M2.1/M1.1/S.3/S.7/RC.2/TS.2] Claims being voted, and, in either case, has the full power and authority to vote to accept or reject the Plan with respect to the Claims identified in Item 1 above;

(b)     that the undersigned has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     that the undersigned has cast the same vote with respect to all Class [FHI.1/FP.1/VC.1/P.2/M5.2/M4.1/M3.1/M2.1/M1.1/S.3/S.7/RC.2/TS.2] Claims in a single Class; and

(d)     that no other Ballots with respect to the amount of the Class [FHI.1/FP.1/VC.1/P.2/M5.2/M4.1/M3.1/M2.1/M1.1/S.3/S.7/RC.2/TS.2] Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |

No fees, commissions or other remuneration will be payable to any person for soliciting votes on the Plan.

If your address or contact information has changed, please note the new information here.

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED TO:**

| |
|---|
| Kurtzman Carson Consultants LLC |
| 2335 Alaska Avenue |
| El Segundo, CA 90295 |
| Attention: Station Casinos Ballot Processing |

**#4829-8442-8294**                                            2

Telephone:  (877) 499-4512

THIS BALLOT MUST BE **ACTUALLY** **RECEIVED**
BY THE VOTING AND CLAIMS AGENT ON OR BEFORE:

**5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010**.

**BALLOTS SENT BY FACSIMILE, TELECOPY
OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| STATION CASINOS, INC. | Case No. BK-09-52477 |
| | Jointly Administered<br>BK 09-52470 through BK 09-52487 |

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

## BALLOT FOR VOTING ON THE ABOVE-CAPTIONED DEBTORS' CHAPTER 11 PLAN

### Class S.2 - Prepetition Opco Secured Claims

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT
IT IS ACTUALLY RECEIVED BY THE VOTING AND CLAIMS AGENT ON OR BEFORE
5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010 (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors-in-possession (the "Debtors") are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* (as may be amended, supplemented or modified from time to time, the "Plan") [Docket No. 1863], and as set forth in the *Disclosure Statement to Accompany First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1864] (as may be amended, supplemented or modified from time to time, the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry

of the *Amended Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline and Other Dates; (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on Joint Plan and For Filing Objections to Joint Plan; (D) Setting Confirmation Hearing and Related Deadlines; and (E) Approving Forms of Notices and Ballots* (the "Disclosure Statement Order").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Ballot because our records indicate that you are a Holder of a Class S.2 - Prepetition Opco Secured Claim, as of the applicable Voting Record Date (July 15, 2010 as of 5:00 P.M. prevailing Pacific time).  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included (along with the Plan, Disclosure Statement Order and certain other materials) in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, or have questions or concerns with respect to such materials, you may contact the Debtors' Voting and Claims Agent by:  (1) visiting the Debtors' restructuring website at www.kccllc.net/stationcasinos; (2) writing to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90295, Attention: Aaron M. Doyle; and/or (3) calling the Voting and Claims Agent at (877) 499-4512.  You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at: www.nvb.uscourts.gov or free of charge at www.kccllc.net/stationcasinos.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting and Claims Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class S.2 - Prepetition Opco Secured Claims under the Plan.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Bankruptcy Court can confirm the Plan and bind you to the terms set forth therein if the Plan is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or affirmatively vote to reject the Plan.  To have your vote counted, you must complete, sign and return this Ballot so that it is actually received by the Voting and Claims Agent by the Voting Deadline.

| |
|---|
| **Class S.2 - Prepetition Opco Secured Claims** |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.

2.      To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 below has been inserted (if you do not know the amount of your claim, please contact the Voting and Claims Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 below; (c) (optional) indicate your election to grant the releases under Article X of the Plan by checking the box in Item 3 below; (d) provide the information required by Item 4 below; and (e) sign, date and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

3.      If a Ballot is received after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot.  Additionally, the following Ballots will **NOT** be counted:

> ➢    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> ➢    any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> ➢    any Ballot cast for a Claim that is not listed on the Schedules, or that is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of claim was timely filed;

> ➢    any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

> ➢    any Ballot submitted by facsimile, telecopy or electronic mail;

> ➢    any unsigned Ballot;

> ➢    any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> ➢    any Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

4.      The method of delivery of Ballots to the Voting and Claims Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually** **receives** the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

5.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

7.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting and Claims Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.      This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9.      <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10.     If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

**PLEASE MAIL YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,**

**PLEASE CALL THE VOTING AND CLAIMS AGENT AT:  (877) 499-4512**

---

**IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u>
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M.
PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THEN YOUR VOTE
TRANSMITTED HEREBY WILL <u>NOT</u> BE COUNTED.**

---

        NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the applicable Voting Record Date (July 15, 2010 as of 5:00 P.M. prevailing Pacific time), the undersigned was the Holder of a Class S.2 - Prepetition Opco Secured Claim against the Debtors in the following unpaid amount (insert unpaid amount in box below if not already completed):

$\text{\$_____}$

**Item 2**.  **Vote on Plan.**

The Holder of the Class S.2 - Prepetition Opco Secured Claim against the Debtors set forth in Item 1 above votes to (please check <u>one</u> box below):

| ☐    **ACCEPT** (vote FOR) the Plan | ☐    **REJECT** (vote AGAINST) the Plan |
| --- | --- |

THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

IF YOU VOTE TO **ACCEPT** THE PLAN, YOU <u>SHALL NOT</u> BE AN ELIGIBLE OPCO UNSECURED CREDITOR AND SHALL BE DEEMED TO HAVE ELECTED TO WAIVE ANY AND ALL RIGHTS TO RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF YOUR CLASS S.4 DEFICIENCY CLAIM AND THEREFORE SHALL NOT RECEIVE ANY NPH WARRANTS AND SHALL NOT HAVE ANY RIGHTS TO PARTICIPATE IN THE PROPCO RIGHTS OFFERING OR IN ANY NPH POST-EFFECTIVE RIGHTS ON ACCOUNT OF YOUR CLASS S.4 DEFICIENCY CLAIM.

IF YOU VOTE TO **REJECT** THE PLAN, YOUR RIGHTS TO RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF YOUR CLASS S.4 DEFICIENCY CLAIM SHALL NOT BE WAIVED. IN THAT EVENT, YOU SHOULD CAST A SEPARATE CLASS S.4 BALLOT ON ACCOUNT OF YOUR DEFICIENCY CLAIM AND INDICATE WHETHER YOU ARE INTERESTED IN PARTICIPATING IN THE PROPCO RIGHTS OFFERING. IF YOU HAVE NOT ALREADY RECEIVED A CLASS S.4 BALLOT, CONTACT THE VOTING AND CLAIMS AGENT IMMEDIATELY AT (877) 499-4512.

**Item 3**.  **(Optional) Election to Opt-in to Release Provisions.**

Check the box below if you elect to <u>grant</u> the releases set forth in Article X of the Plan. Election to give consent to the releases is at your option. If you submit your Ballot <u>without</u> this box checked or vote to reject the Plan, you will be deemed <u>not</u> to consent to the releases set forth in Article X of the Plan.

☐ The undersigned elects to <u>grant</u> the releases contained in Article X of the Plan.

**Item 4**.  **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)     that either: (i) the undersigned is the Holder of the Class S.2 Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a Holder of the Class S.2 Claims being voted, and, in either case, has the full power and authority to vote to accept or reject the Plan with respect to the Claims identified in Item 1 above;

(b)     that the undersigned has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     that the undersigned has cast the same vote with respect to all Class S.2 Claims in a single Class; and

(d)     that no other Ballots with respect to the amount of the Class S.2 Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder: _____
                                                    (Print or Type)

Social Security or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
                                                   (If other than Holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

No fees, commissions or other remuneration will be payable to any person for soliciting votes on the Plan.

If your address or contact information has changed, please note the new information here.

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED TO:**

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90295
Attention: Station Casinos Ballot Processing
Telephone:  (877) 499-4512

THIS BALLOT MUST BE **ACTUALLY** **RECEIVED**
BY THE VOTING AND CLAIMS AGENT ON OR BEFORE:

**5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010**.

**BALLOTS SENT BY FACSIMILE, TELECOPY**
**OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

- ☐ Affects this Debtor
- ☒ Affects all Debtors
- ☐ Affects Northern NV Acquisitions, LLC
- ☐ Affects Reno Land Holdings, LLC
- ☐ Affects River Central, LLC
- ☐ Affects Tropicana Station, LLC
- ☐ Affects FCP Holding, Inc.
- ☐ Affects FCP Voteco, LLC
- ☐ Affects Fertitta Partners LLC
- ☐ Affects FCP MezzCo Parent, LLC
- ☐ Affects FCP MezzCo Parent Sub, LLC
- ☐ Affects FCP MezzCo Borrower VII, LLC
- ☐ Affects FCP MezzCo Borrower VI, LLC
- ☐ Affects FCP MezzCo Borrower V, LLC
- ☐ Affects FCP MezzCo Borrower IV, LLC
- ☐ Affects FCP MezzCo Borrower III, LLC
- ☐ Affects FCP MezzCo Borrower II, LLC
- ☐ Affects FCP MezzCo Borrower I, LLC
- ☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477

Jointly Administered
BK 09-52470 through BK 09-52487

## BALLOT FOR VOTING ON THE ABOVE-CAPTIONED DEBTORS' CHAPTER 11 PLAN

### Class S.4 - General Unsecured Claims

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT
IT IS ACTUALLY RECEIVED BY THE VOTING AND CLAIMS AGENT ON OR BEFORE
5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010 (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors-in-possession (the "Debtors") are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* (as may be amended, supplemented or modified from time to time, the "Plan") [Docket No. 1863], and as set forth in the *Disclosure Statement to Accompany First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1864] (as may be amended, supplemented or modified from time to time, the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of the *Amended Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline and Other Dates; (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on Joint Plan and For*

#4843-0153-8823                                    1

*Filing Objections to Joint Plan; (D) Setting Confirmation Hearing and Related Deadlines; and (E) Approving Forms of Notices and Ballots* (the "<u>Disclosure Statement Order</u>").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Ballot because our records indicate that you are a Holder of a Class S.4 – General Unsecured Claim, as of the applicable Voting Record Date (July 15, 2010 as of 5:00 p.m. prevailing Pacific Time).  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included (along with the Plan, Disclosure Statement Order and certain other materials) in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, or have questions or concerns with respect to such materials, you may contact the Debtors' Voting and Claims Agent by:  (1) visiting the Debtors' restructuring website at www.kccllc.net/stationcasinos; (2) writing to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90295, Attention: Aaron M. Doyle; and/or (3) calling the Voting and Claims Agent at (877) 499-4512.  You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at: www.nvb.uscourts.gov or free of charge at www.kccllc.net/stationcasinos.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting and Claims Agent <u>immediately</u> at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class S.4 – General Unsecured Claims under the Plan.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Bankruptcy Court can confirm the Plan and bind you to the terms set forth therein if the Plan is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or affirmatively vote to reject the Plan.  To have your vote counted, you must complete, sign and return this Ballot so that it is actually received by the Voting and Claims Agent by the Voting Deadline.

| Class S.4 – General Unsecured Claims |
|---|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.　The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.

