**Entered on Docket
April 12, 2011**

_____
**Hon. Gregg W. Zive
United States Bankruptcy Judge**

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Reorganization Counsel for
Debtors and Debtors in Possession

Laury M. Macauley (NV SBN 11413)
Dawn M. Cica (NV SBN 004565)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Local Reorganization Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>STATION CASINOS, INC.<br><br>☒ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Northern NV Acquisitions, LLC<br>☐ Affects Reno Land Holdings, LLC<br>☐ Affects River Central, LLC<br>☐ Affects Tropicana Station, LLC<br>☐ Affects FCP Holding, Inc.<br>☐ Affects FCP Voteco, LLC<br>☐ Affects Fertitta Partners LLC<br>☐ Affects FCP MezzCo Parent, LLC<br>☐ Affects FCP MezzCo Parent Sub, LLC<br>☐ Affects FCP MezzCo Borrower VII, LLC<br>☐ Affects FCP MezzCo Borrower VI, LLC<br>☐ Affects FCP MezzCo Borrower V, LLC<br>☐ Affects FCP MezzCo Borrower IV, LLC<br>☐ Affects FCP MezzCo Borrower III, LLC<br>☐ Affects FCP MezzCo Borrower II, LLC<br>☐ Affects FCP MezzCo Borrower I, LLC<br>☐ Affects FCP PropCo, LLC<br>☒ Affects GV Ranch Station, Inc. | Chapter 11<br>Case No. BK-09-52477<br>Jointly Administered<br>BK 09-52470 through BK 09-52487 and<br>BK 10-50381<br><br>**ORDER PURSUANT TO 11 U.S.C. §§105(a), 363(b)(1), 365(a) AND FED. R. BANKR. P. 9019(a) APPROVING: (I) STIPULATION FOR (A) REJECTION AND TERMINATION OF LICENSE AGREEMENT, (B) AMENDMENT OF OPERATING AGREEMENT, (C) PROVISION OF MANAGEMENT TRANSITION SERVICES UPON TRANSFER OF OPERATIONS AND ASSETS OF GREEN VALLEY RANCH HOTEL AND CASINO, AND (D) COMPROMISE OF DISPUTE OVER USE OF TRADE NAME; AND (II) ENTRY INTO TRANSITION SERVICES AGREEMENT**<br><br>Hearing Date:    April 11, 2011<br>Hearing Time:    10:00 a.m.<br>Place:    300 Booth Street<br>            Reno, NV 89509 |

#4842-8239-4120

Upon the *Motion to Approve (I) Stipulation for (A) Rejection and Termination of the License Agreement; (B) Amendment of the Operating Agreement; (C) Provision of Management Services Upon Transfer of Operations and Assets of Green Valley Ranch Hotel and Casino; (D) Compromise of Dispute Over Use of Trade Name, and (II) Entry Into the Transition Services Agreement*, dated March 14, 2011(the "Motion"),[1] seeking an order pursuant to Bankruptcy Code Sections 105(a), 363(b)(1), 365(a), and Bankruptcy Rule 9019(a) authorizing Station Casinos, Inc. ("SCI") and GV Ranch Station, Inc. ("GV Ranch", and together with SCI, the "Debtors") to enter into the Green Valley Stipulation and the Transition Services Agreement, both attached to the Motion as Exhibit 1 and upon consideration of the Motion, the Friel Decl., and the statements made at the hearing on the Motion held on April 11, 2011 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and over the persons and property affected hereby.

    B.    Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

    C.    Venue for this case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

    D.    Under the circumstances, the Court concludes that the notice given by the Debtors of the Motion and the relief requested in the Motion constitutes due, sufficient and appropriate notice and complies with section 102(1) of the Bankruptcy Code, Rules 2002 and 4001(b), (c) and (d) of the Federal Rules of Bankruptcy Procedure and the local rules of the Court, and that no further notice of, or hearing on, the relief sought in the Motion and the relief granted herein is necessary or required.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

#4842-8239-4120    -2-

E.  The Debtors have demonstrated "cause" for the relief requested under Sections 105(a), 363(b)(1) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) as requested in the Motion and the Court has determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

F.  Based on the foregoing, and upon the record made before this Court at the Hearing, and good and sufficient cause appearing therefor; **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is granted.

2.  The terms and conditions of the Green Valley Stipulation are approved and SCI and GV Ranch are authorized to enter into the Green Valley Stipulation in substantially the form attached to the Motion.

3.  The terms and conditions of the Transition Services Agreement are approved and SCI and GV Ranch are authorized to enter into the Transition Services Agreement in substantially the form attached to the Motion (as Annex 1 to the Green Valley Stipulation).

4.  The License Agreement is hereby deemed rejected by SCI and GV Ranch pursuant to Section 365 of the Bankruptcy Code and subject to and on the conditions set forth in the Green Valley Stipulation.

5.  SCI's interest in the Transition Services Agreement, and the proceeds and profits thereof, shall be subject to liens and security interests in favor of Deutsche Bank Trust Company Americas, as Prepetition Agent, pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 552 and Fed. R. Bankr. P. Rule 4001(b), (c) and (d): (I) Authorizing the Debtors to (A) Use Cash Collateral, (B) Obtain Unsecured, Subordinated Post-Petition Financing, and (C) Make Loans to Non-Debtor Subsidiaries; (II) Granting Adequate Protection to Prepetition Secured Parties; and (III) Granting Related Relief* (the "Opco Cash Collateral Order") [Docket No. 481] entered October 13, 2009, as amended as of the date hereof.  For avoidance of doubt, the interest of FG Manager in the Transition Services Agreement shall not be subject to any such liens and security interests in favor of Deutsche Bank Trust Company Americas, as Prepetition Agent under the Opco Cash Collateral Order

6. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order and the enforcement of the terms and conditions of the Green Valley Stipulation and the Transition Services Agreement.

7. All objections to the relief requested in the Motion, if any, if not withdrawn or otherwise resolve, are hereby overruled.

SUBMITTED BY:

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

Reorganization Counsel for
Debtors and Debtors in Possession

Laury M. Macauley (NV State Bar No. 11413)
Dawn M. Cica (NV State Bar No. 004565)
LEWIS AND ROCA LLP
50 W. Liberty Street, Ste. 410
Reno, NV 89501

Local Reorganization Counsel
For Debtors and Debtors in Possession

# # #