| | |
|---|---|
| James H.M. Sprayregen, P.C. (IL No. 6190206)<br>David R. Seligman, P.C. (IL No. 6238064)<br>David A. Agay (IL No. 6244314)<br>Sarah H. Seewer (IL No. 6301437)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle St.<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>james.sprayregen@kirkland.com<br>david.seligman@kirkland.com<br>david.agay@kirkland.com<br>sarah.seewer@kirkland.com<br><br>Proposed Reorganization Counsel<br>for the Aliante Debtors | Candace Carlyon (NV No. 002666)<br>James Patrick Shea (NV No. 000405)<br>SHEA & CARLYON, LTD.<br>701 Bridger Avenue, Suite 850<br>Las Vegas, Nevada 89101<br>Telephone:    (702) 471-7432<br>Facsimile:    (702) 471-7435<br>ccarlyon@sheacarlyon.com<br>jshea@sheacarlyon.com<br><br>Special Local Reorganization Counsel<br>for the Aliante Debtors |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>STATION CASINOS, INC., *et al.*,<br><br>    Debtors and Debtors in Possession.[1]<br><br>☒  Affects all debtors listed in footnote 2[2] | Chapter 11<br><br>Case No. BK-09-52477<br><br>Jointly Administered BK-09-52470 through BK-09-52487, BK-10-50381, BK-11-51188 and BK-11-51190 through BK-11-51219.+<br><br>**BALLOT SUMMARY DECLARATION IN SUPPORT OF CONFIRMATION OF JOINT PLAN, CERTIFYING BALLOTS ACCEPTING AND REJECTING THE PLAN, AND SUBMITTING BALLOT REPORTS FOR THE ALIANTE DEBTORS**<br><br>Hearing Date:    May 25, 2011<br>Hearing Time:    10:00 a.m.<br>Place:    300 Booth Street<br>    Reno, NV 89509 |

---

[1] The debtors in these jointly administered chapter 11 cases are: (i) Station Casinos, Inc.; Northern NV Acquisitions, LLC; Reno Land Holdings, LLC; River Central, LLC; Tropicana Station, LLC; FCP Holding, Inc.; FCP Voteco, LLC; Fertitta Partners LLC; FCP MezzCo Parent, LLC; FCP MezzCo Parent Sub, LLC; FCP MezzCo Borrower VII, LLC; FCP MezzCo Borrower VI, LLC; FCP MezzCo Borrower V, LLC; FCP MezzCo Borrower IV, LLC; FCP MezzCo Borrower III, LLC; FCP MezzCo Borrower II, LLC; FCP MezzCo Borrower I, LLC; FCP PropCo, LLC (collectively, the "**SCI Debtors**"), (ii) Auburn Development, LLC; Boulder Station, Inc.; Centerline Holdings, LLC; Charleston Station, LLC; CV HoldCo, LLC; Durango Station, Inc.; Fiesta Station, Inc.; Fresno Land Acquisitions, LLC; Gold Rush Station, LLC; Green Valley Station, Inc.; GV Ranch Station, Inc.; Inspirada Station, LLC; Lake Mead Station, Inc.; LML Station, LLC; Magic Star Station, LLC; Palace Station Hotel & Casino, Inc.; Past Enterprises, Inc.; Rancho Station, LLC; Santa Fe Station, Inc.; SC Durango Development LLC; Sonoma Land Holdings, LLC; Station Holdings, Inc.; STN Aviation, Inc.; Sunset Station, Inc.; Texas Station, LLC; Town Center Station, LLC; Tropicana Acquisitions, LLC; and Vista Holdings, LLC (collectively, the "**Subsidiary Debtors**"), (iii) Aliante Gaming, LLC, Aliante Holding, LLC, and Aliante Station, LLC (collectively, the "**Aliante Debtors**"), and (iv) Green Valley Ranch Gaming, LLC ("**GVR**").

[2] This Declaration affects: the **Aliante Debtors**.

I, P. Joseph Morrow IV, hereby declare as follows:

1. I am a Senior Consultant employed by Kurtzman Carson Consultants LLC ("KCC"), whose business address is 2335 Alaska Ave, El Segundo, California 90245. I am over the age of 18 and not a party to the above-referenced Chapter 11 Cases. I am authorized to submit this declaration on behalf of KCC.

2. I submit the following declaration in support of confirmation of the *Prepackaged Joint Chapter 11 Plan of Reorganization for Subsidiary Debtors, Aliante Debtors and Green Valley Ranch Gaming, LLC (Dated March 22, 2011)* [Docket No. 2797] (the "Joint Plan").[3] With this declaration, I certify the Ballots accepting and rejecting the Joint Plan and I submit the corresponding ballot reports. I have personal knowledge of the facts set forth herein and can testify thereto if requested to do so.