2.　To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 below has been inserted (if you do not know the amount of your claim, please contact the Voting and Claims Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 below; (c) (optional) indicate your interest in participating in the Propco Rights Offering by checking the box in Item 3 below; (d) (optional) indicate your election to grant the releases under Article X of the Plan by checking the box in Item 4 below; (e) provide the information required by Item 5 below and (f) sign, date and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

3.　If a Ballot is received after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot.  Additionally, the following Ballots will **NOT** be counted:

> ➢　any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> ➢　any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> ➢　any Ballot cast for a Claim that is not listed on the Schedules, or that is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of claim was timely filed;

> ➢　any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

> ➢　any Ballot submitted by facsimile, telecopy or electronic mail;

> ➢　any unsigned Ballot;

> ➢　any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> ➢　any Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

4.　The method of delivery of Ballots to the Voting and Claims Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually** **receives** the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

5.　If you do not indicate your interest in participating in the Propco Rights Offering by checking the box in Item 3 below, you will not be given an opportunity to subscribe to the Propco Rights Offering.

6.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

7.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

8.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting and Claims Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.      This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

10.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11.     If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

### <u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,**

**PLEASE CALL THE VOTING AND CLAIMS AGENT AT:  (877) 499-4512**

---

**IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u>
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M.
PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THEN YOUR VOTE
TRANSMITTED HEREBY WILL <u>NOT</u> BE COUNTED.**

---

NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

<u>Item 1</u>.  **Amount of Claim.**

       The undersigned hereby certifies that as of the applicable Voting Record Date (July 15, 2010 as of 5:00 p.m. prevailing Pacific Time), the undersigned was the Holder of a Class S.4 – General Unsecured Claim against the Debtors in the following unpaid amount (insert unpaid amount in box below if not already completed):

$$\boxed{\qquad \text{\$_____} \qquad}$$

<u>Item 2</u>.  **Vote on Plan.**

       The Holder of the Class S.4 – General Unsecured Claim against the Debtors set forth in Item 1 above votes to (please check <u>one</u> box below):

| ☐     **<u>ACCEPT</u>** (vote FOR) the Plan | ☐     **<u>REJECT</u>** (vote AGAINST) the Plan |
|---|---|

THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

<u>Item 3</u>.  **(Optional) Propco Rights Offering – Expression of Interest in Participating.**

       The Plan provides for the Propco Rights Offering, pursuant to which Eligible Opco Unsecured Creditors that are "accredited investors" ("<u>Accredited Investors</u>") as such term is defined in Regulation D promulgated under the Securities Act of 1933, as amended, may receive NPH Investment Rights.  The offer to participate in the Propco Rights Offering is being made only to Accredited Investors.  If you are an Accredited Investor, check the box below to express your interest in participating in the Propco Rights Offering, described in Article V of the Plan. Checking the box <u>does not</u> constitute a binding commitment to participate in the Propco Rights Offering.  If you do not check the box, however, you will not be given the opportunity to subscribe to the Propco Rights Offering.  The Debtors will provide subscription documents and other relevant information only to interested parties that have checked the box following the submission of the Ballots.

       ☐ The undersigned is an Accredited Investor and is interested in participating in the Propco Rights Offering.

<u>Item 4</u>.  **(Optional) Election to Opt-in to Release Provisions.**

       Check the box below if you elect to <u>grant</u> the releases set forth in Article X of the Plan.  Election to give consent to the releases is at your option.  If you submit your Ballot <u>without</u> this box checked or vote to reject the Plan, you will be deemed <u>not</u> to consent to the releases set forth in Article X of the Plan.

       ☐ The undersigned elects to <u>grant</u> the releases contained in Article X of the Plan.

<u>Item 5</u>.  **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

       (a)      that either: (i) the undersigned is the Holder of the Class S.4 – General Unsecured Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a Holder of the Class S.4 – General Unsecured Claims being voted, and, in either case, has the full power and authority to vote to accept or reject the Plan with respect to the Claims identified in Item 1 above;

(b)    that the undersigned has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    that the undersigned has cast the same vote with respect to all Class S.4 – General Unsecured Claims in a single Class; <u>and</u>

(d)    that no other Ballots with respect to the amount of the Class S.4 – General Unsecured Claims Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Date Completed: | |
| | |

No fees, commissions or other remuneration will be payable to any person for soliciting votes on the Plan.

If your address or contact information has changed, please note the new information here.

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND**
**RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED TO:**

> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA 90295
> Attention: Station Casinos Ballot Processing
> Telephone: (877) 499-4512

THIS BALLOT MUST BE **<u>ACTUALLY</u> <u>RECEIVED</u>**
BY THE VOTING AND CLAIMS AGENT ON OR BEFORE:

**5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010**.

**BALLOTS SENT BY FACSIMILE, TELECOPY**
**OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477

Jointly Administered
BK 09-52470 through BK 09-52487

**BENEFICIAL HOLDER BALLOT FOR VOTING ON
THE ABOVE-CAPTIONED DEBTORS' CHAPTER 11 PLAN**

**Class S.5 – Senior Notes Claims**

#4846-7358-6695

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL (I) PRE-VALIDATED BENEFICIAL HOLDER BALLOTS; (II) BENEFICIAL HOLDER BALLOTS OF REGISTERED RECORD OWNERS; AND (III) MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL HOLDER BALLOTS THAT WERE NOT PRE-VALIDATED MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AND CLAIMS AGENT (KURTZMAN CARSON CONSULTANTS LLC) ON OR BEFORE 5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010 (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

A.  **<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR INTERMEDIARY RECORD OWNER</u>**:[1]

YOUR INTERMEDIARY RECORD OWNER HAS <u>NOT</u> PRE-VALIDATED THIS BENEFICIAL HOLDER BALLOT.  YOU MUST RETURN THIS BENEFICIAL HOLDER BALLOT TO YOUR INTERMEDIARY RECORD OWNER IN SUFFICIENT TIME TO PERMIT YOUR INTERMEDIARY RECORD OWNER TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO THE VOTING AND CLAIMS AGENT BY THE VOTING DEADLINE.

B.  **<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AND CLAIMS AGENT (KURTZMAN CARSON CONSULTANTS LLC)</u>**:

EITHER (1) YOUR INTERMEDIARY RECORD OWNER HAS PRE-VALIDATED THIS BENEFICIAL HOLDER BALLOT; <u>OR</u> (2) YOU HAVE BEEN IDENTIFIED AS A REGISTERED RECORD OWNER.

THEREFORE, YOU MUST RETURN THIS BENEFICIAL HOLDER BALLOT DIRECTLY TO THE VOTING AND CLAIMS AGENT SO IT IS **<u>ACTUALLY</u>** **<u>RECEIVED</u>** ON OR BEFORE THE VOTING DEADLINE.

---

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* (as may be amended, supplemented or modified from time to time, the "<u>Plan</u>") [Docket No. 1863], and as set forth in the *Disclosure Statement to Accompany First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1864] (as may be amended, supplemented or modified from time to time, the "<u>Disclosure Statement</u>").  The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of the *Amended Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline and Other Dates; (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on Joint Plan and For Filing Objections to Joint Plan; (D) Setting Confirmation Hearing and Related Deadlines; and (E) Approving Forms of Notices and Ballots* (the "<u>Disclosure Statement Order</u>").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Beneficial Holder Ballot because our records indicate that you are a direct Beneficial Holder of a Class S.5 – Senior Notes Claim, as of the applicable Securities Record Voting Record Date (July 15, 2010 at 5:00 p.m. prevailing Pacific Time).  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included (along with the Plan, Disclosure Statement Order and certain other materials) in the Solicitation Package you are receiving with this Beneficial Holder Ballot.  If you need to obtain additional solicitation materials, you may contact the Debtors' Voting and Claims Agent by: (1) visiting the Debtors' restructuring website at www.kccllc.net/stationcasinos; (2) writing to Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, Attention: David Hartie; and/or (3) calling the Voting and Claims Agent at (877) 4994512.  You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at: www.nvb.uscourts.gov or free of charge at www.kccllc.net/stationcasinos.

---

[1]    "*Intermediary Record Owner*" means the bank, brokerage firm, or the agent thereof as the entity through which the Beneficial Holders hold the Senior Notes.

This Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Beneficial Holder Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting and Claims Agent <u>immediately</u> at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class S.5 – Senior Notes Claims under the Plan.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Bankruptcy Court can confirm the Plan and bind you to the terms therein if the Plan is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or affirmatively vote to reject the Plan.  To have your vote counted, you must complete, sign and return this Ballot to the Voting and Claims Agent by the Voting Deadline.

| Class S.5 – Senior Notes Claims |
|---|

**INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT**

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Beneficial Holder Ballot.

2.  To ensure that your vote is counted, you <u>must</u> complete the Ballot and take the following steps: (a) make sure that the information required by Item 1 below has been inserted (if you do not know the amount of your claim, please contact the Voting and Claims Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 below; (c) (optional) indicate your interest in participating in the Propco Rights Offering by checking the box in Item 3 below; (d) (optional) indicate your election to grant the releases under Article X of the Plan by checking the box in Item 4 below; (e) provide the information required by Item 5 below <u>and</u> (f) sign, date and return an original of your Beneficial Holder Ballot in accordance with paragraph 3 directly below.