3. Pursuant to the Joint Administration Order entered in these Chapter 11 Cases [Docket No. 2816], KCC was designated as the Voting and Claims Agent for the Subsidiary Debtors, the Aliante Debtors and GVR.

4. KCC has considerable experience in soliciting and tabulating votes to accept or reject proposed plans of reorganization. More particularly, KCC is familiar with the voting procedures (the "Procedures") in the Joint Plan as set forth in the *Disclosure Statement to Accompany Prepackaged Joint Chapter 11 Plan of Reorganization for Subsidiary Debtors, Aliante Debtors and Green Valley Ranch Gaming, LLC (Dated March 22, 2011)* [Docket No. 2797] (the "Disclosure Statement").

5. Prior to the Petition Date, at the direction of counsel to the Aliante Debtors and with the aid of other professionals retained by the Aliante Debtors, KCC identified the Holders of Claims against the Aliante Debtors entitled to vote on the Joint Plan. On March 22, 2011, KCC received from counsel the Solicitation Package to be sent to the Holders of Claims entitled to vote on the Joint Plan.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Plan or the related Disclosure Statement, as applicable.

-1-

6.  The Solicitation Package consisted of the following documents:

- a cover letter describing, in general terms, the Solicitation Procedures;
- the Disclosure Statement;
- the Joint Plan;
- a ballot to accept or reject the Joint Plan (the "Ballot") for each Voting Class;
- a return envelope pre-addressed to the Voting and Claims Agent;
- the *Disclosure Statement to Accompany First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* [Docket No. 1864-1] together with exhibits thereto [Docket No. 1867] (the "SCI Disclosure Statement") and *Supplement Disclosure Statement to Accompany First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliated Debtors (Dated July 28, 2010)* together with exhibits thereto [Docket No. 1932]; and
- the *Order Confirming "First Amended Joint Chapter 11 Plan of Reorganization for Station Casinos, Inc. and Its Affiliates Debtors (Dated July 28, 2010)"* dated August 27, 2010; together with all exhibits thereto [Docket No. 2039].

7.  Copies of the documents contained in the Solicitation Package will be filed with the Court prior to the Confirmation Hearing.

8.  The Disclosure Statement established Friday, March 18, 2011, at 5:00 p.m. prevailing Pacific Time as the Voting Record Date for determining which creditors were holders of record of Claims, entitled to receive Solicitation Packages and vote on the Joint Plan. The Voting Deadline was set as Monday, April 11, 2011, at 4:00 p.m. prevailing Pacific Time.

9.  Pursuant to the Disclosure Statement and under the Joint Plan, holders of the following Classes of Claims against the Aliante Debtors, respectively, were entitled to vote to accept or reject the Joint Plan:

Voting Class for Aliante Station

- ASL.1 – Prepetition Opco Secured Lenders' Allowed Secured Claims against Aliante Station LLC;

-2-

- ASL.3(a) – Prepetition Opco Secured Lenders' Allowed Deficiency Claims against Aliante Station LLC.

Voting Class for Aliante Gaming

- AGL.1 - Aliante Lenders' Allowed Claims.

10. Using the information outlined above, KCC created a voting database reflecting the name, addresses, voting amount and classification of Claims in the Voting Classes.

11. On March 22, 2011, at the direction of counsel for the Aliante Debtors and pursuant to the voting database, KCC served the Solicitation Package on the Voting Classes *via* overnight mail. Additional Solicitation Packages were sent *via* overnight mail to the counsel set forth on Exhibit 1.

12. In the days following the service of the Solicitation Packages and prior to the Voting Deadline (April 11, 2011 at 4:00 p.m.), KCC received numerous Ballots from the Prepetition Opco Secured Lenders (Classes ASL.1 and ASL.3(a)) and the Aliante Lenders (Class AGL.1). Additionally, KCC received, *via* overnight mail, duplicate sets of Ballots from Holders of Claims in the AGL.1 Voting Class voting to both accept and reject the Plan pending further instructions from the administrative agent pursuant to Aliante Gaming's secured credit agreement (the "Administrative Agent"). On April 29, 2011, KCC received, *via* email, instruction from counsel to the Administrative Agent to process and allow the timely Ballots to accept the Plan from seven (7) Holders of Claims in the AGL.1 Voting Class. The duplicate Ballots to reject the Plan from the same seven (7) Holders of Claims in the AGL.1 Voting Class were not processed. Furthermore, KCC was instructed to disregard a vote to reject the Plan from one (1) Holder of Claims in the AGL.1 Voting Class, with the result that such Holder abstained from voting on the Plan.