3.  **Return of Beneficial Holder Ballots**: Your Beneficial Holder Ballot (if pre-validated or if you are a Registered Record Owner) and/or the Master Ballot incorporating the vote cast on your Beneficial Holder Ballot MUST be returned to the Voting and Claims Agent so as to be **actually received** by the Voting and Claims Agent on or before the Voting Deadline, which is 5:00 p.m. prevailing Pacific Time on August 20, 2010. To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Holder Ballot must be sent in order for it to be received before the Voting Deadline:

    ➢ <u>Pre-validated Beneficial Holder Ballot and Beneficial Holder Ballots of Registered Record Owners</u>: If you received a Beneficial Holder Ballot and a return envelope addressed to the Voting and Claims Agent, then you must return your completed Beneficial Holder Ballot <u>directly to the Voting and Claims Agent</u> so that it is **actually received** by the Voting and Claims Agent on or before the Voting Deadline.

    ➢ <u>Not pre-validated Beneficial Holder Ballot</u>: If you received a Beneficial Holder Ballot and a return envelope addressed to your Intermediary Record Owner, you must return your completed Beneficial Holder Ballot <u>directly to your Intermediary Record Owner</u> so that it is **actually received** by the Intermediary Record Owner in sufficient time to permit your Intermediary Record Owner to deliver a Master Ballot including your vote to the Voting and Claims Agent by the Voting Deadline.

4.  If a Master Ballot or Beneficial Holder Ballot is received by the Voting and Claims Agent <u>after</u> the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Master Ballot or Beneficial Holder Ballot. Additionally**,** the following Beneficial Holder Ballots will <u>NOT</u> be counted:

    ➢ any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    ➢ any Beneficial Holder Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

    ➢ any Beneficial Holder Ballot cast for a Claim that is not listed on the Schedules, or that is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of claim was timely filed;

    ➢ any Beneficial Holder Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

    ➢ any Beneficial Holder Ballot submitted by facsimile, telecopy or electronic mail;

> ➢ any unsigned Beneficial Holder Ballot;

> ➢ any Beneficial Holder Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> ➢ any Beneficial Holder Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

5.    If you do not indicate your interest in participating in the Propco Rights Offering by checking the box in Item 3 below, you will not be given an opportunity to subscribe to the Propco Rights Offering.

6.    The method of delivery of Beneficial Holder Ballots to the Voting and Claims Agent or your Intermediary Record Owner is at the election and risk of each Holder of a Class S.5 – Senior Notes Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually receives** the originally executed Beneficial Holder Ballot or Master Ballot incorporating the Beneficial Holder Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.    If multiple Beneficial Holder Ballots are received from the same Holder of a Class S.5 – Senior Notes Claim with respect to the same Senior Notes Claim prior to the Voting Deadline, the last Beneficial Holder Ballot timely received will supersede and revoke any earlier received Beneficial Holder Ballots.

8.    You must vote all of your Senior Notes Claims within Class S.5 either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Senior Notes Claims within Class S.5, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Senior Notes Claims within Class S.5 for the purpose of counting votes.

9.    The Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting and Claims Agent will accept delivery of any such certificates or instruments surrendered together with a Beneficial Holder Ballot.

10.    This Beneficial Holder Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.    Please be sure to sign and date your Beneficial Holder Ballot.  If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Ballot.

12.    If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Beneficial Holder Ballot and/or Ballot that you received.

**PLEASE MAIL YOUR BENEFICIAL HOLDER BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL HOLDER
BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,**

**PLEASE CALL THE VOTING AND CLAIMS AGENT AT: (877) 499-4512**

---

**IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL
HOLDER BALLOT FROM YOU <u>OR</u> THE MASTER BALLOT CONTAINING YOUR VOTE FROM
YOUR INTERMEDIARY RECORD OWNER ON OR BEFORE THE VOTING DEADLINE, WHICH IS
5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THEN YOUR VOTE TRANSMITTED
HEREBY WILL NOT BE COUNTED.**

---

NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN AUTHORIZED TO
GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY
REPRESENTATION, REGARDING THE DEBTORS OR THIS PLAN, OTHER THAN WHAT IS
CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the applicable Voting Record Date (July 15, 2010 at 5:00 p.m. prevailing Pacific Time), the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of a Class S.5 – Senior Notes Claim in the following aggregate unpaid principal amount (insert unpaid amount in box below if not already completed).  If your Senior Notes are held by an Intermediary Record Owner on your behalf and you do not know the amount of the Senior Notes held, please contact your Intermediary Record Owner <u>immediately</u>:

$\boxed{\$\underline{\hspace{3cm}}}$

**Item 2**.  **Vote on Plan.**

The Holder of the Class S.5 – Senior Notes Claim against the Debtors set forth in Item 1 above votes to (please check <u>one</u> box below):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3**.  **(Optional) Propco Rights Offering – Expression of Interest in Participating.**

The Plan provides for the Propco Rights Offering, pursuant to which Eligible Opco Unsecured Creditors that are "accredited investors" ("<u>Accredited Investors</u>") as such term is defined in Regulation D promulgated under the Securities Act of 1933, as amended, may receive NPH Investment Rights.  The offer to participate in the Propco Rights Offering is being made only to Accredited Investors.  If you are an Accredited Investor, check the box below to express your interest in participating in the Propco Rights Offering, described in Article V of the Plan. Checking the box <u>does not</u> constitute a binding commitment to participate in the Propco Rights Offering.  If you do not check the box, however, you will not be given the opportunity to subscribe to the Propco Rights Offering.  The Debtors will provide subscription documents and other relevant information only to interested parties that have checked the box following the submission of the Ballots.

☐ The undersigned is an Accredited Investor and is interested in participating in the Propco Rights Offering.

**Item 4**.  **(Optional) Election to Opt-in to Release Provisions.**

Check the box below if you elect to <u>grant</u> the releases set forth in Article X of the Plan.  Election to give consent is at your option.  If you submit your Ballot <u>without</u> this box checked or vote to reject the Plan, you will be deemed <u>not</u> to consent to the releases set forth in Article X of the Plan.

☐ The undersigned elects to <u>grant</u> the releases contained in Article X of the Plan.

**Item 5**.  **Certifications as to Class S.5 – Senior Notes Claims Held in Additional Accounts.**

By completing and returning this Beneficial Holder Ballot, the undersigned Beneficial Holder certifies that either (1) it has not submitted any other Ballots for other Class S.5 – Senior Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class S.5 – Senior Notes Claims for which it has submitted additional Beneficial Holder Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED CLASS S.5 – SENIOR NOTES CLAIMS ON A BENEFICIAL HOLDER BALLOT OTHER THAN THIS BENEFICIAL HOLDER BALLOT.

| Name of Beneficial Holder | Account Number | Principal Amount of Other S.5 – Senior Notes Claims Voted |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |
| 5. | | $ |
| 6. | | $ |
| 7. | | $ |
| 8. | | $ |
| 9. | | $ |
| 10. | | $ |

**Item 6**.  **Certifications.**

By signing this Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)     that either: (i) the undersigned is the Beneficial Holder of the Class S.5 – Senior Notes Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a Beneficial Holder of the Class S.5 – Senior Notes Claims being voted, and, in either case, has the full power and authority to vote to accept or reject the Plan with respect to the Claims identified in Item 1 above;

(b)     that the undersigned (or in the case of an authorized signatory, the Beneficial Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     that the undersigned has cast the same vote with respect to all Class S.5 – Senior Notes Claims in a single Class; and

(d)     that no other Beneficial Holder Ballots with respect to the amount of the Class S.5 – Senior Notes Claims identified in Item 1 above have been cast or, if any other Beneficial Holder Ballots have been cast with respect to such Class S.5 – Senior Notes Claims, then any such earlier Beneficial Holder Ballots are hereby revoked.

By signing this Beneficial Holder Ballot, the undersigned authorizes and instructs its Intermediary Record Owner (unless this is a pre-validated Beneficial Holder Ballot or the Beneficial Holder Ballot of a Registered Record Owner to be forwarded directly by the undersigned to the Voting and Claims Agent) (a) to furnish the voting information and the amount of Class S.5 – Senior Notes Claims the Intermediary Record Owner holds on its behalf in a Master Ballot to be transmitted to the Voting and Claims Agent  and (b) to retain this Beneficial Holder Ballot and related information in its records for at least one year after the Effective Date of the Plan.

Name of
Holder: _____
(Print or Type)

Social Security or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
(If other than Holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

No fees, commissions or other remuneration will be payable to any person for soliciting votes on the Plan.

If your address or contact information has changed, please note the new information here.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL HOLDER BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED TO THE ADDRESSEE SPECIFIED THEREON.**

IF THE VOTING AND CLAIMS AGENT DOES NOT **ACTUALLY** **RECEIVE** THIS BENEFICIAL HOLDER BALLOT (IF PRE-VALIDATED OR IF OF A REGISTERED RECORD OWNER) **OR** THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL HOLDER BALLOT **ON OR BEFORE 4:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010**, THEN YOUR VOTE TRANSMITTED BY THIS BENEFICIAL HOLDER BALLOT WILL **<u>NOT</u>** BE COUNTED TOWARD CONFIRMATION OF THE PLAN.

BALLOTS SENT BY FACSIMILE, TELECOPY OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477

Jointly Administered
BK 09-52470 through BK 09-52487

**BENEFICIAL HOLDER BALLOT FOR VOTING ON
THE ABOVE-CAPTIONED DEBTORS' CHAPTER 11 PLAN**

**Class S.6 – Subordinated Notes Claims**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL (I) PRE-VALIDATED BENEFICIAL HOLDER BALLOTS; (II) BENEFICIAL HOLDER BALLOTS OF REGISTERED RECORD OWNERS; AND (III) MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL HOLDER BALLOTS THAT WERE NOT PRE-VALIDATED MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AND CLAIMS AGENT (KURTZMAN CARSON CONSULTANTS LLC) ON OR BEFORE 5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010 (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

A.    <u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR INTERMEDIARY RECORD OWNER</u>:[1]

YOUR INTERMEDIARY RECORD OWNER HAS <u>NOT</u> PRE-VALIDATED THIS BENEFICIAL HOLDER BALLOT.  YOU MUST RETURN THIS BENEFICIAL HOLDER BALLOT TO YOUR INTERMEDIARY RECORD OWNER IN SUFFICIENT TIME TO PERMIT YOUR INTERMEDIARY RECORD OWNER TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO THE VOTING AND CLAIMS AGENT BY THE VOTING DEADLINE.