13. Unless otherwise noted in paragraph 12 above, all the Ballots were handled and counted in accordance with the Procedures. KCC tabulated the Ballots as follows: (a) each returned Ballot was opened and/or inspected at KCC's office; (b) Ballots were date-stamped, sorted according to Voting Class, and scanned into CaseView; and (c) all Ballots received were then entered into CaseView, and tabulated in accordance with the Procedures.

-3-

14. A summary of the voting results with respect to the Voting Classes is annexed hereto as Exhibit 2 (the "Voting Results Summary"). The Voting Results Summary summarizes the Voting Classes and provides the following information for each Class: (a) the number of votes and percentage accepting the Joint Plan, (b) the number of votes and percentage rejecting the Joint Plan, (c) the dollar amount and dollar percentage of the votes accepting the Joint Plan, and (d) the dollar amount and dollar percentage of votes rejecting the Joint Plan. The Voting Results Summary accurately reflects all Ballots that were properly executed and timely received in accordance with the Procedures.

15. A detailed report showing by Class all Ballots tabulated by KCC is annexed as Exhibit 3 (the "Report"). The Report consolidated the Ballots by Class. The names and addresses of the Holders of Claims have been redacted for confidentiality purposes.

16. As noted in paragraph 12 above, one (1) Holder of a Claim in the AGL.1 Voting Class who submitted a Ballot later instructed KCC to disregard their vote on the Plan. Therefore, their Ballot was excluded from the Report.

17. As set forth in the Report attached hereto as Exhibit 2, each Voting Class accepted the Joint Plan by a "bankruptcy majority" *i.e.*, by Holders of Claims that hold at least two-thirds in amount and more than one-half in number of the Allowed Claims of each such Class. No Voting Classes rejected the Joint Plan.

18. To the best of my knowledge, KCC has complied with the Procedures, the Disclosure Statement and the Joint Plan in soliciting and tabulating the votes in each of the Voting Classes related to the Aliante Debtors.

19. I declare under penalty of perjury that the foregoing is true and correct. Executed on April 27, 2011, in City of El Segundo, County of Los Angeles, State of California.

P. Joseph Morrow IV

**EXHIBIT 1**

[Solicitation Package Service to Counsel of Holders of Claims]

**EXHIBIT 1**

Solicitation Package Service to Counsel of Holders of Claims

Karol K. Denniston, Esq.
Julia Brand, Esq.
Brownstein Hyatt Farber Schreck, LLP
2029 Century Park East, Suite 2100
Los Angeles, California 90067-3007

Sandeep Qusba, Esq.
Jason S. Friedman, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

Jeffrey Saferstein, Esq.
Sarah Harnett, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Jeffery Bjork, Esq.
Gabriel MacConaill, Esq.
Sidley Austin LLP
555 West Fifth Street, Ste. 4000
Los Angeles, CA 90013

Sarah Hiltz Seewer, Esq.
Sienna Singer, Esq.
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

Jason Wolf, Esq.
Bennett Murphy, Esq.
Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071-1530

Candace C. Carlyon, Esq.
Shea & Carlyon, Ltd.
701 Bridger, Suite 850
Las Vegas, NV 89101 1

**EXHIBIT 2**

[Voting Results Summary]

**EXHIBIT 2**

Voting Results Summary

| CLASS | ACCEPT AMOUNT | ACCEPT NUMBER | REJECT AMOUNT | REJECT NUMBER |
|---|---|---|---|---|
| ASL.1*<br>Prepetition Opco Secured Lenders' Allowed Secured Claims | $834,069,624.97<br>100.00% | 16<br>100.00% | $0.00<br>0.00% | 0<br>0.00% |
| ASL.3(a)*<br>Prepetition Opco Secured Lenders' Allowed Deficiency Claims | $834,069,624.97<br>100.00% | 16<br>100.00% | $0.00<br>0.00% | 0<br>0.00% |
| AGL.1<br>Aliante Lenders Allowed Claims | $275,904,170.00<br>96.93% | 9<br>90.00% | $8,738,740.06<br>3.07% | 1<br>10.00% |

*In addition to Classes ASL.1 and ASL.3(a), the Prepetition Opco Secured Lenders' Allowed Secured and Deficiency Claims consist of the following classes in the Prepackaged Joint Chapter 11 Plan of Reorganization: BS.1, BS.3(a), CH.2(a), CS.1, CS.3(a), FS.1, FS.3(a), FLA.1, FLA.3(a), GR.1, GR.3(a), GVRS.1, GVRS.3(a), GVS.1, GVS.3(a), LM.1, LM.3(a), LML.2(a), MS.1, MS.3(a), PSHC.1, PSHC.3(a), PE.1, PE.3(a), RS.1, RS.3(a), SF.1, SF.3(a), SL.1, SL.3(a), SH.1, SH.3(a), SS.1, SS.3(a), STN.2(a), TS.1 and TS.3(a). Each ballot cast identical votes for each of the respective classes. See Docket No. 2895 for a Ballot Summary of the votes of the Prepetition Opco Secured Lenders in Classes other than ASL.1 and ASL.3(a).