B.    <u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AND CLAIMS AGENT (KURTZMAN CARSON CONSULTANTS LLC)</u>:

EITHER (1) YOUR INTERMEDIARY RECORD OWNER HAS PRE-VALIDATED THIS BENEFICIAL HOLDER BALLOT; <u>OR</u> (2) YOU HAVE BEEN IDENTIFIED AS A REGISTERED RECORD OWNER.

THEREFORE, YOU MUST RETURN THIS BENEFICIAL HOLDER BALLOT DIRECTLY TO THE VOTING AND CLAIMS AGENT SO IT IS **<u>ACTUALLY</u>** **<u>RECEIVED</u>** ON OR BEFORE THE VOTING DEADLINE.

---

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* (as may be amended, supplemented or modified from time to time, the "<u>Plan</u>") [Docket No. 1863], and as set forth in the *Disclosure Statement to Accompany First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1864] (as may be amended, supplemented or modified from time to time, the "<u>Disclosure Statement</u>").  The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of the *Amended Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline and Other Dates; (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on Joint Plan and For Filing Objections to Joint Plan; (D) Setting Confirmation Hearing and Related Deadlines; and (E) Approving Forms of Notices and Ballots* (the "<u>Disclosure Statement Order</u>").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Beneficial Holder Ballot because our records indicate that you are a direct Beneficial Holder of a Class S.6 – Subordinated Notes Claim, as of the applicable Securities Record Voting Record Date (July 15, 2010 at 5:00 p.m. prevailing Pacific Time).  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included (along with the Plan, Disclosure Statement Order and certain other materials) in the Solicitation Package you are receiving with this Beneficial Holder Ballot.  If you need to obtain additional solicitation materials, you may contact the Debtors' Voting and Claims Agent by: (1) visiting the Debtors' restructuring website at www.kccllc.net/stationcasinos; (2) writing to Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, Attention: David Hartie; and/or (3) calling the Voting and Claims Agent at (877) 499-4512.  You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at: www.nvb.uscourts.gov or free of charge at www.kccllc.net/stationcasinos.

---

[1]    "*Intermediary Record Owner*" means the bank, brokerage firm, or the agent thereof as the entity through which the Beneficial Holders hold the Subordinated Notes.

This Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Beneficial Holder Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting and Claims Agent underline immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class S.6 – Subordinated Notes Claims under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

The Bankruptcy Court can confirm the Plan and bind you to the terms therein if the Plan is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or affirmatively vote to reject the Plan. To have your vote counted, you must complete, sign and return this Ballot to the Voting and Claims Agent by the Voting Deadline.

| Class S.6 – Subordinated Notes Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Beneficial Holder Ballot.

2.  To ensure that your vote is counted, you <u>must</u> complete the Ballot and take the following steps: (a) make sure that the information required by Item 1 below has been inserted (if you do not know the amount of your claim, please contact the Voting and Claims Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 below; (c) (optional) indicate your election to grant the releases under Article X of the Plan by checking the box in Item 3 below; (d) provide the information required by Item 4 below; <u>and</u> (e) sign, date and return an original of your Beneficial Holder Ballot in accordance with paragraph 3 directly below.

3.  **Return of Beneficial Holder Ballots**: Your Beneficial Holder Ballot (if pre-validated or if you are a Registered Record Owner) and/or the Master Ballot incorporating the vote cast on your Beneficial Holder Ballot MUST be returned to the Voting and Claims Agent so as to be **actually received** by the Voting and Claims Agent on or before the Voting Deadline, which is 5:00 p.m. prevailing Pacific Time on August 20, 2010. To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Holder Ballot must be sent in order for it to be received before the Voting Deadline:

    ➤   <u>Pre-validated Beneficial Holder Ballot and Beneficial Holder Ballots of Registered Record Owners</u>: If you received a Beneficial Holder Ballot and a return envelope addressed to the Voting and Claims Agent, then you must return your completed Beneficial Holder Ballot <u>directly to the Voting and Claims Agent</u> so that it is **actually received** by the Voting and Claims Agent on or before the Voting Deadline.

    ➤   <u>Not pre-validated Beneficial Holder Ballot</u>: If you received a Beneficial Holder Ballot and a return envelope addressed to your Intermediary Record Owner, you must return your completed Beneficial Holder Ballot <u>directly to your Intermediary Record Owner</u> so that it is **actually received** by the Intermediary Record Owner in sufficient time to permit your Intermediary Record Owner to deliver a Master Ballot including your vote to the Voting and Claims Agent by the Voting Deadline.

4.  If a Master Ballot or Beneficial Holder Ballot is received by the Voting and Claims Agent <u>after</u> the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Master Ballot or Beneficial Holder Ballot. Additionally**,** the following Beneficial Holder Ballots will <u>NOT</u> be counted:

    ➤   any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    ➤   any Beneficial Holder Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

    ➤   any Beneficial Holder Ballot cast for a Claim that is not listed on the Schedules, or that is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of claim was timely filed;

    ➤   any Beneficial Holder Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

    ➤   any Beneficial Holder Ballot submitted by facsimile, telecopy or electronic mail;

> ➢ any unsigned Beneficial Holder Ballot;

> ➢ any Beneficial Holder Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> ➢ any Beneficial Holder Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

5.   If you do not indicate your interest in participating in the Propco Rights Offering by checking the box in Item 3 below, you will not be given an opportunity to subscribe to the Propco Rights Offering.

6.   The method of delivery of Beneficial Holder Ballots to the Voting and Claims Agent or your Intermediary Record Owner is at the election and risk of each Holder of a Class S.6 – Subordinated Notes Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually** **receives** the originally executed Beneficial Holder Ballot or Master Ballot incorporating the Beneficial Holder Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

7.   If multiple Beneficial Holder Ballots are received from the same Holder of a Class S.6 – Subordinated Notes Claim with respect to the same Subordinated Notes Claim prior to the Voting Deadline, the last Beneficial Holder Ballot timely received will supersede and revoke any earlier received Beneficial Holder Ballots.

8.   You must vote all of your Subordinated Notes Claims within Class S.6 either to accept or reject the Plan and may not split your vote. Further, if a Holder has multiple Subordinated Notes Claims within Class S.6, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Subordinated Notes Claims within Class S.6 for the purpose of counting votes.

9.   The Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting and Claims Agent will accept delivery of any such certificates or instruments surrendered together with a Beneficial Holder Ballot.

10.   This Beneficial Holder Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.   Please be sure to sign and date your Beneficial Holder Ballot. If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Ballot.

12.   If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Beneficial Holder Ballot and/or Ballot that you received.

**PLEASE MAIL YOUR BENEFICIAL HOLDER BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL HOLDER
BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,**

**PLEASE CALL THE VOTING AND CLAIMS AGENT AT: (877) 499-4512**

---

**IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL
HOLDER BALLOT FROM YOU <u>OR</u> THE MASTER BALLOT CONTAINING YOUR VOTE FROM
YOUR INTERMEDIARY RECORD OWNER ON OR BEFORE THE VOTING DEADLINE, WHICH IS
5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THEN YOUR VOTE TRANSMITTED
HEREBY WILL NOT BE COUNTED.**

---

NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN AUTHORIZED TO
GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY
REPRESENTATION, REGARDING THE DEBTORS OR THIS PLAN, OTHER THAN WHAT IS
CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the applicable Voting Record Date (July 15, 2010 at 5:00 p.m. prevailing Pacific Time), the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of a Class S.6 – Subordinated Notes Claim in the following aggregate unpaid principal amount (insert unpaid amount in box below if not already completed).  If your Subordinated Notes are held by an Intermediary Record Owner on your behalf and you do not know the amount of the Subordinated Notes held, please contact your Intermediary Record Owner <u>immediately</u>:

$\$\underline{\hspace{4cm}}$

**Item 2**.  **Vote on Plan.**

The Holder of the Class S.6 – Subordinated Notes Claim against the Debtors set forth in Item 1 above votes to (please check <u>one</u> box below):

| ☐    **ACCEPT** (vote FOR) the Plan | ☐    **REJECT** (vote AGAINST) the Plan |
|---|---|

THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

PLEASE NOTE:  The Plan provides that any potential distributions to Holders of Class S.6 Claims will be subject to applicable contractual subordination arrangements or obligations, unless otherwise agreed to among the parties or approved by the Bankruptcy Court.  The enforcement of contractual subordination arrangements or obligations may result in the Holders of Class 6 Claims receiving no distributions under the Plan.

**Item 3.  (Optional) Propco Rights Offering – Expression of Interest in Participating.**

The Plan provides for the Propco Rights Offering, pursuant to which Eligible Opco Unsecured Creditors that are "accredited investors" ("<u>Accredited Investors</u>") as such term is defined in Regulation D promulgated under the Securities Act of 1933, as amended, may receive NPH Investment Rights.  The offer to participate in the Propco Rights Offering is being made only to Accredited Investors.  If you are an Accredited Investor, check the box below to express your interest in participating in the Propco Rights Offering, described in Article V of the Plan. Checking the box <u>does not</u> constitute a binding commitment to participate in the Propco Rights Offering.  If you do not check the box, however, you will not be given the opportunity to subscribe to the Propco Rights Offering.  The Debtors will provide subscription documents and other relevant information only to interested parties that have checked the box following the submission of the Ballots.  PLEASE NOTE:  The Plan provides that any potential distributions to Holders of Class S.6 Claims will be subject to applicable contractual subordination arrangements or obligations, unless otherwise agreed to among the parties or approved by the Bankruptcy Court.  The enforcement of contractual subordination arrangements or obligations may result in the Holders of Class 6 Claims receiving no distributions under the Plan.  Your expression of interest in participating in the Propco Rights Offering is not a guaranty that you will receive any NPH Investment Rights  or be entitled to exercise same.