**EXHIBIT 3**

[The Ballot Report]

**EXHIBIT 3**

[The Ballot Report]

The Ballot Report

| Class | Ballot No. | Creditor Name | Date Received | Voting Amount | # of Votes | Accept/ Reject the Plan? | Elect to Opt-in to Release Provisions? |
|---|---|---|---|---|---|---|---|
| ASL.1 and ASL.3(a)* | 87 | [REDACTED PREPETITION OPCO SECURED LENDER #1] | 4/8/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 110 | [REDACTED PREPETITION OPCO SECURED LENDER #2] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 103 | [REDACTED PREPETITION OPCO SECURED LENDER #3] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 109 | [REDACTED PREPETITION OPCO SECURED LENDER #4] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 6 | [REDACTED PREPETITION OPCO SECURED LENDER #5] | 3/29/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 102 | [REDACTED PREPETITION OPCO SECURED LENDER #6] | 4/11/11 | [REDACTED] | 1 | Accept | No |
| ASL.1 and ASL.3(a)* | 92 | [REDACTED PREPETITION OPCO SECURED LENDER #7] | 4/8/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 63 | [REDACTED PREPETITION OPCO SECURED LENDER #8] | 4/6/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 108 | [REDACTED PREPETITION OPCO SECURED LENDER #9] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 59 | [REDACTED PREPETITION OPCO SECURED LENDER #10] | 4/6/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 105 | [REDACTED PREPETITION OPCO SECURED LENDER #11] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 107 | [REDACTED PREPETITION OPCO SECURED LENDER #12] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 106 | [REDACTED PREPETITION OPCO SECURED LENDER #13] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 88 | [REDACTED PREPETITION OPCO SECURED LENDER #14] | 4/8/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 81 | [REDACTED PREPETITION OPCO SECURED LENDER #15] | 4/7/11 | [REDACTED] | 1 | Accept | Yes |
| ASL.1 and ASL.3(a)* | 53 | [REDACTED PREPETITION OPCO SECURED LENDER #16] | 4/5/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 125 | [REDACTED ALIANTE LENDER #1] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 86 | [REDACTED ALIANTE LENDER #2] | 4/8/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 111 | [REDACTED ALIANTE LENDER #3] | 4/11/11 | [REDACTED] | 1 | Reject | No |
| AGL.1 | 128 | [REDACTED ALIANTE LENDER #4] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 126 | [REDACTED ALIANTE LENDER #5] | 4/11/11 | [REDACTED] | 1 | Accept | No |
| AGL.1 | 123 | [REDACTED ALIANTE LENDER #6] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 122 | [REDACTED ALIANTE LENDER #7] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 89 | [REDACTED ALIANTE LENDER #8] | 4/8/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 127 | [REDACTED ALIANTE LENDER #9] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 124 | [REDACTED ALIANTE LENDER #10] | 4/11/11 | [REDACTED] | 1 | Accept | Yes |
| AGL.1 | 129 | [REDACTED ALIANTE LENDER #11] | 4/11/11 | [REDACTED] | 1 | Abstained | No |

*In addition to Classes ASL.1 and ASL.3(a), the Prepetition Opco Secured Lenders' Allowed Secured and Deficiency Claims consist of the following classes in the Prepackaged Joint Chapter 11 Plan of Reorganization: BS.1, BS.3(a), CH.2(a), CS.1, CS.3(a), FS.1, FS.3(a), FLA.1, FLA.3(a), GR.1, GR.3(a), GVRS.1, GVRS.3(a), GVS.1, GVS.3(a), LM.1, LM.3(a), LML.2(a), MS.1, MS.3(a), PSHC.1, PSHC.3(a), PE.1, PE.3(a), RS.1, RS.3(a), SF.1, SF.3(a), SL.1, SL.3(a), SH.1, SH.3(a), SS.1, SS.3(a), STN.2(a), TS.1 and TS.3(a). Each ballot cast identical votes for each of the respective classes. See Docket No. 2895 for a Ballot Summary of the votes of the Prepetition Opco Secured Lenders in Classes other than ASL.1 and ASL.3(a).