☐ The undersigned is an Accredited Investor and is interested in participating in the Propco Rights Offering.

**Item 4**.  **.  (Optional) Election to Opt-in to Release Provisions.**

      Check the box below if you elect to <u>grant</u> the releases set forth in Article X of the Plan.  Election to give consent to the releases is at your option.  If you submit your Ballot <u>without</u> this box checked or vote to reject the Plan, you will be deemed <u>not</u> to consent to the releases set forth in Article X of the Plan.

      □ The undersigned elects to <u>grant</u> the releases contained in Article X of the Plan

**Item 5**.  **Certifications as to Class S.6 – Subordinated Notes Claims Held in Additional Accounts.**

      By completing and returning this Beneficial Holder Ballot, the undersigned Beneficial Holder certifies that either (1) it has not submitted any other Ballots for other Class S.6 – Subordinated Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class S.6 – Subordinated Notes Claims for which it has submitted additional Beneficial Holder Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED CLASS S.6 – SUBORDINATED NOTES CLAIMS ON A BENEFICIAL HOLDER BALLOT OTHER THAN THIS BENEFICIAL HOLDER BALLOT.

| Name of Beneficial Holder | Account Number | Principal Amount of Other S.6 – Subordinated Notes Claims Voted |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |
| 5. | | $ |
| 6. | | $ |
| 7. | | $ |
| 8. | | $ |
| 9. | | $ |
| 10. | | $ |

**Item 6**.  **Certifications.**

By signing this Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

      (a)      that either: (i) the undersigned is the Beneficial Holder of the Class S.6 – Subordinated Notes Claims being voted; or (ii) the undersigned is an authorized signatory for an Entity that is a Beneficial Holder of the Class S.6 – Subordinated Notes Claims being voted, and, in either case, has the full power and authority to vote to accept or reject the Plan with respect to the Claims identified in Item 1 above;

      (b)      that the undersigned (or in the case of an authorized signatory, the Beneficial Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

      (c)      that the undersigned has cast the same vote with respect to all Class S.6 – Subordinated Notes Claims in a single Class; and

      (d)      that no other Beneficial Holder Ballots with respect to the amount of the Class S.6 – Subordinated Notes Claims identified in Item 1 above have been cast or, if any other Beneficial Holder Ballots have been cast with respect to such Class S.6 – Subordinated Notes Claims, then any such earlier Beneficial Holder Ballots are hereby revoked.

By signing this Beneficial Holder Ballot, the undersigned authorizes and instructs its Intermediary Record Owner (unless this is a pre-validated Beneficial Holder Ballot or the Beneficial Holder Ballot of a Registered Record Owner to be forwarded directly by the undersigned to the Voting and Claims Agent) (a) to furnish the voting information and the amount of Class S.6 – Subordinated Notes Claims the Intermediary Record Owner holds on its behalf in a Master Ballot to be transmitted to the Voting and Claims Agent  and (b) to retain this Beneficial Holder Ballot and related information in its records for at least one year after the Effective Date of the Plan.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Date Completed: | |
| | |

No fees, commissions or other remuneration will be payable to any person for soliciting votes on the Plan.

If your address or contact information has changed, please note the new information here.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL HOLDER BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED TO THE ADDRESSEE SPECIFIED THEREON.**

---

IF THE VOTING AND CLAIMS AGENT DOES NOT **<u>ACTUALLY</u> <u>RECEIVE</u>** THIS BENEFICIAL HOLDER BALLOT (IF PRE-VALIDATED OR IF OF A REGISTERED RECORD OWNER) **<u>OR</u>** THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL HOLDER BALLOT **ON OR BEFORE 4:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010**, THEN YOUR VOTE TRANSMITTED BY THIS BENEFICIAL HOLDER BALLOT WILL **<u>NOT</u>** BE COUNTED TOWARD CONFIRMATION OF THE PLAN.

BALLOTS SENT BY FACSIMILE, TELECOPY OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED

---

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

- ☐ Affects this Debtor
- ☒ Affects all Debtors
- ☐ Affects Northern NV Acquisitions, LLC
- ☐ Affects Reno Land Holdings, LLC
- ☐ Affects River Central, LLC
- ☐ Affects Tropicana Station, LLC
- ☐ Affects FCP Holding, Inc.
- ☐ Affects FCP Voteco, LLC
- ☐ Affects Fertitta Partners LLC
- ☐ Affects FCP MezzCo Parent, LLC
- ☐ Affects FCP MezzCo Parent Sub, LLC
- ☐ Affects FCP MezzCo Borrower VII, LLC
- ☐ Affects FCP MezzCo Borrower VI, LLC
- ☐ Affects FCP MezzCo Borrower V, LLC
- ☐ Affects FCP MezzCo Borrower IV, LLC
- ☐ Affects FCP MezzCo Borrower III, LLC
- ☐ Affects FCP MezzCo Borrower II, LLC
- ☐ Affects FCP MezzCo Borrower I, LLC
- ☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477

Jointly Administered
BK 09-52470 through BK 09-52487

## MASTER BALLOT FOR INTERMEDIARY RECORD OWNERS OF
## BENEFICIAL HOLDERS OF CLASS S.5 – SENIOR NOTES CLAIMS

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS MASTER BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS MASTER BALLOT.

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED
SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AND CLAIMS AGENT ON OR BEFORE
4:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010 (THE "<u>VOTING DEADLINE</u>").**

      The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* (as may be amended, supplemented or modified from time to time, the "<u>Plan</u>") [Docket No. 1863], and as set forth in the *Disclosure Statement to Accompany First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1864] (as may be amended, supplemented or modified from time to time, the "<u>Disclosure Statement</u>"). The Bankruptcy Court has approved the

Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of the *Amended Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline and Other Dates; (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on Joint Plan and For Filing Objections to Joint Plan; (D) Setting Confirmation Hearing and Related Deadlines; and (E) Approving Forms of Notices and Ballots* (the "Disclosure Statement Order").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

      This Master Ballot is being sent to you because the Debtors' records indicate that, as of the applicable Voting Record Date (July 15, 2010 as of 5:00 p.m. prevailing Pacific Time), you are a bank, brokerage firm, or the agent thereof (each, an "Intermediary Record Owner") of beneficial holders (collectively, the "Beneficial Holders") of the Senior Notes.

      As an Intermediary Record Owner, you are required immediately to deliver a Solicitation Package, including a Beneficial Holder Ballot, to each Beneficial Holder for whom you hold Senior Notes and take any action required to enable such Beneficial Holder to timely vote its Claim to accept or reject the Plan.  You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to the Voting and Claims Agent, unless you choose to pre-validate such Beneficial Holder Ballot, in which case the Solicitation Package should include a return envelope addressed only to the Voting and Claims Agent, Kurtzman Carson Consultants LLC).  With respect to any Beneficial Holder Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Holder Ballots by the Beneficial Holders for whom you hold Senior Notes and (2) forward this Master Ballot to the Voting and Claims Agent in accordance with the Master Ballot Instructions accompanying this Master Ballot.

      If you are both the Registered Record Owner and Beneficial Holder of any Senior Notes and you wish to vote such Senior Notes, you MUST complete a Beneficial Holder Ballot and return it to the Voting and Claims Agent prior to the Voting Deadline.

      If you need to obtain additional solicitation materials, you may contact the Debtors' Voting and Claims Agent by:  (1) visiting the Debtors' restructuring website at www.kccllc.net/stationcasinos; (2) writing to Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, Attention: David Hartie; and/or (3) calling the Voting and Claims Agent at (877) 833-4150.  You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at: www.nvb.uscourts.gov or free of charge at www.kccllc.net/stationcasinos.

      This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Master Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting and Claims Agent immediately at the address or telephone number set forth above.

---

**If the Voting and Claims Agent does not actually receive this Master Ballot on or before the Voting Deadline, which is 5:00 p.m. prevailing Pacific Time on August 20, 2010, then the Beneficial Holders' votes transmitted on such Master Ballot will NOT be counted.**

---

| Class S.5 — Intermediary Record Owners of Beneficial Holders of Senior Notes Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Master Ballot or in these instructions (the "<u>Master Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Master Ballot.

## <u>HOW TO VOTE:</u>

2.    You should immediately distribute Solicitation Package(s), including Beneficial Holder Ballots, to each Beneficial Holder of Class S.5 – Senior Notes Claims and take any action required to enable each such Beneficial Holder to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Holder of any principal amount of the Senior Notes and you wish to vote any Class S.5 – Senior Notes Claims on account thereof, then you <u>MUST</u> complete and execute an individual Beneficial Holder Ballot and return the same to the Voting and Claims Agent in accordance with these instructions and the instructions attached to such Beneficial Holder Ballot.

4.    If you are transmitting the votes of any Beneficial Holders other than yourself (i.e. you are an Intermediary Record Owner), you may, at your option, elect to pre-validate the Beneficial Holder Ballots sent to you by the Voting and Claims Agent.  Based on your decision as to whether or not to pre-validate Beneficial Holders Ballots, the instructions in <u>either</u> paragraph (5) <u>or</u> paragraph (6) below apply (but not both).

5.    <b>PRE-VALIDATED BENEFICIAL HOLDER BALLOTS</b>:  An Intermediary Record Owner "pre-validates" a Beneficial Holder Ballot by indicating thereon the record holder of the Senior Notes Claims voted, the amount of the Senior Notes held by the Beneficial Holder and the appropriate account numbers through which the Beneficial Holder's holdings are derived.  The Intermediary Record Owner must also complete and execute the Class S.5 – Senior Notes Claims (other than Item 2, Item 3 and Item 4 therein).  If you choose to pre-validate individual Beneficial Holder Ballots, you must <u>immediately</u>:  (a) pre-validate the individual Beneficial Holder Ballot contained in the Solicitation Package sent to you by the Voting and Claims Agent and (b) forward the Solicitation Package to the Beneficial Holder for voting, including:

    i.    the pre-validated Beneficial Holder Ballot;

    ii.   a return envelope addressed to the Voting and Claims Agent as follows: Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, Attention: Station Casinos Ballot Processing; and

    iii.  clear instructions stating that Beneficial Holders must return their pre-validated Beneficial Holder Ballot directly to the Voting and Claims Agent so that it is <b>actually</b> <b>received</b> by the Voting and Claims Agent on or before the Voting Deadline.

6.    <b>NON-PRE-VALIDATED BENEFICIAL HOLDER BALLOTS</b>:  If you do <u>NOT</u> choose to pre-validate individual Beneficial Holder Ballots, you must:

    i.    <u>immediately</u> forward the Solicitation Package(s) sent to you by the Voting and Claims Agent to each Beneficial Holder for voting, including:  (a) the Beneficial Holder Ballot; (b) a return envelope addressed to the Intermediary Record Owner; and (c) clear instructions stating that Beneficial Holders must return their Beneficial Holder Ballot directly to the Intermediary Record Owner so that it is <b>actually</b> <b>received</b> by the Intermediary Record Owner with enough time for the Intermediary Record Owner to prepare the Master Ballot in accordance with

paragraph (ii) directly below and return the Master Ballot to the Voting and Claims Agent so it is **actually** **received** by the Voting and Claims Agent on or before the Voting Deadline; and

ii.    upon receipt of completed, executed Beneficial Holder Ballots returned to you by a Beneficial Holder you must:

&#10148;    check the appropriate box in Item 1 of the Master Ballot;

&#10148;    compile and validate the votes and other relevant information of each such Beneficial Holder in Item 2, Item 3 and Item 4 of the Master Ballot using the customer account number or other identification number assigned by you to each such Beneficial Holder;

&#10148;    date and execute the Master Ballot;

&#10148;    transmit such Master Ballot to the Voting and Claims Agent by the Voting Deadline; and

&#10148;    retain such Beneficial Holder Ballots in your files for a period of at least one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court).

7.    If a Master Ballot is received _after_ the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Master Ballot.  Additionally, the following Master Ballots (and therefore Beneficial Holder Ballots reflected thereon) will NOT be counted:

&#10148;    any Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

&#10148;    any Master Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

&#10148;    any Master Ballot cast for a Claim that is not listed on the Schedules, or that is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of claim was timely filed;

&#10148;    any Master Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) with respect to a single account number, indicates both an acceptance and rejection of the Plan, or (c) with respect to a single account number, partially accepts and partially rejects the Plan;

&#10148;    any Master Ballot submitted by facsimile, telecopy or electronic mail;

&#10148;    any unsigned Master Ballot;

&#10148;    any Master Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

&#10148;    any Master Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

**#4819-2625-2295**

8.      Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan <u>until</u> you properly complete and deliver to the Voting and Claims Agent a Master Ballot that reflects the vote of such Beneficial Holders by the Voting Deadline or otherwise validate the Beneficial Holder Ballot in a manner acceptable to the Voting and Claims Agent.

9.      The method of delivery of Master Ballots to the Voting and Claims Agent is at the election and risk of each Intermediary Record Owner.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Intermediary Record Owners use an overnight or hand delivery service.  In all cases, Intermediary Record Owners should allow sufficient time to assure timely delivery.

10.     If multiple Master Ballots are received from the same Intermediary Record Owner with respect to the same Beneficial Holder Ballot belonging to a Beneficial Holder of a Claim prior to the Voting Deadline, the <u>last</u> Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.     The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Holder Ballot.

12.     This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.     <u>Please be sure to properly execute your Master Ballot</u>.  You must:  (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting and Claims Agent, the Debtors or the Bankruptcy Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.     No fees or commissions or other remuneration will be payable to any Intermediary Record Owner for soliciting Beneficial Holder Ballots accepting the Plan.  The Debtors will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Holder Ballots and other enclosed materials to your customers.

### PLEASE MAIL YOUR MASTER BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT
OR THE VOTING INSTRUCTIONS OR PROCEDURES, PLEASE CALL:**

**THE VOTING AND CLAIMS AGENT AT: (877) 833-4150**

---

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE DEBTORS OR THE VOTING AND CLAIMS AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS WITH RESPECT TO THE PLAN.**

---

**IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THEN THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY

REPRESENTATION, REGARDING THE DEBTORS OR THIS PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

**Item 1**.  **Certification of Authority to Vote.**

The undersigned hereby certifies that, as of the applicable Voting Record Date (July 15, 2010 at 5:00 p.m. prevailing Pacific Time), the undersigned (please check the applicable box):

❑   is an Intermediary Record Owner for the Beneficial Holders of the aggregate principal amount of Class S.5 – Senior Notes Claims listed in Item 2 below and is the registered Holder of the Senior Notes Claims represented by any such Class S.5 – Senior Notes Claims; or

❑   is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by an Intermediary Record Owner that is the registered Holder of the aggregate principal amount of Class S.5 – Senior Notes Claims listed in Item 2 below; or

❑   has been granted a proxy (an original of which is annexed hereto) from (1) an Intermediary Record Owner or (2) a Beneficial Holder, that is the registered Holder of the aggregate amount of the Class S.5 – Senior Notes Claims listed in Item 2 below;

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class S.5 – Senior Notes Claims described in Item 2 below.

**Item 2**.  **Class S.5 Claims Vote.**

Number of Beneficial Holders:  The undersigned transmits the following votes of Beneficial Holders in respect of their Class S.5 – Senior Notes Claims.  The undersigned certifies that the following Beneficial Holders of Class S.5 – Senior Notes Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of the Debtors' Senior Notes as of the applicable Voting Record Date and have delivered to the undersigned, as Intermediary Record Owner, Beneficial Holder Ballots casting such votes.

To Properly Complete the Following Table:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  Please note:  (1) each account of a Beneficial Holder must vote all such Beneficial Holder's Class S.5 – Senior Notes Claims to accept or reject the Plan and may not split such vote; and (2) do not count any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan.

| **Your Customer Account Number For Each Beneficial Holder of Voting Class S.5 – Senior Notes Claims** | **Face Amount of Senior Notes** In order to vote on the Plan, the Beneficial Holder must have checked a box in Item 2 on the Beneficial Holder Ballot to ACCEPT or REJECT the Plan.  In addition, if the Beneficial Holder returned a signed Beneficial Holder Ballot but did not check a box in Item 2 or checked both boxes in Item 2, the Beneficial Holder Ballot will not be counted for purposes of determining acceptance or rejection of the Plan. | |
| --- | --- | --- |
| | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |

#4819-2625-2295

| Your Customer Account Number For Each Beneficial Holder of Voting Class S.5 – Senior Notes Claims | Face Amount of Senior Notes In order to vote on the Plan, the Beneficial Holder must have checked a box in Item 2 on the Beneficial Holder Ballot to ACCEPT or REJECT the Plan. In addition, if the Beneficial Holder returned a signed Beneficial Holder Ballot but did not check a box in Item 2 or checked both boxes in Item 2, the Beneficial Holder Ballot will not be counted for purposes of determining acceptance or rejection of the Plan. | |
|---|---|---|
| | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

**Item 3**.  **(Optional) Propco Rights Offering – Expression of Interest in Participating.**

Check the box below if the Beneficial Holders expressed an interest in participating in the Propco Rights Offering, described in Article V of the Plan. Checking the box does not constitute a binding commitment to participate in the Propco Rights Offering; the Debtors will provide subscription documents and other relevant information only to interested parties who have checked the box following the submission of the Ballots.

| Your Customer Account Number For Each Beneficial Holder of Voting Class S.5 – Senior Notes Claims | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: | | |
|---|---|---|---|
| | **Principal Amount** | **Name of Holder** | **The undersigned has expressed interest in participating in the Propco Rights Offering.** |
| 1. | | | ☐ |
| 2. | | | ☐ |
| 3. | | | ☐ |
| 4. | | | ☐ |
| 5. | | | ☐ |
| 6. | | | ☐ |
| 7. | | | ☐ |
| 8. | | | ☐ |
| 9. | | | ☐ |
| 10. | | | ☐ |

**Item 4**.  **(Optional) Election to Opt-in to Release Provisions.**

Check the box below if the Beneficial Holders elect to grant the releases set forth in Article X of the Plan. Election to give consent is at the Beneficial Holders' option.  If the Beneficial Holders submit their Ballot without this box checked or vote to reject the Plan, they will be deemed not to consent to the releases set forth in Article X of the Plan.

| Your Customer Account Number For Each Beneficial Holder of Voting Class S.5 – Senior Notes Claims | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS: | | |
|---|---|---|---|
| | **Principal Amount** | **Name of Holder** | **The undersigned elects to grant the releases contained in Article X of the Plan.** |
| 1. | | | ☐ |
| 2. | | | ☐ |
| 3. | | | ☐ |

| | | | |
|---|---|---|---|
| 4. | | | ☐ |
| 5. | | | ☐ |
| 6. | | | ☐ |
| 7. | | | ☐ |
| 8. | | | ☐ |
| 9. | | | ☐ |
| 10. | | | ☐ |

**Item 5**. **Certification as to Transcription of Information from Item 4 of the Beneficial Holder Ballots as to Class S.5 Claims Voted Through Other Beneficial Holder Ballots.**

The undersigned certifies that it has accurately transcribed in the following table the information, if any, provided by Beneficial Holders in Item 5 of each of the Beneficial Holder's original Beneficial Holder Ballots, identifying any Class S.5 – Senior Notes Claims for which such Beneficial Holders have submitted other Beneficial Holder Ballots other than to the undersigned:

| Your Customer Account Number For Each Beneficial Holder of Voting Class S.5 – Senior Notes Claims | TRANSCRIBE FROM ITEM 5 OF THE BENEFICIAL HOLDER BALLOTS: | | |
|---|---|---|---|
| | Account Number | Name of Holder | Principal Amount of Other Class S.5 – Senior Notes Claims Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

**Item 6**. **Certification.**

By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)    it has received a copy of the Disclosure Statement, the Beneficial Holder Ballots and the Solicitation Package and has delivered the same to the Beneficial Holders listed on the Beneficial Holder Ballots;

(b)    it has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

(c)    it is the registered Holder of the Senior Notes being voted;

(d)    it has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

(e)    it has properly disclosed:

(i)    the number of Beneficial Holders who completed Beneficial Holder Ballots;

(ii)    the respective amounts of the Class S.5 – Senior Notes Claims owned, as the case may be, by each Beneficial Holder who completed a Beneficial Holder Ballot;

(iii)    each such Beneficial Holder's respective vote concerning the Plan;

        (iv)       each such Beneficial Holder's respective election, if any, concerning the releases set forth in Article X of the Plan;

        (v)       each such Beneficial Holder's respective indication of interest, if any, in participating in the Propco Rights Offering;

        (vi)       each such Beneficial Holder's certification as to other Class S.5 – Senior Notes Claims voted; and

        (vii)      the customer account or other identification number for each such Beneficial Holder;

(f)       each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan; and

(g)       it will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Intermediary
Record Owner: _____

(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for
      Intermediary Record Owner: _____

(Print or Type)

Social Security or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____

(If other than Intermediary Record Owner)

Title: _____

Address: _____

_____

_____

Date Completed: _____

---

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT
AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED TO:**

Kurtzman Carson Consultants LLC
599 Lexington Avenue, 39th Floor
New York, NY 10022
Attention: Station Casinos Ballot Processing
Telephone:  (877) 833-4150

**IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER BALLOT
ON OR BEFORE 5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THE VOTES CAST
HEREBY WILL <u>NOT</u> BE COUNTED.**

**BALLOTS SENT BY FACSIMILE, TELECOPY OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC.

☐ Affects this Debtor
☒ Affects all Debtors
☐ Affects Northern NV Acquisitions, LLC
☐ Affects Reno Land Holdings, LLC
☐ Affects River Central, LLC
☐ Affects Tropicana Station, LLC
☐ Affects FCP Holding, Inc.
☐ Affects FCP Voteco, LLC
☐ Affects Fertitta Partners LLC
☐ Affects FCP MezzCo Parent, LLC
☐ Affects FCP MezzCo Parent Sub, LLC
☐ Affects FCP MezzCo Borrower VII, LLC
☐ Affects FCP MezzCo Borrower VI, LLC
☐ Affects FCP MezzCo Borrower V, LLC
☐ Affects FCP MezzCo Borrower IV, LLC
☐ Affects FCP MezzCo Borrower III, LLC
☐ Affects FCP MezzCo Borrower II, LLC
☐ Affects FCP MezzCo Borrower I, LLC
☐ Affects FCP PropCo, LLC

Chapter 11

Case No. BK-09-52477

Jointly Administered
BK 09-52470 through BK 09-52487

## MASTER BALLOT FOR INTERMEDIARY RECORD OWNERS OF
## BENEFICIAL HOLDERS OF CLASS S.6 – SUBORDINATED NOTES CLAIMS

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS MASTER BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS MASTER BALLOT.

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED
SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AND CLAIMS AGENT ON OR BEFORE
4:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010 (THE "<u>VOTING DEADLINE</u>").**

      The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* (as may be amended, supplemented or modified from time to time, the "<u>Plan</u>") [Docket No. 1863], and as set forth in the *Disclosure Statement to Accompany First Amended Joint Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July28, 2010)* [Docket No. 1864] (as may be amended, supplemented or modified from time to time, the "<u>Disclosure Statement</u>"). The Bankruptcy Court has approved the

Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of the *Amended Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline and Other Dates; (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on Joint Plan and For Filing Objections to Joint Plan; (D) Setting Confirmation Hearing and Related Deadlines; and (E) Approving Forms of Notices and Ballots* (the "Disclosure Statement Order").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

This Master Ballot is being sent to you because the Debtors' records indicate that, as of the applicable Voting Record Date (July 15, 2010 as of 5:00 p.m. prevailing Pacific Time), you are a bank, brokerage firm, or the agent thereof (each, an "Intermediary Record Owner") of beneficial holders (collectively, the "Beneficial Holders") of the Subordinated Notes.

As an Intermediary Record Owner, you are required immediately to deliver a Solicitation Package, including a Beneficial Holder Ballot, to each Beneficial Holder for whom you hold Subordinated Notes and take any action required to enable such Beneficial Holder to timely vote its Claim to accept or reject the Plan.  You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to the Voting and Claims Agent, unless you choose to pre-validate such Beneficial Holder Ballot, in which case the Solicitation Package should include a return envelope addressed only to the Voting and Claims Agent, Kurtzman Carson Consultants LLC).  With respect to any Beneficial Holder Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Holder Ballots by the Beneficial Holders for whom you hold Subordinated Notes and (2) forward this Master Ballot to the Voting and Claims Agent in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the Registered Record Owner and Beneficial Holder of any Subordinated Notes and you wish to vote such Subordinated Notes, you MUST complete a Beneficial Holder Ballot and return it to the Voting and Claims Agent prior to the Voting Deadline.

If you need to obtain additional solicitation materials, you may contact the Debtors' Voting and Claims Agent by:  (1) visiting the Debtors' restructuring website at www.kccllc.net/stationcasinos; (2) writing to Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, Attention: David Hartie; and/or (3) calling the Voting and Claims Agent at (877) 833-4150.  You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at: www.nvb.uscourts.gov or free of charge at www.kccllc.net/stationcasinos.

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Master Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting and Claims Agent immediately at the address or telephone number set forth above.

---

**If the Voting and Claims Agent does not actually receive this Master Ballot on or before the Voting Deadline, which is 5:00 p.m. prevailing Pacific Time on August 20, 2010, then the Beneficial Holders' votes transmitted on such Master Ballot will NOT be counted.**

---

---

**Class S.6 — Intermediary Record Owners of Beneficial Holders of Subordinated Notes Claims**

---

**INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT**

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Master Ballot or in these instructions (the "Master Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Master Ballot.

**HOW TO VOTE:**

2.    You should immediately distribute Solicitation Package(s), including Beneficial Holder Ballots, to each Beneficial Holder of Class S.6 – Subordinated Notes Claims and take any action required to enable each such Beneficial Holder to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Holder of any principal amount of the Subordinated Notes and you wish to vote any Class S.6 – Subordinated Notes Claims on account thereof, then you MUST complete and execute an individual Beneficial Holder Ballot and return the same to the Voting and Claims Agent in accordance with these instructions and the instructions attached to such Beneficial Holder Ballot.

4.    If you are transmitting the votes of any Beneficial Holders other than yourself (i.e. you are an Intermediary Record Owner), you may, at your option, elect to pre-validate the Beneficial Holder Ballots sent to you by the Voting and Claims Agent.  Based on your decision as to whether or not to pre-validate Beneficial Holders Ballots, the instructions in either paragraph (5) or paragraph (6) below apply (but not both).

5.    **PRE-VALIDATED BENEFICIAL HOLDER BALLOTS**:   An Intermediary Record Owner "pre-validates" a Beneficial Holder Ballot by indicating thereon the record holder of the Subordinated Notes Claims voted, the amount of the Subordinated Notes held by the Beneficial Holder and the appropriate account numbers through which the Beneficial Holder's holdings are derived.  The Intermediary Record Owner must also complete and execute the Class S.6 – Subordinated Notes Claims (other than Item 2 and Item 3 therein).  If you choose to pre-validate individual Beneficial Holder Ballots, you must immediately: (a) pre-validate the individual Beneficial Holder Ballot contained in the Solicitation Package sent to you by the Voting and Claims Agent and (b) forward the Solicitation Package to the Beneficial Holder for voting, including:

        i.    the pre-validated Beneficial Holder Ballot;

        ii.    a return envelope addressed to the Voting and Claims Agent as follows: Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, Attention: Station Casinos Ballot Processing; and

        iii.    clear instructions stating that Beneficial Holders must return their pre-validated Beneficial Holder Ballot directly to the Voting and Claims Agent so that it is **actually received** by the Voting and Claims Agent on or before the Voting Deadline.

6.    **NON-PRE-VALIDATED BENEFICIAL HOLDER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Holder Ballots, you must:

        i.    immediately forward the Solicitation Package(s) sent to you by the Voting and Claims Agent to each Beneficial Holder for voting, including:  (a) the Beneficial Holder Ballot; (b) a return envelope addressed to the Intermediary Record Owner; and (c) clear instructions stating that Beneficial Holders must return their Beneficial Holder Ballot directly to the Intermediary Record Owner so that

#4849-6410-8039

it is **actually** **received** by the Intermediary Record Owner with enough time for the Intermediary Record Owner to prepare the Master Ballot in accordance with paragraph (ii) directly below and return the Master Ballot to the Voting and Claims Agent so it is **actually** **received** by the Voting and Claims Agent on or before the Voting Deadline; and

ii.    upon receipt of completed, executed Beneficial Holder Ballots returned to you by a Beneficial Holder you must:

➤    check the appropriate box in Item 1 of the Master Ballot;

➤    compile and validate the votes and other relevant information of each such Beneficial Holder in Item 2 and Item 3 of the Master Ballot using the customer account number or other identification number assigned by you to each such Beneficial Holder;

➤    date and execute the Master Ballot;

➤    transmit such Master Ballot to the Voting and Claims Agent by the Voting Deadline; and

➤    retain such Beneficial Holder Ballots in your files for a period of at least one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court).

7.    If a Master Ballot is received <u>after</u> the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Master Ballot.  Additionally, the following Master Ballots (and therefore Beneficial Holder Ballots reflected thereon) will <u>NOT</u> be counted:

➤    any Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

➤    any Master Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

➤    any Master Ballot cast for a Claim that is not listed on the Schedules, or that is scheduled at zero, in an unknown amount, or, in whole or in part, as unliquidated, contingent, or disputed, and for which no proof of claim was timely filed;

➤    any Master Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) with respect to a single account number, indicates both an acceptance and rejection of the Plan, or (c) with respect to a single account number, partially accepts and partially rejects the Plan;

➤    any Master Ballot submitted by facsimile, telecopy or electronic mail;

➤    any unsigned Master Ballot;

➤    any Master Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> ➢ any Master Ballot not cast in accordance with the procedures approved in the Disclosure Statement Order.

8.   Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Voting and Claims Agent a Master Ballot that reflects the vote of such Beneficial Holders by the Voting Deadline or otherwise validate the Beneficial Holder Ballot in a manner acceptable to the Voting and Claims Agent.

9.   The method of delivery of Master Ballots to the Voting and Claims Agent is at the election and risk of each Intermediary Record Owner.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Intermediary Record Owners use an overnight or hand delivery service.  In all cases, Intermediary Record Owners should allow sufficient time to assure timely delivery.

10.   If multiple Master Ballots are received from the same Intermediary Record Owner with respect to the same Beneficial Holder Ballot belonging to a Beneficial Holder of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.   The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Holder Ballot.

12.   This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.   Please be sure to properly execute your Master Ballot.  You must:  (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting and Claims Agent, the Debtors or the Bankruptcy Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.   No fees or commissions or other remuneration will be payable to any Intermediary Record Owner for soliciting Beneficial Holder Ballots accepting the Plan.  The Debtors will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Holder Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR MASTER BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT
OR THE VOTING INSTRUCTIONS OR PROCEDURES, PLEASE CALL:**

**THE VOTING AND CLAIMS AGENT AT: (877) 833-4150**

| |
|---|
| **NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE DEBTORS OR THE VOTING AND CLAIMS AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS WITH RESPECT TO THE PLAN.** |

**IF THE VOTING AND CLAIMS AGENT DOES NOT ACTUALLY RECEIVE THIS MASTER BALLOT
ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M. PREVAILING PACIFIC TIME ON
AUGUST 20, 2010, THEN THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED.**

#4849-6410-8039                                   3

NO PERSON, INCLUDING THE VOTING AND CLAIMS AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THIS PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

**Item 1**.  **Certification of Authority to Vote.**

The undersigned hereby certifies that, as of the applicable Voting Record Date (July 15, 2010 at 5:00 p.m. prevailing Pacific Time), the undersigned (please check the applicable box):

- ❑   is an Intermediary Record Owner for the Beneficial Holders of the aggregate principal amount of Class S.6 – Subordinated Notes Claims listed in Item 2 below and is the registered Holder of the Subordinated Notes Claims represented by any such Class S.6 – Subordinated Notes Claims; or

- ❑   is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by an Intermediary Record Owner that is the registered Holder of the aggregate principal amount of Class S.6 – Subordinated Notes Claims listed in Item 2 below; or

- ❑   has been granted a proxy (an original of which is annexed hereto) from (1) an Intermediary Record Owner or (2) a Beneficial Holder, that is the registered Holder of the aggregate amount of the Class S.6 – Subordinated Notes Claims listed in Item 2 below;

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class S.6 – Subordinated Notes Claims described in Item 2 below.

**Item 2.  Class S.6 Claims Vote.**

<u>Number of Beneficial Holders</u>:  The undersigned transmits the following votes of Beneficial Holders in respect of their Class S.6 – Subordinated Notes Claims.  The undersigned certifies that the following Beneficial Holders of Class S.6 – Subordinated Notes Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of the Debtors' Subordinated Notes as of the applicable Voting Record Date and have delivered to the undersigned, as Intermediary Record Owner, Beneficial Holder Ballots casting such votes.

<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Holder must vote all such Beneficial Holder's Class S.6 – Subordinated Notes Claims to accept or reject the Plan and may <u>not</u> split such vote; and (2) do not count any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan.

| **Your Customer Account Number For Each Beneficial Holder of Voting Class S.6 – Subordinated Notes Claims** | **Face Amount of Subordinated Notes** In order to vote on the Plan, the Beneficial Holder must have checked a box in Item 2 on the Beneficial Holder Ballot to ACCEPT or REJECT the Plan.  In addition, if the Beneficial Holder returned a signed Beneficial Holder Ballot but did not check a box in Item 2 or checked both boxes in Item 2, the Beneficial Holder Ballot will not be counted for purposes of determining acceptance or rejection of the Plan. | |
|---|---|---|
| | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |

#4849-6410-8039

| Your Customer Account Number For Each Beneficial Holder of Voting Class S.6 – Subordinated Notes Claims | Face Amount of Subordinated Notes In order to vote on the Plan, the Beneficial Holder must have checked a box in Item 2 on the Beneficial Holder Ballot to ACCEPT or REJECT the Plan. In addition, if the Beneficial Holder returned a signed Beneficial Holder Ballot but did not check a box in Item 2 or checked both boxes in Item 2, the Beneficial Holder Ballot will not be counted for purposes of determining acceptance or rejection of the Plan. | |
| --- | --- | --- |
| | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 9. | $ | $ |
| 10. | $ | $ |
| TOTALS: | $ | $ |

**Item 3**.  **(Optional) Propco Rights Offering – Expression of Interest in Participating.**

Check the box below if the Beneficial Holders expressed an interest in participating in the Propco Rights Offering, described in Article V of the Plan. Checking the box <u>does not</u> constitute a binding commitment to participate in the Propco Rights Offering; the Debtors will provide subscription documents and other relevant information only to interested parties who have checked the box following the submission of the Ballots.

| Your Customer Account Number For Each Beneficial Holder of Voting Class S.6 – Subordinated Notes Claims | **TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS:** | | |
| --- | --- | --- | --- |
| | **Principal Amount** | **Name of Holder** | **The undersigned has expressed interest in participating in the Propco Rights Offering.** |
| 1. | $ | | ☐ |
| 2. | $ | | ☐ |
| 3. | $ | | ☐ |
| 4. | $ | | ☐ |
| 5. | $ | | ☐ |
| 6. | $ | | ☐ |
| 7. | $ | | ☐ |
| 8. | $ | | ☐ |
| 9. | $ | | ☐ |
| 10. | $ | | ☐ |

**Item 4**.  **(Optional) Election to Opt-in to Release Provisions.**

Check the box below if the Beneficial Holders elect to <u>grant</u> the releases set forth in Article X of the Plan. Election to give consent is at the Beneficial Holders' option.  If the Beneficial Holders submit their Ballot <u>without</u> this box checked or vote to reject the Plan, they will be deemed <u>not</u> to consent to the releases set forth in Article X of the Plan.

| Your Customer Account Number For Each Beneficial Holder of Voting Class S.6 – Subordinated Notes Claims | **TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS:** | | |
| --- | --- | --- | --- |
| | **Principal Amount** | **Name of Holder** | **The undersigned elects to <u>grant</u> the releases contained in Article X of the Plan.** |
| 1. | $ | | ☐ |
| 2. | $ | | ☐ |

| 3. | | $ | | ☐ |
|---|---|---|---|---|
| 4. | | $ | | ☐ |
| 5. | | $ | | ☐ |
| 6. | | $ | | ☐ |
| 7. | | $ | | ☐ |
| 8. | | $ | | ☐ |
| 9. | | $ | | ☐ |
| 10. | | $ | | ☐ |

**Item 5.** **Certification as to Transcription of Information from Item 4 of the Beneficial Holder Ballots as to Class S.6 Claims Voted Through Other Beneficial Holder Ballots.**

  The undersigned certifies that it has accurately transcribed in the following table the information, if any, provided by Beneficial Holders in Item 5 of each of the Beneficial Holder's original Beneficial Holder Ballots, identifying any Class S.6 – Subordinated Notes Claims for which such Beneficial Holders have submitted other Beneficial Holder Ballots other than to the undersigned:

| Your Customer Account Number For Each Beneficial Holder of Voting Class S.6 – Subordinated Notes Claims | TRANSCRIBE FROM ITEM 5 OF THE BENEFICIAL HOLDER BALLOTS: | | |
|---|---|---|---|
| | Account Number | Name of Holder | Principal Amount of Other Class S.6 – Subordinated Notes Claims Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

**Item 6.** **Certification.**

By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

  (a)  it has received a copy of the Disclosure Statement, the Beneficial Holder Ballots and the Solicitation Package and has delivered the same to the Beneficial Holders listed on the Beneficial Holder Ballots;

  (b)  it has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

  (c)  it is the registered Holder of the Subordinated Notes being voted;

  (d)  it has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

  (e)  it has properly disclosed:

    (i)  the number of Beneficial Holders who completed Beneficial Holder Ballots;

    (ii)  the respective amounts of the Class S.6 – Subordinated Notes Claims owned, as the case may be, by each Beneficial Holder who completed a Beneficial Holder Ballot;

    (iii)  each such Beneficial Holder's respective vote concerning the Plan;

(iv)    each such Beneficial Holder's respective election, if any, concerning the releases set forth in Article X of the Plan;

(v)    each such Beneficial Holder's respective indication of interest, if any, in participating in the Propco Rights Offering;

(vi)    each such Beneficial Holder's certification as to other Class S.6 – Subordinated Notes Claims voted; and

(vii)    the customer account or other identification number for each such Beneficial Holder;

(f)    each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan; and

(g)    it will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

| |
|---|
| Name of Intermediary<br>Record Owner: _____<br>(Print or Type) |
| Participant Number: _____ |
| Name of Proxy Holder or Agent for<br>      Intermediary Record Owner: _____<br>(Print or Type) |
| Social Security or Federal Tax Identification Number: _____ |
| Signature: _____ |
| Name of Signatory: _____<br>(If other than Intermediary Record Owner) |
| Title: _____ |
| Address: _____<br>_____<br>_____ |
| Date Completed: _____ |
| |

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT
AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED TO:**

Kurtzman Carson Consultants LLC
599 Lexington Avenue, 39th Floor
New York, NY 10022
Attention: Station Casinos Ballot Processing
Telephone:  (877) 833-4150

**IF THE VOTING AND CLAIMS AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER BALLOT
ON OR BEFORE 5:00 P.M. PREVAILING PACIFIC TIME ON AUGUST 20, 2010, THE VOTES CAST
HEREBY WILL <u>NOT</u> BE COUNTED.**

**BALLOTS SENT BY FACSIMILE, TELECOPY OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.**